LAWRENCE BIRKS.
#J61976.
High Desert State Prison
P.O. Box 3030-C1-112 +
Susanville California. 96127

FILED

NOV - 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SBA
550

IN THE NORTHERN DISTRICT OF CALIFORNIA

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 07 5647

LAWRENCE BIRKS.

(Plaintiff)

HDSP_P.O. BOX_3030_C1-112
Susanville California. 96127

(Case Number) **SBA** **(PR)**

COMPLAINT

VS.

ROBERT SANTOS,

BUREAU OF CRIMINAL IDENTIFICATION

AND INFORMATION RECORD UNIT CALIF:

**I. Previous Lawsuits:**

A. Have you brought any other Lawsuits while a prisoner "Yes."

B. If your answer to A is yes, how many? 3  Describe the Lawsuit in the Space below. (If there is more than one Lawsuit:  describe the additional Lawsuit on another piece of paper using the same outline)

1. Parties to this previous Lawsuit:

Plaintiff LAWRENCE BIRKS. HDSP_P.O. BOX-3030-C1-112,
Susanville California. 96127

Defendants ROBERT SANTOS, MANAGER, BUREAU OF CRIMINAL IDENTIFICATION
AND INFORMATION RECORD UNIT. P.O. BOX-903817 SACRAMENTO CALIF. 94203-417D

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT. 42 U.S.C. §1983

Rev'd 5/99

-1-

2. Court (if federal Court, give name of District; if state Court, give name of Country)

United States District Court for the EASTERN DISTRICT OF CALIFORNIA SACRAMENTO

3. 205 CIV-S-05-1105 LKK EFB P
Docket Number

4. LAWRENCE K. KARLTON
Name of Judge to whom case was assigned

5. CASE STILL PENDING!
Disposition (for example: was the case dismissed? was it appealed? is it still pending)

6. Approximate date of filing Lawsuit    June 20, 2005

7. Approximate date of disposition    STILL Pending

## II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?  "Yes"

B. Have you filed a grievance concerning the facts relating to this Complaint
"Yes"

If your answer is no, explaine why not  Notice of Action was File on the
Dept of Justice, on May/1999 July 9 2001, June/2003  April/2004

C. Is the grievance process completed?                "Yes"

## III. Defendants

A. (In Item A below; place the full name of the defendant in the first blank, his/her offic
position in the second blank, and his/her place of employment in the third blank. Us
Item B for the names, positions and places of employment of any additional defendant

A. Defendant ROBERT SANTOS        is employed as MANAGER OF THE
DEPT OF BUREAU OF CRIMINAL IDENTIFICATION  at DEPARTMENT OF
JUSTICE P.O. BOX- 903417, SACRAMENTO CALIFORNIA 94203-4170

B. Additional defendants

"NONE"

1. Parties to Previous Lawsuits:

2. United States District Court For the Eastern District of California Fresno County)

3. #98 CV-5589,

4. Judge, ROBERT E. COYIE;

5. Case dismissed in Dist. Ct.
   Appeal was granted and denied, Further Review.

6. May 11, 1998,

7. June 18. 2004

---

1. Parties to Previous Lawsuits:

2. United States District Court For the Northern District of California (Oakland County)

3. #C01-2691-SBA

4. SANDRA BROW ARMSTRONG;

5. Case Dismissed in Dist. Ct
   Appeal was Dismissed.

6. July 16, 2001

7. May 27, 2004,

"Additional Sheet"

IV. Statement of Claim

State here as briefly as possible Facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal argument or cite any cases or statutes. Attach extra sheets if necessary).

Defendant ROBERT SANTOS, California State Department of the Justice Bureau of Criminal Identification and information Criminal record Unit, Has allow to print Seven-7, false arrest information, uncharges, inaccurate, incomplete not Certification Purpose, Which Shoulder been exempt from being allow to be use as Criminal Conviction history, Allowing San Bernardino County Deputy District Attorney GEOFFREY K. Goss; And Judge CHRISTOPHER J. WARNER, To be prejudice, Partial, Using the Seven-7 False incom-plete, inaccurate, uncharge Offenses that intentionally printed listed as conviction by the Dept of Justice Bureau information record unit, Causing an unfair Romero Resentence Review Reduce the Life Sentence, See Exhibit~1~2~3, to compli..

V. Relief.

State briefly exactly what you the court to do for you. Make no legal arguments Cite no cases or Statutes).

Order the Defendant ROBERT SANTOS, to Adequately Maintain an accurate Criminal Conviction History Record of Plaintiff and not print incomplete wrongfully false arrest offenses as aggravated Criminal Conviction History, Which re-sult is a determination adverse to that individual, Where government Agency acted in a manner which was intentional or wilful Causing actual damage and a order by the court grant Plaintiff an1,000.°° or whatever the Court deems necessary for the failure of defendant to maintain an adequate Crimi-nal conviction history of Plaintiff and not to pile conjecture of false incomplete offense without having a dispossition.

Signed this November day of 1,          2007,

                              _Lawrence Birks_
                              (Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct:

NOVEMBER 1, 2007                _Lawrence Birks_
   (Date)                       (Signature of Plaintiff)

-4-

Lawrence Birks,
J161976
High Desert State Prison
P.O. Box 3030, c1-112
Susanville California, 96127

PRO—se.,

IN THE NORTHERN DISTRICT OF CALIFORNIA

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS
      Plaintiff,

    VS.

ROBERT SANTOS

    Defendant.

SUPPORTING COMPLAINT:

SUIT UNDER §552 A)G)1) G)4) A

CIVIL ACTION NO. _____

## I. JURISDICTION & VENUE

1. This is a CIVIL action authorized by 42 U.S.C. Section §1983; to address the deprivation; under color of law of rights secured by the Constitution of the United States. The court has Jurisdiction under 28 U.S.C. Section 1331 and 1343 a)3).

Plaintiff, is seeking required, to recover from United States government, under Privacy Act. Provision (5 u.s.c.s.§ 552 A)G)4) A). held required to prove some actual damage to qualify for minimum Statutory award of $1.000.00.

And if Plaintiff, qualify; seeks declaratory relief. Pursuant to 28 u.s.c. Section 2201; and 2202;

Plaintiff: Claims for injunctive relief are authorized by 28 u.s.c. Section 2283 § 2284 and Rule 65. of the Federal Rules of Civil Procedure.

-1-

2. THE NORTHERN DISTRICT COURT OF CALIFORNIA, is appropriate Venue Under Section 28 U.S.C. _ Section 612) Because it is the events giving rise to this Claim occurred.

## II. PLAINTIFF:

3. Plaintiff, LAWRENCE BIRKS, is and was at all times Mentioned herein a Prisoner of the State of California; in the Custody of the California Department of Corrections; He is Currently confined in HIGH DESERT STATE PRISON, SUSANVILLE CALIFORNIA 96127.

## III. DEFENDANT:

4. Defendant, ROBERT SANTOS; MANAGER; OF CALIFORNIA DEPARTMENT OF BUREAU OF CRIMINAL IDENTIFICATION AND INFORMATION RECORDS UNIT, SUPPORT Section. He is Legally responsible for the overall operation of accurate, complete information of criminals conviction history of the State of California Justice Bureau of Identification and information of united State citizens.

5. Defendant is sued individually and in his official Capacity; At all times in this Complaint, Defendant acted under Color of State Laws:

6. Defendant is responsible to allow *7) Seven inaccurate, incomplete, false, information use as Felony Conviction of Criminal actions, was illegally use by SAN BERNARDINO COUNTY_ District Attorney GEOFFREY K. GOSS, IN PEOPLE's OPPOSITION MOTION; Against the Case use for Trial Court to use his discretion to Strike Life Sentencing priors _ Pursuant to People v Romero; 53 Cal. Rptr. 2d 789 _ Cal. 1996); where Plaintiff illegally sentence to the California Three strikes of Twenty_five years to Life sentence for the offense of one Count of Second degree Commercial Burglary_ P.C. 460, Felony/ Misdemeanor_ Wobbler_ People v. BIRKS_ 19 Cal. 4th 108, 77 Cal. Rptr. 2d 848: Pd. Defendant allow to print inaccurate, incomplete, irrelevant, information that apply under EXEMPT rules within Agencies records System_ Plaintiff never been convicted for 1) Statutory Rape. 2) Couple Narcotic crimes, and other offenses that Plaintiff never Committed_ see Exhibit #1, No Convictions, of incomplete inaccurate information, See Exhibit #2, OF 7_ Seven inaccurate, incomplete false, arrest information of no conviction, use as Criminal Conviction Disposition History)

Also the Criminal Bureau Manager; Print out Information, Knowing they was uncertify, incomplete, irrelevant, inaccurate false arrest information wrongfully allow to be printed and use as complete certify Criminal conviction history for law enforcement and the State and City, County, Dist. Attorney's and Court Judges or any Public officials or Citizen allow access to Plaintiff Criminal Records; in which, San Bernardino County Dist Court Judge CHRISTOPHER J. WARNER; View the inaccurate information as a Credible facts regarding Plaintiff Conviction and being a violent very bad person who deserved to spend that rest of his life in State prison for an minor offense and degree commercial Burglary, as Aggravating Circumstances affirming the Twenty-five years Life Sentence - See Exhibit #3;

7. PLAINTIFF SUPPORTING DOCUMENTS:

IN EXHIBIT - 1. #

FIVE PAGES; Criminal history print out records By the Bureau of Criminal identification information; showing Restricted Do Not Use as Certification Purposes;

FOUR PAGES; Information Summary Prior Conviction - Count 1 # and Count 2#. Amend by District Attorney DENNIS L. STOUT, and Deputy District Attorney GEOFFERY K. GOSS, "No other conviction amended" from Dept. Bureau Criminal Information.

NINE PAGES; San Bernardino County Probation Department officer report. FSB05628; LAWRENCE BIRKS; did not use inaccurate information from Bureau unit. Probation Staff - By DEEDEE MEARES ELLIOTT; She use only certify facts and Not "assumpton" for the trial Court Judge, Central regional trial Court.

IN EXHIBIT 2. ONE PAGE; #

#7, Seven false arrest information. By the Calif. Dept. Bureau of Criminal Identification Of Justice record Manager, ROBERT SANTOS; should have exempt Information that was not certify with disposition. from being use as conviction and criminal history print out.

ONE PAGE; Complaint sheet file on July 9, 2001; Notice Against the Dept of Calif. Justice Bureau of Identification record Staff, of "Errors," of inaccurate, incomplete, criminal information of false arrest; Charing the Calif. Dept. record unit Bureau, One Thousand Dollars, $1,000.00 for not maintaining certify accurate criminal disposition History of Plaintiff;

ONE PAGE; A Letter from ROBERT SANTOS; Manager of Criminal record Bureau Section, Dated on May 13, 2004;

FIVE PAGE; Bureau of Criminal Identification and information Print out arrest, Dept number, Name, Charges, Disposition Sheet, And Still the Dept Bureau Manager Using the Seven False, uncertify inaccurate, incompleted, irrelevant, information; Which the government Agency Manager Failure to Maintain an Clear, adequate criminal conviction records of Plaintiff, Who is still suffering from the information intentionally use as conviction print out history; Where this result is a determination "adverse" affect to the individual; dated May 13, 2004;

IN EXHIBIT 3#

ONE PAGE; Court of Appeal fourth Appellant Dist. of State of California Div. Two. IN re LAWRENCE DIRKS, ON Habeas Corpus, Case E5B05628; Judge, HOLLENHORST, granted Plaintiff, Pro-per Status Case no. E024755; Self-Representation— Dated April 22, 1999;

ONE PAGE; Letter from Judge CHRISTOPHER J. WARNER, to the Appellate court Judge THOMAS HOLLENHORST, Saying he did not denied Plaintiff/Appellant/petitioner request to represent under Farretta hearing. Romero Resentencing to Strike Life sentence, Dated April 26, 1999;

FIVE PAGE; Brite-Star private investigator ERIC W. MARTIN; who did a Background, investigation on Appellant/Petitioner/Plaintiff criminal past conviction history, dated on March 15, 1999; And no mention of the n-seven false arrested print out by the Bureau of criminal information unit Manager using false information as factual criminal conviction history, which suppose to be restricted uncertificated information not to be use for any purpose.

SEVEN PAGE; District Deputy Attorney GEOFFREY K. GOSS, file his People opposition Motion; Dated May 6, 1999, Allowing to sway false information from the California Bureau of criminal information Unit Manager print out of Appellant/Petitioner/Plaintiff, using the false uncertify arrest information as factual criminal conviction history, and allowing Judge CHRISTOPHER J. WARNER; of San Bernardino County Central Division Superior Court, Viewing Appellant/Petitioner/Plaintiff; as a Violent Career criminal, As Statutory Rapist, And couple Narcotic offenses and other false information that printed by the Bureau Manager as factual Conviction within the Agencies record System upon Plaintiff;

FIVE PAGE; Motion verified Answer to Plaintiff/Petitioner/Defendant motion for the Disqualification of Judge CHRISTOPHER J. WARNER; For being Bias, partial, Accepting the D.A. GEOFFREY K. GOSS; Opposition Motion with uncertify, inaccurate, false arrest charges vindictvely use as factual Conviction history listed or printed by the California Dept. of Justice Bureau of Criminal Identification and information unit Manager upon Plaintiff;

V. DEFENDANT WAS NOTIFY:

    See all documents in Exhibit #2 Attach to Motion);

VI. LEGAL CLAIMS:

    Plaintiff/Petitioner/Appellant; reallege and incorporate Paragraphs 1-5, or however many Paragraphs the first four Section took];

8. SUMMARY OF POINTS IN LAW AND RELIEF:

The Privacy Act of 1974; As amended (5 U.S.C.S. § 552 A)G), generally. 1) gives Federal Agencies detail instruction for managing records, and. 2) Provides for various sorts of civil relief to aggrieved individuals. In (5 U.S.C.S. § 552 A)G)1); The Privacy Acts recognizes a civil action for agency Misconduct fitting in any of four categories; Including. 1) (5 U.S.C.S. § 552 A)G)1)(C); Which describes an agency's failure to maintain an adequate record on an individual; when the result is a determination "adverse" to that individual; and 2); the Catchall (5 USCS § 552 A)G)1) D); Which speaks of a violation when someone suffer an "adverse effect" from any other failure to hew to the terms of the Privacy Act. Moreover, (5 USCS § 552 a)g) A). Provides that in any suit brought under § § 552 a)g)1)C); or 552 a)g)1) D); in which suit the Court determines that the agency acted in a manner which was intentional or willful; the United States shall be liable to the individual in an effect "from any other failure to hew to the terms of the Privacy Acts;

Section 552 a)g)4); Provided that in any suit brought under §§ 552 a)g)1)C); or 552 a)g)1)D); in which suit that court determine[d] that the agency acted in a manner which was intentional or willful, the United States [would] be liable to the individual in an amount equal to the sum of __ __(A) actual damage sustained by the individual as a result of the refusal failure, but not case[would] a person entitled to recovery receive less than the sum of $1,000.00 and B); the cost of the action together with reasonable attorney fees as determined by the Court."

A straightforward textual analysis supported the person, asserted by the Federal Government with respect to its civil liability under the Privacy Act of 1974, as amended (5 USCS § 55 a)g)4)A); that Plaintiff had to prove some "actual damages" in order to qualify under (5 USCS § 552 a)g)4)A); For the minimum statutory award of $1,000.⁰⁰ to "a person entitled to receive. —— So that, under this analysis, § 552 a)g)4)A); Plaintiff showed adversely affected by an intentional or wilful violation to the $1,000.⁰⁰ statutory minimum as:

In (5 USCS § 552 a)g)1)); The Privacy Act recognized a civil action for L** *[125] Federal agency misconduct fitting in any of four categories; including (a) 5 USCS § 552 a)g)1).C); which described an agency's failure to maintain an adequate record on an individual; when the result was an determination "adverse" to that individual; and (b) the Catchall 5 USCS § 552 a)g)1)D); which spoke of a violation when someone suffered an "adverse affect" from other failure to hew to terms of the Privacy Act.

Section 552 a)g)4); Provided that in any suit brought under §§ 552a) g)1)C); or 552 a)g)1)D); in which suit the court determine[d] that the agency acted in a manner which was intentional or wilfully, the United States [would] be liable to the individual in an amount equal to the sum of —— A) actual damages sustained by the individual as a result of the refusal or failure: Thus, when the statute reached the point of guaranteeing the $1,000⁰⁰ minimum (a) the statute had already made specific provision for what a victim within a limited class could recover; and (b) the obvious reference back for "a person entitled to recovery" was the Plaintiff who sustained "actual damages".

The United States Court of Appeals for the Fourth Circuit; in reversing in pertinent part and in ordering a remand; expressed the view that the $1.000.$°° minimum under §552 a)g)4)A), was available to only Plaintiffs who suffered actual damages be- of Federal Agency violation (306 F. 3d 170.);

Ginsburg, J. Joined by Stevens and Breyer, JJ. dissenting; expressed the view that the words "a person entitled to recover." as used in §552 a)g)4)A); remedial Prescription; were most sensibly read to include anyone experiencing an "adverse affect" as consequence of a federal agency's intentional or willful Commission of a Privacy Act Violation of the kind described in §§ 552 a)g)1)C) or 552a)g)i) D).,

The Privacy Act—unliked the Freedom of Information Act; do not have disclosure as it Primary goal. The main purpose of Privacy requirement Agency to Correct any inaccuracies, irrelevant, in-Complete information; authorized to Promulgate rules to exempt Certain information that's not Complete within a System. The privacy Act of 1974 Safeguards the unwarranted Collection of information the Agency maintenance use and dissimulate and accurate-ly Contained in Agency maintenance use and of records of indivi-duals ensuring accurate information are Properly used. Bartel V. EAA., 725 F. 2d 1403; 1407 D.C. Cir. 1984); That a Agency re-Cords System exists Triggers virtually all of the other Substan-tive Provisions of the Privacy Act; King V. St. Vincents Hosp. 502 U.S. 218 221, 112 S. Ct. 570, 574, 116 LEd 2d 578 1991); Pennsylva. Dept. of Public Welfare V. Davenport; 495 U.S. 552-557-58, 110 2126, 2130, 109 L. Ed. 2d 588 1990);

—8—

9. Plaintiff has cited the Privacy Act of 1974; Adequate complete remedy at Law to redress the wrongs described herein; Plaintiff has been and will continue to be irreparably injury by the conduct of the defendant unless this court grants § 552 a)g)(4)(A); entitled Plaintiff to recovery in Agency willfully violation to $1,000.⁰⁰ Statutory Minimum which Plaintiff Seeks;

VIII [ PRAYER FOR RELIEF ].

WHEREFORE; Plaintiff respectfully prays that this court enter judgment granting Plaintiffs:

10. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and Laws of the United States :

11. A preliminary and permanent injunction order defendant ROBERT SANTOS; to comply with United States Privacy Act provision 5 USCS § 552 a)g)(4);

12. Punitive damages in the of $ ___?___ ; against defendant.

13. Compensatory damages in the amount of $1,000.⁰⁰ against defendant.

14. Plaintiff's cost in this suit.;

15. If A jury trial need on all issues, If defendant do not comply with § 552 a)g)(4);

16. Any additional relief of this court deems just, proper and Equitable.;

Date: NOVEMBER 1, 2007,
        Respectfully Submitted;

High Desert State Prison, P.O. Box 3030 C1-112 Susanville California 96127;

# VERIFICATION

(C.C.P. §446, 2015.5, 28 U.S.C. §1746).

I, LAWRENCE BIRKS, declare under Penalty OF Perjury that:

I am the PARTY, in the attach Matter; I have read the foregoing Complaint and hereby verify that that the Matter alleged therin are true; All document (s) presented are real factual evidence In Exhibit #1, 2, 3, and know the contents in the Complaint thereof; the same is true of my own Personal Knowledge, or upon information and belief which I believe to be true; that if called to testify as to the contents thereof, I could do so competently as a Sworn witness, and I Certify under penalty that the foregoing is true and correct:

Executed this ___1___ day of NOVEMBER 2007, At SUSANVILLE CALIFORNIA 96127.

Signature: _Lawrence Birks_ pro-se,

−10−

# EXHIBIT 1

09/19/94  17:13:16 To RTP1 from RD06:
  17:11:24 FROM CLETS:
IN
DATE:09-19-94*TIME:17:09*
MATCHED ON:*L/N*F/N*B/3
DMV RECORD FOR LAW ENFORCEMENT USE ONLY
DL/NO:N3325384*B/D:08-04-53*NAME:BIRKS LAWRENCE*
RES/ADDR: AS OF 01-22-91:6313 LANDOVER ROAD APT T3 LANDOVER   ,MD
20785*
OTH/ADDR AS OF 07-10-89:631 LANOVER RD LANDOVER    ,MD *
IDENTIFYING INFORMATION:
SEX:MALE*HAIR:BLACK*EYES:BRN*HT:6-03*WT:200*
LIC/ISS:09-18-84*EXPIRED*CLASS:3 *
LATEST APP:
DL TYPE:RENEWAL*ISS/DATE: 09-18-84*OFFICE: ING*BATES:135*
LICENSE STATUS:
EXPIRED*
SURRENDERED BY SUBJECT TO:MD*
DEPARTMENTAL ACTIONS:
NONE
CONVICTIONS:

| VIOL/DT | CONV/DT | SEC/VIOL | DKT/NO | DISP | COURT | VEH/LIC |
|---------|---------|----------|--------|------|-------|---------|
| 04-04-85 | 07-14-86 | 23152A VC | 288002 | CG | 36470 | |

*COURT PROB 03 YR

90

```
09/19/94  17:18:20 To RTP1 from RD06:
  17:17:01 FROM CLETS:
IH
RE: QHY.CA0361000.04867409.FEL ARR      DATE:09-19-94 TIME:17:15:56
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:FEL ARR 94-45816
CII/M04867409
DOB/08-04-1953  SEX/M  RAC/BLACK
HGT/603  WGT/175  EYE/BRO  HAI/BLK  POB/IL
NAM/01 BIRKS,LAWRENCE
02 WASHINGTON,CARL
03 WILLIAMS,MICHAEL
04 WASHINGTON,EARL
FPC HENRY
MLM
19 M 1 U 000 12
L 1 U 000 10
MLM
FBI/544911N8
DOB/09-04-53  06-23-55
CDL/N3325384
SOC/566885006 .566888006  566889002  566889006
INN/CDC-C018493  CDC-D060273
*    *    *              *    *    *
```

91

```
10/02/94  14:38:43 To RTP1 from RD06:
   14:35:42 FROM CLETS:
IH
RE:QHA.CA0361000.NAM/BIRKS,LAWREN      DATE:10-02-94 TIME:14:34:20
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:SBPD PC459 ARR 9448041
CII              NAM                    DOB    S R HGT EYE HAI
M04867409 BIRKS,LAWRENCE               08-04-53 M B 603 BRO BLK
M95329242 BIRKS,LARRY LANKFELL         10-23-54 M X 509 BRO BLK APP
M03161742 BURKS,LAWRENCE               04-21-52 M B 605 XXX XXX
A05109002 BARKOW,LAWRENCE              09-27-55 M W 600 BLU BRO
A05572829 BIRKA,LAWRENCE               04-20-56 M W 506 BRO BRO
M90302287 BURKE,LAWRENCE JAY           01-20-52 M X 511 GRN BRO APP
M94660717 BURKES,LAWRENCE EDWARD       11-30-53 M X 508 BRO BLK APP
A05884420 BURKE,LAWRENCE DWAINE        01-24-58 M W 506 BLU BLN
M07170033 BURKE,LAWRENCE TIMOTHY       02-26-57 M X 604 BLU BLN
A04641906 BEARCE,LAWRENCE LEE          05-25-52 M W 508 BRO BRO
A06536544 BURKE,LAWRENCE WILLIAM       01-17-53 M W 600 BLU BLN
*   *   *   *   *   *   END OF MESSAGE  *   *   *   *   *   *   *
```

92

```
IN
DATE:10-02-94*TIME:14:35*
MATCHED ON:*L/N*F/N*B/3
DMV RECORD FOR LAW ENFORCEMENT USE ONLY
DL/NO:N3325384*B/D:08-04-53*NAME:BIRKS LAWRENCE*
RES/ADDR: AS OF 01-22-91:6313 LANDOVER ROAD APT T3 LANDOVER    ,MD
20785*
OTH/ADDR AS OF 07-10-89:631 LANOVER RD LANDOVER     ,MD *
IDENTIFYING INFORMATION:
SEX:MALE*HAIR:BLACK*EYES:BRN*HT:6-03*WT:200*
LIC/ISS:09-18-84*EXPIRED*CLASS:3 *
LATEST APP:
DL TYPE:RENEWAL*ISS/DATE: 09-18-84*OFFICE: ING*BATES:135*
LICENSE STATUS:
EXPIRED*
SURRENDERED BY SUBJECT TO:MD*
DEPARTMENTAL ACTIONS:
NONE
CONVICTIONS:
VIOL/DT   CONV/DT   SEC/VIOL    DKT/NO          DISP     COURT    VEH/LIC
04-04-85  07-14-86  23152A VC   288002          CG       36470
 *COURT PROB 03 YR
DMV POINT COUNT 2
10-30-85  02-24-86  23152A VC   V218363         GJW      19463    943EP
 *COURT PROB 36 MO
DMV POINT COUNT 2
11-07-85  11-08-85  23152A VC   V218707         GJW      19463    943EPU
 *COURT PROB 36 MO
DMV POINT COUNT 2
FAILURES TO APPEAR:
NONE
ACCIDENTS:
NONE
END
```

92

10/03/94  01:32:12 To RTP1 from RD06:
    01:14:14
1DOJ.SI4.SI4
SAN BERNARDINO PD
ATN: FEL 94-48041
002 CA DOJ
REUR 001 SI4  10-03-94

RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES

AS REQUESTED: CII/M04867409 BIRKS
SUBJECT:      CII/M04867409 BIRKS: LAWRENCE .   FBI# 544 911 N 8
PARTIAL RECORD INCLUDES:
03-16-77    SO SAN BERNARDINO  178481
245A PC
12-21-77, #F3226, JD# 38680, 459PC, 417PC, DISM, FURTH OF
JUST; 12031A PC, PNC, 12 MOS PROB.
05-18-78    PD LOS ANGELES 1575810/4821647
261.2PC
5-19-78, 261.2PC , DA/CA REJ, REFER TO CA
07-03-80    CALIF. DEPT OF CORR, RC, CHINO  C-18493
CS #SCR36683 CT1 (211 PC)
TERM 5 YRS  5-7-83 PAROLED TO SAN BERDO CO  6-7-84, DISCH
LAST ENTRY
06-30-87    CALID. DEPT. CORR., D-60273
CS. #A796849; CT.1 ATT. ROBB 211/664 PC

94

27

SUPERIOR COURT OF THE STATE OF CALIFORNIA         31

FOR THE COUNTY OF SAN BERNARDINO

THE PEOPLE OF THE STATE OF CALIFORNIA,

                                       Plaintiff | Case No. F3B 05628

               v.

                                                  AMENDED
                                     I N F O R M A T I O N

                                     Arraignment Date: 2/01/95
                                     Department: CEN 9

LAWRENCE BIRKS,
  aka EARL WASHINGTON

                                  Defendant(s)

**F I L E D**

FEB 01 1995

BY _____ K
S.. BERNARDINO COUNTY MUNICIPAL
COURT DISTRICT — CENTRAL DIVISION

FEB 0 1 1995

                              I N F O R M A T I O N
                                  S U M M A R Y

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---------|--------|--------------|-----------|--------------------|---------------|
| 1 | PC459 | 16-2-3 | BIRKS, LAWRENCE | | |
| 2 | PC459 | 1 YR. | BIRKS, LAWRENCE | PC667(b)\(i) | Check Cod |
|   |       |        |                 | PC667(b)\(i) | Check Cod |
|   |       |        |                 | PC667.5(b)   | +1 YR |
|   |       |        |                 | PC667.5(b)   | +1 YR |

Page 1

28

32

The District Attorney of the County of San Bernardino, by this Information alleges that:


COUNT 1


On or about September 30, 1994, in the County of San Bernardino, State of California, the crime of SECOND DEGREE COMMERCIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Felony, was committed by LAWRENCE BIRKS, who did willfully and unlawfully enter a commercial building occupied by SOUTHERN HOSPITALITY RESTAURANT with the intent to commit larceny and any felony.


* * * * *


COUNT 2


On or about September 19, 1994, in the County of San Bernardino, State of California, the crime of SECOND DEGREE COMMERCIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Misdemeanor, was committed by LAWRENCE BIRKS, who did willfully and unlawfully enter a commercial building occupied by GEORGE'S SMORGASBOARD with the intent to commit larceny and any felony.

Is is further alleged that prior to the commission of COUNT ONE, the offense charged herein, the said defendant LAWRENCE BIRKS, was, in the Superior Court of the State of California, in and for the County of SAN BERNARDINO, convicted of a serious felony and/or a violent felony, to wit, ROBBERY, in violation of Section 211 of the PENAL Code on or about the 4th day of JUNE, 1980, within the meaning of Sections 667(b) through 667(i), inclusive, of the Penal Code.


Is is further alleged that prior to the commission of COUNT ONE, the offense charged herein, the said defendant LAWRENCE BIRKS, was, in the Superior Court of the State of California, in and for the County of LOS ANGELES,


Page 2

29

convicted of a serious felony and/or a violent felony, to wit, ATTEMPTED    33
ROBBERY, in violation of Section 664/211 of the PENAL Code on or about the 19th
day of JUNE, 1987 (CASE #A796849), within the meaning of Sections 667(b)
through 667(i), inclusive, of the Penal Code.

It is further alleged as to Count ONE that said defendant(s),
LAWRENCE BIRKS, was on and about the 4th DAY OF JUNE, 1980, in the SUPERIOR
Court of the State of CALIFORNIA for the County of SAN BERNARDINO case number
SCR36683, convicted of the crime of ROBBERY a felony, in violation of Section
211 of the PENAL Code, and that he then served a term as described in Penal
Code section 667.5 for said offense, and that he did not remain free of prison
custody for, and did commit an offense resulting in a felony conviction during,
a period of five years subsequent to the conclusion of said term, within the
meaning of Penal Code section 667.5(b).

It is further alleged as to Count ONE that said defendant(s),
LAWRENCE BIRKS, was on and about the 19th DAY OF JUNE, 1987, in the SUPERIOR
Court of the State of CALIFORNIA for the County of LOS ANGELES case number
A796849, convicted of the crime of ATTEMPTED ROBBERY a felony, in violation of
Section 664/211 of the PENAL Code, and that he then served a term as described
in Penal Code section 667.5 for said offense, and that he did not remain free
of prison custody for, and did commit an offense resulting in a felony
conviction during, a period of five years subsequent to the conclusion of said
term, within the meaning of Penal Code section 667.5(b).

* * * * *

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally
requesting that defense counsel provide discovery to the People as required by
Penal Code Section 1054.3.

30

THIS INFORMATION CONSISTS OF 2 COUNT(S).

34

DENNIS L. STOUT
DISTRICT ATTORNEY
County of San Bernardino,
State of California

BY: _____
GEOFFREY R. GOSS
DEPUTY DISTRICT ATTORNEY

Filed in Superior Court,
County of San Bernardino

DATED: FEB 0 1 1995 _____

Page 4



## SAN BERNARDINO COUNTY PROBATION DEPARTMENT
### PROBATION OFFICER'S REPORT

| DEFENDANT'S NAME BIRKS, LAWRENCE | COURT CRTC-S.B. Dept. 5 | JUDGE Duane A. Lloyd | COURT NUMBER FSB 05628 |
|---|---|---|---|
| ALIAS(S) Michael Williams, Earl Washington | | | ACIS F-0115246-001 |

| ADDRESS (PRESENT/RELEASE)      PH. Unknown - in San Bdno. | | HEARING DATE 03-15-95 | ATTORNEY Cantrell | PROB NUMBER 0056276 |
|---|---|---|---|---|
| BIRTH DATE 08-04-53 AGE 41 | POB Unknown | NATIONALITY American | CONVICTED BY Jury | CONV DATE 02-15-95 | COURT/CONV CRTC-Central Dept. 5 |

| HT 5'0" | WT 245 | EYES | HAIR | ETHNIC Black | SEX Male | ARRESTING AGENCY Task Force 62HP | BOOKING AGENCY S.B.S.O. |
|---|---|---|---|---|---|---|---|
| SSN 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 | BI 4867409 | | FBI 544911N8 | | | CUSTODY STATUS   [ ]BAIL  [ ]OR   [X]CUSTODY | |

| DRIVER'S LICENSE 13325384 | STATE CA | STATUS Expired | CONVICTED CHARGES  Ct. I, PC 459, Felony, Second Degree Commercial Burglary, Ct. II, PC 459, Misd., Second Degree Commercial Burglary |
|---|---|---|---|

| SCARS, TATTOOS, OTHER MARKS  Unknown | PLEA AGREEMENT  None |
|---|---|

| BOOKING NO. 409343344 410340070 | ARREST DATE 09-19-94 10-01-94 | RELEASE DATE 09-22-94 In custody | DAYS 3 166 | CO-DEFENDANT(S)/DISPOSITION None |
|---|---|---|---|---|
| TOTAL CUSTODY DAYS | | 169 | | |

### PERSONAL HISTORY
#### (Not independently verified by Probation Department)

| EDUCATION | MILITARY | SPECIAL TRAINING | HEALTH | DRUGS/ALCOHOL/ME |
|---|---|---|---|---|
| TREATMENT HISTORY | | | EMPLOYER (Name, Address, Ph.) | |
| TIME ON JOB | INCOME | TYPE OF WORK | MARITAL STATUS | SPOUSE |
| CHILDREN | ASSETS, DEBTS, CHILD SUPPORT | | CONTACT PERSON | |
| FATHER (Name, Address, Ph.) | | | MOTHER (Name, Address, Ph.) | |

| ADDITIONAL INFORMATION   NO INFORMATION WAS OBTAINED AS THE DEFENDANT REFUSED TO BE INTERVIEWED |
|---|

| FACE SHEET TAKEN BY   Deedee Meares-Elliot   EXTENSION   (909)387-4275 DATE   02-27-95 |
|---|

FSB 05628 BIRKS, LAWRENCE                    -1-                    March 15, 1995

PRIOR RECORD:                              According to records of the San
Bernardino Sheriff's Office, the Bureau of Identification, the Department of
Motor Vehicles, and the Federal Bureau of Investigation, the defendant has the
following prior record:

TRAFFIC:

| DATE | AGENCY | OFFENSE | DISPOSITION |
|------|--------|---------|-------------|
| 04-04-85 | | CVC 23152(a), Under the Influence of Drugs or Alcohol While Driving a Vehicle | 07-14-86, Municipal Court, SB, 3 years' court probation, fine, case #288002 |
| 10-30-85 | | CVC 23152(a), Under the Influence of Drugs or Alcohol While Driving a Vehicle | 02-24-86, Municipal Court, LA, Metro Branch, 3 years' court probation, County Jail, fine, case #V218363 |
| 11-07-85 | | CVC 23152(a), Under the Influence of Drugs or Alcohol While Driving a Vehicle | 11-08-85, Municipal Court, LA, Metro Branch, 3 years' court probation, County Jail, fine, case #V218707 |

ADULT:

| DATE | AGENCY | OFFENSE | DISPOSITION |
|------|--------|---------|-------------|
| 09-24-74 | SO San Bernardino | PC 12031, Carrying Concealed Weapon, PC 148, Interfering With an Officer | 11-15-74, convicted PC 12031, 1 year probation |
| 12-16-74 | SO San Bernardino | CVC 23102, Drunk Driving, CVC 14601, Driving on Suspended License, CVC 2800, Failure to Obey/Warrant | 02-05-75, convicted, CVC 23102(a), 1 year probation, $190 fine |

FSR 05628 BIRKS, LAWRENCE                    -2-                    March 15, 1995

| | | | |
|---|---|---|---|
| 11-02-76 | SO San Bernardino | CVC 23102(a), Drunk Driving Warrant, MT 25819 | Court: convicted CVC 23102, 1 year probation, $190 fine, convicted CVC 23122, $65 fine, 2 days' County Jail |
| 03-16-77 | SO San Bernardino | PC 245(a), Assault With a Deadly Weapon | 12-21-77, convicted PC 12031(a), Possession of a Loaded Firearm, Misd., 1 year summary probation |
| 02-05-80 | SO San Bernardino | PC 211, Robbery | 06-27-80, SCR 36683, convicted Felony, 5 years' state prison, CDC #C18493 |
| 02-17-87 | PD Los Angeles | PC 211, Robbery | 06-19-87, A796849, convicted Felony, PC 664/211, 3 years' state prison, CDC #D60273 |

CIRCUMSTANCES OF THE OFFENSE:             Specifics of the criminal offense and arrest of the defendant are detailed in the San Bernardino Police Department report number 94-45816.   The offense of Second Degree Commercial Burglary occurred on or about September 19, 1994, at approximately 4:40 a.m.   The defendant was arrested on that date and later charged by the district attorney's office with PC 459, a Felony.

                        According to the reports, the suspect pried open the edge of a plywood covering a large window opening.   He entered the business setting off a silent alarm.   He was arrested inside the business a short time later.   The suspect identified himself as Earl Washington, true identity was later established as Lawrence Birks.

                        Specifics of the criminal offense and arrest of the defendant are detailed in the San Bernardino Police Department report, case number 94/48044.   The offense of Commercial Burglary was committed on or about September 30, 1994, at 11:58 p.m.   The defendant was arrested on that date and later charged by the district attorney's office with PC 459, a Felony.

                        According to the police report, the suspect smashed a glass door of the business entering and began gathering property.   He then fled when he saw security officers approach the door.   The security officer observed him run from inside the building, caught him and detained him.   The suspect was later identified as Lawrence Birks.

FSB 05628 BIRKS, LAWRENCE                        -3-                      March 15, 1995

<u>PLEA BARGAIN</u>:                                      A complaint was filed alleging
Second Degree Commercial Burglary, in violation of Section 459 of the Penal Code,
a Felony, Count I, and it as also alleged that the defendant was convicted of a
Serious Felony on June 4, 1980, within the meaning of Penal Code Section 667(b)
through (i); it was further alleged that the defendant was convicted of a Serious
Felony on June 19, 1987, within the meaning of Section 667(b) through (i).   It
was also alleged that the defendant served a Prior Prison Term of Five Years,
within the meaning of Penal Code Section 667.5(b).

On February 15, 1995, the jury found
the defendant guilty of Count I, PC 459, a Felony, PC 459, a Misdemeanor,
Count II. Also found true were the two "strikes" and the one year prison prior.

<u>DEFENDANT'S STATEMENT</u>:                         The defendant was contacted at the
West Valley Detention Center on February 27, 1995.  He refused to be interviewed
or answer any questions because "didn't think it was necessary as the court
already has the information it needs."

<u>VICTIM'S STATEMENT</u>:

<u>COUNT I</u>:

<u>FSB 05628</u>:                                     Southern Hospitality Restaurant was
contacted.  The assistant manager estimated that their loss was approximately
$1,000.00; $800.00 for replacement of the two glass front doors and $200.00 in
meat and seafood that was defrosted/taken.  They are requesting restitution in
the amount of $1,000.00.

<u>COUNT II</u>:

<u>MSB 11281</u>:                                     The manager of George's Smorgasbord,
Amy Ko, was contacted.  George's Smorgasbord is closed to the public but the
kitchen is still used to make meals for the motel next door and for special
catering activities.  The defendant did not steal any food or do any damage to
the interior of the building other than breaking the window and the plywood in
order to enter the business.  The manager is requesting restitution in an amount
to be determined at a later date as she did not have the information readily
available.

<u>COLLATERAL REPORTS</u>:                           When reviewing the defendant's prior
record, he was arrested on May 18, 1978, by the Los Angeles Police Department for
Rape by Force.  He was arrested by the Beverly Hills Police Department on
December 15, 1978, for PC 211, Robbery.  He was arrested by the Los Angeles

FSB 05628 BIRKS, LAWRENCE                 -4-                    March 15, 1995

Police Department again November 5, 1985, for Possession of a Controlled
Substance and again by the Los Angeles Police Department on August 2, 1986, for
Attempted Robbery.  As the records are old, Los Angeles County was unable to
provide any disposition for any of these arrests.

SENTENCING CONSIDERATIONS:

Probation Eligibility (Rule 413):

> Statutory provisions limiting or prohibiting a grant of probation
> in this matter do exist, specifically, Section 667(c)(2) of the
> Penal Code.

Criteria Affecting Probation (Rule 414):

(a)  Facts relating to the crime include:
    (1)  The nature and circumstances of the crime are serious, as
        compared with other instances of the same crime.
    (5)  The degree of monetary loss to the victim was significant.
    (6)  The defendant was an active participant in the crime.

(b)  Facts relating to the defendant include:
    (1)  The defendant does have a prior record of criminal conduct.
        That prior record does indicate a pattern of regular or
        increasingly serious criminal conduct.
    (2)  The defendant's prior performance on probation was
        satisfactory.  The defendant was not on a grant of probation
        or parole at the time he committed the present offense.
    (5)  Imprisonment will not seriously affect the defendant.
    (6)  A felony conviction will not adversely affect the defendant's
        life.

Circumstances in Aggravation (Rule 421):

(a)  Facts relating to the crime include:
    (4)  The defendant occupied a position of leadership in the crime.
    (9)  The crime involved and attempted or actual taking or
        damage or great monetary value.

(b)  Facts relating to the defendant include:
    (2)  The defendant's prior convictions as an adult are numerous.
    (3)  The defendant has served two prior prison terms; on June 27,
        1980 he was sentenced to state prison for five years and
        again on June 19, 1987, he was sentenced to state prison for
        three years.

Circumstances in Mitigation (Rule 423):

(a)  There are no facts relating to the crime.

(b)  Facts relating to the defendant include:

FSP 05628 BIRKS, LAWRENCE                    -5-                    March 15, 1995

(4)  The defendant is ineligible for probation and but for the
     ineligibility, would have been granted probation.

Enhancements:

The special enhancements of two prior "strikes" and a Prior Prison
Term were found guilty by the jury. For the impact these special
allegations have upon the defendant's custody time, the court's
attention is respectfully referred to the probation officer's
recommendation.

ANALYSIS:                                    The defendant did not feel the need
to be interviewed for the current offense as he was aware that probation was not
an option. He did express a great displeasure at the court system, all attorneys
involved and his treatment at the West Valley Detention Center. He made several
conflicting statements as to even if he had a public defender at this point or
if he was representing himself.

                                    He is aware that state prison is the
recommendation but does not believe he qualifies as a three "strike" case. He
believes a more appropriate disposition would be five years as he does not
consider either one of the burglaries to be noteworthy considering one of the
businesses, he believes, is abandoned (George's Smorgasbord).

                                    As    such,    the    following
recommendation is made by the probation department.

CVC 13350 RECOMMENDATION:                    It is respectfully recommended that
the court find that a motor vehicle was not used in the commission of this
offense.

REIMBURSEMENT OF APPOINTED COUNSEL:          It is respectfully recommended that
the court find that the defendant does have the present ability to pay appointed
counsel fees at the rate of $15.00 per month.

REIMBURSEMENT OF INVESTIGATION COSTS:        It is respectfully recommended that
the court find that the defendant does have the present ability to pay the cost
of conducting the presentence investigation and preparing the report pursuant to
Section 1203.1(b) of the Penal Code.  It is therefore respectfully recommended
that the defendant be ordered to pay $504.00 through the county probation
officer.

FSB 05628 BIRKS, LAWRENCE                    -6-                    March 15, 1995

<u>REIMBURSEMENT OF ARRESTING AGENCY:</u>              It is respectfully recommended that
the court order the defendant to reimburse the City of San Bernardino, 300 North
"D" Street, San Bernardino, CA, 92418, Attention: Accounting Department, pursuant
to Government Code 29550.1, in the amount of $122.90 and show proof of payment
to parole officer within ninety (90) days from release from custody.

FSB 05628 BIRKS, LAWRENCE                          -7-                    March 15, 1995

RESTITUTION FINE:                                  It   is   therefore   respectfully
recommended that the defendant, Lawrence Birks, be ordered to pay a restitution
fine in the amount of $1,500.00 for the offense of Second Degree Commercial
Burglary, a Felony, Count I.

PROBATION OFFICER'S RECOMMENDATION:                It   is   therefore   respectfully
recommended that probation be denied and the defendant, Lawrence Birks, be
sentenced to the California State Prison as follows:

| COUNT I: | Second Degree Commercial Burglary – in violation of Section 459 PC, for the aggravated term of | 3 years |
|---|---|---|
| COUNT II: | To be concurrent to above; Second Degree Commercial Burglary – in violation of Section 459 PC, Misdemeanor, (in County Jail) for | 1 year |
| | To be consecutive to above; Enhancement of "Prior Prison Term, PC 667.(b),) found true | 1 year |

                                                   Pursuant to PC 667(3)(ii), the
commitment to State Prison is for a total of twenty-five (25) years to LIFE, with
credit for time served, a matter of two hundred fifty-four (254) days (one
hundred sixty-nine (169) days actual, eighty-five (85) days conduct), and may be
followed by parole for a period of three (3) to four (4) years.

FSB 05628 BIRKS, LAWRENCE                    -8-                March 15, 1995

Respectfully submitted,

RAYMOND B. WINGERD
CHIEF PROBATION OFFICER


By: Deedee Meares-Elliott

            Deedee Meares-Elliott
            Probation Officer II

DME:la

            APPROVED:


            Don Brotchie
            Supervisor


I hereby certify that the probation officer's report and recommendation in this
matter has been read and considered by me on this _____ day of
_____, 1995.


            Judge of the Central Regional Trial Court,
            in and for the County of San Bernardino,
            State of California

# EXHIBIT 2

41

| Arrested or Receive | Department And Number | Name | Charge | Disposition |
|---|---|---|---|---|
| 1-21-76 | SO. SAN BERNARDINO 171160 | LAWRENCE BIRKS | 11359 H&S POSS F/SALE MARIJ. | "NONE" DET ONLY DA/ REJ. |
| 10-77 | | | | |
| -78 | PD LOS ANGELES 1575810/47649D9 | LAWRENCE BIRKS | 245A PC ADW. | " NONE " 4-7-78, 245A PC. REL, 849B (†) PC. DEEMED NOT ARR. DET ONLY. VICT. REFUSES TO PROS. |
| -78 | PD LOS ANGELES 1575810/4821647 | MICHAEL WILLIAMS | 261.2PC RAPE BY FORCE | " NONE " 5-19-76, 261.2PC, DA/CA REJ. REFER TO CA. |
| 5-78 | PD BEVERLY HILLS 8A10SS | LAWRENCE BIRKS | 211PC ROBB. | " NONE " |
| [-85 | PD LOS ANGELES 1575810-B/83467370 | LAWRENCE BIRKS | 11350(A) H&S POSS NAR CONTR SUBS. | " NONE " 12-10-85, 11350(A) H&S. DA/CA REJ; REL DET ONLY LACK OF PROB CAUSE. |
| 85 | PD LOS ANGELES 1575810-B/79D4225 | CARL WASHINGTON | 415(1) PC FIGHT CHALLNGE FIGHT DISTRUB THE PEACE | " NONE " |
| -86 | PD LOS ANGELES | LAWRENCE BIRKS | 211 PC, ROBB | " NONE " |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES,
BUREAU OF IDENTIFICATION STATE OF CALIFORNIA   DEPARTMENT OF JUSTICE

Following CII record. Number   4 867 409

| N 1 U | ODD 12 MLM | NEGRO 6-3 | ITS ILL 8-4- | 1953 |
| E 1 U | ODD 10 MLM | BIRKS: LAWRENCE | | SN # 5166 88 8006 FBI # 544 911 N 8 DL # N3325384 |

3.

Laurence Birks, Jr. T446... . . .
(SVSP) Salinas Valley State Prison
P.O. Box _ 1030-C8-129-
Soledad California, 93960.1030

Cii record Number _ 4 867 1

DATE: July 9, 2001.

FBI# 544 911 N3
SM# 566 88 5006

DL# N3325384
DoB _ 8.4.1953

COMPLAINT OF ALLEGED

YOUR DEPT. STAFF HAS PRINTED INACCURACY,
INCORRECTED INFORMATION AGAINST ME, THAT
BEING USE ILLEGALLY AS ARREST AND AS
CONVICTION UNDER CRIMINAL HISTORY OF
CRIME COMMITTED BY ME, VIOLATION OF
PRIVACY ACT. 5 U.S.C.A. §552 a(e)(5)(G)(4)(C)
(9)(4).

D: STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE OF CALIFORNIA
BUREAU OF IDENTIFICATION _ CHIEF OF CRIMINAL RECORD
P.O. BOX _ 903417
SACRAMENTO, CALIFORNIA, 94203-4170

b: RECORDS REVIEW UNIT
P.O. Box _ 903417
SACRAMENTO, CALIFORNIA, 94203-4170

3: DEPARTMENT OF CORRECTIONS
P.O. Box _ 942883
SACRAMENTO, CALIFORNIA, 942883-001

1: To Whom It May Concern:
          There is definitely Errors of incorrect, inaccuracy information in my
criminal records File that should be immediately Corrected as soon as Possible, The California.
Department of Justice Bureau of Identification Dept. Clerk/or Supervior or Dept. Director,
Government Agency, has allowed inaccuracies of information use illegally as Criminal history
arrest and conviction of crimes Not Committed by me, Violation of Privacy Acts U.S.C.A. §552 a.
5)(9)(4)(C).(9)(4). Government Agency, Not taken reasonable steps to maintain accuracy of information
Wilfully or intentionally Fails to correct or maintain individuals records in the Proper manner to assure
fairness Consequently makes determination adverse to his criminal history of arrest and conviction. I
notice of First Amendment Rights, Seeking redress, and given the above Party's Legal and Juridical
and Financial Notice, Holding the above Government Agency, Dept. staff of Sum ONE THOUSAND DOLLARS
for the Misconduct, Violation Under the Privacy Acts, OF Not Maintaining accurate Criminal arrest
and Conviction history in the State of California, The incorrected information has Cause a great
significant adverse affect upon me, in the San Bernardino County System and in Prison as mak-
ing determination adverse to me Of (Criminal History) Sectione(5)(9)(4)(C) and(9)(4) of the Privacy
Act. 5 U.S.C.A.(a)(e)(5). Hold Your Agency liable, Provides that each Agency Must Maintaine
direct an accurate record system of individuals to such degree of...

Prima facie Claim Under the Eighth Amendment

(1) The requirement for proving a Claim under the Eighth Amendment were recently clarified by the Supreme Court in Hudson V. McMillian, — U.S.—, 112 S.Ct. 995; 117 L.Ed. 2d 156 (1992), The Court reviewed Eighth Amendment Jurisprudence and concluded:

We hold that whenever prison officials stand Accused of use excessive physical force in violation of the Cruel and unusual Punishment Clause, the core judicial inquiry is that set out in Whitley: Whether force was Applied in a good-faith effort to maintain or restore discipline, or maliciously and Sadistically to cause harm. Hudson — U.S. at—112 S.Ct. At 998 (citing Whitley V. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed. 2d 251 (1986) Unless the phrase "good faith effort to maintain or restore discipline" and "maliciously and Sadistically to cause harm" are used in some Special sense, there is a very large undistributed middle between them:

A Second reason for drawing this inference is that, in a case Arising under the due process Clause, the court explicitly reserved For Future decision a rather Similar question About the rang. Of conduct between negligently And purposefully Causing Injury (by leaving an Obstruction on a stairway in a Jail):

Daniels V. Williams, 474 U.S. 327, 334 n. 3, 106 S.Ct. 662, 666 n. 3, 88 L.Ed. 2d 662] (1986) [declining to Address "Whether something Less than intentional conduct, such as recklessness or gross Negligence, is enough to trigger the protections of the Due Process Clause").

*43*



**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

P.O. Box 903417
SACRAMENTO, CA 94203-4170

May 13, 2004

Lawrence Birks
#J61976
High Desert State Prison
P.O. Box 3030 / B2 102
Susanville CA 96127

Dear Mr. Birks:

    Enclosed is a copy of your state summary criminal history record as maintained by the California Bureau of Criminal Identification and Information. This record has been released under the provisions of California Penal Code Sections 11120 - 11127.

    If you wish to challenge the accuracy or completeness of this record, please complete and return the enclosed form (BCII 8706).

    If you have any further questions, please address your correspondence to the Record Review Unit at the above address.

            Sincerely,

            *Robert Santos*

            Robert Santos, Assistant Manager
            Record Support Section
            Bureau of Criminal Identification
              and Information

        For  BILL LOCKYER
             Attorney General

RS/rw

BCII 8711 (Rev. 11/99)

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
**BUREAU OF IDENTIFICATION**
P. O. BOX 13417, SACRAMENTO

SN #566 88 8006
FBI# 544 911 N 8
SN# 566 88 5006

4 867 409

OL# N3325384
**IS FOR OFFICIAL USE ONLY**
SN# 566 88 9006

**The following CII record, NUMBER**

MLM
19 M 1 U 000 12
L 1 U 000 10
7Y      MLM

NEGRO 6-3 175 ILL. 8-4-1953

BIRKS: LAWRENCE



| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| ALIAS: | CARL WASHINGTON; MICHAEL WILLIAMS; EARL WASHINGTON; | | | |
| | | | | RELEASED FOR PERSONAL USE ONLY NOT TO BE USED FOR EMPLOYMENT, LICENSING, OR CERTIFICATION PURPOSES |
| 2-15-73 | SO SAN BERNARDINO 47671 | LAWRENCE BIRKS | 40000 VC FAIL.APPEAR 23122 VC TRAFF.VIO. | |
| 9-24-74 | SO SAN BERNARDINO 129288 | LAWRENCE BIRKS | 1. 12031 PC CARRY.CONCEL. WPN. 2. 148 PC INTERFER | 11-15-74,CT.1,PG, 12MOS.INFORM.PROB.; CT.2,S,DISM.PLEA BARGAIN |
| 10-3-74 | SO SAN BERNARDINO 129699 | LAWRENCE BIRKS | 23102AVC DRK. DRIVING | 2-5-75 #MT 25149 JD#36480."A" DISM. FUR.JUST. |
| 2-16-74 | SO SAN BERNARDINO 133777,A | LAWRENCE BIRKS | 1) 23102A VC DRK. DRIV. 2) 14601 VC DRIV.W/SUSP. LIC. | 2-5-75 #MT 25819 JD# 36480 23102A VC FN. $190.50., 12 MOS. PROB. 11-2-76,PROB VIO,7DS JL. |
| 8-20-75 | SO SAN BERNARDINO 147264,A | LAWRENCE BIRKS | 1)537/647E PC DEFRAUD INKPR/REF.TO ID 2)FAIL/APPEAR 23102A VC DRK DRIV WARR.MT25819 VALLEY DIV CT | 8-20-75,537 PC & 647E PC,COMPLT. DENIED,NO REASON GIVEN DA REJ.; 23102A VC,REL.TO FONTANA VALLEY MUNI |
| -- | | CONT. PAGE 2 | | -- |

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION
P.O. BOX 13417, SACRAMENTO

**The following CII record, NUMBER**        4 867 409        **IS FOR OFFICIAL USE ONLY**

PAGE 2

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 10-21-76 | SO SAN BERNARDINO 171160 | LAWRENCE BIRKS | 11359H&S POSS F/SALE MARIJ. | *NONE* |
| 3-16-77 | SO SAN BERNARDINO 178481 | LAWRENCE BIRKS | 245A PC  ADW. | 12-21-77,#F3226,JD# 38680,459PC,417PC,DISM, FURTH OF JUST;12031A PC, PNC,12MOS PROB. |
| 4-1-78 | PD LOS ANGELES 1575810/4764909 | LAWRENCE BIRKS | 245A PC  ADW. | 4-7-78,245A PC,REL, 849B(1)PC,DEEMED NOT ✗ ARR DET ONLY,VICT REFUSES TO PROS. |
| 5-18-78 | PD LOS ANGELES 1575810/4821647 | MICHAEL WILLIAMS | 261.2PC  RAPE BY FORCE. | 5-19-78,261.2PC,DA/CA ✗ REJ,REFER TO CA. |
| 12-15-78 | PD BEVERLY HILLS 8A1055 | LAWRENCE BIRKS | 211PC  ROBB. | ✗ |
|  |  | CONTINUED APGE 3 |  |  |

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
### BUREAU OF IDENTIFICATION
P.O. BOX 13417, SACRAMENTO

**The following CII record, NUMBER**    4 867 409                **IS FOR OFFICIAL USE ONLY**

PAGE 3

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 2-5-80 | SO SAN BERNARDINO 230991 | LAWRENCE BIRKS | 211PC,ROBB | 6-4-80,#ACIS F11578, FSB251642,JD#36100, 211PC,FEL,JURY CONV, CERT SUP CRT; 6-27-80,#SCR-36683,JD# 36100,5YRS TT,ST PRIS, 216DS CTS; USE ALLEG FD TRUE BUT STRICKEN BY CRT |
| 7-3-80 | CALIF DEPT OF CORR,RC,CHINO C-18493 | LAWRENCE BIRKS | CS #SCR36683 CT 1,ROBB (211PC) | TERM 5YRS 5-7-83 PAROLED TO SAN BERDO CO 6-7-84, DISCH |
| 1-12-85 | PD LOS ANGELES 1575810-B/7904225 | CARL WASHINGTON | 415(1) PC FIGHT CHALLNGE FIGHT DISTRUB THE PEACE | ✗ |
| 12-5-85 | PD LOS ANGELES 1575810-B/8346270 | LAWRENCE BIRKS | 11350(A)H&S POSS NARC CONTR SUBS. | 12-10-85,11350(A)H&S, DA/CA REJ,REL DET ONLY ✗ LACK OF PROB CAUSE. |
| 2-28-86 | PD LOS ANGELES 1575810-B/8463812 | LAWRENCE BIRKS | 211PC, ROBB | ✗ |
|  |  | CONTINUED PAGE 4 |  |  |

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

△ OSP

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
## BUREAU OF CRIMINAL IDENTIFICATION
P.O. BOX 903417, SACRAMENTO 94203-4170

**The following CII record, NUMBER**          4 867 409          **IS FOR OFFICIAL USE ONLY**

827                                   PAGE 4

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 8-2-86 | PD LOS ANGELES 1575810-B/8693512 | LAWRENCE BIRKS | 664/211 PC, ATT.ROBB | ✕ |
| 2-17-87 | PD LOS ANGELES 2140243-W/8973792 | EARL WASHINGTON | 211 PC,ROBB | 6-19-87,#A796849,JD# 19100,664/211PC,FEL,CONV. BY JURY,3YRS.TT ST.PRIS. |
| 6-30-87 | CALIF DEPT CORR D-60273 | EARL WASHINGTON | CS#A796849 CT.1,ATT.ROBB. 664/211PC | FROM: L.A. CO. TERM: 3YRS. 4-12-89,PAROLED TO L.A. CO. 6-7-90,PV/RTC 11-27-90,PAROLED TO L.A. CO. 11-28-90,PV/RTC |
| 9-19-94 | SO SAN BERNARDINO 9409343344 | LAWRENCE BIRKS | #MSB11281 459 PC,COMM. BURG. (ARR BY PD SAN BERDO) | |
| 10-1-94 | SO SAN BERNARDINO 9410340070 | LAWRENCE BIRKS | 459 PC,COMMERC. BURG. (ARR BY TASK FORCE) | 5-8-95,#FSB05628,JD# 36100,459PC/667.5(B)PC, 2CNTS,PG,25YRS TT ST PRIS. |

CONTINUED PAGE 5

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**



86  42107

*78*

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
## BUREAU OF CRIMINAL IDENTIFICATION
P.O. BOX 903417, SACRAMENTO   94203-4170

**The following CII record, NUMBER**          4  867  409                    **IS FOR OFFICIAL USE ONLY**


827                                         PAGE 5

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 10-4-94 | SO SAN BERNARDINO 9410340070A | LAWRENCE BIRKS | #FSB05628 459 PC,BURG. (ARR BY TASK FORCE) | |
| 10-6-94 | SO SAN BERNARDINO 9410340070B | LAWRENCE BIRKS | #MSB11281 459 PC,BURG. (ARR BY TASK FORCE) | |
| 5-18-95 | CALIF DEPT OF CORR J-61976 | LAWRENCE BIRKS | CS#FSB05628 CT.1,2ND° BURG,459 PC/ 667.5(B)(I)PC | FROM: SAN BERNARDINO CO. TOTAL TERM: 25YRS-LIFE. |

California Penal Code Section 11125 states:
"No person or agency shall require or request another
person to furnish a copy of a record or notification
that a record exists or does not exist as provided in
Section 11124. A violation of this section is a
misdemeanor."

Dated:          W 3 2 MAY 1 3 2004

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

**EXHIBIT 3**

COURT OF APPEAL -- STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO



APR 22 1999

COURT OF APPEAL FOURTH DISTRICT

In re LAWRENCE BIRKS,          )
                               )      E024755
                               )      COUNTY NO. FSB5628
                               )
on Habeas Corpus               )
_____)

THE COURT:

From the record presented it is not clear whether defendant's request was timely, so as to give him an absolute right to self-representation, or whether it merely triggered the court's discretion. However, as the denial of a timely motion is reversible per se (see this court, *People v. Jones* (1998) 66 Cal.App.4th 760, 770), and as it may well be an abuse of discretion to deny even an untimely motion if defendant does not seek additional delay (see *People v. Nicholson* (1994) 24 Cal.App.4th 589, 592-593), we will err on the side of caution. Unless the trial court elects to grant defendant's request for self-representation within seven days of the date of this order real party is requested to respond to the petition on or before May 7, 1999. Unless good cause is shown, the court may issue a peremptory writ.

HOLLENHORST
_____
        Acting P.J.

cc:
County Clerk, San Bernardino County
351 N. Arrowhead Ave.
San Bernardino, CA 92415-0210

Attorney General
110 West "A" St., Ste.1100
San Diego, CA 92101

District Attorney, San Bernardino County
316 N. Mt. View Ave.
San Bernardino, CA 92415-0004

Lawrence Birks
West Valley Detention Center
9500 Etiwanda Ave.
Rancho Cucamonga, CA 91739



CHAMBERS OF

## Christopher J. Warner

SAN BERNARDINO COUNTY SUPERIOR COURT
CENTRAL DISTRICT

351 North Arrowhead Avenue, Dept. S27                                    Phone 909-387-4000
San Bernardino, California 92415-0240                                    Fax 909-387-0299

April 26, 1999

Court of Appeal
State of California
Fourth Appellate District
Division Two
303 West Fifth Street
San Bernardino, CA 92401-1345

Attn: Hon. Thomas Hollenhorst

Ref: E024755

Dear Justice Hollenhorst:

I have received your order of April 22, 1999, in the captioned matter.

The filing by the defendant in this matter was premature. I am enclosing copies of this court's Minute Orders reflecting that the defendant, on April 16, 1999, informed the court that he wished to represent himself. The court therefore continued the matter to April 22, 1999, for a "Faretta" hearing. The hearing occurred as scheduled, at which time the defendant's motion to represent himself was granted.

At no time has there been a denial of the defendant's request to represent himself.

Yours very truly,

CHRISTOPHER J. WARNER
Judge of the Superior Court

CJW:cas

Cc County Clerk, San Bernardino County
   Attorney General, San Diego
   District Attorney, San Bernardino County
   Lawrence Birks, West Valley Detention Center

101 E. Redlands Blvd., Suite 105
Redlands, CA 92373
Bus: (909) 793-9041
Fax: (909) 793-5074

# Brite-Star Investigations

## CONFIDENTIAL ATTORNY REPORT
### (952 EVIDENCE CODE)

**DATE: March 15, 1999**

**DEFENDANT:**      LAWRENCE BIRKS
**ATTORNEY:**       MARK CANTRELL
**CASE:**           **FSB 05628**
**INVESTIGATOR:**   ERIC W. MARTIN / PI 18484

## ASSIGNMENT:
To review the case and conduct an investigation into the alleged charges against the defendant.

## POINTS OF INTEREST:
Strike order has been dropped off as of 03/08/99, awaiting copies.

## DEFENDANT CONTACT:
On March 12, 1999, I contacted the defendant in the lock down area, to the rear of Department "F", at the Central Court House, downtown San Bernardino.

After having introduced my self and having supplied the defendant with my card. He informed me that, he is in a "Pro Per" status and that, he does not recognize me as his investigator.

When I explained to him that, Mark Cantrell is still his "Attorney of Record". He stated that, he had filed a motion with the court, firing Mr. Cantrell and that, he has notified the "State Bar", about Mr. Cantrells incompetence.

I then tried to explain to the defendant that, we were going to be preparing a "Romero Report" and a "Romero Motion" so his prior strikes could be challenged, and that it could not hurt him, to assist me. He stated that, I was violating his rights and interfering with his case, since he did not hire me, nor did he authorize my assistance.

No matter what I said, or how soft-spoken I was with the defendant, he would not listen to me. The defendant became angry and proceeded to voice his anger towards the court system and then finally walked away from me.

Our interview was concluded at this point.

# DEFENDANTS BACKGROUND

The following background was obtained from past probation reports and two 1994 medical reports. The defendant was unwilling to assist in the updating of his background for the preparation of this report.

The defendant was born on August 4, 1953, and is currently 45 years old. The defendant was the second born of seven siblings. The defendant father died in 1986 do to complications from a heart attack. The defendant resided with his mother for most of his years.

The defendant was married in 1973, to Clara (unknown maiden name). He has two children with her, both of which are boys. They are Lamont 28 years old and Lawrence 23 years old. The defendant divorced Clara in 1977 and the boys remained with her.

During the time of the 1987 case in Los Angeles (A796849) the defendant was involved in a serious relationship, however his girlfriend could not be reached at the time the Probation report was prepared.

Education:

The defendant graduated from Pacific High School, and had attended San Bernardino Valley College. He has specialized training in Welding and Shipping. The defendant was very active in sports and was considered an average student.

Employment:

From 1978 to 1981 he was gainfully employed with the "Santa Fe Railroad", until he was laid off. He has otherwise received an income from general relief funds.

Drugs and Alcohol:

The defendant has denied using drugs and has consumed "Beer" occasionally in his early years. Prior to his 1980 commitment to state prison the defendant stated that he was drinking heavily.

Medical:

The defendant has a history of Stress and Seizures, which have caused occasional blackouts.

Military:

None.

## JMMARY OF CASE SCR 36683

This case ha                    or about February 5, 1980 and is              the charge of
211 PC (Rob                     of San Bernardino, Ca.

The following                   crime was provided by the Probati           report dated
June 24, 19                     being a 75-year-old man was             a "Tavern" at
approximate                     e walking home he saw a blue Cad           up beside him
and one of                      whom he later positively identi           he defendant
"Lawrence B                     im and asked him for a "dime". As          searched for
some change                     placed what the victim described as        object into his
side (possib                    er, no weapon was actually seen b          im.

The defenda                     empty out the victims' pocket             an estimated
amount of $                     s. The defendant then left the are         harm to the
victim. The                     the defendant did threaten to kil          did not give
him all of his

The defenda                     ithin a few minutes later and the vic       vely identified
the defenda                     port notes that the victim was hea         cated. There
were no oth                     e crime and no physical evidence.

The defenda                     ty and the case went to trial. The ju       he defendant
guilty and                      o prison for an upper term of (5           he defendant
appealed th                     he appellate court upheld the decis

**Defendants**
At the time                     ort was prepared the defendant             to deny the
allegations                     ent in the crime. He stated that it        co-defendant
who commit                      that, he had just been picked up at        epot and had
no knowled

It should b                     endant only had $58.00 dollars i           session at the
time of arre

## MMARY OF CASE A796849

This case                       or about February 17, 1987 and              ng the charge
of 211 PC                       y of Los Angeles, Ca.

This crime                      cants and was observed in its ar            n on duty
police offic                    police unit. The summary of this           obtained
from both                       ng transcripts and the Probation           port.

3

This crime having occurred at approximately 6:20 PM, the officers observations were as followed. He saw an elderly white man approximately 74 years old, who appeared to be heavily intoxicated. As the victim approached a convenience store, where several individuals were seen to be standing around outside. A black male adult later identified as defendant Lawrence, approached the Victim and put his arm around him as if to greet him. Def Lawrence escorted the victim over to where two more individuals were standing. As these three individuals surrounded the victim they proceeded to empty out the victims pockets.

It should be noted that, the officer testified that, he did not actually see anyone touching the defendants clothing or removing any items from the victim, due to a Greyhound bus temporarily blocking his view. The officer stated that, after the bus left he saw one of the co-defendants push the victim down and then they all walked away from him.

Upon the officer contact with the victim, he found his pockets to be turned inside out and misc. items were on the ground.

At the preliminary hearing the victim was not present and the officers testimony was sufficient to hold the defendant for the charge of 211 PC. The judge however felt there was enough "circumstantial evidence" to hold the defendants for 664/211 PC (Attempted Robbery)

This case went to trial twice. The first trial resulted in a "hung jury". In the second trial they convicted the defendant of 664/211 PC.

It should be noted that the victim was also not present during the first or the second trial and there are no explanations in any of the transcripts or court documents, to why.

**Defendants statement:**
At the time the probation report was prepared the defendant denied the allegations and his involvement and stated that, the jury was in error and that an appeal will easily over turn the conviction.

## PSYCHOLOGICAL EVALUATION

On October 24, 1994, Judge D. Gericke, ordered the defendant to go for an evaluation pursuant to 1368.

On November 5, 1994, Dr. Anthony Shin, M.D. evaluated the defendant, for approximately one hour. Dr. Shin found the defendant to be compitiant to stand trial.

On November 14, 1994 Dr. Benedict Cooley, Ph. D., also evaluated the defendant for approximately 25 minutes. He described the defendant as being "angry and

scared". He also states that, there is no evidence of a mental illness or disorder, which would cause this behavior and had no further explanation.

## PAST CRIMINAL HISTORY

Taken from Probation report dated 06-17-87 and there was no current "criminal history" rap sheet available to this investigator, at the time this report was prepared.

The defendant has no Juvenile criminal history.

From 1974 to 1980 the defendant had two concealed weapons convictions (Misd.'s), two drunken driving convictions (Misd.'s) and two suspended license violations.

In 1980 he was convicted of his first 211 PC (Robbery) and was sentenced to state prison for a term of (5) years. He was released in 1983.

In 1987 he was convicted of his second 664 / 211 PC (Attempted Robbery) and was sentenced to state prison for a term of (3) years.

## STATE PRISON EVALUATIONS

None.

## DEFENDANTS INTERVIEW

No interview provided by the defendant.

## POINTS OF INTEREST:

1. Regarding Case # SCR 36683 (211 PC). There was no actual weapon seen by the victim at the time of the incident. The victim was not injured in any manner. This was the defendant first serious crime of this nature, yet he was sentenced heavily for it.

2. Regarding Case # A 796849 (664/211 PC). The defendant was initially charged with 211 PC, yet at the preliminary hearing stages it was reduced to 664/211 PC. The jury found the defendant guilty, even though the victim was not at either the first trial (hung jury) or the second trial or the preliminary hearing. There was no weapon involved and the victim was no injured.

3. In both of the above outlined cases SCR 36683 and A 796849, the victims were heavily intoxicated, when they were initially contacted by the police and when they supplied their statements.

4.  Both of these cases were co-defendant cases and there does not appear to be any photo or live lineups conducted in either of them.

5.  The defendants' criminal history does not show an escalation of seriousness.

6.  In the 1980 case, this was the defendants' first felony conviction, yet the probation officer does not consider the defendant for probation.

7.  The 1987 probation report notes a comment from the probation officer that the defendant was legally eligible for probation, yet he still denies the defendant a probation recommendation.

8.  The defendants' bitterness and anger towards the criminal system appears be some what justified. He was never given the chance to attend anger management courses or alcohol programs, which could have changed his disposition on life and may have deterred him from any further criminal activity. Instead he was sent straight to prison as a first time felon in 1980, with an upper term sentence of five years, at the age of 27 years old.

Respectfully submitted,

Eric W. Martin / Chief investigator

58

1   DENNIS L. STOUT
    District Attorney
2   Geoffrey K. Goss
    Deputy District Attorney
3   316 N. Mtn View Ave.
    San Bernardino, CA  92415
4   Telephone: (909) 387-8309
    Fax: (909) 387-6444
5
    Attorney for Plaintiff
6
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
7

8   THE PEOPLE OF THE STATE OF CALIFORNIA )   COURT CASE NO  FSB 05628
9                               Plaintiff,   )   **PEOPLE'S OPPOSITION TO**
                                             )   **DEFENDANT'S MOTION TO STRIKE**
10                                           )   **PRIORS PURSUSANT TO PEOPLE**
                                             )   **vs ROMERO**
11                  vs.                      )
                                             )
12  LAWRENCE BIRKS,                          )   DATE:  May 6,1999
                                             )   TIME:  8:30 a.m.
13                              Defendant.   )   DEPT:  S-27
                                             )
14  ─────────────────────────────────────       DA CASE NO  1994-GG-0000075
15

16                                      I.
                               STATEMENT OF FACTS
17

18  The Defendant was convicted at jury trial of two commercial burglaries. The second of the

19  two burglaries was committed 11 days after he was released after being caught committing

20  the first burglary.

21                                      II.
                    DEFENDANT'S PRIOR CRIMINAL HISTORY REFLECTS
22                 HIS LENGTHY PATTERN OF CRIMES.  HE IS THE PERSON
                     AT WHOM THE THREE STRIKES LAW WAS AIMED
23

24  The defendant has a long history dating back to 1974.  The defendant has had contact with

25  law enforcement practically every year that he hasn't been in custody.  This defendant is a

26  violent career criminal who has used crime as a way to support himself.  A majority of his

27  contacts with law enforcement have involved weapons or serious/violent crimes.

28                                      1

### III.

### IN LIGHT OF THE DECISION IN *PEOPLE V. WILLIAMS*, DEFENDANT'S CRIMINAL HISTORY HARDLY SUPPORTS AN EXERCISEOF THIS COURT'S DISCRETION OF STRIKING A PRIOR CONVICTION

The short holding of *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 is that the language of Penal Code § 667 (f)(2) is sufficiently ambiguous that it does not clearly eliminate a court's discretion to strike priors[1] under § 1385. In other words, the language allowing only the prosecutor to strike priors does not explicitly preclude the courts from doing so; therefore, they retain discretion to strike prior convictions at sentencing.

"The term judicial discretion implies the absence of arbitrary determination, capricious disposition, or whimsical thinking." *People v. Giminez* (1975) 14 Cal.3d 68, 72. Judicial discretion requires the exercise of discriminating judgment within the bounds of reason. To exercise judicial discretion, a trial court must know and consider all material facts, and all legal principles essential to an informed, intelligent, and just decision. *In re Cortez* (1971) 6 Cal.3d 78, 85-86.

A trial court's decision to strike a strike is further constrained by the requirement it be "in furtherance of justice." § 1385 (a). Several principles define this concept.

> Paramount among them is the rule that the language of [section 1385] . . . requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People*, in determining whether there should be dismissal. At the very least, the reason for dismissal must be that which would motivate a reasonable judge. Courts have recognized that society, represented by the People, has a legitimate interest in the fair prosecution of crimes properly alleged. A dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion. [(*People v. Orin* (1975) 13 Cal.3d 937, 947.)]

---

[1] The People agree that this holding would also apply to the concomitant provisions of the Three Strikes Initiative.

2

1

2   *(People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at 530-531, emphasis original, internal

3   citations omitted.)

4       In exercising their discretion, the trial court must keep in mind the overarching intent of

5   the three strikes law, which is "to ensure longer prison sentences and greater punishment for

6   those who commit a felony and have been previously convicted of serious and/or violent

7   felony offenses." *(People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 975; § 667 (b);

8   Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64.)

9       Finally, the *Romero* Court also stated:

10          [A] court abuses its discretion if it dismisses a case, or strikes a
            sentencing    allegation,    solely    "to    accommodate    judicial
11          convenience or because of court congestion." *(People v. Kessell*
            (1976) 61 Cal.App.3d 322, 326 [].)   A court also abuses its
12          discretion by dismissing a case, or a sentencing allegation, simply
            because a defendant pleads guilty. *(People v. Orin, supra,* 13
13          Cal.3d at p. 949.)   Nor would a court act properly if "guided solely
            by a personal antipathy for the effect that the three strikes law
14          would have on [a] defendant," while ignoring **"defendant's**
15          **background," "the nature of his present offenses,"** and other
            **"individualized considerations."**
16

17  *(People v. Superior Court (Romero)*, *supra,* 13 Cal.4th at 531, emphasis added; *People v.*

18  *Dent* (1995) 38 Cal.App.4th 1726, 1731.)

19      In *People v. Williams* (1998) 17 Cal.4th 148  the Supreme Court provided guidance for

20  appellate and trial courts in dealing with *Romero* striking issues. There, Williams was charged

21  with felony driving under the influence.   Vehicle Code §§ 23152, 23175.   Three prior "prison

22  visits" under Penal Code § 667.5(b) were alleged, as well as two prior "strike" offenses under

23  Penal Code §§ 667(b-i) and 1170.12. *Id.* at 152-153.   A probation report yielded a treasure

24  trove of juvenile offenses as well as some seventeen adult offenses that the Supreme Court

25  found significant, including parole revocations and misdemeanor driving offenses. *Id.* at 153-

26  154.   The probation report also listed Williams' personal history including (1) drug problems,

27  (2) unemployment, and (3) two children out of wedlock.   The Supreme Court also noted the

28

3

probation officer's recommendation of the upper term for sentencing because there were at least three factors in aggravation and none in mitigation. *Id.* at 155. The trial court rejected a motion to reduce the driving under the influence to a misdemeanor, but granted defendant some leniency when it struck a prior strike conviction. The trial court justified its decision when it said (1) that its refusal to exercise § 17(b) discretion exhausted certain aggravating factors and (2) that family support at sentencing showed the court that certain family members still "loved" him and that it was time for Williams to do something "productive" with his life. *Id.* at 156-157. The Court of Appeal reversed the trial court, saying that it abused its discretion in striking the prior conviction, and the California Supreme Court agreed. *Id* at 157-158.

In arriving at its decision in the *Williams* case, the Supreme Court attempted "to render Penal Code § 1385(a)'s concept of 'furtherance of justice' somewhat more determinate." *Id.* at 160. The *Williams* Court pointed out that in the *Romero* decision,

> "We implied that, in that balance [of factors regarding striking a strike conviction,], no weight whatsoever may be given to factors extrinsic [to the sentencing] scheme, such as the mere desire to ease court congestion or, *a fortiori*, bare antipathy to the consequences for any given defendant... We also implied that, in the same balance, preponderant weight must be accorded to factors intrinsic to the scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or violent convictions, and the particulars of his background, character, and prospects."

*Id.* at 161. The Court went on to declare:

> We therefore believe that, in ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, "in furtherance of justice" pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had

4

presently not committed one or more felonies and/or had not
previously been convicted of one or more serious and/or violent
felonies. If it is striking or vacating an allegation or finding, it
must set forth its reasons in an order entered on the minutes,
and if it is reviewing the striking or vacating of such allegation or
finding, it must pass on the reasons so set forth.

*Id.* at 161. The Supreme Court concluded the *Williams* opinion with a discussion of this law
in light of the facts of Mr. Williams' case. They declared:

> In light of the **nature and circumstances of his present felony**
> of driving under the influence, which he committed in 1995, and
> **his prior conviction** for the serious felony of attempted robbery
> and his prior conviction for the serious and violent felony of rape,
> both of which he suffered in 1982, and also in light of the
> **particulars of his background, character, and prospects,**
> which were not positive, Williams cannot be deemed outside the
> spirit of the Three Strikes law in any part, and hence may not be
> treated as though he had presently not committed that felony or
> had not previously been convicted of those serious and/or
> violent felonies.
>
> There is little about Williams's present felony, or his prior serious
> and/or violent felony convictions, that is favorable to his position.
> Indeed, there is nothing. **As to his present felony: It is a
> conviction of driving under the influence that followed three
> other convictions of driving under the influence;** "the
> existence of such convictions reveals that [he] had been
> taught, through the application of formal sanction, that
> [such] criminal conduct was unacceptable — but had failed
> or refused to learn his lesson"** (*People* v. *Gallego* (1990) 52
> Cal.3d 115, 209, fn. 1 (conc. opn. of Mosk, J.)). As to his prior
> serious and/or violent felony convictions: The record on appeal
> is devoid of mitigation.
>
> Similarly, there is little favorable about Williams's background,
> character, or prospects. We do not ignore the fact that he
> apparently had had a stable living arrangement with a woman,
> had expressed a desire to help care for their disabled child, and
> was still loved, and supported, by his family. **But neither can
> we ignore the fact that he was unemployed and did not
> follow through in efforts to bring his substance abuse**

problem under control. Certainly, that he happened to pass about 13 years between his prior serious and/or violent felony convictions and his present felony, and proceeded from about 20 years of age to 32, is *not* significant. **He did not refrain from criminal activity during that span of time, and he did not add maturity to age.** Quite the contrary. In those years, he was often in prison or jail; when he was not, he violated parole and, apparently, probation, and committed the offenses that resulted in his convictions for the following: the felony of possession of a firearm by a convicted felon; another felony of possession of a firearm by a convicted felon; the misdemeanor of driving under the influence; another misdemeanor of driving under the influence; the misdemeanor of driving with driver's license suspended; yet another misdemeanor of driving under the influence; the misdemeanor of driving without a driver's license; the misdemeanor of possession of a controlled substance; and, lastly and notably, the misdemeanor of spousal battery. The superior court evidently believed that Williams was not the same man when he committed his present felony in 1995 at 32 years of age as he had been when he suffered his prior serious and/or violent felony convictions in 1982 at 20. In this regard, it asserted that there were no "crimes involving actual violence" in the interim. It was wrong. He had not changed. We put to the side his two convictions for the felony of possession of a firearm by a convicted felon. We also put to the side the apparent revocation of his parole following his arrest for assault with a deadly weapon. But the fact remains, not more than three months before he committed his present felony, he committed the misdemeanor of spousal battery — which is plainly a "crime involving actual violence."

*Id.* at 162-164 (emphasis ours).

Under the principles outlined above, a decision to strike a prior strike conviction here would be an abuse of discretion. The Defendant is a career criminal. As stated previously, his record dates back to 1974 with a weapons offense and culminating with a two separate convictions involving robberies. In between these times the defendant committed other weapons offense, a statutory rape, a couple of narcotic offenses and a few 245's. It is therefore appropriate for this court to deny the motion to strike prior conviction(s).

6

## IV.

## CONCLUSION

Defendant does not fit that slender criminal category for whom the *Williams* Court envisioned this court dismissing a prior conviction.

Dated: May 4, 1999

Respectfully Submitted,
**DENNIS L. STOUT,**
District Attorney,

GEOFFREY K. GOSS,
Deputy District Attorney,

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS
    Plaintiff,

CASE NUMBER: _____

___Vs___

ROBERT SANTOS,
MANAGER, OF BUREAU
OF CRIMINAL INFORMATION
AND IDENTIFICATION RECORDS
UNIT:
    Defendant

PROOF OF SERVICE

_____/

    I hereby certify that on NOVEMBER 1, 2007, I served a copy of the attached Documents; FOUR PAGE CIVIL COMPLAINT 42 §U.S.C .1983, TEN PAGE SUPPO MOTION COMPLAINT UNDER § 552 AG1(4)A) and ONE PAGE SUMMONS, TWO PAGE MOTION WITH FIVE PAGE DECLARATION/AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED INFORM PAUPERIS: Also EXHIBIT 1 EIGHTEEN SUPPORTIVE DOCUMENTS Also EXHIBIT # EIGHT SUPPORTIVE DOCUMENTS: Also EXHIBIT 3, TWENTY SUPPORTIVE DOCUMENTS: By placing a copy in a Postage paid Envelop addressed to court and personal hereinafter listed; By depositing said Envelope to Ci Unit HDSP Correction Guard, who will route Legal Envelope to designate Mail room and mail out:

| | | |
|---|---|---|
| United State District Court | JENNIFER G. PERKELL | Prison law office |
| Northern District of California | Deputy Attorney General | Attorney AT Law |
| P.O. Box - 36060 | 455 Golden Gate Ave Ste. 11000 | Donald Spector Dir |
| San Francisco California 94102 | San Francisco California 94102 | General-Delivery |
| | | San Quentin California 94964 0001 |

    I declare under penalty of perjury that the foregoing is true and correct:

Signature: Lawrence Birks

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

LEGAL MAIL

0.84

SAN FRANCISCO CALIFORNIA C

P.O. BOX 36060

NORTHERN DISTRICT OF CALIFO

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

RICHARD W.
CLERK, U.S. DIST.
NORTHERN DISTRICT

LEGAL MAIL - 5

STATE PRISON



RECEI

HIGH DESERT STATE PRIS

Laurence Dukes Taylor
High Desert State Prison
P.O. Box 3030-A-113
Susanville California 96127