1 Lawrence Birks #61976
2  High Desert State Prison
3  P.O. Box 3030-CL-112
4  Susanville California, 96127
5
6 Pro_Se.,

FILED

00 JAN -2 PM 3:47

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7        IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10 LAWRENCE BIRKS,                    CASE NO: CIV_07-5647 SBA (PR)
11        Plaintiff,                  MOTION TO FILE ALL LEGAL DOCU-
12                                     MENTS TO CIVIL ACTION IN EX-
13        _ Vs _                      HIBIT_A_B: RULE 5-133A)
14                                     AND Allow CIVIL ACTION TO PRO-
15 ROBERT SANTOS.                      CEED IN THE ABOVE COURT AGAINST
16     Dept. of Justice crim-         DEFENDANT._ 5US.($$552a)6)4):
       records
17        Defendant.              /
18 _____

19      TO THE ABOVE COURT, AND MAGISTRATE JUDGE AND SENIOR JUDGE;
20  Plaintiff has file an civil action against the defendant on Nov 7,
21  2007, for relief, 42 USC 1983); 5USC($$552a)g)4).
22      Plaintiff is requesting for the Court to File all Legal documents
23  in Exhibit-A, B, with civil action, Pursuant to FRAP-Rule 5-133a)
24  Also, allow the above case number to proceed in the interest of
25  Justice as determine by the Court of the defendant and agency
26  Violation of the Privacy Act of 1974 When aduers Consequences
27  are addressed by specific terms govering relief.
28

-1-

1 Administrative Law— Governmental Information—Personal
2 Information.— Enforcement— Remedies.— Damage
3 Governments.____ Federal Government—Claims By & Against
4 Labor & Employment Law.— Employee Privacy—Privacy Act.—
5 Burdens of Proof
6

7        The United States is subject to a cause of action for the
8 Benefit of individuals adversely affected by a Federal agency's
9 Violation of the Privacy Act of 1974. Plaintiffs must Prove some
10 actual damages to qualify for a minimum statutory award of
11 $1,000.
12

13 Administrative Law— Government Information—Personal
14 Information—Remedies.——General Overview
15
16        In order to protect the privacy of individuals identified
17 in information systems maintained by federal agencies, it is
18 necessary to regulate the Collection, maintenance, use, and
19 dissemination of information by such agencies. Privacy Act
20 of 1974, § 2(a)(5). 88 Stat. 1896. The Act gives agencies detailed
21 instructions instructions for managing their records and provides
22 For ~~various~~ sorts of Civil relief to individuals aggrieved by
23 failures on the Government's Part to Comply with the require-
24 ments.
25        5 U.S.C.S. § 552 a(g)(4), entitled any individual/Plaintiff
26 adversely affected by an intentional or willful Violation of the $
27 1,000. who suffered Some actual damages.
28

1  5 U.S.C.S. § 552 a)(1) recognizes a civil action for
2  agency misconduct fitting within any of four categories (the
3  fourth being a catchall), 5 USCS § 552 a)g)(1)(A)-D) and then
4  makes separate provision for the redress of each. The first
5  two categories cover deficient management of records. Sub-
6
7  Section (g)(1)(A) provides for the correction of any inaccurate
8  or otherwise improper material in a record, and subsec-
9  tion g)(1)(B) provides a right of access against any agency
10  refusing to allow an individual to inspect a record kept
11  on him. In each instance, further provisions specify such
12  things as the de novo nature of the suit as distinct from
13  any form of deferential review), § 552 a)g) 2)A) (g) 3)A), and
14  mechanisms for exercising judicial equity jurisdiction (by
15  in camera inspection, for example) § 552 a)(g)3)A).
16
17
18  CORE TERMS:    actual damages, Privacy Act, willful,
19  adverse effect, person entitled, general damages, disclosure,
20  privacy, claimant, presumed, reasonable attorney fees, ad-
21  versely affected, civil action, willful violation, legislative
22  history, entitlement, pecuniary, qualify, statutory mini-
23  mum, cause of action, emotional distress, amount equal,
24  defamation, guideline, summary, remedial,
25        The two remaining categories of agency misconduct
26  under 5 U.S.C. § 552 a)g)(1) deal with derelictions consequencies
27  beyond the statutory violations per se.  Subsection g)(1)(c) describ-
28  es an agency's failure to maintain an adequate record on an

1 individual, when the result is a determination "adverse to that
2 person. Subsection g(1)(D) speaks of a violation when someone
3 suffers an "adverse effect" from any other failure to hew to the
4 terms of the Privacy Act of 1974.

5
6   Privacy Act _ Penalties & Remedies

7   Like the inspection and correction infractions, breaches
8 of the Privacy Act of 1974 with advers Consequences are addressed
9 by specific terms govering relief. In any suit Court determines
10 that the agency misconduct. brought under the provisions of USCS-
§ 552a(g)(1)(C) or D) in which that United States shall be liable
11 to the individual in a mount of equal to the Sum of - A) actual
12 damages sustained to recovery by the individual as a result
13 of the refusal or failure, but in no case shall a person entitled
14 to recovery receive less than the sum of $1.000. and(B) the costs
15
16 of the action together with reasonable attorney fees as determin.
17 ed by the court 5 U.S.C.S. § 552a(g)(4).

18   Remedies _ Damages

19   When 5 U.S.C.S. § 552a(g) gets to the point of guaranteeing
20 the 1.000 minimum, it no only has confined any eligibility to
21 victims of adverse affects Caused by intentional or willful
22
23 actions, but as provided expressly for liability to such vic-
24 tims for actual damages sustained. It has made specific pro-
25 vision. in other words, for what a victim within the limited
26 class may recover. When the very next Clause of the sentence
27 containing the explicit provision guarantees $1.000. to a "person
28 entitled to recovery," the simplest reading of that phrase

1. to be filed.

2. Petitioner is not well adverse with Law and being on psych meds

3. since 1988, there is exceptional circumstances where rule 60(b) come in

4. to the court attention, where miscarriage of Justice stand clearly with

5. equal Justice

6.

7. Petitioner been house in maximum security person where access to legal

8. Books or have knowledge of Law while on psych meds is limited, where all

9. issue in federal Hebeas Corpus was not brought out on petition But was

10. brought out on oblection and supreme court of California state court review,

11. and never was entertaine Do to Statute of Limitation law AEDPA);

12.

13. Petitioner rule 60(b)(6) Should be granted for the above statement

14. and other acceptional circumstances, The Ninth Circuit has use rule

15. 60(b)6 as an equitable remedy to prevent manifest injustice United

16. States v. Alpine Land & Reservoir Co 984 f. 2d 1047, 1049 (9th Cir 1993) "A

17. Party is entitled to relief under Rule 60(b)(6) where extraordinary

18. Circumstances prevented [him] from taking timely action to prevent

19.

20. or Correct an erroneous Judgment." Hamilton v. Newland. 374 f. 3d

21. 822, 825 (9th Cir 2004) (quoting Greenawalt v. Stewart, 105 f. 3d

22.

23. 1268, 1273 (9th Cir 1997),

24.

25. Rule 60(B)(6) is not a successive petition. Technically does

26. Not require Prior Circuit Court (approval) rather than federal

27. Hebeas Corpus Petition under §2254 (which require Circuit approval

28. Rhine v Weber 124 Sct 1528 (2005)

1 looks back to the immediately proceding provision for recovering
2 anything (as distinct from equitable relief)
3
4       SUMMARY
5       The Privacy Act of 1974, as amended 5 USCS § 552 a)
6 generally 1) gives federal agencies detailed instructions for
7 managing records, 2) provides for various sort of civil relief
8 to aggrieved individuals. In 5 USCS § 552 a)g)1). the Privacy Act
9 recognizes a civil action for agency misconduct fitting in any
10 of four categories, including 1) 5 USCS § 552 a)g)1)C). which
11 describes an agency's failure to maintain an adequate record
12 on an individual, when the result is a determination "adverse"
13 to that individual; and 2) the catchall 5 USCS § 552 a)g)1) D)
14
15 which speaks of a violation when someone suffers an "adverse
16 effect" from any other failure to hew to the terms of the Privacy
17 Act. Moreover, 5 USCS § 552 a)g)1) D) In which suit the court
18 determines that the agency acted in a manner which was in-
19 tentional or willful, the United States shall be liable to the in-
20 dividual as a result of the refusal or failure, actual damage
21 sustained by the individual entitled to receive recovery the
22 sum of $ 1,000. and B) the costs of the action togethere with
23 reasonable attorney fee as determined by the court".
24       Privacy Act violation — actual damages requirement
25       asserted the federal Government respect to its civil lia-
26 bility under the Privacy Act of 1974 as amended 5 USCS §
27 552 a) 1) Plaintiff prove some actual damages  2) Statutory
28

1. to be filed.

2. Petitioner is not well adverse with Law and being on psych meds

3. Since 1988, there is exceptional circumstances where rule 60(b) come in

4. to the court attention, where miscarriage of Justice stand clearly with

5. equal Justice

6.

7. Petitioner been house in maximum security person where access to Legal

8. books or have knowledge of Law while on psych meds is limited. Where all

9. Issue in federal Habeas corpus was not brought out on petition But was

10.

11. brought out on objection and Supreme court of California State court review.

12. and never was entertain Do to Statute of Limitation law AEDPA):

13. Petitioner rule 60 (b)(6) Should be granted for the above statement

14. and other acceptional circumstances. The Ninth Circuit has use rule

15. 60(b)6 as an equitable remedy to prevent manifest inJustice United

16. States v. Alpine Land & Reservoir Co 984 f. 2d 1047, 1049 (9th Cir 1993) "A

17.

18. Party is entitled to relief under Rule 60(b)(6) where extraordinary

19. Circumstances Prevented [him] from taking timely action to prevent

20.

21. or correct an erroneous Judgment." Hamilton v. Newland, 374 f. 3d

22. 822, 825 (9th Cir 2004) (quoting Greenawalt v. Stewart, 105 f. 3d

23. 1268, 1273 (9th Cir 1997),

24.

25. Rule 60(B)(6) is not a Successive Petition. Technically does

26. not require prior Circuit Court (approval) rather than federal

27. Habeas corpus Petition under §2254 (which require Circuit approval

28. Rhine v weber 124 Sct 1528 (2005)

1    award of $1.000. to person entitled to recovery, 3) attorney fee:

2

3       In 5 USCS § 552 a(g)(1) the Privacy Act recognized civil action for

4 federal agency Misconduct

5       Section 552 a(g)(4) provided that in any Suit brought under

6 §§ 552 a(g)(1) C) or 552 a(g)(1) D) which suit "the court determine

7 [d] that the agency acted in a manner which was intentional or

8 willful, the United States [would] be liable to the individual in the

9 amount equal to the sum — of actual damages sustained by the indi

10

11 vidual as a result of the refusal or failure,

12       Civil action under Privacy Act — Standing.

13       With respect to the civil liability of the United States under

14 the Privacy Act of 1974, as amended 5 USCS § 552 a), the refe-

15 rence in 5 USCS § 552 a(g)(1) D) to "adverse effect" act as a term of

16 art, identifying a potential plaintiff who 1) satisfies the injury-

17 in-fact and causation requirement of standing under the federal

18 Constitution's Article III; and 2) consequently, may bring a civil action

19 without suffering dismissal for want of standing to sue.

20       Guideline proof of actual damages

21       The fourth Circuits Court decision require proof of actual

22

23 damages Conflicted with the views of other Circuits— see, e.g. Orekoya

24 v. Mooney, 330 f. 3d, 7-8 1st Cir. 2003); wilborn v. Department of

25 Health and Human Servs., 49 f. 3d 597, 603 (9th Cir. 1995); waters

26 v. Thornburgh, 281 U.S. App. D.C. 173, 888 f. 2d 870, 872 (D.C Cir. 1989);

27 Johnson v. Department of Treasury, 700 f. 2d 971, 977, and n. 12 (5th Cir.

28 1983); Fitz Patrick v. IRS, 665 f. 2d 327, 330-331 (11th Cir. 1982) granted

1.     Petitioner file his Rule 60(b)(6) motion arguing that his
2. previous federal he beas petition had been improperly dismissed
3. under the AEDPA Statute of limitations, the prior petition had
4. been denied because the federal court had refused to grant
5. statutory tolling ultimately dismissed on the basis procedural
6. default, a decision that was later shown to be incorrect in
7. Artuz v Bennett. 531 U.S, 4 2000)
8.
9.     Petitioner then filed a rule 60(b)(6) motion to set aside the
10. previous dismissal, the Lower federal courts denied the rule
11. 60(b)(6) motion primarily on the basis that the petitioner file
12. a successive petition and had not sought and obtained per-
13. mission from the Circuit court of Appeals to file a successive
14. petition. Permission which is effectively impossible to abtain.
15.

                  CONCLUSION

16.
17.     Petitioner is requesting for an Appeal on Rule 60(B)(6) motion
18. to the Nine circuit of Appeal court. See Exhibit "A" attach to this
19. motion.
20.
21.
22.
23. DATE:        2006                 Respectfully submitted
24.
25.
26.                          Signature: _Lawrence Birks_
27.                       Pro-se., J61976. Lawrence Birks
28.

1  certiorari. 539 U.S. ___ 539 U.S. 997. 156 L.Ed. 2d. 654. 123
2  S.Ct. 2640 (2003)
3      In order to protect the privacy of individuals identified
4  in information systems maintained by federal agencies, it is
5  necessary . . . to regulate the collection, maintenance, use
6  and dissimination of information by such agencies." Privacy
7  Act of 1974, § 2(a)(5), 88 Stat 1896. The Act gives agencies de-
8  tailed instructions for managing their records and provides for
9  various sorts of civil relief to individuals aggrieved by failures
10 on the Governments part to comply with the requirements.
11
12     Defamation
13     The common law has provided such victim with a
14  claim for "general" damages, which for privacy and defamation
15  torts are presumed damages: a monetary award calculated with-
16  out reference to specific harm, ___ Restatement of torts §
17  621. Comment a (1938) [It is not necessary for the plaintiff [
18  who is seeking general damage in an action for (defamation)
19  to prove any specific harm to his reputation or any other loss
20  caused thereby) 4 id. § 867, Comment d (1939) (noting that dam-
21  ages are available for privacy torts "in the same way in which
22  general damages are given for (defamation." without proof of
23  pecuniary loss [or] physical harm), see also > Restatement
24  (Second) of torts § 621, comment a (1976).   Congress would have
25  wanted non-pecuniary harm to qualify as actual damages un-
26  der Section (q)4)A). post at ___ n4. 157 L.Ed. 2d at 1140. [
27  Plaintiff may recover to emotional distress " that he proves to
28

-7-

1. Lawrence Birks # Jb197b
2. High Desert State Prison
   P.O. Box - 3030 - C3 -126<sup>L</sup>
3. Susanville California, 96127
4.
5.
6. Pro — se...
7.
8.
9.
10.
11. LAWRENCE BIRKS.
12.         Petitioner.
13.    _Vs_
14. DANIEL E. WILLIAMSON. et al.
15.    Respondents           /
16.
17.         INTRODUCTION

**FILED**
CLERK, U.S. DISTRICT COURT
MAR - 7 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

By COA Pending
Fees Pd _____
Frms Gvn _____
CAD _____
TBO _____
Ntc/Dkt Mld _____
PP Frms Gvn _____

IN UNITED STATES COURT OF APPEALS NINTH CIRCUIT

CASE NO: 5 CV. 06-001167-NM CT

MOTION TO APPEAL

THE MOTION 60 (B) TO THE APPEALS

COURT NINTH CIRCUIT:

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF
RECORD, IN THIS ACTION, ON THIS DATE.
DATED: MAR 17 2006
C. Brizula
DEPUTY CLERK

18. On June 6, 2005 Petitioner Lawrence Birks, file his federal petition for writ
19. of hebeas corpus EDCV-05-483-NM CT) on January 10, 2006, Judgment was entered
20. denying and dismissing the initial petition with prejudice on February 2, 2006 the
21. court receive a motion for 60(b) Rule to set aside the previous Dismissal of
22. Petition with issue that been raise or objection in superior and California Supreme
23. court. Where the rule 60(b) motion is not a second federal petition under
24. successive petition, But merely an motion under miscarriage of Justice
25. which directly attack the Petitioner wrongful conviction and sentence is
26. Not a successive petition and therefore does not require circuit court approval
27.
28.

DOCKETED O
MAR 13 20
BY

1

1  intentional, the court may assess Puntive damages. in the case
2  of a succeful action to enforce liability under Privacy Act
3
4  1974. the court assess the cost of the actions together with
5  reasonable attorney fees 8 Section 6110 f121.
6
7        The Lower courts have interpreted the phase Restrictively,
8  essentially apply it where Government's Violation of the Act in
9  Bad faith. see e.g., Albright v. United States, 235 U.S. App. D.
10 C. 295, 732 F. 2d. 181, 189. (CADC 1984) (the term means "without
11 grounds for believing [an action] to be lawful. or by flagrantly
12  disregarding other's rights under the Act"); See also, e.g. Scrimge-
13 our v. TRS, 149 F. 3d 318, 326 (CA4 1998) (Same); wisdom v. Depart-
14 ment of Housing 8 urban Development, 713 F. 2d 422, 424-425.
15 (CA8 1983) (Same); Pippinger v. Rubin, 129 F. 3d 519, 530 (CA10 1997)
16  (Same); Hudson v. Reno, 130 F. 3d 1193, 1206 (CA6 1997) Similar),
17 overruled in Part on other grounds, Pollard v E. I du Pont de
18
19 Nemours 8. Co. 532, 843, 848 150 L. Ed. 2d. 62, 121 S. Ct. 1946
20 (2001); Moskiewicz v. Department of Agriculture, 791 F. 2d
21 561, 564 (CA7 1986) Similar); Wilborn v. Department of
22 Health and Human Servs. 49 F. 3d 597, 602 (CA9 1995)
23 (Similar). But cf. Covert v. Harrington, 876 F. 2d 751 (CA9
24
24 1989).
25       Requirements of Article III of Federal Constitution as
26 affecting Standing to Challenge Particular Conduct as
27 Violative of Federal law_ Supreme Court Cases, 70. L
28 Ed. 2d 441,_ legal privacy right. 43 L Ed 2d 871

-8-

1.     Petitioner file his Rule 60(b)(6) motion arguing that his
2. previous federal he beas petition had been improperly dismissed
3. under the AEDPA Statute of limitations, the prior petition had
4. been denied because the federal court had refused to grant
5. Statutory tolling ultimately dismissed on the basis procedural
6. default, a decision that was later shown to be incorrect in
7.
8. Artuz v Bennett. 531 U.S. 4 2000)
9.
10.     Petitioner then filed a rule 60(b)(6) motion to set aside the
11. previous dismissal, the Lower federal courts denied the rule
12. 60(b)(6) motion primarily on the basis that the petitioner file
13. a successive petition and had not sought and obtained per-
14. mission from the Circuit court of Appeals to file a successive
15. petition. Permission which is effectively impossible to abtain.
16.
17.              CONCLUSION
18.     Petitioner is requesting for an Appeal on rule 60(3)(6) motion
19. to the Nine circuit of Appeal court. See Exhibit "A" attach to this
20. motion.
21.
22.
23. DATE:       ·2006            Respectfully Submitted
24.
25.
26.                     Signature: Laurence Birks
27.                     Pro-se., J61976. Lawrence Birks
28.

1  <u>Johnson v. Department of Treasury, 700 F. 2d 971, 972-974</u>
2  <u>(5th Cir. 1983)</u> actual damages can cover adequately demonstrated
3  mental anxiety even without any out-of-pocket loss). Subse-
4  quent legislative history will rarely override a reasonable in-
5  terpretation of the can be gleaned from it's language and legis-
6  lative history prior to its enactment." Solid Waste Agency v.
7  United States Army Corps of Eng'rs. 531 U.S. 159, 170, n.5,
8  148 L.Ed. 2d 576, 121 S.Ct. 675 (2001) quoting Consumer Pro-
9  duct Safety Comm'n v. GTE Sylania, Inc. 447 U.S. 102, 118, n. 13,
10  64 L.Ed. 2d 766, 100 S.Ct. 2051 1980);
11
12
13     Section 552a(g)(4)(A) afford a remedy for violation of
14  Privacy Act right safeguarded by §552 a(g)(1)(C) the word "a per-
15  son entitled to recovery," as use in §552(g)(4)(A)'s remedial
16  prescription, are most sensibly read to include anyone ex-
17  periencing an "adverse affect" as a consequence of an agency's
18  intentional or willful commission of a Privacy Act viola-
19  tion of the kind described in §552a(g)(1)(C) or D).
20
21     The opening clause of of §552a(g)(4) prescribes two
22  conditions on which liability depends. First, the claimant's
23  suit must lie under §552a(g)(1)(C) or (D): both provisions
24  require an agency action "adverse" to claimant. Section 552a)
25  g)(1)(C) authorizes a civil action when an agency fails to
26  maintain[a] record concerning [an] individual with[the]
27  accuracy, relevance, timeliness, and completeness" need-
28  ed to determine fairly"the qualifications, character, rights,
29  or opportunities of, or benefits to the individual." If the

Petitioner file his Rule 60(b)(6) motion arguing that his previous federal he beas petition had been improperly dismissed under the AEDPA Statute of limitations, the prior petition had been denied because the federal court had refused to grant statutory tolling ultimately dismissed on the basis procedural default, a decision that was later shown to be incorrect in <u>Artuz v Bennett</u>, 531 U.S, 4 2000)

Petitioner then filed a rule 60(b)(6) motion to set aside the previous dismissal, the lower federal courts denied the rule 60(b)(6) motion primarily on the basis that the petitioner file a successive petition and had not sought and obtained permission from the circuit court of Appeals to file a successive petition, permission which is effectively impossible to abtain.

## Conclusion

Petitioner is requesting for an Appeal on Rule 60(B)(6) motion to the Nine circuit of Appeal court. See Exhibit "A" attach to this motion.

DATE:              2006

Respectfully Submitted

Signature: _Lawrence Birks_
Pro-se., J61976. Lawrence Birks

3.

1  agency's lapse yields a "determination . . . adverse to the
2  individual." (Emphasis added.) In such at Section 552a(g)(1)(D)
3  allow a civil action when a agency "fails to comply with(a)
4  provision of [§ 552a], or [a] rule promulgated thereunder,
5  in such a way as to have an adverse effect on an individual."
6  (Emphasis added.) Second, the agency action triggering the
7  suit under § 552a(g)(1)(C) or D) must have been intentional
8  or willful." § 552a(g)(4) If those two liability-determining
9  conditions are satisfied (suit under § 552a(g)(1)(C) or (D); inten-
10 tional or willful" conduct), the next clause specifies the con-
11 sequences; [T]he United States shall be liable to the indivi-
12 dual in a amount equal to the sum of "the recovery allow-
13 ed under § 552a(g)(4)(A). and the cost and fees determined
14 under § 552a(g)(4)(B).
15      Quinn v. Stone, 978 F. 2d 126, 131 (3rd Cir. 1992)("adverse
16
17 effect" but not "actual damages" is a "necessary" element "to
18 maintain a suite for damages under the catch-all provision of
19 5 U.S.C. § 552a(g)(1)(D) [5 USCS § 552a(g)]
20      Plaintiff's seeking "the award of a minimum of 1,000.
21 damages together with attorney's fee" under § 552a(g)(4)
22 state a claim by alleging the agency acted intentionally
23 or willfully when it illegally disclosed protected infor-
24 mation, causing "psychological damage or harm") But
25 see Hudson v. Reno, 130 F.3d 1193, 1207 (6th Cir. 1997) "A
26 final basis for affirming the District Court's decision
27 with respect to [the plaintiff]s claims under the Pri-
28 vacy Act is her failure to show actual damage. as required

-10-

1. to be filed.

2.      Petitioner is Not well adverse with Law and being on psych meds

3. Since 1988, there is exceptional circumstances where rule 60(b) come in

4. to the court attention, where miscarriage of Justice stand clearly with

5. equal Justice

6.

7.      Petitioner been house in maximum security person where access to Legal

8. Books or have knowledge of Law while on psych meds is limited. where all

9.

10. Issue in federal Hebeas corpus was not brought out on petition But was

11. brought out on objection and supreme court of California State court review.

12. and Never was entertaine Do to Statute of Limitation law AEDPA);

13.      Petitioner rule 60 (b)(6) Should be grantedfor the above statement

14. and other acceptional circumstances, The Ninth Circuit has use rule

15. 60(b) 6 as an equitable remedy to prevent manifest iNJustice United

16. States V. Alpine Land & Reservoir Co 984 f. 2d 1047, 1049 (9th Cir 1993) "A

17.

18. Party is entitled to relief under Rule 60 (b) (6) where extraordinary

19. Circumstances Prevented [him] from taking timely action to prevent

20. or correct an erroneous Judgment." Hamilton V. Newland. 374 f. 3d

21.

22. 822, 825 (9th Cir 2004) ( quoting Greenawalt V. Stewart, 105 f. 3d

23. 1268, 1273 (9th Cir 1997),

24.

25.      Rule 60 (B)(6) is Not a successive Petition. Technically does

26. Not require prior Circuit Court (approval) rather than federal

27. Hebeas corpus Petition under § 2254 (which require Circuit approval)

28. Rhine V Weber 124 Sct 1528 (2005)

1 by [§552a)g)4)]" overruled in part on other grounds, Pollard

2 v. E.I. du Pont de Nemours &.Co., 532 U.S. 843, 150 L.Ed 2d

3 843. 121 (S. Ct 1946 (2001); Molerio v. FBI, 242 U.S. App. D.C.

4 

5 137, 749 F.2d 815, 826 D.C. Cir. 1984); Tomasello v. Ru-

6 bin. 334 U.S. App. D.C. 375, 167 F.3d 612, 618 (CADC 1999) The

7 text of §552a)g)4) Privacy Act, the Senate Bill advance concern.

8 by the Committee on Government Operations and passed by

9 the House, Provided: In any suit brought under the provisions

10 of subsection (g)(1)(B) or(C) of this section in which the court

11 determines that the agency acted in a manner which was

12 willfully, arbitrary, or Capricious, the United State shall be

13 liable to the individual in an amount equal to the sum of $1,000.

14 The provision for monetary relief ultimately enacted, §552a)

15 g)4) represented a compromise between the House and Senate Ver-

16 sions. The House bill's culpability standard (willfully, arbitrary

17 Capricious, accounts for §552a)g)4) imposition of liability only

18 when the agency acts in an intentional or willful "manner.

19 Congress has used language similar to §552a)g)4) in other

20 Privacy Statutes. See 18 U.S. C.§2707(C) 18 USCS §2707(C): 26 U.S.C

21 § (a)(10)(1)(2) 26 USCS § (a)(10)(1)(2); 26 u.s.C.§7217(C) (1976 ed.,Supp.V[26

22 USCS §7217(C). These other Statute have been understood to permit

23 recovery of the $1,000. Statutes minimum despite the absence

24 of proven actual damages. See H.R. Rep. No. 99-647, p 74 1986)

25 (Damages [under 18 U.S.C. §2707(C)] 18 USCS §2707(C)] include

26 actual damages, any lost profits but in no case less than $1.

27 000.") S. Rep. No. 99-541, p 43 1986) ("[D]amages under 18 U.S.C.

28 §2707(C)] [18 USCS §2707(C)] the sum of actual damages suffered ~~under 18 to~~