EXHIBIT A

1 by the Plaintiff and any profits made by the violator as the

2 ..... with minimum statutory damages of $1,000. ... and

3 reasonable attorney's fees and other reasonable litigation costs."

4 H. R. Conf. Rep. No. 94-1515, p. 475 (1976) Title 26 USC. § 6110 (2)

5 [26 USCS § 6110 (2) Creates a civil remedy for intentional or will-

6 ful failure of the IRS to make required deletions or to follow

7 the procedure of this section, including minimum damages

8 of $1,000, plus cost"): S. Rep. No. 94-938 (1976) "Because of the

9 difficulty in establishing in monetary terms the damages

10 sustained by a taxpayer as the result to the invasion of his

11 privacy caused by an unlawful disclosure of his returns/return

12 information. [26 USC § 7217 (c) [26 USCS § 7217 (c)] provides that these

14 damages would, in no event, be less than liquidated damages of

15 $1,000, for each disclosure.") See also Johnson v. Sawyer, 120

16 F. 3d. 1307, 1313 (CA5 1997) (pursuant to [26 USC § 7217] 26 USCS

17 § 7217] a Plaintiff is entitled to his actual damages for

18 sustained as a result of an unauthorized disclosure (includ-

19 ing punitive damages for willful or grossly negligent disclo-

20 sures) or to liquidated damages of $1,000, per such dis-

21 closure, whichever is greater, as well as the cost of the

22 action." & Rorex v Traynor, 771 F. 2d 383-387-388 (CA8

23 1985); "We do not think that hurt feelings alone constitute

24 actual damage compensable under [26 USC. § 7217 (c) 26 US-

25 CS § 7217(c) Accordingly, the jurys award of $30,000 in

26 actual damages must be vacated. The taxpayers are each

27 entitled to the statutory minimum award of $1,000.")

28 As Circuit Judge Machel, dessenting from the fourth

1. Lawrence Birks #J16197b
2. High Desert State Prison
3. P.O. Box-3030-C3-126L
4. Susanville California, 96127
5.
6. Pro _se.,.
7.
8.
9.
10.

FILED
CLERK, U.S. DISTRICT COURT

MAR - 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

By COA Pending
Fees Pd _____
Frms Gvn _____
         CAD _____
         TPO _____
Ntc/Dkt Mld _____
FP Frms Gvn _____

IN UNITED STATES COURT OF APPEALS NINTH CIRCUIT

11. Lawrence Birks,

   CASE No: SCV-06-00167-NM CT

12.        Petitioner,

   MOTION TO APPEAL

13.        vs

   THE MOTION 60(b) TO THE APPEALS

14.

   COURT NINTH CIRCUIT:

15. Daniel E. Williamson et-al,

   I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
   FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
   (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF
   RECORD, IN THIS ACTION, ON THIS DATE.

16.        Respondents        /

17.                  INTRODUCTION

   DATED: MAR 1 7 2006
   C. Brezula
   DEPUTY CLERK

18.
19. On June 6, 2005 Petitioner Lawrence Birks, File his federal petition for writ
20. of hebeas corpus EDCV-05-483-NM CT) On January 10, 2006, Judgment was entered
21. denying and dismissing the initial petition with Prejudice  On February 2, 2006 the
22. court receive a motion for 60(b) Rule to set Aside the previous Dismissal of
23. Petition with issue that been raise or objection in superior and California Supreme
24. court, where the rule 60(b) motion is Not a second federal petition under
25. successive petition, But merely an motion under miscarriage of Justice
26. which directly attack the Petitioner wrongful conviction and sentence is
27. 
28. Not a successive petition and therefore does not require circuit court approval

DOCKETED ON

MAR 1 3 200

BY

1

1  Plaintiff recognizes that the intentional or willful
2  level of culpability a Privacy Act Plaintiff must demon-
3  strate — See all legal documents attached to Complaint file on
4
5  Nov 7, 2007.
6       The Privacy Act says nothing about standards of
7  proof governing equitable relief that may be open to victims
8  of adverse determinations or effects, although it may be
9  that this inattention is explained by the general provisions
10 for equitable relief within the Administrative Procedure Act
11 (APA). 5 USC $706 (5 USCS $706) Indeed, the District Court
12 relied on the APA in determining that it had jurisdiction to
13
14 enforce the Stipulated Order for relief.
15
16           Conclusion
17       Therefore, this court should immediately impose
18 sanctions. Pursuant to Privacy Act violation 5 U.S.CS $552a)
19 g)4)A) entitled Plaintiff recovery award of $1,000. and reason-
20 able attorney's fees and other reasonable litigation costs."
21
22
23           Respectfully Submitted
24       signature _Lawrence Birks_ pro-se.
25 Date Dec 30 ____ 2007
26
27
28

—13—

SALINAS VALLEY STATE PRISON

## MEDICATION ADMINISTRATION RECORD

# P.M.

FOR THE MONTH OF: _____  YEAR: _____

**CTC Pharmacy**
Correctional Treatment Center
P.O. Box 1020  Soledad, CA 93960  •  Salinas Valley State Prison
(831) 678-5500 Ext. 5590
CAUTION: Federal law prohibits transfer of the drug to any person other than patient for whom prescribed.

INSTRUCTIONS : *Initial and sign on each page. Use legend on back of form to record site of injection or reason for not administering medication/treatment.*

BIRKS, LAWRENCE    J-61976
RX: 370259-1 DR: PAVLOVI
12/21/01 @ RM: D8-221L
1 CAP IN PM
*** DOT ***          AR
*DIPHENHYDRAMINE 50MG
DISP #14 STOP:03/01/02

Last Name: _____
CDC #: _____
Allergies: _____      Cell: _____

Page 1 of 2

EXHIBIT- A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO DISTRICT
351 N ARROWHEAD AVE
SAN BERNARDINO, CA  92415
------------------------------------------------------------------------
------------------------------------------------------------------------

CASE NO: SWHSS700400

LAWRENCE BIRKS
POB 3030/C1 112L
CDC#J61976
SUSANVILLE CA 96127

I M P O R T A N T   C O R R E S P O N D E N C E

From the above entitled court, enclosed you will find:

NOTICE

------------------------------------------------------------------------
------------------------------------------------------------------------

CERTIFICATE OF SERVICE BY MAIL

I hereby declare that I am over the age of 18 years, a resident of San
Bernardino County, State of California, and not a party to nor
interested in the above-entitled case. I am a Deputy Court Executive
Officer of the said County and on the date shown below I served the
above named document by enclosing it in an envelope addressed to the
interested party, for collection and mailing this date, following
ordinary business practice.

Executed on 12/05/07 at San Bernardino, CA. By: ELIZABETH DEATHERAGE

------------------------------------------------------------------------

M A I L I N G   C O V E R   S H E E T

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

SAN BERNARDINO DISTRICT
351 N ARROWHEAD AVE
SAN BERNARDINO, CA  92415
------------------------------------------------------------------------
------------------------------------------------------------------------


                                        CASE NO: SWHSS700400

     LAWRENCE BIRKS
     POB 3030/C1 112L
     CDC#J61976
     SUSANVILLE CA 96127




        I M P O R T A N T   C O R R E S P O N D E N C E


From the above entitled court, enclosed you will find:




------------------------------------------------------------------------
------------------------------------------------------------------------

           CERTIFICATE OF SERVICE BY MAIL
I hereby declare that I am over the age of 18 years, a resident of San
Bernardino County, State of California, and not a party to nor
interested in the above-entitled case. I am a Deputy Court Executive
Officer of the said County and on the date shown below I served the
above named document by enclosing it in an envelope addressed to the
interested party, for collection and mailing this date, following
ordinary business practice.

Executed on 11/13/07 at San Bernardino, CA. By: ELIZABETH DEATHERAGE

------------------------------------------------------------------------

        M A I L I N G   C O V E R   S H E E T

COUNTY OF SAN BERNARDINO SUPERIOR COURT
STATE OF CALIFORNIA
MINUTE ORDER

CASE NO:      SWHSS700400                DATE:  11/13/07

CASE TITLE:   IN THE MATTER OF LAWRENCE BIRKS

------------------------------------------------------------------------
DEPT: S12 11/13/07 TIME:  8:30
Hearing re: PETITION FOR WRIT OF HABEAS CORPUS
------------------------------------------------------------------------

COMPLAINT TYPE: WHC

JUDGE BRIAN S MCCARVILLE presiding.

Clerk: Elizabeth Deatherage

-

APPEARANCES:

No appearance.

-

PROCEEDINGS:

THE COURT HAVING READ AND CONSIDERED THE PETITION FOR WRIT OF HABEAS
CORPUS RULES AND FOLLOWS:

PETITION FOR WRIT OF HABEAS CORPUS of BIRKS Denied

PLEASE SEE WRITTEN RULING FOR ANY FINDINGS.

Stage at Disposition: All other judgments before trial.

Case dispositioned by Judgment

Notice given by Courtroom Clerk.

=== MINUTE ORDER END ===

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
San Bernardino District
351 N. Arrowhead Avenue
San Bernardino, Ca 92415-0210
(909)387-3922


LAWRENCE BIRKS
POB 3030/C1 112L
CDC#J61976
SUSANVILLE CA 96127


Case Number: SWHSS700400  Date Petition Filed: 11/07/07

Dear Petitioner: LAWRENCE BIRKS

This letter will serve to acknowledge the receipt of your Petition for Writ of Habeas Corpus and assigned to Department S12}.

Please remember that while your Petition is being processed, it is your responsibility to IMMEDIATELY notify the Court of any address change(s).  Please send any correspondence to the Court listed at the top of this notice, attention 1st floor . You must include your inmate number and the case number to ensure it is processed timely.

Date mailed: 11/08/07        Clerk: _____

Acknowledgment of Filing Writ of Habeas Corpus



1  **SUPERIOR COURT**
   **COUNTY OF SAN BERNARDINO**
2  Department No. S-12
   351 North Arrowhead Avenue
3  San Bernardino, California 92415-0240

4

5

6              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                     **FOR THE COUNTY OF SAN BERNARDINO**

8                           **SAN BERNARDINO DISTRICT**

9

10  In re the Petition of                )   Case No.  WHCSS  0700400
                                          )
11      LAWRENCE BIRKS,                   )   ORDER DENYING PETITION
                                          )   FOR WRIT OF HABEAS CORPUS
12  For Writ of Habeas Corpus.            )
                                          )
13  _____

14

15          The Petition of LAWRENCE BIRKS for Writ of Habeas Corpus was filed in this

16  Court on November 7, 2007.  Therein, Petitioner contends that he was illegally

17  sentenced to a term of 25 years to life in state prison.  He also alleges ineffective

18  assistance of counsel.  Petitioner finds himself in state prison as a result of a conviction

19  for violation of Penal Code § 459, burglary as fixed in second degree.  Additionally, two

20  prior strike allegations were found true.  Thereafter, the matter was appealed to the

21  Fourth District Division Two Court of Appeal and the matter was reversed and

22  remanded with a trial court to conduct a "Romero" hearing.  That hearing was

23  conducted and the "Romero" motion was denied.  Thereafter, the Petitioner was again

24  sentenced to a term of 25 years to life in state prison.

25          The burden is on the Petitioner to set forth facts to support his contentions.

26  Petitioner's convictions have been affirmed and his "Romero" motion was heard and

27  denied.  Those matters have also been reviewed at the Fourth District Division Two

28

                                          -1-

1  Court of Appeal which has found Petitioner's arguments unpersuasive. This Court, as

2  well, finds no basis for Petitioner's requested relief.

3      The Petition for Writ of Habeas Corpus is denied.

4      Dated this 12 day of November, 2007.

BRIAN S. McCARVILLE
Judge of the Superior Court

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT

| | |
|---|---|
| **TITLE OF CASE (ABBREVIATED):** | In re the Petition of<br>LAWRENCE BIRKS<br><br>For Writ of Habeas Corpus |
| **CASE NUMBER:** | WHCSS0700400 |

---

## DECLARATION OF SERVICE BY MAIL

My business address is:  Fourth Floor, Courthouse, 351 North Arrowhead Avenue, San Bernardino, California 92415-0240.

I hereby declare that I am a citizen of the United States, over the age of 18, employed in the above-named county, and not a party to nor interested in this proceeding.  On November *13*, 2007, I deposited in the United States mail at San Bernardino, California, a sealed envelope (postage prepaid) which contained a true copy of the attached:

**NAME OF DOCUMENT:**

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

which was addressed as follows:

**Name and Address of Persons Served:**

Lawrence Birks, J61976
C1-112-Lower
High Desert State Prison
P.O. Box 3030
Susanville, CA  96127

At the time of mailing this notice there was regular communication between the place of mailing and the place(s) to which this notice was addressed.

I declare under penalty of perjury the foregoing to be true and correct.

DATED: *11/13/07*

By *(signature)*

Tracie M. Brame

The Habeas Corpus Act of 1867, Act of Feb. 5, 1867, Ch. 28 §, 14 Stat. 385, the first Act empowering federal Courts to issued a writ of habeas Corpus for persons in State Custody, imposed an automatic stay of "any Proceeding against such Person" pending "such proceedings or appeal" involved in determination of a prisoners petition. Id., at 386; See Rev. Stat. § 766. This Provision required a stay of execution pending disposition of an appeal in Capital Cases. Rogers v. Peck, 199 US. 425-436 1905); Lambert V. Barret, 159 U.S. 660, 662 1895) In 1908, Concerned with the increasing number of frivolous habeas Corpus petitions Challenging Capital Sentences which delayed execution pending completion of the appellate process, Congress insert the requirement that a prisoner first obtain a Certificate of Probable Cause to appeal before being entitled to do so. Act of Mar. 10, 1908, Ch. 76. 35 Stat. 40. See H.R. Rep. No. 23. 60th Cong.; 1st Sess., 1-2 (1908); 42 Cong. Rec. 608-609 (1908).

The following quotation cogently sums up this Standard:

"In requiring a question of some substance, or a Substantial showing of the denial of [a] Federal right, Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endevor. Rather, he must demonstrate that the issues are debatable among Jurists of reason; that a Court Could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Gordon v. Wills, 516 F. Supp. 911 (ND Ga. 1980) (Citing United States ex rel. Jones v. Richmond, 245 F. 2d 234 (CA2), Cert. denied. 355 U.S. 846 (1957).

(C.C. §446. 2015. 5. 28 U.S.C. §1746)

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO DISTRICT

LAWRENCE BIRKS, PRISONER           CASE NO: WHCSS_0700400,
#
J16197b _ CDC.                     CRIM NO: FSB05628,

IN PRO_PER;                        D.A. CASE NO. 1994GG_000005.
                                   ROMERO RESENTENCE

STATE OF CALIFORNIA IN THE
COUNTY OF SAN BERNARDINO
SUPERIOR COURT


I am a State Prisoner, I am incarcerated in a California State Prison
at High Desert State Prison. I'm over the age of 18 Years, and a Party
to within action.

### DECLARATION OF SERVICE BY MAIL
### (CC. P§446 2015.5. 28 USC §1746)

I LAWRENCE BIRKS, Declare; my address is HDSP. P.O.Box. 3030_C1_112
Susanville California, 96127. I served the attached Legal document entitled,
FOUR PAGE MOTION FOR COURT JUDGE BRIANS MC CARVILLE TO PROPERLY ADDRESS
GROUND ONE, AND GROUND TWO OF WRIT OF HEBEAS CORPUS PETITION FILE NOV 7. 2007
ALSO ATTACHED ONE PAGE DECLARATION TO COURT CLERK, TO MAKE CODIES OF MOTION
FOR PARTIES LISTED ON PROOF OF SERVICE:

| | | Kevin R. Vienna |
|---|---|---|
| San Bernardino Court of California | Dane C Dauphine | Department of Justice |
| County of San Bernardino | The State Bar of California | Deputy Attorney General |
| Civil and Family Law | 1149 South Hill Street | 110 West A. Street Suite 1100 |
| 351 North Arrow head Ave. 1st floor Annex | Los Angeles California 90015-9299 | San Diego California 92186-5266 |
| San Bernardino California 92415-0210 | | Prison Law Office |
| | Sheila James Kuehl | Attorney At Law |
| | California State Senator | Donald Spector Dir. |
| | 10951 West Pico Blvd Suite 202 | General Delivery |
| | Los Angeles California 90064 | San Quentin California 94964_0001 |

I Declare under penalty of perjury, that the foregoing statement is
that true and Correct; signature: *Lawrence Birks*    Date: November 25 2007.

1. Lawrence Birks, J61976
2. High Desert State Prison
3. P.O. Box 3030 - Cb 112
   Susanville California, 96127
4.
5.
6. pro_ser In pro pria; FARETTA;
7.
8.     IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9        FOR THE COUNTY OF SAN BERNARDINO DISTRICT
10   IN re the petition of                    CASE NO: WHCSS_0700400
11      LAWRENCE BIRKS,                        CRIM NO: FSB05628
12   For writ of Hebeas Corpus.               D.A. CASE NO: 1999_GG_0000075
13   _____/            MOTION FOR COURT JUDGE TO
14                                            PROPERLY ADDRESS GROUND ONE,
15                                            AND GROUND TWO OF WRIT OF
16                                            HEBEAS CORPUS FILE ON
17                                            NOVEMBER 7, 2007,
18     TO THE ABOVE COURT JUDGE; BRIANS MC CARVILLE;      Please take Notice;
19 Defendant/petitioner is requesting for an adequate, complete respond of both
20 content in his state writ of Hebeas Corpus petition, with attached supported
21 motions and Exhibits file to your court on November 1, 2007, 3rd watch
22 (HDSP), Court file petition on November 7, 2007, and Judge Denied Petition
23 on November 13, 2007, without addressing Ground #2 for relief, and miscon-
24 strue supporting two cases of law in Grounds #1 for relief,
25    HEBEAS CORPUS ISSUES/OR CONTENTION ON GROUNDS FOR RELIEF:
26 Grounds 1 #; illegal Life sentence for 2nd degree Burglary 460.459P.C
27 Trial Judge DUANE M.LLOYD; illegally imposed an sentence enhance-
28
                              -1-

1. ...ment of Twenty-Five. Years to Life. For an offense of 2nd degree.

2. Commercial Burglary, Penal Code 460. 459, (Is not an Serious offense.)

3. <u>ERROR OF LAW</u>: Affects Substantial rights; United

4. States V. Young — 105 S.Ct. 1046.

5. Rule of Criminal Procedure, 52(b) Errors; affecting the

6. Substantial rights, is allow to be Corrected by the Courts, <u>United</u>

7. <u>States</u> V. <u>Olano</u>; 507 <u>US</u> 725, 113 S.Ct. 1770, 123 L. Ed. 2d 508;

8. <u>ERROR OF LAW</u>: Illegal Sentence of Twenty-Five Years;

9. for a 2nd degree commercial burglary enhancement. Pursuant to 667

10. Subds (b)(1) and 1192.7. (C) Subds (c)(18); Can not Support the illegal

11. imposition of any kind enhancement. For Priors convictions, Citing

12. People V. Brady, 190 Cal. App. 3d 124, — 235 Cal. Rptr 248, May/1987,

13. also see People v. Ratar Rodriguez; No. B165974, 18 Cal. Rptr 350,

14. Sept/9. 2007. Second degree Burglary offense Can not Support

15. the California Three Strikes Law Enhancements; is not a Serious

16. offense. 1192.7.(C) 1170.12(c) Subds (c) (18)

17. <u>Grounds 2#</u> State Hebeas Corpus, Illegal restitution fine. Modification;

18. Trail Judge <u>DUANE M. LLOYD</u>. illegally/wrongfully imposed an restitu-

19. tion fine. For the offense 2nd degree commercial Burglary P.C. 460. 459#

20. intent to Steal food from an Close Restaurant, entering without Permission;

21. wrongful restitution fine of the Sum $1500.00 and Trial Judge recognized

22. inability to pay the illegal restitution fine, But still imposed fine-RF $101

23. in Vindictive authority;

24. <u>HEBEAS CORPUS PETITION - SWHSS 0700400 WAS NOT PROPERLY ADDRESS</u>;

25.

26. San Bernardino. Court Judge <u>BRIANS Mc CARVILLE</u>, ONce Again, has

27. been Very partial, Misconstrue. Intentionally, on Ground 1#, and refuse to

28. address Ground 2.# of the State Hebeas Corpus Petition filed on November 7,

—2—

1. 2007,

2.    1). Petitioner Romero Resentence Review was Bias, and Prejudice

3. Errors was allow in unfair Proceedings,   2) Petitioner is not alleging the

4. ineffective Assistence of counsel in the Hebeas Corpus Petition File on Nov 2

5. 2007, in his Court SWHSS 0700400; was documents Stated:

6.    Petitioner Filed 1) Six Page Hebeas Corpus Petition of illegal Sentence and

7. restitution fine, attached Twenty Page Supportive motion for Grounds 1st for Relief,

8. and three Legal documents in Exhibit A, — Also attached Fourteen Page Supportive

9. Motion for Ground 2nd on Modification of Sentence of restitution fine Error pur-

10. suant to Penal Code, §1396.7. A) §1260, §120.3.4, §1202.46, §1202.3, §120.24,

11. §1203.1.C, §2085.60, Also in Exhib A, is Nine Medical documents, 1) Hepati

12. His C.Virus disease result Positive 1996) 2) Thoracic Spine disease mild d exr.roso-

13. sis in 1995) 3) X ray Lumbar Spine - 5/2000) 4) Medical Physician order Double

14. Mattress for back, 2005) 5) Medical Physician order Prescribed Double Mattress at

15. Salinas State Prison 2001) 6) X ray hypertorthy disease of Spine HDSP - 2007) 7) Meds

16. Prescribs Sheet 2005 Expire, 8) Meds Prescribe Sheet 2008 Expire, 9) HDSP - Memo

17. on Drinking water Contain Arsenic, also in Exhibit B, two documents on Court

18. order restitution fine. Minute order 8A)

19.    Also, Petitioner written Declaration to San Bernardino Superior Court Clerk,

20. requesting her to make the necessary copies of writ and Supportive motions and docu-

21. ments for all listed real Parties of interest on proof of Service, Senator Sheila James

22. Kuehl, Dane C. Dauphine, State Bar of Calif, Kevine R. Vinna Dept of Attorney General,

23. Because HDSP C-Facility Librarian Mrs Cobbs - AKA, D. Simpson is not, will not

24. honor Petitioner Status, Faretta V. Calif, Self - representation on Rights Granted by the

25. Calif. Appeal. Appellate, Ct. 4th, Dist. Div. Two Case E024753 of full adequate Access to

26. Prison Law Library, of Legal materials Copies and Legal research.

27.    RULE 83, 183, IN PRO DRIA PERSONA

28.    Any Criminal/individual representing himself without an Attorney is

—3—

1 bound by Federal Rules of Civil/Criminal procedures, And by these

2 rules; Trial Judge BRIANS McCARVILLE; is obligated by law to address

3 appropriately all grounds for relief raise in the State Hebeas Corpus petition

4 of all Constitutional deficiencies — which is found in Furman v Georgia

5 408 US 238 92 S.Ct. 2726, 33 L.Ed.346, See Robinson v. California. 370

6 US 660, 82 S.Ct. 1417, 8 L.2d. 758 1968) see Vasquez v. Hillery 474

7 US 254 106 S.Ct. 617 88 L.Ed. 2d. 598 1986) Cited Partial Trial Judge;

8    Ground 1st, HEBEAS CORPUS PETITION FOR VINDICATION!

9    Trial court imposed an illegal sentence of life pursuant to California

10 Three Strikes Law, of Prejudice Errors. see (Inre Ricky, 1981) 30 Cal. 176, 191,

11 -178 Cal. Rptr 324, 333), Inre Head, 1986) 42 Cal 3d 223, 228 Cal. Rptr 184, 721 P2d 65)

12    Petitioner cited two cases as ground for relief, which support Hebeas Cor

13 pus, in ground 1st, People v. Brady, 1987/may, 190 Cal. App. 3d 124, 235 Cal Rptr 284,

14 2nd degree Burglary is not a serious offense, can not support enhancement, see

15 also, People v. Rafaf Rodriguez, no B165974, Sept 9, 2004, 18 Cal. Rptr 3d 350,

16    Ground 2nd

17    Illegal restitution fine of sum $1500.00 modification of sentence for

18 relief in ground 2; Trial Judge BRAINS McCarville, refuse to address the

19 issues for relief, of wrongful restitution fine apply, and errors was use as facts,

20 and is grounds for the Courts to correct the defects.

21    Therefore, Trial Judge BRANS McCarville, should act, in the interest of

22 Justice, and comply his discretion with fairness, and integrity of the law, at least

23 review real facts, regarding the non-violent individual, where Justice had been

24 wrongfully swayed to an cruel, vicious, life sentence for an offense of 2d degree

25 commercial burglary of the intent P.C. 460.459, which is not a serious offense, and

26 can not be imposed of an enhancement for priors Conviction 1980/1987, life sentence:

27    I declare under penalty of perjury, that the foregoing statement is true and correct;

28 Date: November 25, 2007,    Signature: Lawrence Bisko.

—4—

Date: November 25, 2007

To: California County San Bernardino court.
    District court clerk: Elizabeth Deatherage;

I Declare;

Petitioner LAWRENCE BIRKS; Case no: E024755; Pursuant to FARETTA Rights;
and writ of Hebeas Corpus Petition. Case WHCSS-070040, Crim no: FSB051628
Romero Resentence Review — D.A. Case no: 1991-GG-0000075;

Petitioner, is in pro—se;—Self—representation. Where restriction has been Cruelly
allow to limited Petitioner Access to Legal Law Library, and adequate Legal
materials and the necessary Legal Copies of documents attached to Hebeas
Corpus Petition for the listed Parties of interest on Proof of Service. HOSP)
C-facility Law Librarian Mrs Cobbs_AKA, D. Simpson, is allow to use inst under-
ground Procedures. Because Petitioner is indigent; Completely interfering
with Petitioner litigation on California Cruel illegal Three Strikes Law. Which
been wrongfully imposed on Petitioner, Prejudice illegal Sentence, Also She
is allow to interfer with limited access and restriction's on other litigation,
She only allow Petitioner, Two Legal Envelope. Two Sets of Copies of Legal dn-
Cuments. and Short Access and limited time to Prison Law Library. She issue
Yellow Paper, for motions, Brief. etc. etc.

Court Clerk, Please make Copies of all documents and Serve listed Parties not
Served below:

Kevine R. Vienna
Department of Justice
Deputy Attorney General
110 West A. Street Suite 1100
P.O. Box 85266
San Diego California, 92186-5266

Dane C. Dauphine
The State Bar of California
1149 South Hill Street
Los Angeles California, 90015-2299

I Declare. under Penalty of Perjury, that the above Statement is true and
correct:
Signature: Lawrence Birks        Date: November 25, 2007.

(C.C.P. §446, 2015.5; 28 U.S.C. §1746)

1. LAWRENCE BIRKS,                    , Prisoner)
2. # J61976                    CDC#)
3.
4. IN PRO_ PER;
5.
6. STATE OF CALIFORNIA IN THE)          CASE NO FSB051628;
7. COUNTY OF SAN BERNARDINO)
8. SUPERIOR COURT         ) PROOF OF SERVICE BY MAIL
9. I am a state Prisoner, of the United States, and Citizen of the
10. State of California. I am incarcerated in a California Prison, High
12. Desert State Prison. I'm over the age of 18 Years, and a Party to the
13. within action.
14.         DECLARATION OF SERVICE BY MAIL
15.         (C.C.P. §446, 2015.5; 28 U.S.C. §1746)
16. I LAWRENCE BIRKS; declare; My address is. P.O. Box-3030, C1-112,
17. Susanville California 96127. And I served the attached documents en-
18. titled: 1) Six Page Petition for writ of Habeas Corpus, 2) Twenty Page Motion to Strike
19. Priors Conviction of illegal sentence under the Three Strike Law pursuant to 1385. The
    Motion support Habeas Corpus Petition 3) In Exhibit A, Three Legal documents,
20. Also, 4) Fourteen Page Motion For Modification of Sentence Restitution Fine. 5),
21. In Exhibit A, Nine Medical documents. 6) In Exhibit B, Two Restitution docu-
    ments:                         3) DAVE C. DAUPHINE    LOS ANGELES CA
22.                               THE STATE BAR OF CALIFORNIA  90015-2299
    PARTIES SERVED:               1490 SOUTH HILL STREET
23. SAN BERNARDINO COUNTY  1)     KEVIN R. VIENNA    4)
    CENTRAL DIVISION SUPERIOR COURT  DEPUTY ATTORNEY GENERAL
24. 351 NORTH ARROWHEAD AVENUE, DEPT-S-8  110 WEST A. STREET. SUITE 1100
25. SAN BERNARDINO CALIFORNIA, 92415-0245  P.O. BOX-85266
                                  SAN DIEGO. CALIFORNIA. 92186-52066
26. PRISON LAW OFFICE       21)           5)
    DONALD SPECTOR. DIR.            SHEILA JAMES KUEHL
27. ATTORNEY AT LAW                CALIFORNIA STATE SENATOR
    GENERAL DELIVERY               1095 WEST PICO BLVD. SUITE 202
28. SAN QUENTIN CALIFORNIA 94964-0001  LOS ANGELES CALIFORNIA 90064
    I declare under penalty of perjury the above statements are true and
    Correct. This documents Executed on the NOVEMBER 1, 2007
    Signature: Lawrence Birks, pro se.

MC-275

Name LAWRENCE BIRK'S

Address HIGH DESERT STATE PRISON

P.O. BOX-3030, C1,112ᴸ

SUSANVILLE CALIFORNIA, 96127

CDC or ID Number #J06976

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN BERNARDINO — SAN BERNARDINO DISTRICT

(Court)

| | |
|---|---|
| In re the Petition of<br>LAWRENCE BIRKS,<br>Petitioner<br><br>vs.<br><br>DAVE L. RUNNELS, WARDEN, HDSP);<br>PEOPLE OF THE STATE OF CALIFORNIA.<br>Respondent | **PETITION FOR WRIT OF HABEAS CORPUS**<br><br>No. _____<br>*(To be supplied by the Clerk of the Court)* |

### INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the<br>Judicial Council of California<br>MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.<br>Cal. Rules of Court, rule 60 et al.<br><br>American LegalNet, Inc.<br>www.USCourtForms.com

This petition concerns:

- [ ] A conviction
- [X] A sentence
- [ ] Jail or prison conditions
- [X] Other (specify): ILLEGALLY SENTENCE TO TWENTY-FIVE YEARS for 2nd degree Burglary.

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: LAWRENCE BIRKS,

2. Where are you incarcerated? HIGH DESERT STATE PRISON - P.O. BOX-3030, C1-112, Susanville CA. 96127

3. Why are you in custody? [X] Criminal Conviction  [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   460. P.C. Second degree commercial Burglary, Pursuant to 667. b)1)   #SCR_B6683. Prior conviction 1980.
   667.5.b) 2nd prior conviction 1987, 66.5.b)   A7908499.

   b. Penal or other code sections: Penal code 460.

   c. Name and location of sentencing or committing court: SAN BERNARDINO COUNTY CENTERAL DIVISION SUPERIOR
   COURT, 351 NORTH ARROWHEAD AVENUE, SAN BERNARDINO CALIFORNIA, 92415-0240, Dept S-8)

   d. Case number: FSB05628

   e. Date convicted or committed: FEBUARY 9, 1995,

   f. Date sentenced: MAY 8, 1995

   g. Length of sentence: "TWENTY-FIVE YEARS To LIFE,"

   h. When do you expect to be released? MIN ELIGIBE PAROLE DATE; JUNE 6, 2020,

   i. Were you represented by counsel in the trial court? [X] Yes.  [ ] No. If yes, state the attorney's name and address:

   STATE APPOINTED-ATTORNEY, MARK CANTRELL, P.O. BOX, 767, REDLAND CALIFORNIA, 92375
   Also: DEPUTY PUBLIC DEFENDER; JERRY SPRING, 316 MT. VIEW AVENUE SAN BERNARDINO CALIF. 92415-0009,

What was the LAST plea you entered? (check one)

[X] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other

If you pleaded not guilty, what kind of trial did you have?

[X] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

7. Ground 2 or Ground ___ (if applicable):

TRIAL COURT JUDGE/OR MAGISTRATE, IMPROPERLY IMPOSED AN RESTITUTIONAL FINE, ERRONEOUS ASSUMPTION THAT PETITIONER COULD PAY FINE OUT OF HIS FUTURE WAGES WHILE INCARCERATED AND, OVERLOOKING PETITIONER DISABILITY PREVENTING GAINFUL DAILY INSTITIONAL JOBS; DEPT. CDC,

a. Supporting facts:

1 ON MAY 8, 1995, in San Bernardino County Superior court, case FSB05628, one count of "intent", Second degree Commercial Burglary of a Restaurant of the intent to steal food. Judge/or magistrate DUANE M. LLOYD, ERRONE-ously, improperly impose an Restitution Fine in the Sum of $15.00.⁰⁰ for the crime of Burglary, as where petitioner did not take any kind of food items from Southern Hospitality Restaurant, or did any kind of Damages in regards for the imposition Restitution Fine; The court has recognized that Petitioner was receiving SSI-pension disability for Schizophrenia, RT-510, which has prevent Petitioner to a prison Job. And with other serious medi-cal problems of Lumber Spine disease which was detected in 1996 and no treatment or brace is applyed or Iburprofen or pain Medication can not be issued due to Hepatitis C-virus. no treatment of Liver biopsy is schedule since detected in 1996; which has cause me to stress daily, of being aware that the disease can change to cancer Cirrhosis and this HDSP Medical physician has been procristinate to Adequately treal my Medical and Psych problems, which seen to get worst daily of not being able to be trans-fer to a California Medical inst for Adequate Medical and Psych care. And if it was not for the 3x Life sentence, I could be Allow to transfer to Vacaville and CMC Medical Prison.

b. Supporting cases, rules, or other authority:

See. Attaching fourteen page Motion for Modification of Sentence pursuant to P.C. § 13967. A) § 1260, § 1203.A. § 1202.A5, § 1202.5, § 1202.4, § 1203.1, C, § 2085. 5 A). ¹⁰ Also, see Medical Documents in Exhibit A, attached to the Motion, and two documents in Exhibit B, attached to the Motion.

8. Did you appeal from the conviction, sentence, or commitment? [X] Yes. [ ] No. If yes, give the following informati

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

CALIFORNIA APPELLANT-APPEAL COURT. 4TH. DIST. DIV. TWO.) SAN BERNARDINO COUNTY SUPERIOR CT.

b. Result REVERED SUPERIOR COURT CONVICTION    c. Date of decision: SEPTEMBER 30, 1996

d. Case number or citation of opinion, if known: E016230, Citing People V. Geiger, 1984) 35 Cal. 510.

e. Issues raised: (1) Judge Sentence Appellant to 25 years Three Strikes Should Be reverse resentence.

(2) The Three Strikes is cruel unconstitution and trial court to strike Dismiss Prior allegation

(3) Trial court committed reversible error by defining proof beyond reasonable doubt P.C 1096. 1096A)

4) Trial error in denying 995 motion count-two)

f. Were you represented by counsel on appeal? [X] Yes. [ ] No. If yes, state the attorney's name and address, if known:

STATE APPOINTED Attorney; HOWARD J. STECHEL; 3325 WILSHIRE BOULEVARD. SUITE-700. LOS ANGELES CALIF.
90010

9. Did you seek review in the California Supreme Court? [X] Yes [ ] No. If yes, give the following information:

a. Result Supreme Ct. denied petition    b. Date of decision: Sept 30, 1998.

c. Case number or citation of opinion, if known:    UNKNOWN at this time

d. Issues raised: (1) Ineffective Trial Counsel, Sentencing error calif recradivism statutes,

(2) Three Strikes Law cruel and unusual Punishment, Trial court denied new trial,

(3) Trial court erred in denying motion to set aside indictment,

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal.

Ineffective trial counsel Mark Cantrell. No adequate research case Law on case Brady or

Const. Calif Laws for second degree burglary, Appeal counsel did not research Brady or other Laws.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review.

This Petition does not claims any kind of inst Administrative

remedies,

(Only illegally sentence by county superior court Judge)

b. Did you seek the highest level of administrative review available? [ ] Yes [ ] No
Attach documents that show you have exhausted your administrative remedies

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [X] Yes. If yes, continue with number 13.  [ ] No. If no, skip to number 15.

13. a. (1) Name of court: Feb 26, ~~Feb 23, 1998~~, Petition in San Bernardino County Superior Ct. SO68234,

   (2) Nature of proceeding (for example, "habeas corpus petition"): Challenges 1995 convictions two counts Burglary

   (3) Issues raised: (a) Trial court erred in refusing to give 2 Trespass instruction on felony burglary

   (b) Trial court Mistaken belief that did not have authority to Strike priors

   (4) Result (Attach order or explain why unavailable): Court denied petition

   (5) Date of decision: ~~May 25, 1998~~

b. (1) Name of court: San Bernardino Superior Court  SWHSS-5278
                                                        SWHSS-4509, E026614
                                                        SWHSS-5834

   (2) Nature of proceeding: Challenging 1995 conviction two count of 2de gree Burglary

   (3) Issues raised: (a) Ineffective trial counsel. cruel and unusual Three Strike 25 years

   (b) Trial court denied 995 motion on count two

   (4) Result (Attach order or explain why unavailable): Court denied petition

   (5) Date of decision: Jan 24, 2000

c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
   E035601
   E030184
   E020826
   All Hebeas Corpus petition to Superior Court Denied S087619, S087617, E035273
   All Hebeas Corpus petition to Federal Review was Denied CV99-09649 DT-CT

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
   Case Law for Relief was not available ~~to~~ trial counsel or Appellant Appeal counsel
   Who abandon Defendant/Petitioner Who was issued newly discovery Facts of law 9/07

16. Are you presently represented by counsel? [ ] Yes. [X] No. If yes, state the attorney's name and address, if known:
   Trial counsel abandon Defendant/Petitioner in 1994 Feb.
   Appeal counsel abandon Defendant/Petitioner in 1998 Aug.

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [ ] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
   Newly discover Case Law which confirm to the issues of Defendant/Petitioner
   Is illegally Sentence to 25 years life for 2nd degree burglary not a serious crime.
   to support Calif. 3X Law.

I, the undersigned, say I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: NOVEMBER 1, ~~OCTOBER~~ 2007,                    Lawrence Birke
                                                        (SIGNATURE OF PETITIONER)

MC-275 (Rev. July 1, 2005)                PETITION FOR WRIT OF HABEAS COR...

1. Lawrence Birks, J61976
2. High Desert State Prison
3. P.O. Box 3030-C1-112
   Susanville California. 96127
4.
5.
6. pro__se.,
7.
8.        SUPERIOR COURT OF THE STATE OF CALIFORNIA
9.        IN AND FOR THE COUNTY OF <u>SAN BERNARDINO</u>,
10.
11. PEOPLE OF THE STATE OF THE          CASE NO: <u>FSBOS628</u>.
12. CALIFORNIA,                          MOTION TO STRIKE PRIORS
13.       PLAINTIFF/RESPONDENTS,         CONVICTION OF "<u>ILLEGAL</u>
                                         <u>LIFE SENTENCE</u>, UNDER
14. ___ VS ___                           THE THREE STRIKE LAW:
15.                                      PURSUANT TO PENAL CODE
16. LAWRENCE BIRKS.                      <u>1385</u>;
17.       DEFENDANT/PETITIONER.          THIS MOTION SUPPORT HABEAS
18. _____/             CORPUS PETITION:
19.       COME NOW; <u>LAWRENCE BIRKS</u>, THE DEFENDANT/PETITIONER;
20. in the above__entitle Matter, and herein moves this Honorable
21. Court for Striking Priors Conviction and modifying the illegal
22. Life Sentence imposed in the above__entitled case on <u>SAN BERNAR-</u>
23. <u>DINO COUNTY SUPERIOR COURT</u>. In Support of this Motion, Defendant
24. /Petitioner sets forth the following facts UPON which He would
25. urge the court to Strike illegal Life Sentence of the alleged priors
26. said recidivist enhancement use as element of the crime second
27. Commercial Burglary must be determined by a Jury, UPON the
28. apparent ERRONEOUS assumption, Second degree Commercial

—1—

1. Burglary is a serious felony within the meaning of section
2. 667 and 1192.7 Subdivison (c)(18), and for that reason can-
3. not support the imposition of an enhancement for a prior
4. conviction pursuant to 667.b)i). — See People v. Brady, 190
5. Cal. APP. 3d 124;  Cal. RPTR. 218 [Mar. 1987];  also,  People v.
6. Ralap Rodriguez, No: B165974, Sept. 9, 2004, 18 Cal. RPTR. 3d
7. 360;  Second degree burglary is not a serious felony for
8. the Purpose of California Three Strikes Law and other sen-
9. tencing pursuant to 667 Subdivisions (b)i) and Penal code
10. 667.5(b). or 1192.7.(c).

11. _1._

**PETITONER'S DEFENDANT IN THE ABOVE — ENTITIED ACTION**
13. **HAS BEEN ILLEGALLY SENTENCE TO AN TWENTY-FIVE YEARS**
14. **LIFE FOR AN SECOND DEGREE COMMERCIAL BURGLARY PENAL**
15. **CODE 460, SUBDIVISION (B);**

16. **2. SUMMARY.**

17.       On February 9, 1995, in San Bernardino Superior Court, the
18. Jury returned verdicts of counts 460 burglary second degree of
19. Commercial building guilty — CT 62; 131-132; RT 396-398.)

20.       On February 16, 1995, the Jury found to be true, two alleged
21. Prior conviction of June 4, 1980 - 211, Case # SCR 366083 - non-vio-
22. lence crime, and June 19, 1987 - 664/211, no victim appear to any
23. trial proceeding, while defendant in court holding cell during trial, case
24. #A796849, non-violence, both of priors use within the meaning of
25. Sections 667, Subdivisions (b) through (i), as well as the allegations
26. of a prison prison terms having been served by defendant, within
27. the meaning of section 667.5, Subdivision (b). — CT 137-138)
28. Court order bifurcated on February 6, 1995, (CT 54; RT 29-30.)

1.        <u>MOTION WAS DENIED FOR NEW TRIAL:</u>

2.

3.        ON May 8, 1995, in San Bernardino Superior Court, Case

4. FSB056628, Second degree Commercial burglary 460, P.C. trial

5. Judge, <u>DUANE M. LLOYD</u>, Magistrate, denied defendant a New trial,

6. and Illegally Sentence defendant to California State Prison. Pursu-

7. ant to the "Three Strikes" Law §667, Subds (b) through (i). Twenty-

8. Five Years to Life Sentence (CT 181.);   and disregard the San Ber-

9. Nardino County probation report under mitigation, would have been

10. granted probation, if it was not for the illegal life Sentence." Proba-

11. tion report dated March 16, 1995, P.S.); also Court Judge New defen-

12. dant was on permanent SSI, disability pension (RT 510.)

                                          3.

13.        <u>PETITIONER IS PARTICULARLY AGGRIEVED BY THE COURT ILLEGAL</u>

14. <u>LIFE SENTENCE ACTIONS, WHICH WILL RESULT IN IRREPARABLE DAM-</u>

15. <u>AGE TO THE PETITIONER IN THAT:</u>

16.        Under Section 460, Subdivisions a) b), all burglaries other than

17. of an inhabited dwelling house or vessel or trailer coach are of the

18. second degree; "Second degree burglary" as defined, 460, is not a

19. serious felony see §667. Subd.(d); 1192.7. Subd.(c) (8) and for that rea-

20. son cannot support the imposition of an enhancement for an prior

21. serious felony to Section 667. Also property crimes, theft are aggra-

22. vated Sentence  <u>Alberto-Gonzalez</u>, 4th Cir. 2002, 215 F 3d 906) P.C. § 484.

23. <u>DEFENDANT CONTEST:</u>

24.        "A crime or public offense is an act committed or omit-

25. ted in Violitation of a Law forbidding or command it . . . . the dura-

26. tion of an offense depend upon the definition of the offense. The

27. Nature of the act forbidden reveals to what is before, during and

28. after it, for example, a Larcency entails both the taking and the

                          – 3 –

1. asportation of stolen property. — see, e.g, People v. Meyer 1888)

2. 76 Cal. 383, 384-385 [17 P.431]; People v. Tabbet 1966) 64 L2d

3. 691 51 CR 417 414 P.2d, People v. Boss, 1930, 210 C 245

4. 290 P. 881, People v. Bodely 1995) 32 CA 4th 311 38 CR 2d 72

5. also — see. 1 witkin. Cal. Crimes 1963) Crimes Against Property,

6. §378; P.351.) A second degree burglary cannot statutorily

7. serve as the predicate for an enhanced sentence. The argu-

8. ment is grammatically impeccable, under California law. Theft, Cal.

9. P.C. §489(b) is reffered as "Wobbler." P.C. 17(b) united states v Robinson 967 F2d 287),

10. APPEAL E016230;

11.     On Sept 30, 1996, California. Court of Appeal. 4th. Div. Two. E016230;

12. Current case FSB056284, over turn the Three strikes conviction, pursuant

13. to Geiger error. by Judge DUANE M. LLOYD, see, Geiger, 1984) Cal. 2d

14. 510. 199 Cal. Rptr. 45. 674 P. 2d 1303.

15.                 4.

16. APPEAL COUNSEL HOWARD J. STECHEL:

17.     1) Trial court sentence appellant to the Three strikes law to

18. a term of 25 years to life, and court Judge DUANE M. LLOYD, did

19. not believed it had authority or discretion to treat current felony

20. charge of second degree commercial burglary 460. FSB056284, as

21. a Misdemeanor or strike either one or both priors convictions

22. under section 667. subd e(1) in the furtherance of justice pur-

23. suant to section 1385. (RT 504) (505 (RT 508).

24.     2) Appeal counsel use / cited People v. Trausch, 1995 95 Daily

25. Journal D.A.R. 9590. Daily Journal July 21, 1995 — suffer four priors

26. for 667.5 subd b), where court reduce his current offense

27. to a Misdemeanor." The court found him in violation of proba-

28.

1- tion from a 1990 burglary conviction and order execution of the

2- Six-Year Sentence. Trausch agreed to plea guilty and admitted

3- all the priors. The court stated, "It could not sentence [Trausch]

4- for long period of time over chocolate cake" and committed de-

5- fendant Trausch to the County Jail for one year. Traush previ-

6- ous conviction three residential burglary and robbery as strikes."

7- and the prosecution appealed, asserting the Sentenced was un-

8- lawful. The Court of Appeal affirmed, rejecting the Peoples posi-

9- tion, held that court retains discretion under Section 17 to impose

10- a Sentence other than State Prison. where the court acted wit-

11- thin its jurisdiction in reducing the charge to a misdemeanor."

12-

     3. Appeal Counsel, Stated in Appellant brief, the trial court

13- had the Power to Strikes the Section 667. Subdivision e) prior

14- "Strike" convictions in furtherance of Justice pursuant to Sec-

15- tion 1385, Subdivision (a) but the Newly enacted Strikes Law

16- did not clearly grant that power to the Court requiring re-

17- mand for reconsiderations of appellant's Sentence of 2d degree

18- burglary of Restuarant.

19-      4. Appeal Counsel Cited cases 1385 allow court to Strike proor.

    People V Fritz 1985) 40 Cal. 3d 227.

20- People V. Thomas 1992) 4 Cal. 4th 206

21- People V. Williams 1981) 30 Cal. 3d 470. 482

22- People V. Jackson 1991) 1 Cal. App. 4th 697. 700-701

23- First M.E. Church V. Los Angeles Co. 1928) 204 Cal. 201, 204,

24- People V. Overstreet 1986) 42 Cal. 3d 891, 896.

25- People V. Superior Court Guerrero 1962) 199 Cal. App. 2d 303, 310.

26- People V. Martin 1995) 32 Cal. App. 4th 656. 667.

27- People V. Kirk. 1990) 217 Cal. App. 3d 1488, 1498-1499

28- People V. Tenorio 1970) 3 Cal. 3d 89

    In re Jovan 1993) 6 Cal. 4th 801, 816, fn. 10)

1. In Palermo v Stockton Theatres, Inc, 1948) 32 cal 2d 53, 58-59.

2. People v. Black 1982) 32 Cal. 3d 1, 10

3. People v Jackson 1980) 102 Cal. App. 3d 620,624

4. Garcia v. Superior Court (People) (1995) 95 Daily

5. Journal D.A.R. November 27, 1995; at pp. 15469,

6. 15474 conc. opn. Wallin, J.).)

7. IN Valenecia 1990) 207 Cal. App. 3d 1042

8. People v Olivas 1976) 17 Cal. 3d 236, 251.)

9. Grant, supra 18 Cal. 3d 1, 8, fn. 6.

10. People v. Dillon 1983) 34 Cal 3d 441, 484-488.)

11. In re Lynch 1972) 8 Cal. 3d 410, 423.)

12. In People v. Robertson, 1982) 33 cal. 21. 47,

13. In Stockburger v. Jordan 1938) 10 Cal. 2d 636, 647,

14. People v. Superior Court O'Donnell, supra, 95

15. D.A.R. 15722 December 4, 1995)

16. SUPREME COURT S054191 (REVERSED APPELLANT APPEAL COURT RULING).
Appellant illegally sentence pursuant to strikes Law

17. 8677, subds. (b) through (i), and Particulary section 667,

18. subds(F) 2), as urgency legislation, is unconstitutional

19. to received an upper term determine sentence, by an trial

20. judge, California Law requires that conduct enhancement

21. be proven by an jury; Apprendi v. New Jersey, 2000) 530

22. U.S. 466 and Blakely v. Washington 2004) 542 U.S. 296.

23. and errors sets forth in Chapman v. California supra

24. 386. U.S. 18, 24, Neder v. United States 1999) 529 U.S. i.8.)

25. People v. Watson 1956) 46 Cal. 2d 818, 836)   An illegal

26. sentence may be corrected at any time of improper

27. judgment result in a more severe sentence. In re

28. Ricky H. 1981) 30 Cal. 176 191 [178 Cal. Rptr 324. 333];

1. People V. Serrato, 1973) 9 Cal. 3d 75, 764 L109 Cal. RPtr 65];
2.                          5.
3. Court of Appeal Remanded Case FSB05628, under Romero.
4. Resentence Review Pursuant to 1385:
5.
6.      On January 15, 1999, Defendant was transfer to California
   Chino. Cim. court order. Case FSB05628, Romero Resentening);
7.      On January 26, 1999, Defendant was transfer to west val-
8. ley. Detention Center County Jail Cucamonga California. Case FSB056-
9. 28, 9901343005, Three Strikes_ Romero Resentencing);
10.     On January 27, 1999, First appearance in San Bernardino
11. Superior Court Dept #9. Judge Brian S. McCarville, Second appea-
12. rance was on Feburary 3, 1999, Third appearance was Feburary 9,
13. 1999, Fourth appearence on March 12, 1999,    April 8, 1999, Faretta
14. Motion was File to Appeal Ct. 4th. Dist. E024755. Granted April 19, 1999,
15. Fifth appearence April 22, 1999,    Sixth appearence May 6, 1999, Judge
16. Christopher J. Warner, allow San Bernardino County Dist. attorney
17. Geoffrey K. Goss to file his Opposition Motion of insufficient facts
18. of Race, Statutory, Couple of Narcotic, Committed, stating defendant
19. is a Violent Carrer Criminal who use Crime as a way to support
20. himself. using People V. Williams 1998) 17 Cal. 4th 148;
21.
22.      Judge Christopher J. Warner, denied the Romero Re-
23. Sentencing Review; and decided that there was no actual rea-
24. Son for him to use his discretion to Strike one or both Priors
25. Conviction Pursuant to 1385; in the interest of Justice; in-
26. which his sentence discretion is neither arbitary nor Capri-
27. cious. but be impartial discretion, guided and controlled by
28. Fixed Legal Principle to exercised in Conformity with spirit

1. of Law. Harris. 536 U.S. at 567. 122 S.Ct. 2406, Blakely US at, 124

2. S.Ct. 2536;        6.

3.    THE INFORMATION FILED BY THE DISTRICT ATTORNEY

4.    OPPOSITION MOTION WAS AND IS INVALID AND INEF-

5.    FECTUAL TO CONFER OR HOLD PETITIONER TO AN ILLE-

6. or    GIAL SENTENCE UNDER CALIFORNIA THREE STRIKES

7.    LAW;

8.        Defendant cite case which govern illegal sentence, as

9. Predicated authority by Court of appeal 2nd Dist. Div.5. Calif.

10.        2004 Daily Journal D.A.R. 11. 290. Court of Appeal

11. Second District. Division. 5. California;

12.        The People, Plaintiff and Respondent.

13.    RAIAP RODRIGUEZ, Defendant and Appellant.

14.        No. B165974. Sept.4. 2004.    18 Cal. RPtr 3d.

15.    350... Affirmed in Part. reversed in Part. remanded. discretion:

16.    Background. Defendant was convicted by Jury of

17. First degree burglary, and separate court trial superior

18. court of Los Angeles County. No. VA069389. Raul R. Saha-

19. gun J. found that he had four Prior conviction in Texas. De-

20. fendan Appealed. Holdings, The Court of Appeal MOSK J.

21. Held:

22.        1). Evidence was insufficient to show Texas robbery

23. conviction was for robbery or other serious felony under

24. California Law;

25.

26.        2). Evidence was insufficient to show that Teax bur-

27. glary and Attempled burglary conviction was serious fe-

28. lonies under California Three Strikes Law;

-8-

1. The prosecution has the burden of providing beyond a
2. reasonable doubt each element of a prior conviction use
3. to enhance a defendant's sentence. WEST's ANN. CAL. PENAL
4. CODE §§ 667.a)1) b)1), 1170.12.
5.

6.                        7.

7.        APPLICABLE LEGAL STANDARDS:

8.

9.        California's "Three Strikes Law" §§ 667. Subd. (b)1). 1170.-
10. 12., provides longer sentences for persons convicted of a felony
11. who have been previously convicted of violent felony, as defin-
12. ed in Section 667.5; Subdivisions (c) or a serious felony, as
13. defined in Section 1192.7. Subdivision(c); A prior conviction
14. that qualifies as a violent or serious felony is commonly
15. known as a "strike", see- People v Barragan, 2004); 32 Cal.
16. 4th 236. 239 9 Cal. Rptr. 3d 76. 83 P. 3d 480;     A defen-
17. dant convicted of a felony who has one or more strikes
18. must be sentence for the current offense under the three
19. strikes law, § 667 subd.(f)1) 1170.12. subd.(d)1). If the defen-
20. dant has two or more prior convictions that constitute strikes;
21. the defendant must receive an indeterminate life sentence
22. to state prisons.
23.
24.        Where as: here, a defendant challenging on Appeal the
25. sufficiency of the evidence to sustain the trial court's finding
26. that the prosecution has proven all the elements of the enhance-
27. ment, in determind whether substantial evidence supports
28. that finding. The test on Appeal is simply whether a reason-

—9—

1 - able trier of fact would have found that the prosecution sus-
2 - tained its burden of proving the enhancement beyond a rea-
3 - sonable doubt; — see., People v. Fielder, 2004); 114 Cal. App. 4th.
4 - 1221. 1232 8 Cal. Rptr. 3d. 247. In making this determination
5 - must review the records in light most favorable to the trial court's
6 - findings. Petitioner/Defendant priors convictions 1980, was over five
7 - years remain free of prison. Prior convictions 1987. was over five years.
8 -
                              8.

9 -
10 -      BURGLARY UNDER CALIFORNIA LAW:

11 -         California Law deems first degree burglary a serious
12 - felony for the purpose of sentencing enhancements. 667 subd.d)
13 - 1) 1192.7 subd(c); Burglary is defined as entry into a ~~building~~
14 - building or certain structures and vehicles "with intent to com-
15 - mit grand or petit larceny or any felony." [122 Cal. App. 4th.
16 - 1321]; 459. First degree burglary is defined as burglary of
17 - an inhabited dwelling. house, vessel,...which is inhabited
18 - and designed for habitation, floating home.... or trailer coa-
19 - ch,... or the inhabited portion of any other building". "460
20 - subd A). Section.
21 -

22 -         459. defines inhabited," as currently being use for a
23 - dwelling purposes, whether occupied or not." [I]nhabited
24 - dwelling house: Means a structure where people ordinarily
25 - live and which is currently being used for dwelling pur-
26 - poses [citation] see People v. Fleetwood, 1985) 171 Cal.
27 - APP. 3d 982 987 217 Cal. Rptr. 612, CALJIC No. 14.52
28 - ///

—10—

Provides that an inhabited dwelling house is "A structure which is currently used as a dwelling whether occupied or not;

Burglary of a structure that is not an inhabited dwelling house", is burglary of second degree 460. Subd. b) "[all other kind of burglary are of the second degree and is not a serious felony for the purpose of the Three Strikes and of Sentencing enhancement Laws. (see §11-42.7. Subd(c).

The Legislature destinction between first and second degree burglary is founded upon the risk of personal injury involved. [citation] Burglary of business premises, even though such premises might have people on them, is not burglary of the first degree; Because it does not carry the [122 Cal. APP. 4th 133] Peculiar risks of violence and resulting injury which inhere the burglary of a home, — increase such danger; a person is more likely to react violently to burglary of his living quarters than to burglary of other places; Because in former case persons close to him are more likely to be present, because the property threatened is more likely to belong to him, and because the home is usually regarded as a particularly private sanctuary; even as an extension of the person, [citation] "People v. Hines, 1989). 210 Cal. APP. 3d 945 950-95) 259 Cal. Rptr 128);

1.    Taking is, as a element of the crime burglary and

2. of robbery, consists of two necessary elements, gaining

3. possession of the victim's property and asporting or carry-

4. ing away the loot, WEST, ANN CAL, PENAL CODE § 211, 459.

5. PEOPLE V. Campbell, 2000) 104 CA.4th.Supp. 1, 5, 129 CR 2d 601

6.    Convictions qualify as serious Felony or violent

7. Felonies as defined by California Laws. PEOPLE v. Monge,

8. 1997), 16 Cal.4th 826, 845, 66 Cal. Rptr. 2d. 853, 941.P.2d

9. 1121),

10.    The term "serious Felony" refers to crimes specified

11. by those sections. There are two Three Strikes Laws: one enacted by

12. the Legislature in P.C. Sec. 667 b)1) and another enacted by initiative in P.C. sec.

13. 1170.12. See Hazelton 1996) 14 Cal.4th 101. ( Strikes are P.C. 667.5c) and

   1192.7(c)    P.C. 667. d)1).

14. PETITIONER CONTEST:

15.    CASE: FSB056628. Second degree commercial burg-

16. lary, of the intent to steal food from a Restaurant cannot serve the

17. purpose of imposition an Twenty-Five Years life sentence for an

18. non-serious crime: The court illegally sentence defendant/peti-

19. tioner of offense not to be violent defined by Section 667.5

20. Subd.c) see 1170.12. Subd.(b)1)  or to be serious defined by

21. Section 1192.7. Subd.(c)(8), —see Criminal intent General

22. Rule: In re Jorge M. 2000) 23 C4th.866,872,879.98 CR 2d 466 4, P.3d 2972,

23.    The Prosecutor has not prove the elements of serious

24. Felony specified in Section 1192.7(c). See, PEOPLE v. Eguarte,

25. 1986), 42 Cal.3d.456,465 229 Cal. Rptr. 116, 722 P.2d.

26. 890), also in EPPS, 2001) 25 Cal.4th 19, also in Kelii, 1999) 21

27. Cal.452, Guerrero, Supra, 44 Cal.3d 343, Reed, 1996) 13 Cal.4th

28. 217, Monreal, 1997) 52 Cal. App.4th 670)

1. Files the case Law, which held that the superceded langu-
2. age, "burglary of a residence," meant the burglary of an in-
3. habited dwelling. (See People v. O'Bryan, (1985) 37 Cal. 3d
4. 841, 844-845 [ 210 Cal. Rptr. 450, 694 P. 2d 135]; People v.
5. Guthire, supra, 144 Cal. App. 3d at pp. 837-840.)
6.
7.        "Burglary of a dwelling house" is now limited to the
8. first dergree burglary of an inhabited dwelling house and
9. consequently a second degree burglary cannot statutorily
10. serve as the predicate for an enhanced sentence.
11.
12.                    9.
13. THE California THREE STRIKES LAW VIOLATES THE STATES
    AND FEDERAL CONSTITUTION SENTENCE IS CRUEL AND UNUSUAL
14. PUNISHMENT:
15.        Where some prisoners had their Three Strikes sentences
16. overturned by the courts;... as followings:

17.        1). IN Ramirez v. Castro, 9th Cir. 2001) 365 F. 3d 755, 772);
18.
19.        2). IN Reyes v. Brown, 9th Cir. 2005) 399 F. 3d 964.
20.        3). IN Banyard v. Duncan. C.D. Cal. 2004) 342 F. Supp. 2d 865
21.        4). People v. Garmony, 2005) 127 Cal. App. 4th 1066;

22.        None of Defendant/Petitioner prior convictions Not Violence,
23. June 4, 1980, P.C. 211, Case # SCR-36683, and June 14, 1987, P.C. 664/211.
24. case A796849; No victim accuse Defendant of that crime, No-victim ever
25. appear in any trial proceeding ___ see, People v. Garcia, 1999) 20 Cal.
26. 4th.490. 503%. See, People v. Banks, 1997), 59 Cal. App. 4th 20, 24.
27. ///
28. ///

                    —14—

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)

TRIAL JUDGE /OR MAGISTRATE DUANE M. LLOYD, ILLEGALLY IMPOSED AN TWENTY-FIVE YEARS
LIFE SENTENCE FOR ONE COUNT-SECOND DEGREE COMMERCIAL BURGLARY 460, PENAL
CODE PURSUANT TO CALIFORNIA THREE STRIKES LAW, PENAL CODE 667 B)I) AND
SECOND DEGREE BURGLARY IS NOT A SERIOUS FELONY FOR THE PURPOSE OF THREE STRIKES;

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

ON MAY 8, 1995, San Bernardino County Superior Court Judge /or Magistrate DUANE
M. LLOYD, illegally sentence Petitioner/Defendant to an Twenty-Five Years LIFE SEN-
TENCE, for one count second degree degree Commercial Burglary, which is not
an serious offense for the purpose of California Three Strikes Law. In which
there were Lack of Knowledge or the ability of counsel MARK CANTRELL, to
research available California burglary destinction between First and Second
degree as serious offense for the purpose of the Three Strikes, Case FSB-
056628. Second degree burglary of Restaurant intent to steal food. cannot
serve the purpose of imposition an Twenty-Five Years Life Sentence was in
Prejudice illegal sentence error by the above trial court Judge. Where in
1987, and 2004. Second degree Commercial burglary is NOT a serious offense
and can not be use as an aggravated Purpose of illegally holding an Life
Sentence which can not stand under California Three Strikes enhancement Law.

b. Supporting cases, rules, or other authority (optional):
(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

" See Twenty- ,, pages Motion attached to this Petition, People v. Brady, 190 Cal. App. 3d
124, 235 Cal. Rptr. 248), 1987) People v. Ralap Rodriguez, No: B165974, Sept 9, 2004
18 Cal. Rptr. 3d 350). United States v. Corona-Sanchez, 291 F.3d 1201, 2002, US. App. Lexis 10778.
8 USC 1101, A)43)G) United States v. Pacheco, 225 F.3d 148, 154-55 2d Cir. 2000) 667 b)I) 1192.7
Subd.(C) Subd.(C)18), 667.5(b) P.C. 460 6.10)

1. THE PEOPLE, Plaintiff and Respondent, V.

2. GARY LEE BRADY, Defendant and Appellant.

3.

4.     People V. Brady, 190 Cal. APP. 3D 124; 235 Cal. Rptr.

5. 248 [May 1987] [Crim. No. 14268, Third Dist. Mar. 12, 1987]

6.     Defendant was convicted of second degree bur-

7. glary, (Pen. Code, § 459, 460, Subd. 2). On grounds he per-

8. petrated the offense or aided and abetted its commission

9. Pen. Code, § 31). Superior Court of Shasta County, No. 82014;

10. Joseph H. Redmon, Judge.)

11.     The court held, defendant could not be tried

12. for first degree burglary on remand, nor was he eligible for

13. a five-year enhancement under Pen. Code § 667 (conviction

14. of serious felony with prior conviction for serious felony).

15. Opinion by Blease, Acting P.J., with Sparks and Sim, JJ., con-

16. curring.)

17.     Also, hold, that second degree burglary, as cur-

18. rently defined (see, § 460), is not a serious felony (see 667,

19. Subd. (d); 1192.7, Subd. (c)(18), and for that reason cannot sup-

20. port the imposition of an enhancement for a prior serious fe-

21. lony pursuant to section 667.

22

22.     Section 667, subdivision (a), provides that a "person

23. convicted of a serious felony "shall receive a five-year" enhance-

24. [d]" sentence for each prior conviction of a "serious felony. . . ."

25. A "serious felony" is defined by the matter "listed" in section

26. 1192.7 (§ 667, Subd. (d).) Subdivision (c)(18) of section 1192.7, as

27. recently amended, lists "burglary of an inhabited dwelling house"

28. as a serious felony. (Stats. 1986, Ch. 489, § 1.)) This change codi-

1. CALIFORNIA'S "THREE STRIKES" LAW, consists of pair of
2. substantively indentical statutes both enacted in 1994. One by
3. the California Legislature, Stats. 1994, Ch. 12, § 1, adding Cali-
4. fornia Penal Code § 667(b)-(T), and one by a ballot initiative,
5. Proposition 184, § 1, as approved by voters, Gen. Elec. (Nov 8,
6. 1994), adding California Penal Code § 1170.12. See generally IN
7. re Cervera, 24 Cal.4th 1073 (2001). The purpose of the law is to
8. impose longer terms of imprisonment on defendants with prior
9. qualifying felony conviction or "strikes." Cervera 24 Cal.4th at
10. 1077.

11.        Defendant/Petitioner current offense case # SBO5628)
12. Count one - second degree commercial burglary - 460 P.C. was com-
13. mitted on September 30, 1994, predate the passage of Proposition
14. 184, in November 8, 1994, and cannot, ex post facto, constitutionally
15. applied to defendant.

16.

17.        Defendant/Petitioner Contest, 1980 Case SCR 36683;
18. non-violent robbery - 211 P.C. did remain free of prison custody,
    and did not commit an offense during a period of five years
19. subsequent to the conclusion of said term, within P.C. 667 s.b)
20. and 1987 Case A196849, non-violent 2nd degree 664/211 P.C. did re-
21. main free prison custody, and did not commit an offense during
22. a period of five years. Said term within P.C. 667.5.b);

23.    CONSTITUTION OF CALIFORNIA — F) USE OF PRIOR CONVICTIONS: Art. 1 § 29)
24.        Any prior felony conviction of any person in any criminal
25. proceeding; whether adult or junvenile, shall subsequently be used
26. without limitation for purposes of impeachment or enhancement of
27. sentence in any criminal proceeding. When a prior felony convic-
28. tion is an element of any felony offense, it shall be proven to the trier of

1. Fact in open court.

2.       (h). As used in this article, the term "Serious Felony"

3. is any crime defined in Penal Code Section 1192.7(C) [New

4. Section adopted June 8, 1982 Initiative Measure]

5.

6. Art. I, § 24  Constitution of California

7.       [Constitional Rights- Rights Reserved]

8.       SEC. 24. Rights guaranteed by this Constitution are are not

9. dependent on those guaranteed by the United States Constitution.

10.       In Criminal cases the rights of a defendant to equal protec-

11. tion of the Laws, to due process of Laws, to the assistance of counsel,

12. to be personally present with counsel, to a speedy and public trial,

13. to compel the attendance of witnesses, to confront the witnesses agai-

14. nst him or her, to be free from unreasonable searches and seizures,

15. to privacy, to not be compelled to be a witnesse against himself

16. or herself, to not be placed twice in jeopardy for the same offenese,

17. and not suffer the imposition of cruel and or unusual punishment,

18. shall be construed by the Courts of this State in a manner consis-

19. tent with the Constitution of the United States; This Constitution Shall

20. not be construed by the Courts to afford greater rights to Crimin-

21. al defendants than those afforded by the Constitution of the Unit-

22. ed States. Nor shall it be construed to afford greater rights to

23. Minors in Junvenile proceedings on criminal causes than those

24. afforded by the Constitution of the United States,

25. ///

26. ///

27. ///

28. ///

1. PEOPLE V. SUPERIOR COURT ROMERO).

2. Cite as 53 Cal. Rptr. 2d. 789 (Cal. 1996);

3. Facts;

4. On June 3, 1994, the District Attorney of San Diego County

5. filed an information in the superior court charging defendant Je-

6. sus Romero with possession of a controlled substance, namely

7. 0.13. grams of cocaine base, in violation of Health and Safety Code

8. Section 11350, Subdivision (a) The information also alleged defen-

9. dant had previously been convicted of the following felonies on

10. the dates indicated: Second degree burglary (§ 459) on June 25,

11. 1980: attempted burglary of an inhabited dwelling (§§ 459, 664)

12. On November 16, 1984; first degree burglary of an inhabited dwel-

13. ling (§§ 459 on September 2, 1986; and possession of a controlled

14. substance (Health & Saf. Code. § 11350, Subd. (a) on April 6, 1992 and

15. June 8, 1993.

16. Defendant's two prior serious felonies. See § 667, Subd.(d)1);

17. § 1192.7, Subd.(c) (defining "serious felony". Namely burglary and

18. and attempted burglary of inhabited dwellings, made him eligible

19. for a life sentence under the Three Strikes Law. (§ 667. subd. (e)(2)).

20. Without the prior felony conviction allegations, defendants sen-

21. tence would fall between one and six years. The current offen-

22. se, possession of a controlled substance (Health & Saf. Code § 113-

23. 50, Subd.(a), is punishable by sixteen months, two years, or three

24. years in state prison (ibid; Pen. Code, § 18). The three prior felon-

25. ies for which defendant served prison terms within the last five

26. years, unless stricken pursuant to section 1385, would result in

27. three consecutive one-year, enhancement added to the base-term

28. for possession of controlled substance.

1. (§ 667.5, subd.(b).

2.                Defendant <u>Romero</u>, prior felonies do not call

3. for an five year enhancements. (§ 667. subd.(a)  because the

4. current offense is not defined as serious felony." (§ 1192.7,

5. subd.(c);

6.

7.                                    10.

## CONSTITUTIONAL REQUIREMENT OF CERTAINTY:

8. <u>DEFENDANT/PETITIONER CONTEST</u>:

9.                Doctrine and theory:   A crimial statute that fails

10. to define the crime with sufficient certainty violates the con-

11. stitutional guarantee of Due process of Law; this void for va-

12. gueness; doctrine was stated in the leading case of <u>Connal-</u>

13. <u>ly V. General Const. Co.</u> 1926) 269 US. 385 46 S.Ct. 126 70 LEd

14. 322 . Al follows that terms of a penal statute creating a

15. new offense must be sufficiently explicit to form those

16. who are subject to it what conduct on their part will ren-

17. der them liable to its penalties; is a well recognized re-

18. quirement consonant alike with ordinary notations of

19. fair play and the settle <u>rules of Law</u>; And a statute in

20. which either forbids or requires the doing of an act in

21. terms so vague that men of common intelligence must

22. necessarily guess as it meaning and differ as to its ap-

23. plication violates the <u>first essential of due process</u> of

24. <u>the Laws</u>. 46 S.Ct 127 70 LEd. 328; "<u>Duress</u>" <u>Deteznick</u>,

25. 2003. 114 CA 4th. 663, 676. 7 CR 3d 726.

26. ///

27. ///

28. ///

                         —18—

AN ASSAULT WITH A DEADLY WEAPON MUST EITHER SHOW
THE DEFENDANT PERSONALLY USED A WEAPON OR PER-
SONALLY INFLICTED GREAT BODILY INJURY ON A PERSON
OTHAN AN ACCOMPLICE:

People v. Rodriguez. (1998) 17 Cal. 4th 253. When the re-
cord only reflects that an assault with a deadly weapon has
been committed, and there is no other evidence that the defen-
dant personally inflicted great bodily injury on a person other
than an accomplice, or that appellant did not use a firearm,
the evidence is insufficient to establish that he committed a
serious prior felony within the meaning of section 1192.7. subdi-
vision(c). A defendant may commit the assault with force likely
to cause great bodily injury, without however commit the assau-
lt, actually causing great bodily injury or use deadly weapon.

Therefore, as in this case, wherein the only evidence that
the prosecution presented was the abstract of judgment, and no
other document that established appellant's actual conduct. See,
People v. Guerrero (1988) 44 Cal.3d 343, 355-356 [the prosecution
can prove the allegation by going beyond the least adjudicated
elements test and using the entire record to prove the defend-
dant had in fact committed great bodily injury]. it did not
establish the requisite conduct on the part of appellant. and
a result, the prior was insufficient as a matter of law.

INSTRUCTION EQUATING PROXIMATE CAUSE WITH PERSONALLY
INFLICTING GREAT BODILY INJURY WAS ERROR IN DETERMIN-
ING WHETER AN OFFENSE IS A STRIKE

People V Rodriguez (1999) 69 Cal. App. 4th 341, the First Dis-
trict, Division 2, held that the trial court erred when it instructed

-19-

1. the Jury that Proximate cause equated to Personally inflicting
2. great bodily injury. The Prosecution had to Prove that appel-
3. lant committed great bodily injury, to become a strike, wit-
4. hin the meaning of Section 1192.7, Subdivision (C). The court
5. of Appeal held that the facts of this case do not establish
6. that appellent cause injury.
7.
8.              CONCLUSION:
9.         The trial court Judge DUANE M. LLOYD, illegally sen-
10. tence defendant/Petitioner to Twenty_five years to Life for
11. the offense of Second degree Commercial burglary under section
12. 460. is not a serious felony, Pursuant to 667 b)1) Subd(a) Subd.
13. c) 18) and for that reason can not support the imposition of an
14. ehancement or any other Three Strikes enhancement Laws of
15. 1192.7. Subd. c), Also neither priors dated June/1980 robbery
16. case SCR-366083, or Prior dated June/1987 Attempt/robbery case
17. A746899, without a victim; Not Violence or serious enough to
18. receive increase in sentence, inwhich Priors convictions can't Be
19. aggravated factor — see. UNITED States v. Corona-Sanchez's, 291
20. F.3d 1201, 2002 U.S. App. LEXIS 10478; 2002 Cal. Daily op. Service
21. 4918; 2002 Daily Journal DAR-6263. Also — conviction for Petty
22. Theft in California is not a Aggravated Felony under 8 USC §1101.
23. A)43).G). See — UNITED States v. Pacheco, . 225 F.3d 148, 154-55
24. 2d. Cir. 2000), . . Also Attached to this Motion Exhibit-A, 3 documents)'
25.         PETITIONER/DEFENDANT: All the above stated facts in this Mo-
26. tion is true, And trial Court Should Vacate illegal life sentence.
27.         I DECLARE, under Penalty of Perjury, that the foregoing is true and correct.
28. Date: NOVEMBER 1, 2007,    signature: Laurence Birks proper.

JUDICIAL DISCRETION TO STRIKE A PRIOR OFFENSE:

People v Williams 1998) 17 Cal. 4th 108), California Supreme Court clarified its holding in Romero and stated that, in deciding whether a prior felony should be stricken in the furtherence of justice. a court must consider — 1). whether, in light of nature and circumstances of his present felonies and prior serious and/or violent felony convictions. and the particulars of his back ground, character, and prospects, the defendant may be deemed outside the scheme's of spirit. in whole or in part. 2). and hence should be treated as though he had not previously been convicted of one or more serious and/or felonie of violent. see — People v. Garcia, 1999)Cal. 4th 490, 503, People v. Banks 1997) 59 Cal. App. 4th 20, 24. — In re Saddana (1997) 57 Cal. App. 4th 620, 624; People v. Bishop, 1997) 56 Cal. App. 4th 1245, 1248 see — People v. Cluff 2001) 87 Cal. App 4th, 991 "Court abused discretion in denying Romero — Motion"]: A federal district court overturned a life sentence. People v. Carmony. 2005) 127 Cal. App. 4th 1066;

As Language demonstrates, Section 17(b). outlines the procedural mechanisms by which a trial court May classify an offense as misdemeanor. see People v. Banks; 1959): 53 Cal. 2d 370, 380-381 1, Cal. Rptr. 669, 348 P.2d 102 11;

Where as the sentencing discretion itself derives from various charging statutes that provide alternative felony or misdemeanor punishment; see. eg §§ 245. Subd. A) 1) 489; Health & Saf. Code §§ 113 - 57; Subd. A). A) 11363; Veh. Code §§ 10851, Subd. A) 2000 1, Subd b) 2); for convenience.

However, Court will sometimes conflate procedure and substance and refer generically to the exercise of section 17 b) discretion "when discussing general principles., e.g. People v. Superior court (Perez) 1995): 38 Cal. App. 4th, 347, 356, 45 Cal. Rptr. 2d 107; People v. Dent, 1995); 38 Cal. App. 4th. 1726, 1729-1730; 45 Cal. Rptr. 2d 746;

1. <u>The Declaration of Independence</u>*

2.   (<u>Adopted in Congress</u> <u>July 4, 1776</u>)

3. The unanimous Declaration of the Thirteen United State of Amercian

4. When, in the course of human event, it becomes necessary for

5. one People to dissolve the Political bands which have connect-

6. ed them with another, and to assume among the Powers of the

7. earth, the Separate and equal Station to which the Laws of nature

8. and of nature's God entitle them, a decent respect to the opinions

9. of mankind requires that they should declare the causes which im-

10. Pel them to the Separation.   We hold these truth to be self- evi-

11. dent, that all men are created equal, that they are endowed by

12. their Creator with certain unalienable rights, that among these are

13. life, liberty and the pursuit of happiness. That to secure those rights,

14. governments are instituted among men, deriving their Just Powers

15. from the consent of the governed, that whenever any form of

16. government become destructive of these ends, it is the rights

17. of the people to alter or to abolish it, and to institute new govern-

18. ment, laying its foundation such Principles and organizing its

19. Powers in such form, as to them Shall Seem most likely to effect

20. their Safety and happiness. Prudence, indeed, will dictate that

21. governments long established should not be changed for light

22. and transient causes; and accordingly all experience hath shown

23. that mankind are more disposed to suffer, while evils are suffer-

24. able, than to right themselves by abolishing the forms to which

25. they are accustomed. But when long train of abuses and usurpa-

26. tions, Pursuing invariably the same object evinces a design to

27. reduce them under absolute despotism, it is their rights, it is their duty

28. to throw off such government, and to Provide new guards for their

future Security, — Such government, Such has been the patient

Sufferance of these Colonies; and such is now the necessity which

constrains them to alter their former Systems of government.