# EXHIBIT- A

## THREE LEGAL DOCUMENTS:

1) 3-page Documents of case FSB05628 and priors Convictions:

2) 1-page Documents of Summary Legal Status

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

Further, attached hereto and incorporated herein are official reports and documents of a law enforcement agency which the undersigned believes establish probable cause for the arrest of defendant(s) LAWRENCE BIRKS, for the above-listed crimes. Wherefore, a warrant of arrest is requested for LAWRENCE BIRKS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT CONSISTS OF 1 COUNT(S).

Executed at San Bernardino, California, on October 4, 1994.


J. JOHNSON
DECLARANT AND COMPLAINANT


AGENCY: SBPD                    PRELIM TIME EST.: 30 Min.

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE | NCIC N |
|---|---|---|---|---|---|---|
| BIRKS, LAWRENCE | M04867409 | 8/04/55 | 10340070 | | | |

LEGAL STATUS SUMMARY  TYPE-  D    RLP    INMATE COPY    DISCREPANT  03/23/2004 21:43

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| J61976 | BIRKS,LAWRENCE | BLA | 08/04/1953 |

TERM STARTS : LIFE TERM STARTS    MIN ELIGIBLE PAROLE DTE
  05/18/1995 :    06/04/1995          06/04/2020

PAROLE PERIOD

BASE TERM 25/00 + ENHCMNTS   1/00 = TOT TERM  26/00 TO LIFE    3 YRS

PRE-PRISON + POST SENTENCE CREDITS
CASE    P2900-5 P1203-3 P2~~ 1 CRC-CRED MH-CRED P4019   P2931 POST-SENT   TOT

FSE05628    224                                           112              9    345

PC296 DNA REQUIRED AND HAS NOT BEEN COLLECTED

DOC. HEARING:  /   DEFENSE ATTORNEY:  GOSS,G
INIT. HEARING: 05/2019.  INVESTIGATING AGENCY:  SAN BERNARDINO SO

RECV DT/ COUNTY/    CASE    SENTENCE DATE                 CREDIT    OFFENSE
 CNT      OFF-CODE  DESCRIPTION                           CODE      DATE

CONTROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
 5/18/1995  SBD   FSE05628    5/08/1995  NO STRIKES: 3
                  01 P667.5(B) PPT-NV                              3
. 01 P459 2ND   BURGLARY 2ND                             25  09/30/1994

TRAN                               RULE        D A Y S
TYPE    DATE    END DATE LOG.NUMBER NUMBER  ASSESS LOST REST DEAD

| BEG 05/18/1995 | ******BEG BAL****** | | | |
| ECL 02/03/1997 | 3E9702200 3006A/3005 | 360 | 360 | |
| ADD 05/18/1995 | FSB05628 | | | |
| ECL 03/02/1997 | 4E970363 3005C | 90 | 90 | |
| ADD 05/18/1995 | FSB05628 | | | |
| ECL 12/10/1998 | FC~~?2008 3005C | 90 | | |
| ECL 06/21/2001 | 061 3005B | 90 | | |
| ECL 09/20/2001 | 113 3005(B) | 90 | | |
| ECL 12/20/2001 | 0040 3005C | 90 | | |
| ECL 03/19/2002 | 0200011 30 | 30 | | |
| ECL 06/02/2004 | 0403002 30 | 30 | | |
| ECL 10/30/2004 | 0410050 300? | 90 | | |

CR DEPT EC BALANCE:    0              CURRENT DC BALANCE:

# RESTITUTION FINE MOTION:

Fourteen Page Motion:
Nine Page in Exhibit A,.
Two Page in Exhibit B,.

1. Lawrence Birks, J61976    #

2. High Desert State Prison

3. P.O. Box-3030-CI-112
   Susanville California-96127

4.

5.

6. D/o, Se.,

7.              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8.                 IN AND FOR THE COUNTY OF SAN BERNARDINO

9.

10. THE PEOPLE OF THE STATE OF THE          CASE NO: FSB05628: ,
11. CALIFORNIA,                              MOTION FOR MODIFICATION
                PLAINTIFFS/ RESPONDENTS/     OF SENTENCE.
12.              _VS_                         PURSUANT TO PENAL CODE
                                             §13967, A, §1260, §1203.4, §1202.45,
13. LAWRENCE BIRKS                        ,  §1202.3, §1202.4, §1203.1c, 2085.5o
14. _____ /

15.       Come Now; LAWRENCE BIRKS,    , THE Defendant/Petitioner; in
16. the above— entitled Matter, and herein Moves this Honorable Court for
17. Modifying the sentence imposed in the above— entitled Case on; SAN
18. BERNARDINO COUNTY SUPERIOR COURT: IN support of this motion, Defen-
19. dant/Petitioner sets forth the following facts upon which He would urge
20. the Court to modify said Sentence:

21.       Defendant/Petitioner contends that the trial Court Improperly impos-
22. ed a; $ 1500.⁰⁰  , restitution fine based upon the apparent ERRONEOUS
23. assumption that He Could Pay that fine out of His future wages while in-
24. Carcerated. See... Exhibit B,

25. ///

26. ///

27. ///

28. ///

1. The trial court's order imposing the Restitution
2. Fine, Pursuant to Government Code 13967 Subdi-
3. vision (A) Must Be Stricken Because there is
4. insufficient evidence of Defendant/Peti-
5. tioner Ability to Pay it. Also due to serious
6. medical Condition of Lumbar spine disease,
7. and gout, causing daily excruciating Pain,
8. and stronger Medication Ibur Profen can not
9. be issue, due to Hepatitis C virus  _see Exhibit-A,
   A, The ISSUE HAS NOT Been wawed_
10. The issue of what constitute or consideration must be
11. given a criminal defendant's ability to Pay before the impo-
12. sition of a Government Code section 13967(A) restitution
13. Fine has been presented before the Highest Court of the
14. State, the California Supreme Court; in at least 6(six) cases:
15. People v. Schenk_ 28 Cal. Rptr. 2d @ 444, Cal. App. 3 Dist 1999),
16. People v. Wilson_ ▆ Cal. App!. Dist. 1994), 26 Cal. Rptr 2d537);
17. People v. Castro_ 31 Cal. Rptr. 2d. @ 188 Cal. App. 5 Dist. 1994);
18. People v. Robles_ 27 Cal. Rptr. 2d @ 196 Cal. App. 5 Dist. 1994);
19. West's Annotates. Cal. Penal Code §§ 1202.4, 1202.43 1202.45.
20. Obviously these issues has ultimately been resolved by
21. the Supreme Court; In People v. Wilson_ supra. @ 537, Where
22. it has been Clearly established that
23. "Sentencing court must Consider
24. Defendant Ability to Pay when
25. It imposes Restitution Fine."
26. Restitution Fine Constitutes discretionary error, the failure
27. to Challenge said Fine in the case, does Not bar raising
28. this issue on this Motion.

1.        Furthermore; it is clear that unauthorized or

2. illegal sentence errors are not subject to waiver,

3. and are correctable whenever they are discovered.

4.        Now, in People v. Serrato 9 Cal. 3d. 753. 763

5. (1973) The Appellate court held that:

6.        "Sentencing errors which go to the jurisdiction

7. of the court CAN BE RAISED AT ANYTIME" even when

8. there No objection were interposed in the trial court,

9. A sentence which is not authorized by law exceed

10. the jurisdiction of the court. People V. Neal 19 Cal.

11. App. 4th 1114, 1120 (1993).

12.        The imposition of an authorized Government Code

13. Section 13967 fine Constitutes an authorized Sentence

14. and jurisdictional error, It is therefore reviewable

15. despite the absence of an objection below,

16.        In People V. Zeto 8 Cal. App 4th 736 1992) the defen-

17. dant was ordered to pay, inter alia, a $10,000.00 restitu-

18. tion fine under Gouerment Code Section 13967 (A). He

19. attacked the restitution fine.. People V. wilson Cal. App.

20. 1 Dist. 1994) 26 Cal. Rptr. 2d 537. Wests Annotated Cal.

21. Penal Code §§ 1202.4. 1202.4 (A) Wests Annotated Cal.

22. Gov. Code § 13967.(A)

23.        In the interm, however, this Honorable court has

24. a duty to Address the merits and to decide these issues

25. as best as it can with a Focus on defendant current in-

26. come. When restitution was order by the court, the court

27. understood defendant was receiving an monthly disability

28. Mental Health SSI- Pension — RT 510;

## A. THE ISSUE HAS NOT BEEN WAIVED.

1.
2.
3.      This issue has not been waived by any
4. perceived failure by Defendant/Petitioner, did object
5. at the time of the imposition of fine and sentence.
6. See RT-510, RT-511.
7.      It is the Petitioner contention, and belief of
8. Thinking Logically that; a number of these cases have
9. recently been REMANDED to the various Districts and
10. Divisions of the Court Appeals.

11.      However, this Petitioner is award that it is neces-
12. sary for a criminal Defendant to object to Discretionary
13. Sentencing errors in the trial Court in order to preserve
14. these type of issues on appeal.

15.      However, in at least one case, e...g... PEOPLE v.
16. Scott. [citation omitted]; The Court was quite clear that
17. waiver requirement would be applied prospectively only.

18.      Therefore, even assuming that the ERRONEOUS im-
19. position of a Order on appeal on several grounds, includ-
20. ing Jurisdictional and Statutory grounds.

21.      The court of Appeals held in that case that, even
22. though the Defendant; did not raise this issue below,
23. He would be allowed to raise them, successfully as
24. it turned out, on appeal. The Court likened the Order
25. imposing the fine to be an authorized sentence which
26. was reviewable at any time discovered under the
27. principle announced in Serrato. Supra, and similar cases,
28. Zito Supra, at 745.

-4-

1.     Therefore, Petitioner may raise this issue in the

2. instant case despite His Counsel's failure to raise it on

3. appeal and in the Court,

4.

5.     B. THE TRIAL COURT ERRED:

6.

7.     The issue in this case is created by an appa-

8. rent disput between two Statutes, and defendant ability

9. to work while suffering from a spine lumbar disease, gout,

10. and inflicted with two injuries to the back which has

11. Cause tremendous daily excruciating Pain. see Exhibit — A.

12.     The First statute seems to require that the sentencing

13. Courts Consider a defendant's ability to pay in setting the

14. the amount of the Fine as amended in 1992, Government

15. Code Section 13967(A) read in pertinent part:

16.

17.     In addition(to any other penalty)if the persons

18. convicted of one or more felony offenses, the Court shall impose a separate and addition-al restitution fine of not Less than $100.$200. Subject to defendant's ability to pay, and not more than $10,000 in setting the amount of the fine for felony convictions, the court shall consider any relevant fact-ors except as provided in section 1202.4 of the Penal Code and section(c) of this sec-tion. under no circumstances shall the court fail to impose the separate and ad-ditional restitution fine require by this section."

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

1.     The relevant Case Law prior to the 1992 amend-
2. ment to Government Code Section 13967 held that a fine was
3. to be imposed regardless of the defendant's ability to pay.
4. People v. Walker 54 Cal. 3d 1013, 1019 (1991) People v. Blanken-
5. ship 213 Cal. App 3d 992, 996 (1989) People v. Sandoval 206
6. Cal. App 3d 1544, 1550 254 Cal. Rptr 674 1989).
7.     However, this Case Law was apparently abrogated
8. by the Legislature amendment which added language regard-
9. ing the defendant's ability to pay, "The Court Shall impose a
10. separate and additional restitution fine of not Less than $100.00
11. subject to the defendant's ability to pay" [ Statutes 1992 Chap-
12. ter 682, Section 4, Number 9, Wests California Legislative Ser-
13. vice. Page 2557].
14.     A Court of Appeals decision, which remains published
15. as of this date, has attempted to harmonize the apparent Statu-
16. tory Contradiction; by holding that the trial court may impose
17. the mimimum $100.00 fine without a determination of the defen-
18. dant's ability to pay, but that any greater fine....i.e $200.00 to
19. $10,000.00) REQUIRES an assessment by the trial Court of the
20. defendant's ability to pay it; an assessment which must be
21. supported by substantial evidence, People v. Frye 21 Cal. App.
22. 4th 1483 (1994). This interpretation, however appears to be
23. incorrect because it fails to account for the Language in
24. Penal Code Section 1202.4 (A); that the court may waive the
25. imposition of the fine for "compelling and extraordinary rea-
26. sons." And the reference to Penal Code Section 1202.4. in Govern-
27. ment Code Section 13967.
28.

-10-

1.      Due proceed is efforded if a defendant is given
2.  a notice of the amount of fine and a reasonable op-
3.  portunity to respond at the sentencing hearing cf.
4.  People v. Wyman 1985);

5.      1). The ability to pay finding need not express; it may
6.  be implied. People v. Frye, 1994); 21 Cal. APP. 4th. 1483, 1485
7.  1486);

8.      2).When a defendant challenges a restitution order to
9.  issue, procedural issues are waived if not raised in the trial
10. court, but claims that the court exceeded its statutory au-
11. thority may be raised for the first time on appeal. (Civ. Code
12. §3527 ("The Law helps the vigilant, before those sleep on their
13. rights.") See People v. Blankenship 213 Cal. APP. 3d 992 996
14. 1989); also. People v. Staley, (1992) 10 cal. APP. 4th. 782, 785-786)
15. People v. Long (1985) 164 Cal. APP. 3d. 820. 827; Gov. Code 13967.5 (b).
16.     Further instruction as to this question is found from
17. the Assembly Committee on Public Safety report written per-
18. taining to Senate Bill 1444. In amending Government Code
19. Section 13967. Subdivision (a), the Assembly Committee on
20. Public Safety June 30, 1992, SB 1444) addressed the "ability to
21. pay" amendment of the Government Code as follows:

22.     The term "ability to pay" means the overall capability of
the defendant to pay the costs set by the court. The
23.     Court must consider the defendant's present financial
24.     situation; likelihood that the reason discernible fu-
ture financial position; likelihood that the defendant
25.     shall be able to obtain employment with the six-month
26.     period from the date of the hearing; any other factor
27.     which may bear upon the defendant's financial
capability. (Report, at p. 3, emphasis added.)
28.

-7-

1.  Sections 1203.1c details overall capability of the
2.  defendant to pay. Penal code section 1463.14, subdivision(c) de-
3.  fines ability to pay consideration (A) present financial obligations,
4.  B) reasonably discernable future financial position." Furthermore,
5.  waiver should not apply to the instant case since sufficient for a
6.  finding of an "ability to pay" phrase by the Legislature to be mere sur-
7.  plusage:
8.      In construing the words of a statute or constitutional
        provision to discern its purpose, the provisions should
9.      be read together; an interpretation which would ren-
10.     der terms surplusage should be avoided, and every
11.     word should be given some significance, leaving no
        part useless or devoid of meaning. People v. Vega-
12.     Hernandez (1986) 179 Cal. App. 3d 1084, 1100-1101;
        citing Gay Law Students Assn. V Pacific Tel. &
13.     Tel. Co.(1979) 24 Cal. 3d 458, 478.)
14.
15.     The court should not speculate on defendant ability to pay
16.  restitution fines, without facts to support courts conclusion, therefore
17.  deny defendant his right to a fair sentencing hearing.
18.     Whatever the specific procedure safeguards required at
        a sentencing hearing concerning restitution, fundament-
19.     al fairness must be assured and reliability of the infor-
20.     mation upon which an order is based is the key issue
        in determining fundamental fairness." People v. Arbuck-
21.     le (1978) 22 Cal. 3d 749, 755;
22.
23.     The Supreme court recently granted review of several cases
24.  dealing with this very subject. Under circumstances of unsettled Law--
25.  such as in the present case--- courts have typically excused failure
26.  to object. See, e.g., People v. McGee (1977) 19 Cal. 3d 948, 968.)
27. ///
28. ///

-8-

1.     In Summary, based upon the analysis of Government Code

2. Section 13967.5 by the court in People v. Mendez, supra, 194 Cal.

3. App. 3d 1210, there is no statutory authority empowering a court to

4. consider the future earnings ability of a defendant beyond 60

5. days from the judgment. Moreover, given the language of the

6. report of the Assembly Comittee as quoted above, the 1992-

7. 1992 Session Legislature also contemplated that the trial

8. court is limited to consideration of a defendant's present

9. fanancial situation along with the reasonable likelihood of

10. gainful employment within a short period of time --- cer-

11. tainly no longer than six months. People v. Barnes (1986) 42

12. Cal. 3d 284, 295 [reference to legislative analysis material

13. is proper in interpreting legislative enactments].)

14.     Finally, due to the speculative nature of possible earn-

15. ings while in prison, prison wages, without factual basis,

16. cannot be used to support a defendant's ability to pay. Alth-

17. ough the remedies available to this court regarding the

18. failure of the sentencing court to property order the $200.00

19. restitution include a remand for a hearing and resentenc-

20. ing, considering the amount of the fine and considering

21. defendant inability to pay, the only reasonable remedy is

22. to strike the fine entirely.

23.     Therefore, it appears the most appropriate remedy

24. here is to simply see that defendant is wholly indigent,

25. and strike the fine in its entirely.

26.     Fore the reasons stated in this motion, the sentence

27. should be modified by striking the restitution fine and by

28. the reducing said fine to $200.00.

1.    Furthermore, this interpretation appears to be
2. in correct because as will now be demonstrated, an
3. interpretation more favorable to the defendant is possi-
4. ble, and the interpretation in Frye supra ignores the
5. principle that; <u>In construing a criminal statute a de-</u>
6. <u>fendant must be given the benefit of every reasonable</u>
7. <u>doubt as to whether the statute was applicable to him.</u>"
8. <u>People v. Caudillo</u>, 21 Cal. 3d 562 (1978); <u>People v. Bryant</u>
9. 10 Cal. App. 4<u>th</u> 1584, 1599 (1992);
10.    In examining the purpose of the statute at issue
11. in this case it is important to note that Government Code
12. Section <u>13967 (A)</u> and Penal Code Section <u>1202.4</u> were both
13. enacted responses to a <u>CONSTITUTIONAL</u> Amendment adopt-
14. ed by the voters as part of Proposition 8; [See California
15. Constitution Art. I Section 28 (B); <u>People v. Walker Supra</u>
16. at 1019] that amendment required the Legislature to adopt
17. provisions to ensure that "restitution shall be ordered from
18. the convicted persons in every case in which a crime victim
19. suffer a loss; unless compelling and extraordinary reasons
20. exist to the contrary. However, the Constitutional amend-
21. ment, did not specify whether the defendant's ability to
22. pay could be considered in setting the amount of restitu-
23. tion." With all of the above in mind, this Honorable Court
24. is urged to conclude that the 1992 amendment to Govern-
25. ment Code Section <u>13967 (A)</u> was intended to, and did,
26. bring the defendant's ability to pay the restitution equa-
27. tion. In effect the amendment creates a presumption
28. that the minimum restitution fine will be $<u>200 <sup>00</sup></u> sub-

1 · ject to the defendant's ability to pay. In other words, the

2 · minimum fine will be at least $100$^{00}$ unless the court has

3 · no evidence before it that the defendant has the ability to

4 · pay even that small amount, in which event the could sho-

5 · uld not impose a restitution fine of even the $100$^{00}$ but ra-

6 · ther something less.

7 ·                    Penal Code Section 1202.4 is not inconsistant with

8 · the above interpretation of the Government Code section. un-

9 · der Section 1202.4, the court is compelled to impose a resti-

10 · tution fine, regardless of the defendant's ability to pay." How-

11 · ever, a court may forego imposing any fine if there are com-

12 · pelling only if it finds that these are "compelling and extraordi-

13 · nary reason" (other than the defendant's impecuniosity) which

14 · justifies this decision,  In the instant case, the court im-

15 · posed a $1500$^{00}$ Restitution fine based on the erroneous as-

16 · sumption that this Petition could pay this fine out of his

17 · earnings while incarcerated in the state prison. The rates of

18 · pay for work performed by prison inmates are set in the Cali-

19 · fornia Department of Corrections operatinal Manual, Section of

20 · 51120.7, Those rates range from $12$^{00}$ per month to $56$^{00}$ per mon-

21 · th more /or less, and are subject to a statutory maximum

22 · of one half the minimum wage (Penal Code Section 2811) and

23 · further, not all institution strictly follow Dom § 51120.7. Also,

24 · some institutions make "few" or "no" pay numbers available to a

25 · majority of the Inmate population. Penal Code Section 2085.

26 · 5, directs the Director of the California Department of Reha-

27 · bilitation and Corrections to deduct a reasonable amount, Not

28 · to exceed 50% from the prisoner's wages for credit against

1. the Prisoner restitution fine,  Under current regulations
2. the amount deducted by the Director for that purpose
3. is 44% California Code of Regulations § 3097(c).  Thus,
4. even assuming that a Prisoner could even earn the rate
5. of $34.00 Per month for work Performed in prison, the
6. amount deducted for credit against his restitution fine
7. will only be $14.96 Per month.  Thus at this Present
8. time, with so many Medical/mental Health Problems,
9. it is absolutely IMPOSSBIE, for this Prisoner to pay
10. restitution fine out of any forseeable institution Pay
11. wages.  See Medical documents in Exhibit A.
12. Moreover, the court could not have Justifiably albeit,
13. tacitly, assumed that a Prisoner who was convicted
14. of second degree intent commercial burglary while
15. on an Social Security Disability Penison could possibly
16. be able to pay an restitution fine from earning from
17. any forseeable inst Job or when release, It is thus
18. exceedingly doubtful whether this Prisoner will be
19. able to earn much after being incarcerated over these
20. Long Twelve years and still denied to receive Liver biopsy
21. to receive interferon and therapy before cirrhosis,
22. causing tremendously stress.) See Exhibit "A",
23. for these reasons, the $1500.00 fine's aspect of the sen-
24. tence cannot stand.
25. C. THE APPROPRIATE REMEDY AMOUNT OF THE FINE $200.00
26. Review defendant Social Security records on
27. status of income before convicted of Life sentence.
28.

1.     Defendant's Medical Condition is getting worst,
2. and being held at an Maximum Security Prison 180,
3. design because of an Life Sentence. Adequate
4. Medical and Mental Health Care treatment is
5. Very limited, due to overcrowded and Pri-
6. son consistent Lock Down status,   So, it will
7. be an Long time before Defendant/Petitioner
8. could become well enough to participate IN
9. an daily Prison Job, inorder to Pay an im-
10. proper Fine of restitution — 13967 subd(A).
11. see... Exhibit A, Medical documents);
12.     The Appropriate Remedy is to vacate the
13. Restitution fine, or to Reduce the amount to
14. 100.00 The remaining question is the appropriate
15. remedy.  It is certainly possible to envi-
16. sions cases in which it might be appropriate
17. to remand for the trial court to redetermine the
18. defendant's ability to pay and impose a restitu-
19. tion fine consistent with that determination.
20.     In this case, however, the only likely source
21. of income which Petitioner could possible pay will
22. probably from family members in the future while
23. incarcerated at California Correctional Prison, This
24. is entirely speculative how much that source of
25. income Might be, if any?
26.     Remanding in a case like this. Would be
27. for the interest of Just, due to exceptional extra-
28. ordinary circumstances, where this defendant is

1  WHOLLY INDIGENT, and due to serious Medical/mental

2  Health condition. Restitution Fine should be "VACATED"

3  or MODIFY?

4        However, defendant can not understand how can

5  such an cruel and unusual Restitution Order could possi-

6  bly be apply, when defendant was charge an con-

7  victed with the INTENT, to commit an 2nd degree com-

8  mercial Burglary.? — See People v. Birks, 19 Cal. 4th·108,

9  960.P2d.1073 1998), — 77 Cal. Rptr. 2d 848);

10

11  ABILITY TO PAY:

12        State v. Bennett, Wash. App. Div. 1. 1991, 821 P.2d 499, 63
         Wash. App. 530.

13        Green v. State. Tex. App. Hous 1. Dist. 1994 880 .S.w.2d
         747.

14        Jowege v. State .Fla. APP. 4. Dist. 1991.590. So. 2d 1061.

15        Townsend v. State. Ark 1987, 728 S.W. 2d 516 292
         Ark. 157.

16        People v. McCarty, Colo. App. 1992, 854 P.2d 881 - 874
         P.2d 394.

17

18        Stephen v. State Fla. 1994. 630 So. 2d 1080)

19        The only answer would therefore appear to be

20  an vacate restitution or reduction, in the amount of $100.⁰⁰

21  and modification of the judgment accordingly, P.C. 1260.

22              CONCLUSION

23

24        For the reasons stated above, the sentence should

25  be modified by striking the restitution Fine /or reduce to $100.⁰⁰

              VERIFICATON

26        I declare under penal of perjury that the foregoing

27  is true and correct up my knowledge:

28  Date NOVEMBER 1, 2007.    Petitioner_Inprose, Lawrence Birks

                    -14-

# EXHIBIT- A

( NYNE _ MEDICAL DOCUMENTS )

AND ONE HDCP_ IMPORTANT INFORMATION
( ABOUT COMTAMINATS DRINKING WATER )

California Correctional Institution
Tehachapi, CA 93561

**X-RAY REQUEST AND
REPORT FORM**

Unit: _____III_____

Housing: _____

Name: _____BiRKS, L_____    Number: _J-61976_    Age: _41_    Date: _5-19-95_

8-4-53    5-18-95
5-19-95

X-Ray Requested: _____CXR_____    Ordering M.D.: _KiM_    R.N./M.T.A.: _____

Brief History:

D-5-19-95

CHEST, PA ERECT SINGLE VIEW: 5-19-95    (REPORT)

The lung fields are clear.  The heart is not enlarged.  There is a mild dextroscoliosis
of the thoracic spine.

IMPRESSION:  NO ACTUE CARDIOPULMONARY ABNORMALITIES.
             MILD DEXTROSCOLIOSIS THORACIC SPINE.

B. KORDAN, M.D.
d&t: 5/23/95 lh

Date: _____    Radiologist _____    M.D.

White=Medical File    Yellow=X-Ray File    Pink=Department File

I/m received this Notice on October 22 2007, 2nd watch).

## IMPORTANT INFORMATION ABOUT YOUR DRINKING WATER

Este informe contiene información muy importante sobre su agua potable.
Tradúzcalo o hable con alguien que lo entienda bien.

---

### High Desert State Prison Has Levels of Arsenic Above the Drinking Water Standard

---

Our domestic water system recently violated the new drinking water standard for arsenic. Although this is not an emergency, you have a right to know what happened, what you should do, and what we are doing to correct this situation.

### What happened?

The USEPA standard, enacted in January 2006, lowered the maximum contaminant level (MCL) of arsenic from 0.050 milligrams per liter (mg/l) to 0.010 mg/l. We routinely monitor for the presence of drinking water contaminants. Our results indicate the annual averages for our three wells are 0.011 mg/l, 0.018 mg/l, and 0.034 mg/l, which are above the current federal standard.

### What should I do?

- You do not need to use an alternative water supply (e.g., bottled water).

- This is not an emergency. If it had been, you would have been notified immediately. However, *some people who drink water containing arsenic in excess of the MCL over many years may experience skin damage or circulatory system problems, and may have an increased risk to getting cancer.*

- If you have other health issues concerning the consumption of this water, you may wish to consult your doctor.

### What is being done?

The Prison is installing an arsenic treatment plant to comply with the new standard. Completion of the plant is expected sometime between January 2008 and June 2008.

For more information, please call Jeff Stanley, Correctional Plant Manager II – High Desert State Prison at (530) 251-5051.

*This notice is being distributed by CDCR – High Desert State Prison*

# CALIFORNIA STATE PRISON CORCORAN

## RADIOLOGY REPORT

Name: BIRKS                    Number: J61976          Date: 10/16/96

Exam Requested: LUMBAR SPINE   Housing: 3B04-138U      Doctor: DANG

History: BACK PAIN.

**LUMBAR SPINE:**

Examination demonstrates mild osteophyte formation anteriorly involving the lower four lumbar vertebral bodies. No fracture is depicted. The interspace is mildly narrowed at the L5-S1 level. No pars interarticularis defects are identified. The pedicles are intact. The SI joints are open.

**IMPRESSION:**     1.    **Mild degenerative change at L5-S1.**

                    2.    **No fracture or dislocation.**

*10/18/96 dac*                              **Thomas W. Maclennan, M.D. DABR**



**MEDICAL SCIENCE INSTITU**
811 South San Fernando Blvd., Burbank, CA 91502
(800) 660-4674 ● (818) 846-4674 ● FAX (818) 846-9658 or (818) 846-0980

*Medical Director: O.D. STINSON, M.D. and Associates*

| PATIENT NAME | AGE | SEX | ACCOUNT NUMBER | REFERRING PHYSICIAN | SPEC. ACCESSION |
|---|---|---|---|---|---|
| BIRKS,J61976 | | NS | 88003 | BROWN | B0651388 |
| PATIENT I.D. | TIME COLLECTED | | DATE COLLECTED | DATE RECEIVED | DATE REPORTED | REPORT STATUS |
| NOT STATED | | | 09/29/95 | 10/02/95 | 10/03/95 | PRELIM |
| DOB: | | | | | | |
| RM: 3A | | | | | | |

| TEST | RESULT | OUT OF RANGE | UNITS | REFERENCE RANGE |
|---|---|---|---|---|
| THYROXINE T4, SERUM | PENDING | | | |
| THYROID STIMULATING HORMONE | | | | |
|   TSH (HIGH SENSITIVITY) | 0.5 | | uIU/mL | 0.49-5.66 |
| PROSTATE-SPECIFIC ANTIGEN (PSA) | 1.0 | | ng/mL | <4.0 |

**Information**

Specimen obtained from patients undergoing prostate manipulation
procedures (prostate massage, rectal examination, prostatectomy or
biopsy) may give erroneous results. Hormonal therapy may affect PSA
expression,therefore a low PSA level after any treatment that includes
hormonal therapy may not adequately reflect the presence of residual
or recurrent disease.


DILANTIN (PHENYTOIN)                    PENDING

                    PARTIAL REPORT - FINAL TO FOLLOW

811 South San Fernando Blvd., Burbank, CA
(800) 660-4674 • (818) 846-4694 • FAX (818) 846-9658 or (818) 846-0980

**Medical Director: O.D. STINSON, M.D. and Associates**

CORCORAN, CA 93212

PAGE:

| PATIENT NAME | | AGE | SEX | ACCOUNT NUMBER | REFERRING PHYSICIAN | SPEC. ACCESSION |
|---|---|---|---|---|---|---|
| BIRKS, J61976 | | | M | 8600 | MC KILLOP | E0870 |
| PATIENT I.D. | TIME COLLECTED | | DATE COLLECTED | DATE RECEIVED | DATE REPORTED | REPORT STATUS |
| 61976 | | | NO DATE | 03/23/96 | 03/24/96 | PREL |
| DOB: | | | | | | |
| RNC, CA | | | | | | |

| TEST | RESULT | OUT OF RANGE | UNITS | REFERENCE RANGE |
|---|---|---|---|---|
| HEP COR. PNL | | | | |
| HEPATITIS A TOTAL | | | | |
| HEPATITIS A TOTAL ANTIBODY | NEGATIVE | | | NEGATIVE |

Effective immediately Hepatitis A (IgG) test is no longer
available. Please substitute with Hepatitis A Total Antibody.
Hepatitis A Total Antibody will Reflex a Hepatitis A IgM if
Positive. This will provide the same or more information as
Hepatitis A IgG alone. Order MSI Test code 96750. If you need
additional information please contact MSI Laboratories.

| HEPATITIS A ANTIBODY (IGM) | NEGATIVE | | | NEGATIVE |
| HEPATITIS B SURFACE AB | NEGATIVE | | | NEGATIVE |
| HEPATITIS B SURFACE AB | NEGATIVE | | | NEGATIVE |

LIMITATIONS: Presence of HBsAb is not an absolute indication of a
resolved hepatitis infection, nor of protection from future infections.
Since there are different serologic subtypes of Hepatitis B virus, it
is possible for a patient to have antibody to one surface antigen type
and be acutely infected with virus of a different subtype. Thus a
patient may have coexisting HBsAg and HBsAb. Transfused individuals or
hemophiliacs receiving plasma components may give false positive
for antibody hepatitis B surface antigen. Individuals vaccinated with
HBV vaccine will have antibodies to the surface protein.

| HEPATITIS B CORE AB | NEGATIVE | | | NEGATIVE |
| HEPATITIS C ANTIBODY | | POSITIVE | | NEGATIVE |
| HERPES SIMPLEX AB TYPE 1 (IgG/IgM) PENDING | | | | |
| HERPES SIMPLEX AB TYPE 2 (IgG/IgM) PENDING | | | | |

*****************OUT OF RANGE SUMMARY******************

| TEST CODE NAME | RESULT | FLAG | REFERENCE RANGE |
|---|---|---|---|
| * HEPATITIS C ANTIBODY | POSITIVE | ABN | NEGATIVE |

PARTIAL REPORT - FINAL TO FOLLOW

PSALM 23

X-RAY REPORT



NAME: BIRKS, LAWRENCE  CDC#: J-61976  HSG: D6-132L  AGE: 46  DATE: 05/16/00

EXAM REQUESTED: LUMBAR SACRAL SPINE

CLINICAL DATA: SEVERE BACK ACHE.  NO TRAUMA.

REFERRING PHYSICIAN: ISAAC GRILLO, M.D.

RADIOGRAPHIC REPORT:

LUMBAR SPINE:  AP, lateral, oblique and lateral L5 spot films are obtained on 05/16/00.

There is hypertrophic spurring of the margins of L3, L4 and L5 vertebral bodies consistent with early degenerative changes involving the lower lumbar spine. No intrinsic bone or joint pathology is seen. The remaining vertebrae appear intact.The intervertebral disk spaces are well maintained. There is no evidence of any acute trauma.

IMPRESSION:

THERE ARE EARLY DEGENERATIVE CHANGES INVOLVING THE LOWER LUMBAR SPINE.  NO OTHER INTRINSIC BONE OR JOINT PATHOLOGY IS SEEN.

05/25/00
DATE READ

NELSON PARKER, M.D.
RADIOLOGIST

NP/db

**NOTE: SEND COPY OF PHYSICIAN'S ORDER FOR MEDICATION
TO PHARMACY AFTER EACH ORDER IS SIGNED.**

| Order Date | Time | Problem # | Physician's Order and Medication (Orders must be dated, timed, and signed.) |
|---|---|---|---|
| 6/16/05 | | | (1) add Norvasc 10 g QD X 60d |
| | | | (2) Double matters chrono |
| | | | (3) Preparation - H QD X QOD |
| | | | (4) optometry consult - re: glasses. |
| | | | (5) tylenol 5 gr QID PRN pain X QOD |
| | | | (6) Fu 14 days |
| | 8/16/05 | | continue Hydrochlorthiazide |
| | | | Atenolol & Enalapril as previously |
| | | | ordered X QOD |

ALLERGIES: NKA   INSTITUTION: HDSP   ROOM/WING

CDC NUMBER, NAME (LAST, FIRST, MI)
Birks, Lawrence
J 61976
8-4-53

Confidential client information
See W & I Code, Sections 4514 and 5328

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)

HighDesert State Prison
Medical Physicians and Practitioner
do not honor this Medical Chrono
october 22, 2007

NUMBER: **J61976**

CDC 128-C

INST: Salinas ValleyState Prison
FAB4T1000000121L

BIRKS , LAWRENCE

## TB CHRONO
### TESTING/EVALUATION

DISTRIBUTION

CENTRAL FILE: ☒
MEDICAL FILE: ☒
INMATE: ☒

INMATE TB ALERT CODE  **22**

P. Lipes, BSN, PHN
MEDICAL SIGNATURE

DATE:
05-29-2001

CDC-128C

-----------------------------------------------------------------------

## SALINAS VALLEY STATE PRISON

Inmate Name:  BIRKS, LAWRENCE          CDC No.   J61976     Housing: A2-139L

### INMATE TB ALERT CODE: 22

*Patricia A. Lipes*

Patricia A. Lipes
RN, PHN

Distribution: Original-Medical File; cc: Central File, Inmate

DATE:  May 3, 2001

MEDICAL-PSYCHIATRIC-DENTAL

CDC-128-C

-- -- --- ---

### SALINAS VALLEY STATE PRISON

NAME:  BIRKS, LAWRENCE          CDC#:  J-61976          HSG: A2-139L

Due to medical reasons the above named inmate is to be issued an extra mattress x one (1) year while housed at Salinas Valley State Prison.

ANDREW WONG, M.D.   Date          PAUL PAVLOVIC, M.D.          Date
Staff Physician                   Chief of Staff

Orig:    Health Record
cc:      C-File
         Facility housing Sgt.
         CCI
         Inmate

MEDICAL—PSYCHIATRIC—DENTAL

DATE.
April 19, 2001          AW/dh   04/20/01



2020 Court Street - Redding, CA 96001 - (530) 243-1236 - Toll Free 1-800-794-XRAY - Fax (530) 243-3452
mdimaging.net - regionalradiology.net

NAME:              **Birks, Lawrence (J61970)**        REF PROVIDER: **Mayer Horensten DO**
                                                        PO Box 750
DATE OF BIRTH:     August 4, 1953   (53)               High Desert State Prison
PATIENT PHONE:                                          Susanville, California 96130
MR#:               6029948
EXAM DATE:         January 23, 2007
INTERPRETED BY:    Jon Hohmeister

| High Desert State Prison |
| --- |

## MRI OF THE LUMBAR SPINE

**TECHNIQUE:**
Sagittal T1, sagittal T2, sagittal STIR, axial proton, axial T2-weighted sequences were performed.

**FINDINGS:**
No significant posterior disc protrusion at T12-L1, L1-2, L2-3 or L3-4.

At L4-5, there is some desiccation of the disc and there is mild broad-based posterior annular bulge. There is mild bilateral facet hypertrophy and mild to moderate bilateral foraminal narrowing.

At L5-S1, there is again disc desiccation, mild posterior annular bulge and mild bilateral facet hypertrophy with mild bilateral foraminal narrowing. The tip of the conus medullaris is seen at the T12 level.

**IMPRESSION:**

1. **Disc and facet degenerative changes at L4-5 with mild to moderate bilateral foraminal narrowing. No central canal stenosis.**
2. **Disc and facet degenerative changes at L5-S1 with mild bilateral foraminal narrowing.**
3. **No focal disc protrusion/extrusion identified.**

Thank you for allowing us to participate in the care of your patient.
Signed by Jon Hohmeister MD
W

```
                        *** PATIENT PROFILE ***
                          Includes All Prescriptions
                    Discontinued Drugs Are Marked with *
*********************************************************************
                                        CURRENT UNIT: C8-127L
J-61976  BIRKS, LAWRENCE
ALLERGIES:                      DOB:   /  /    HT:  ft in    WT:  0
====================================================================
START     Rx/Qty DRUG                    PHYSICIAN         STOP
====================================================================
06/28/2005 520815  IBUPROFEN 400MG TABLET*      COX, R.     *07/29/2005
WDR      60  1 TAB TWICE DAILY IF PAIN                      C8-127L
--------------------------------------------------------------------
06/28/2005 520874  ATORVASTATIN 10MG TAB*       COX, R.     *07/29/2005
WDR      30  1 TABLET EVERY DAY                             C8-127L
--------------------------------------------------------------------
07/08/2005 520813  HYDROCORTISONE 1% CREAM*     COX, R.     *07/18/2005
CAM       1  APPLY RECTALLY TWICE DAILY                     C8-127L
--------------------------------------------------------------------
07/18/2005 520813  HYDROCORTISONE 1% CREAM*     COX, R.     *07/29/2005
DP        1  APPLY RECTALLY TWICE DAILY                     C8-127L
--------------------------------------------------------------------
07/20/2005 515465  ZIPRASIDONE 80MG CAPS*       COLLETTI, R. *08/21/2005
CAM      60  2 CAPSULES IN THE EVENING **NA**               C8-127L
--------------------------------------------------------------------
07/20/2005 515466  LEVETIRACETAM 500MG TAB*     COLLETTI, R. *08/21/2005
CAM      60  2 TABS EVERY PM **NA                           C8-127L
--------------------------------------------------------------------
07/20/2005 515467  MIRTAZAPINE 45MG TABLET*     COLLETTI, R. *08/21/2005
CAM      30  1 TAB EACH EVENING *NA                         C8-127L
--------------------------------------------------------------------
07/28/2005 520810  HYDROCHLOROTHIAZIDE 25MG*    COX, R.     *08/17/2005
WDR      30  1 TABLET EVERY DAY                             C8-127L
--------------------------------------------------------------------
07/29/2005 520813  HYDROCORTISONE 1% CREAM*     COX, R.     *08/10/2005
DP        1  APPLY RECTALLY TWICE DAILY                     C8-127L
--------------------------------------------------------------------
07/29/2005 520815  IBUPROFEN 400MG TABLET*      COX, R.     *08/25/2005
DP       60  1 TAB TWICE DAILY IF PAIN                      C8-127L
--------------------------------------------------------------------
07/29/2005 520874  ATORVASTATIN 10MG TAB*       COX, R.     *08/17/2005
DP       30  1 TABLET EVERY DAY                             C8-127L
--------------------------------------------------------------------
08/10/2005 520813  HYDROCORTISONE 1% CREAM*     COX, R.     *08/17/2005
JK        1  APPLY RECTALLY TWICE DAILY                     C8-127L
--------------------------------------------------------------------
08/17/2005 520813  HYDROCORTISONE 1% CREAM*     COX, R.     *09/02/2005
DP        1  APPLY RECTALLY TWICE DAILY                     C8-127L
--------------------------------------------------------------------
08/17/2005 527972  HYDROCHLOROTHIAZIDE 25MG*    WOLF, C.    *09/16/2005
JK        1  1 TABLET DAILY                                 C8-127L
--------------------------------------------------------------------
08/17/2005 527973  ATENOLOL 50MG TABLET*        WOLF, C.    *09/27/2005
JK       60  1 TABLET 2 TIMES A DAY                         C8-127L
--------------------------------------------------------------------
```

PAGE 11                                              PRINTED: 10/02/2005

```
                      *** PATIENT PROFILE ***
               Includes Current Prescriptions as of 08/13/2007
```

```
*****************************************************************************
                                          CURRENT UNIT: C1-112L
J-61976  BIRKS, LAWRENCE        DOB:  /  /    HT:   ft  in     WT:   0
ALLERGIES:
=============================================================================
START     Rx/Qty DRUG                     PHYSICIAN         STOP
=============================================================================
07/09/2007 633565  ACETAMINOPHEN 325MG TAB     DAVID, A. PA   10/10/2007
DP          120  1 TAB 4X DAILY FOR PAIN                      C1-112L
-----------------------------------------------------------------------------
07/30/2007 645220  MIRTAZAPINE 30MG TAB        MASON, M.      09/09/2007
DP           60  2 TABS EVERY PM *NA                          C1-112L
-----------------------------------------------------------------------------
07/31/2007 656529  AMITRIPTYLINE 50MG TABLET   DAVID, A. PA   10/29/2007
WDR  do not have  60  1 TABLET 2 TIMES A DAY *NA              C1-112L
-----------------------------------------------------------------------------
07/31/2007 656530  SIMVASTATIN 10MG TAB        DAVID, A. PA   01/27/2008
WDR  do not have  15  1/2 TAB DAILY                           C1-112L
-----------------------------------------------------------------------------
07/31/2007 656531  ATENOLOL 50MG TABLET        DAVID, A. PA   01/27/2008
WDR          30  1 TABLET EVERY DAY                           C1-112L
-----------------------------------------------------------------------------
07/31/2007 656532  FIBER TABLETS               DAVID, A. PA   01/27/2008
WDR          60  1 TABLET 2 TIMES A DAY                       C1-112L
-----------------------------------------------------------------------------
07/31/2007 656533  TRIAMTERENE/HCTZ 37.5/25    DAVID, A. PA   01/27/2008
WDR          30  1 TABLET EVERY DAY                           C1-112L
-----------------------------------------------------------------------------
07/31/2007 656534  OMEPRAZOLE 20MG CAPSULE     DAVID, A. PA   01/27/2008
WDR          30  1 TABLET EVERY DAY                           C1-112L
-----------------------------------------------------------------------------
07/31/2007 656535  ENALAPRIL 20MG TABLET       DAVID, A. PA   01/27/2008
WDR          60  1 TABLET 2 TIMES A DAY                       C1-112L
-----------------------------------------------------------------------------
08/09/2007 651337  NAPROXEN 500MG TABLET       FRENCH, M. NP  01/05/2008
WDR          60  1 TABLET 2 TIMES A DAY W/FOOD                C1-112L
-----------------------------------------------------------------------------
```

```
=============================================================================
              ***** END OF PROFILE *****          PRINTED: 08/13/2007
PAGE 1
```