# EXHIBIT- B

(TWO RESTITUTION DOCUMENTS)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CDC 1151 (05/96)   **LEGAL STATUS AUDIT SHEET**

| AUDITOR'S NAME | INSTITUTION | TYPE OF AUDIT | DATE OF AUDIT |
|---|---|---|---|
| S. MORA | COR | Transfer | 10/14/97 |

## LEGAL

- [x] Number of active cases _____ 1
- [x] All commitments properly recorded on Legal Status
- [ ] Discrepant or problem case(s) referred to LPU
- [x] Fingerprint Card
  - [x] Complete
  - [ ] Refer to R&R
  - Current Photo
  - [ ] Complete
  - [ ] Refer to R&R
- [x] Transfer approval for this institution
- [ ] Registration required & reflected on Legal Status
  - [ ] H 11590   [ ] P290   [ ] P457.1
- [ ] Notice Required per:
  - [ ] 3058.6   [ ] P11150   [ ] P457.1
  - [ ] 45 day letter (3058.6)   [ ] Under 45 days (Teletype P3058.6)
- [ ] P290.2 Blood & saliva test required   [ ] 128C dated _____
- [ ] P1202.1 Aids blood test required (1/1/89)
  - [ ] CMO Notified   [ ] Letter to Court
- [ ] P1202.05 Visiting Restrictions/128B in General Chrono Section
- [ ] P3002 Psych eval required and reflected on Legal Status
- [ ] P1170 (d) Report requested (Refer to C&PR)
- [x] Restitution ordered per 2085.5(a)/P1202.3/1203.4 & CDC 112 Posted
  1,500.00

## PAROLE VIOLATOR - RETURN TO CUSTODY

- [ ] P3057(d)(1)   [ ] ELIG   [ ] INELIB _____ months
- [ ] Parole revoked (if not, schedule for hearing)
- [ ] Revocation Release Date calculated & recorded on CDC 112
- [ ] Controlling Discharge Date(s) computed and recorded on CDC 112

## PAROLE VIOLATOR - WITH NEW TERM

- [ ] Parole revoked by BPT (if not, refer to BPT 2649 Guidelines)
- [ ] Revocation Release Date and new commitment compared
- [ ] Dual Case (RRD/EPRD controls)
- [ ] Revocation Release Date crossed out on CDC 112 (only if prior term discharged)
- [ ] CDC 144/CDC 112 reflect current release date
- [ ] Previous term time collection records removed from OBIS and time cards purged

## WORK INCENTIVE

- [ ] Pre 1983 Case(s) signed waiver in file
- [ ] Mixed cases waiver not signed
- [ ] Case(s) vested/EPRD calculated and inmate advised
- [ ] Work credit gain & current Legal Status in file

## EARNING STATUS

If applicable the below earning status **MUST** be appropriately entered in OBIS

- [ ] 2933.1 (15% – eff. 9/21/94)
- [x] 667(e) – eff. 3/7/94
  - [ ] 20%   [x] MEPD
- [ ] 2933.5 – (eff. 1/1/91) Eligible/Ineligible
- [ ] CII/FBI reviewed
  - ___ # of PPTs found   [ ] CDC 112 posted

Mixed cased (cc/cs) of any of the above **MUST** have separate release dates calculated and appropriately posted to CDC 112

## CREDIT LOSSES   450

- [ ] Pending Disciplinary
- [x] All confirmed, entered in OBIS/reflected on Legal Status & CDC 112
- [x] Date recalculated and inmate advised   0

## CREDIT RESTORATION

- [ ] All entered in OBIS/reflected on Legal Status & CDC 112
- [ ] Date recalculated and inmate advised

## HOLDS/WANTS/DETAINERS

- [x] None in file/no longer wanted
- [ ] Detainer(s) in file
- [ ] WIS only – No hold placed
- [ ] Hold placement acknowledgment letter sent (CDC 661)
- [ ] Possible Holds inquiry sent. Refer HWD re: _____
- [ ] Inmate advised/signed CDC 661 in file
- [ ] CDC 112/144 posted
- [ ] Hold entered into OBIS
- [ ] Demand for trial prepared - P1381/P1389
- [ ] Disposition of Probation requested
- [ ] Subject being released to Hold
- [x] Confidential section reviewed.
- [ ] P3058.8 Notice Requested
  - [ ] 45 day letter   [ ] Call if under 45 days

## LIFER

- [x] MEPD correctly computed
- [ ] Board action posted
- [x] CDC 144 & CDC 112 posted appropriately
- [x] Reviewed per In Re Monigold

| Comments: | Endorsed SVSP |
|---|---|

| CDC NUMBER | INMATE'S NAME |
|---|---|
| J-61976 | Burks, Lawrence |

J601476

UNITED &.R
CCI TEHACHAPI

95 MAY 18

**SUPERIOR AND MUNICIPAL COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
**CRIMINAL MINUTE ORDER - 8A**

D600273

ACIS CASE NO.: _____    DATE: 05/08/95  TIME: 08:30 A.M.

CASE NO: _____    JUDGE: DUANE M LLOYD

COUNSEL:

DEPT: 5    CLERK: GAIL ANDERSON

BAILIFF: KRISTIN HAMILTON
Tricia Mielens
REPORTER: JILL LANGLEY

☑ E Sosa
☑ C PANEL by

CASE TITLE: PEOPLE VS
DEF 001 _____

CASE CUSTODY: custody    L. Maples - Allood
Deputy Probation Officer

**NATURE OF PROCEEDINGS**  ☐ MOTION FOR NEW TRIAL  ☒ PROBATIONARY HEARING
☒ PRONOUNCEMENT OF JUDGEMENT  ☐ CERTIFIED UNDER SECTION 859a P.C.
☐ DISPOSITION OF REMAINING COUNT(S)
CONVICTED CHARGES  Ct 1 - _____ w felonies, Ct 2 - PC459 a

| | |
|---|---|
| 108 / 195 | allegations of two guns per PC603 and one allegation of _____ mandatory prior non per PC 607 (a) felonies _____ Day on all charges |
| 92 | ☒ Defendant's motion for new trial is ☒(A) Heard ☐ (B) Submitted ☒ (C) Denied ☐(D) Granted |
| 5 / 6 | ☐ Public Defender appointed. ☐ Attorney _____ ☐ (A) Retained ☐ (B) Appointed |
| 276 | ☐ Criminal proceedings are suspended and Defendant placed in Department of Corrections Diagnostic Facility for a period not to exceed 90 days pursuant to Section 1203.03 P.C. |
| 20V | ☐ Referred to Probation for Supplemental Report. |
| 23 | ☐ Defendant ☐ (B) Waives Probation Referral ☐ (C) Request immediate sentencing. |
| | ☐ Court accepts waiver and fixes this as time for sentence.  SCPRB ☐ Probation Hearing Held |
| 15 | ☐ Defendant waives statutory time for ☐ (A) Trial ☐ (B) Sentencing |
| 81C | ☒ Defendant waives formal arraignment for Pronouncement of Judgement |
| | ☒ The Court has read and considered the Probation Officer's report |
| | ☒ Counsel indicate no legal cause why Judgement should not now be pronounced |
| 263 | ☒ Probation denied and the Court states reasons |
| 265A | ☐ Defendant is committed to State Prison for the term prescribed by Law. |
| 289 | ☒ Defendant is committed to State Prison for a total determinate period of 25 years to life pursuant to PC 667.5 (b)(1) or _____ (itemized as attached and made a part hereof) |
| 293 | ☐ Court recommends sentence pursuant to provisions of P.C.1170(d). & allegation of weapon PC _____ |
| 265B | ☐ Defendant is committed to California Youth Authority |
| 267 | ☒ Defendant is sentenced to San Bernardino County Jail for a period of 1 year as to ct 2 |
| 396 | ☒ With Credit for 336 days served, _____ 112 conduct) |
| 273 | ☒ Counts _____ 2 to run ☐ (A) Consecutively / ☒ (B) Concurrently with count 1 |
| 274 | ☒ Sentence to run ☒ (A) Consecutively / ☐ (B) Concurrently with Ct 1 with enhancement Term |
| 294 | ☐ (A) Execution / Imposition of _____ is suspended. |
| 270 | ☐ Pronouncement of Judgement withheld as ☐ (A) Misdemeanor ☐ (B) Felony |
| 271 | ☐ _____ Probation granted for a period of _____ years on following terms and conditions (see attached) 96 ☐ Defendant accepts probation and ☐ (A) Is given a copy of the terms and conditions ☐ (B) Will receive a copy of the terms and conditions ☐ (D) Is given a copy of Jail Order |
| 363 | ☐ Stay of execution of sentence is granted, defendant to surrender on _____ at _____ in court _____ in Dept. _____ for remand to Custody. |
| 282 | ☐ On Motion of People, Counts _____ are dismissed ☐ (A) In the furtherance of Justice ☐ (B) Per Plea Agreement ☐ (C) Insufficent Evidence ☐ (D) _____ |
| 283 | ☒ The Court fully advises Defendant of his ☒(A) Appeal Rights ☒(B) Parole Rights |
| 107 | ☒ The Court finds Defendant is ☐ (A) Able ☒ (B) Unable to reimburse the County for attorney fees |
| 109 | ☒ The Court finds Defendant is ☐ (A) Able ☒ (B) Unable to pay cost of presentence report |
| | ☒ The Court finds defendant is able to pay reimbursement to attorney _____ |
| 366 | ☒ Court orders Restitution Fine in the amount of $ 5,500.00 ☐ (A) Stayed pending successful completion of probation. 5-22-95 PC 1202.4 release |
| 24 | ☐ Defendant fails to appear as previously ordered. |
| 278 | ☐ Pursuant to Section 13202B, Vehicle Code, the Court finds a Motor Vehicle ☐ (A) Was ☐ (B) Was not used in the commission of the offense. |
| 278 | ☒ Pursuant to Section 13550, Vehicle Code, the Court finds a Motor Vehicle ☐ (A) Was ☐ (D) Was not used in the commission of the offense. |
| 25E  25A | ☐ Bench Warrant ordered recalled  26B ☐ Quashed prior to issuance  30E ☐ Bail / Bond exonerated ☐ Bench Warrant ordered issued  25B ☐ Held until _____  30L ☐ Bail/Bond forfeited  25D ☐ Bail fixed at $ _____ |
| 230 | ☐ Defendant ordered to ☐ (A) Report to Probation Officer ☐ (B) Appear on hearing date |
| 30 | ☒ Defendant ☒ (A) Remanded ☐ (B) Released |
| 87G | ☐ Referred to Probation Office for report and determination of credit for time served |
| 9A | ☐ Action continued to _____ at _____ in Court _____ in Dept. _____ for _____ |
| 803 | ☒ Case custody ☐ Remains ☒ (A) Changes to: State Prison |
| 32 | ☐ _____ |

13-16263-360
(Rev. 12/93)

EXHIBIT- B

MUNICIPAL COURT OF LOS ANGELES JUDICIAL DISTRICT

COUNTY OF LOS ANGELES, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff |

v.

EARL WASHINGTON,
FRANCISCO ROSA, and
HENRY OLIVER,

Defendant(s) |

Case No.    A796849

FELONY COMPLAINT

**FILED**

MAR 05 1987

FRANK S. ZOLIN    County Clerk

_A. W. Kelly_

BY M. M. VALDEZ, Deputy

----------------------------------------------

The undersigned is informed and believes that:

COUNT 1

On or about February 17, 1987, in the County of Los Angeles, the crime of ROBBERY, in violation of PENAL CODE SECTION 211, a felony, was committed by EARL WASHINGTON, FRANCISCO ROSA and HENRY OLIVER, who did willfully, unlawfully, and by means of force and fear take personal property from the person, possession, and immediate presence of Walton Woodman.    It is further alleged that the above offense is a serious felony within the meaning of Penal Code Section 1192.7(c)(19).

*  *  *  *  *

FILED
MUNICIPAL COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES    **DEPT.** 101

May 29, 1987

LABLE: KATHLEEN PARKER
     J. TKACH

JUDGE
Deputy Sheriff

R. RICH
K. PARKER-RIJKE

Deputy Clerk
Reporter

A796849      (Parties and counsel checked if present)

PEOPLE OF THE STATE OF CALIFORNIA
          VS

Counsel for People:
DEPUTY DISTRICT ATTY:    W. SATO

01   WASHINGTON, EARL
     211  1 ct.

Counsel for Defendant: F. PETERS  987.2

NATURE OF PROCEEDINGS

JURY TRIAL          REM          3-10-87

Proceedings resume from May 28, 1987, with the defendant present
in open Court, each counsel also present.

At 10:28 A.M., the jury returns into open Court. The jury foreman
hands the envelope containing the sealed verdicts to the bailiff,
who hands said envelope to the Court. The Judge personally unseals
the verdicts (ordered sealed the evening of May 28, 1987). Verdict
is as follows:

            "TITLE OF COURT AND CAUSE
We, the Jury in the above-entitled action, find the Defendant EARL
WASHINGTON guilty of the crime of ATTEMPTED ROBBERY, in violation of
Section 664/211 Penal Code, a felony, a lesser but necessarily included
offense within that charged in the Information.
This 29 day of May, 1987, James Mahan, Foreman"

Verdict is read by the Clerk. At request of counsel for the
defendant, the jury is polled and each juror answers "Yes". Verdict
is ordered recorded; re-reading of the verdict as recorded is waived.
The Jury is thanked and discharged.

MATTER IS REFERRED TO THE PROBATION DEPARTMENT. Probation and
sentencing hearing is set for June 19, 1987 at 10:00 A.M. in this
department.

All verdicts forms submitted to the jury (each defendant) and jury
instructions given (none refused), plus all question forms from the
jury are filed. Also, the envelope in which the verdict forms were
sealed overnight is filed.

REMANDED

MINUTES ENTERED

ABSTRACT OF JUDGMENT — COMMITMENT
SINGLE OR CONCURRENT COUNT FORM
(Not to be used for Multiple Count Convictions nor Consecutive Sentences)

FORM DSL 290.1

[...]IOR COURT OF CALIFORNIA, COUNTY OF __LOS ANGELES__

BRANCH __CENTRAL CRIMINAL__

0, 0, 0, 1

[...]E OF THE STATE OF CALIFORNIA       versus

[...]DANT: WASHINGTON, EARL           [XX] PRESENT   [ ] NOT PRESENT

AKA:

[...]TMENT TO STATE PRISON
[...]ACT OF JUDGMENT    [ ] AMENDED ABSTRACT    CASE NUMBER  A796849

| HEARING DAY / YR | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 9 87 | 101 | KATHLEEN PARKER | R RICH |

| | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| PARKER-RIJKE | W SATO | F PETERS 987.2 | X159032 |

[...]NDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONY:

| COUNT | CODE | SECTION NUMBER | CRIME | YR CRIME COMMITTED | DATE OF CONVICTION MO DAY YEAR | CONVICTION BY JURY/COURT/TRAN/PLEA | TIME IMPOSED YEARS MONTHS |
|---|---|---|---|---|---|---|---|
| 1 | PC | 211/661 | 1ST ROBBERY | | 9-10 26 37 87 | | 3 |

[...]NCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| UNT | 12022(a) | 12022(b) | 12022.3(a) | 12022.3(b) | 12022.5 | 12022.6(a) | 12022.6(b) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|
| | C/F S | C/F S | C/F S | C/F S | C/F S | C/F S | C/F S | C/F S | C/F S |
| | | | | | | | | | |

[...]R ORDERS:

1. A. NUMBER OF PRIOR PRISON TERMS:

| | j | C/F | S | |
|---|---|---|---|---|
| 667.5(a) | | 0 | 0 | 0 |
| 667.5(b) | | 0 | 0 | 0 |
| 667.5(b) | | 0 | 0 | 0 |

3. NUMBER OF PRIOR FELONY CONVICTIONS:

| | j | C/F | S | |
|---|---|---|---|---|
| 667.5(a) | | 0 | 0 | 0 |

[...]STAYED §1170.1(f) (DOUBLE BASE LIMIT):

[...]AL TERM IMPOSED: ────────────────────────────►   3

[...]HIS SENTENCE IS TO RUN CONCURRENT WITH ANY PRIOR UNCOMPLETED SENTENCE(S).

[...]CUTION OF SENTENCE IMPOSED:

[...] INITIAL SEN-[...]ENCING HEARING    3. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL    2. [ ] AFTER REVOCATION OF PROBATION    3. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC §1170(d))

[...] SENTENCE PRONOUNCED: DAY 16   19   YEAR 87    CREDIT FOR TIME SPENT IN CUSTODY 183    TOTAL DAYS    ACTUAL LOCAL TIME 122    LOCAL CONDUCT CREDITS 61    STATE INSTITUTIONS [ ] DMH   [ ] CDC

INCLUDING:

[...]ENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

FORTHWITH    [ ] INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:   [ ] CALIF. INSTITUTION FOR WOMEN — FRONTERA   [ ] CALIF. MEDICAL FACILITY — VACAVILLE   [ ] CALIF. INSTITUTION [X] FOR MEN — CHINO

AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS    [ ] OTHER (SPECIFY):

CLERK OF SUPERIOR COURT

[...]y certify the foregoing to be a correct abstract of the judgment made in this action.

SIGNATURE    DATE   JUN 25 [...]

[...]rm is prescribed pursuant to Penal Code §1213.5 to satisfy the requirements of Penal Code §1213. Abstract of Judgment and Commitment for determinate [...]s under Penal Code §1170. A copy of probation report shall accompany the Department of Corrections copy of this form pursuant to Penal Code §1203c. [...] the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code [...]01. Attachments may be used but must be incorporated by reference.

[...]rm Adopted by the

ABSTRACT OF JUDGMENT — COMMITMENT
SINGLE OR CONCURRENT COUNT FORM

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

ATE PRINTED: 08/10/00

----------------------------------------------------------------------

ASE NO. A796849

HE PEOPLE OF THE STATE OF CALIFORNIA
                      VS.
EFENDANT 01: EARL  WASHINGTON

----------------------------------------------------------------------

OUNT 01: 211 PC FEL  - ROBBERY.

N 08/09/00 AT  830 AM  IN L.A. SUPERIOR - CENTRAL DEPT 101

ASE CALLED FOR FURTHER PROCEEDINGS

ARTIES: WILLIAM POUNDERS (JUDGE)  MELODY RAMIREZ  (CLERK)
        NONE       (REP)  NONE  (DDA)

EFENDANT IS NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

ETITIONER'S MOTION FOR PRODUCTION OF TRANSCRIPTS AND DOCUMENTS
S HEREBY DENIED.

WRITTEN ORDER IS FILED AND SENT THIS DATE VIA U.S. MAIL TO
HE FOLLOWING:

AWRENCE BIRKS J61976
ALINAS VALLEY STATE PRISON

.0. BOX 1050-D6-132
OLEDAD, CA 93960-1050

EXT SCHEDULED EVENT:
ROCEEDINGS TERMINATED

8/10/00

HEREBY CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL MINUTE
RDER  ON FILE IN THIS OFFICE.

                              FURTHER PROCEEDINGS
            PAGE NO.   1      HEARING DATE: 08/09/00

ORIGIN᷾ ᷾ED

AUG 0 9 2000

**LOS ANGELES**
SUPERIOR COURT OF THE STATE OF CA**SUPERIOR COURT**

FOR THE COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                )
             Plaintiff,        )
                                )
             vs.               )
                                )
EARL WASHINGTON,                 )
                                )
             Defendant.        )
_____ )

No. A 796849

ORDER DENYING
MOTION FOR
TRANSCRIPTS

PETITIONER'S MOTION FOR PRODUCTION OF TRANSCRIPTS AND DOCUMENTS IS HEREBY DENIED for the following reasons:

    1.     Equal protection does not require that in every instance where there is an indigent appeal, the state must supply a verbatim transcript. (March v. Municipal Court (1972) 7 Cal.3d 422, 428) What is required is "the requisite showing of a colorable need for a complete transcript." (Id.; People v. Pinholster (1992) 1 Cal.4th 865, 923) Petitioner has failed to make that showing.

    2.     Petitioner was afforded a free transcript and appointed counsel for his appeal, which was decided April 20, 1988, in B028532. He is not entitled to an unlimited number of transcripts.

Dated:     August 9, 2000

WILLIAM R. POUNDERS

JUDGE WILLIAM R. POUNDERS

ORIGINAL

FILED
LOS ANGELES SUPERIOR COURT

JUL 16 2001

JOHN A. CLARKE, CLERK

BY M. RAMIREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

|  |  |  |
|---|---|---|
| EARL WASHINGTON/ LAWRENCE BIRKS | ) | No. A796849 |
| Petitioner, | ) |  |
|  | ) | ORDER DENYING |
| vs. | ) | WRIT OF |
|  | ) | HABEAS CORPUS |
| THE PEOPLE OF THE STATE OF CALIF., | ) |  |
| Respondent | ) |  |
|  | ) |  |

THE PETITION FOR WRIT OF HABEAS CORPUS signed by petitioner on June 13, 2001, is DENIED for the following reasons:

1.     Petitioner is not imprisoned or restrained of his liberty due to this conviction. (Penal Code section 1473(a);  In re Azurin (2001) 87 Cal.App.4th 20, 22-26)  He was released from prison in April 1989 and does not allege that he is still on parole.   His imprisonment in Salinas Valley State Prison is apparently due to a new conviction, for which the instant case is a prior.

2.     The petition contains only vague, conclusory allegations.   Conclusory allegations made without any explanation of the basis for the allegations do not warrant relief. (People v. Karis (1988) 46 Cal.3d 612, 656;  People v. Duvall (1995) 9 Cal.4th 464, 474)  Petitioner has failed to show a prima facie case for relief.  (In re Crow (1971) 4 Cal.3d 613, 624)  The burden is on petitioner to establish grounds for his release.  (People v. Duvall (1995) 9 Cal.4th 464, 474)

3.     As to matters alleged to have occurred in 1987 [see Petn. p. 2.], petitioner has not disclosed the reasons for delaying the presentations of these facts to this court.  (Cf. In re Walker (1974) 10 Cal.3d 764, 774)

4.     Unless direct remedies are inadequate, one state remedy is ordinarily enough. (In re Rinegold (1970) 13 Cal.App.3d 723, 730-731)  Petitioner's appeal was affirmed on April 20, 1988, in B028532.

Dated: July 16, 2001

WILLIAM R. POUNDERS

```
                        MINUTE ORDER
          SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
```

DATE PRINTED: 07/16/01

-----------------------------------------------------------------------
CASE NO. A796849

THE PEOPLE OF THE STATE OF CALIFORNIA
                    VS.
DEFENDANT 01:  EARL  WASHINGTON

-----------------------------------------------------------------------

COUNT 01: 211 PC FEL  - ROBBERY.


ON 07/16/01 AT  830 AM  IN L.A. SUPERIOR - CENTRAL DEPT 101

CASE CALLED FOR HABEAS CORPUS PETITION

PARTIES: WILLIAM POUNDERS (JUDGE)  MELODY RAMIREZ  (CLERK)
         NONE     (REP)  NONE  (DDA)

DEFENDANT IS NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

*** NO LEGAL FILE ***
.
THE COURT HAS READ AND CONSIDERED THE PETITION FOR A WRIT OF
HABEAS CORPUS SIGNED BY PETITIONER ON JUNE 13, 2001.
.
A COPY OF THIS ORDER IS SENT THIS DATE VIA U.S. MAIL TO THE
FOLLOWING: .
.
EARL WASHINGTON "AKA" LAWRENCE BIRKS

CDC NO. J-61976
SALINAS VALLEY STATE PRISON
P.O. BOX 1036 - A4/121L
SOLEDAD, CA. 93960

COURT ORDERS AND FINDINGS:

-PETITION FOR WRIT OF HABEAS CORPUS IS DENIED.

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED



07/16/01


                              HABEAS CORPUS PETITION
              PAGE NO.   1     HEARING DATE: 07/16/01
```

CASE NO. A796849
DEF NO.  01

DATE PRINTED 07/16/01

I HEREBY CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL MINUTE
ORDER  ON FILE IN THIS OFFICE.

JOHN A. CLARKE , EXECUTIVE OFFICER/CLERK OF SUPERIOR COURT,  COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA

BY _____, DEPUTY

PAGE NO.   2          HABEAS CORPUS PETITION
                     HEARING DATE: 07/16/01

```
                        MINUTE ORDER
           SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES


DATE PRINTED: 11/15/00

----------------------------------------------------------------------
CASE NO. A796849

THE PEOPLE OF THE STATE OF CALIFORNIA
                        VS.
DEFENDANT 01:  EARL  WASHINGTON

----------------------------------------------------------------------

COUNT 01: 211 PC FEL  - ROBBERY.



ON 11/06/00 AT  800 AM  IN L.A. SUPERIOR - CENTRAL DEPT 100

CASE CALLED FOR HABEAS CORPUS PETITION

PARTIES: LARRY P. FIDLER (JUDGE)  JOSEPH PULIDO  (CLERK)
         NONE      (REP)  NONE  (DDA)

DEFENDANT IS NOT PRESENT IN COURT, AND NOT REPRESENTED BY COUNSEL

THE COURT HAS READ AND CONSIDERED THE PETITION FOR A WRIT OF
HABEAS CORPUS FILED OCTOBER 27,2000.
.
PETITIONER DOES NOT CHALLENGE THE LEGALITY OF THE CONVICTION
WHICH WAS AFFIRMED BY THE COURT OF APPEAL IN 1987 BUT USES THIS
PETITION AS A MEANS OF CHALLENGING THE REFUSAL OF THE TRIAL
COURT TO ORDER A TRANSCRIPT OF THE 1987 PROCEEDINGS FOR SOME
USE UNRELATED TO THE 1987 CONVICTION.
.

THIS DOES NOT MEET THE REQUIREMENTS OF A PETITION FOR HABEAS
RELIEF. {SEE PEOPLE V. DUVAL 9 C(4) 446 AT 474}
.
THERE ARE OTHER AVENUES AVAILABLE TO A DEFENDANT SEEKING TRAN-
SCRIPTS OF PRIOR PROCEEDINGS.
.
THE PETITION FOR RELIEF IS DENIED.
.
A TRUE COPY OF THIS ORDER IS SENT BY U.S.MAIL AS FOLLOWS:
.
EARL WASHINGTON
AKA LAWRENCE BIRKS
SALINAS VALLEY STATE PRISON
P.O. BOX 1050
SOLEDAD, CA. 93960




                                   HABEAS CORPUS PETITION
                    PAGE NO.    1   HEARING DATE: 11/06/00
```

```
ASE NO. A796849
EF NO.  01                          DATE PRINTED 08/10/00
```

OHN A. CLARKE , EXECUTIVE OFFICER/CLERK OF SUPERIOR COURT,  COUNTY OF LOS
NGELES, STATE OF CALIFORNIA

Y _____ , DEPUTY



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

F I L E D

JOSEPH A. LANE                    Clerk

J. BRUNER

Deputy Clerk

|  |  |
|---|---|
| In re | B151837 |
| EARL WASHINGTON | (Super. Ct. No. A796849) |
|  | (William R. Pounders, Judge) |
| on |  |
| Habeas Corpus. | **O R D E R** |

THE COURT:

The court has read and considered the petition for writ of habeas corpus, filed July 27, 2001. The petition is denied. Petitioner is procedurally defaulted from challenging the sufficiency of the evidence or the competence of counsel at his 1987 attempted robbery trial due to his unexplained delay in seeking relief. (*In re Clark* (1993) 5 Cal.4th 750, 783.)


_____          _____          _____
TURNER, P.J.                     GRIGNON, J.                      WILLHITE, J.*

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Lawrence Birks
#10043005
West Valley Detention Center
9500 Etiwanda Ave
Rancho Cucamonga California
91739

E024755    ORIGINAL

FILED
APR 1 9 1999
COURT OF APPEAL FOURTH DISTRICT

1.
2.
3.
4.
5.
6. Defendant in PRO PER.
7.
8.        COURT OF APPEAL, FOURTH DISTRICT
9.              DIVISION-TWO
10.            STATE OF CALIFORNIA
11.
12. THE PEOPLE OF THE STATE OF CALIFORNIA,    ) Superior Ct No: FSB05628
13.          Plaintiff and Respondent,    ) Appellate Ct No: E016230
14.          —VS—    ) Supreme Ct No. S057191
15. LAWRENCE BIRKS,    ) DEFENDANT FARRETTA
16.          Defendant and Appellant.    ) MOTION BEEN DENIED
17. _____    ) BY JUDGE C. WARNER, IN
18.                                      ) WHICH SHOULDER BEEN GRANTED
19.    To: above Appellate Appeal Court,   in Appellant is the defendant in a
20. Criminal action entitled People of the state of California—vs— Lawrence Birks
21. re-sentence Court Order, Case number FSB05628, Now Pending before the
22. respondent Court of San Bernardino County Superior Court #9, Honorable
23. Judge C. WANNER, Presiding, "Who abusing his authority to use his discretion"
24.    Appellant/defendant, has clearly, Presented request and Later a motion
25. under "Farretta", to act as his own counsel, In above district Court Trial
26. Judge C. WANNER, has completely adopted, an Prejudicial bias Partial abuse of
27. discretion Improperly coercing defendant case to be represent by state
28. attorney who performance in trial was defective and egregious, State

1. attorney MARK CANTRELL, who demonstrated ineffective assistance
2. of counsel, failed inadequately, represent a defense A UNETHICAL strategy
3. to challenge the prosecution citation indictment, as evidence of intent error
4. substituting an element of the crime in an indictment, statutory citation
5. alone were not suppose to support an indictment, because defendant is
6. guarantee the right to be tried ONLY after the indictment, the grand jury must c
7. sider and find evidence supporting all of the crime elements, rather than mer
8. statutory citations. (1). above trial counsel did not attack Government Delay of arrest
9. hrs. before defendant was brought to magistrate hourly to be properly arraigne on case FS
10. 5628 (2). above counsel did not raise issue of arresting officer, was the investigative off-
11. who interview all witnesses in his written police report 94-48041.) with evidence was fou
12. by him at the crime scene. above counsel did not subpoena San Bernardino police offi-
13. Tom Roger's for the preliminary hearing and for superior trial, by the Grand Jury (3)
14. fundamental fairness in all trial proceeding was bias prejudice and imparial, where cou
15. allowed perjury use as part of prosecution witnesses testimony regarding case: MSB
16. which trial case FSBD5628 four mos. and refile as Count Two, this issue was no
17. raise in district court or appeal (4). extraordinary errors by defense counsel who
18. not raise/or attack jury selection, where only one Black juror was seated as poten-
19. juror, and the exclusion of several Black's was not pick as potential to represen
20. defendant (5). during sentencing. counsel not make an motion to strike / strike th
21. felony/misdemeanor-wobbler case: FSBD5628, under the authority of Penal C
22. 1385, and the appeal court denied this issue, to be raise for the very first ti
23. on appeal (6). the above counsel allow trial judge Dwane M. Lloyd, to impo
24. and 1500.00 Dollars Restitution fine against defendant/where error's is cle-
25. prevail. Trial judge corruptly reached an misleading finding where no ev
26. dence in the case can demonstrate defendant touched and had any poss-
27. ssion of property or destoryed and damage, (7). defendant felony priors
28. dating back to 1980 ___ 1987... was not adequately investigated by couns

in order to comply with the three strike Law.

Trial Counsel was very obnoxious, and had demonstrated intentionally unsound strategy of defense, causing more errors of misconduct and unlawful representation, conflict, recklessness, indifference cause defendant to be found guilty of two-counts of commercial burglary second degree/misdemeanor, and felony/misdemeanor-wobbler, as to Life Sentence 667(b)(i) 1192.7 subd 17.

Defendant felony/misdemeanor-wobbler was overturn by the Appellate Appeal Court E016370, lesser included charge, trespassing, in which, all iss was not raise, trail counsel did not "Motion" for misdemeanor Transcripts, or did appeal counsel Howard J. Stechel, raise all issue that was suppose to been broug on appeal, he also refuse to file a motion to the district court, asking for the m demeanor case: MSB11281 Transcripts before it was viciously consolidated with Case: FSB05628, above counsel, also ineffective assistence of counsel on appe denying defendant case to properly investigated of all error's in their trial and bring to light, where additional evidence that was not revealed during their on trial proceedings. defendant challenge charge for dismissal 170l, and was not raise on ap

Attorney General of California Petition for Review) Supreme Court Grac Reviews, and overturn the appellant court decision, Supreme Court Case: S057191.)

On January 15, 1999) defendant was transfer to China, Cim-Rcc for co order, On January 26, 1999.) defendant was transfer to west, Valley, Detention. Center Court Order re-sentence Case: FSB05628) 9901343005

On January 27, 1999) defendant appear in the San Bernardino County Cou Dept 9 Honorable Judge C. Wanner, Presiding, case on Calendar, but Dry run State Attorney Cantrell and Edward Congdon was there.

On February 3, 1999. defendant appear in the San Bernardino County Court, Dept 9 Judge C. Wanner, appointed "Cantrell", defendant object and moti Faretta. Court dismiss motion. Feburary 9, 1999) defendant appear in the same above court, and Judge Wanner, "Motion Extension" March 2, 1999 defendant appear in the same above court And request answer to the mo

3

that was mail off Feburary 15, 1999, from West, Vally. Detention Center,
County Jail to SanBernardino County Clerk, Superior Court Dept 19. Judge
L.WANNER, 351 North Arrowhead Ave. San Bernardino California, 92415
0240.    Six Page Motion to DisQualification Ineffective State Attorney
MARK CANTRELL, from Re-sentence case: FSB05628)

Also: A Five Page Motion was forward to the Court of Appeal off
on the same,

Trial Judge C. WANNER, inform defendant he never receive the motion
and if he did motion is denied, and he extended the for Five weeks
vestigtion on the Priors)

Defendant made an verbal Motion, (R.D. 6) for the disQualification of
Judge C. WANNER, from holding any Proceeding on the Re-sentence case.
but the above Judge only Denied Motion as untimely.)

The Judge has failed to exercise his Sound discretion and causing more pa
and sufferage in violating defendant Six Amendment Constitional Right to
have ineffective counsel Not allow defendant represent himself under Farrett
Motion,

    This Court should order Further relief, granting defend
the right to represent himself under Farretta, as may be appropriate in th
interest of Justice, Because the appeal counsel had abandon defendant case
without filing Pettition for Review in the Supreme Court(FSB05628)

DATED: APRIL 8, 1999                    Respectfully Submitted


                                        Lawrence Birdes
                                        Defendant, IN PRO PER

<u>POINTS AND AUTHORITY</u>

1. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

2. The two-part Strickland test requires a showing that Counsels
3. Performance was deficient and that this deficiency created
4. a reasonable Probability that, but for counsels unprofessional
5. errors, the result in the trial Proceeding would have been very
6. different in the entirer case.

7. <u>Farretta</u>, Defendant Should be entitled to represent him/self as
8. own attorney when the Court has found defendant Competent
9. to defend his/self, <u>On motion</u> Farretta to the trial Court

10. <u>Extraordinary Relief Be Granted.</u>
11. (E.g., <u>Lister v. Superior Court</u> (1979) 98 Cal. App. 3d 64, 71-72; <u>People v.</u>
12. <u>Municipal Court (Gelardi)</u> (1978) 84 Cal. App. 3d 692, 698; <u>People v.</u>
13. <u>Superior Court (Lozano)</u> (1977) 69 Cal. App. 3d 57, 61 [overruled on
14. other grounds at 21 Cal. 3d 587] )
15. This is Such a Case.
16.      In the case at bar, the Court Specifically rejected the reason
17. ing of higher authority in that it ruled <u>in favor of State Attorney</u>
18. <u>MARK CANTRELL</u>, Prolonging an over Due Issue OR Instruction that
19. should not have taken "no more" that a couple of days, It's been
20. almost three mos. now, and the trial Court Judge has abuse
21. his authority, and allowing ineffective State attorney to use his
22. <u>Reprisal</u> against Defendand and Case.

23.      Discretion must be "guided and Controlled by fixed legal Principle
24. exercised in conformity with the Spirit of Law and in a manner to Serde and
25. not to impede or defeat the ends of Substantial Justice. <u>People v. Warner</u>
(1978) 20 Cal. 3d. 678, 683). In a legal sense. discretion is abused whenever
26. in the exercise thereof the court exceeds the bounds of reason, all of the
the circumstance before it being considered. (<u>State Farm Ins. v. Superior</u>
27. <u>Court</u> (1956) 47 Cal. 2d 428, 432.) Here, the ruling by the respondent Court,
28. was beyond reason and was therefore an abuse of discretion in excess of
the respondent Court's Jurisdiction.

COURT OF APPEAL -- STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO



APR 2 2 1999

COURT OF APPEAL FOURTH DISTRICT

In re LAWRENCE BIRKS,                    )        E024755
                                         )        COUNTY NO. FSB5628
                                         )
                                         )
on Habeas Corpus                         )
_____)

THE COURT:

From the record presented it is not clear whether defendant's request was timely, so as to give him an absolute right to self-representation, or whether it merely triggered the court's discretion. However, as the denial of a timely motion is reversible per se (see this court, *People v. Jones* (1998) 66 Cal.App.4th 760, 770), and as it may well be an abuse of discretion to deny even an untimely motion if defendant does not seek additional delay (see *People v. Nicholson* (1994) 24 Cal.App.4th 589, 592-593), we will err on the side of caution. Unless the trial court elects to grant defendant's request for self-representation within seven days of the date of this order real party is requested to respond to the petition on or before May 7, 1999. Unless good cause is shown, the court may issue a peremptory writ.

                                         HOLLENHORST
                                   _____
                                            Acting P.J.

cc:
County Clerk, San Bernardino County
351 N. Arrowhead Ave.
San Bernardino, CA  92415-0210

Attorney General
110 West "A" St., Ste.1100
San Diego, CA  92101

District Attorney, San Bernardino County
316 N. Mt. View Ave.
San Bernardino, CA  92415-0004

Lawrence Birks
West Valley Detention Center
9500 Etiwanda Ave.
Rancho Cucamonga, CA 91739



CHAMBERS OF

## Christopher J. Warner

SAN BERNARDINO COUNTY SUPERIOR COURT
CENTRAL DISTRICT

351 North Arrowhead Avenue, Dept. S27
San Bernardino, California 92415-0240

Phone 909-387-4000
Fax 909-387-0299

April 26, 1999

Court of Appeal
State of California
Fourth Appellate District
Division Two
303 West Fifth Street
San Bernardino, CA  92401-1345

Attn:  Hon. Thomas Hollenhorst

Ref:  *E024755*

Dear Justice Hollenhorst:

I have received your order of April 22, 1999, in the captioned matter.

The filing by the defendant in this matter was premature.  I am enclosing copies of this court's Minute Orders reflecting that the defendant, on April 16, 1999, informed the court that he wished to represent himself.  The court therefore continued the matter to April 22, 1999, for a "Faretta" hearing.  The hearing occurred as scheduled, at which time the defendant's motion to represent himself was granted.

At no time has there been a denial of the defendant's request to represent himself.

Yours very truly,

CHRISTOPHER J. WARNER
Judge of the Superior Court

CJW:cas

Cc  County Clerk, San Bernardino County
    Attorney General, San Diego
    District Attorney, San Bernardino County
    Lawrence Birks, West Valley Detention Center

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION
P.O. BOX 13417, SACRAMENTO

ollowing CII record, NUMBER          4 867 409          IS FOR OFFICIAL USE ONLY

PAGE 2

| STED OR CEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 21-76 | SO SAN BERNARDINO 171160 | LAWRENCE BIRKS | 11359H&S POSS F/SALE MARIJ. | X |
| 6-77 | SO SAN BERNARDINO 178481 | LAWRENCE BIRKS | 245A PC ADW. | 12-21-77,#F3226,JD# 38680,459PC,417PC,DISM, FURTH: OF JUST;12031A PC, PNC,12MOS PRCB. |
| -78 | PD LOS ANGELES 1575810/4764909 | LAWRENCE BIRKS | 245A PC ADW. | 4-7-78,245A PC,REL, 849B(1)PC,DEEMED NOT X ARR DET ONLY,VICT REFUSES TO PROS. |
| 8-78 | PD LOS ANGELES 1575810/4821647 | MICHAEL WILLIAMS | 261.2PC RAPE BY FORCE. | 5-19-78,261.2PC,DA/CA X REJ,REFER TO CA. |
| -15-78 | PD BEVERLY HILLS 8A1055 | LAWRENCE BIRKS | 211PC ROBB. | X |
| | | CONTINUED APGE 3 | | |

..... CII ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF IDENTIFICATION
P. O. BOX 13417, SACRAMENTO

following CII record, NUMBER    4 867 409                IS FOR OFFICIAL USE ONLY

PAGE 3

| ESTED OR CEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 0 | SO SAN BERNARDINO 230991 | LAWRENCE BIRKS | 211PC,ROBB | 6-4-80,#ACIS F11578, FSB251642,JD#36100, 211PC,FEL,JURY CONV, CERT SUP CRT; 6-27-80,#SCR-36683,JD# 36100,5YRS TT,ST PRIS, 216DS CTS; USE ALLEG FD TRUE BUT STRICKEN BY CRT |
| :0 | CALIF DEPT OF CORR,RC,CHINO C-18493 | LAWRENCE BIRKS | CS #SCR36683 CT 1,ROBB (211PC) | TERM 5YRS 5-7-83 PAROLED TO SAN BERDO CO 6-7-84, DISCH |
| ?-85 | PD LOS ANGELES T575810-B/7904225 | CARL WASHINGTON | 415(1) PC FIGHT CHALLNGE FIGHT DISTRUB THE PEACE | ✗ |
| -85 | PD LOS ANGELES 1575810-B/8346270 | LAWRENCE BIRKS | 11350(A)H&S POSS NARC CONTR SUBS. | 12-10-85,11350(A)H&S, ✗ DA/CA REJ,REL DET ONLY LACK OF PROB CAUSE. |
| 3-86 | PD LOS ANGELES 1575810-B/8463812 | LAWRENCE BIRKS | 211PC, ROBB | ✗ |
| | | CONTINUED PAGE 4 | | |

REQUEST FOR FINGERPRINTS IN CII FILES

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION
P.O. BOX 13417, SACRAMENTO

following CII record, NUMBER          4 867 409          IS FOR OFFICIAL USE ONLY

PAGE 4

| ESTED OR RCEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| !-86 | PD LOS ANGELES 1575810-B/8693912 | LAWRENCE BIRKS | 664/211 PC ATT ROBB | ✗ |
| 7-87 | PD LOS ANGELES, 2140243W/8973792 | EARL WASHINGTON | 211 PC-ROBB. | 6-19-87,#A796849;JD#19100 CONV.BY JURY OF 211/664 PC FEL;3 YRS. ST.PRIS. |
| 30-87 | CALIF.DEPT.CORR., D-60273 | EARL WASHINGTON | CS.#A796849; CT.1-ATT.ROBB. 211/664 PC | FROM: L.A. CO. TERM: 3 YRS. 4-12-89 PAROLED TO L.A. CO. 11-28-90,PV/RTC -91 DISS-92 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff

v.

LAWRENCE BIRKS,
  aka EARL WASHINGTON

Defendant(s)

Case No. FSB 05628

AMENDED
I N F O R M A T I O N

Arraignment Date:  2/01/95
Department: CEN 9

F I L E D

FEB 01 1995

B............................K
S... BERNARDINO COUNTY MUNICIPAL
COURT DISTRICT — CENTRAL DIVISION

I N F O R M A T I O N
S U M M A R Y

FEB 0 1 1995

| Ct. No. | Charge | Charge Range | Defendant | Special Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC459 | 16-2-3 | BIRKS, LAWRENCE | | |
| 2 | PC459 | 1 YR. | BIRKS, LAWRENCE | PC667(b)\(i) | Check Cod |
| | | | | PC667(b)\(i) | Check Cod |
| | | | | PC667.5(b) | +1 YR |
| | | | | PC667.5(b) | +1 YR |

32

The District Attorney of the County of San Bernardino, by this Information, alleges that:

## COUNT 1

On or about September 30, 1994, in the County of San Bernardino, State of California, the crime of SECOND DEGREE COMMERCIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Felony, was committed by LAWRENCE BIRKS, who did willfully and unlawfully enter a commercial building occupied by SOUTHERN HOSPITALITY RESTAURANT with the intent to commit larceny and any felony.

\* \* \* \* \*

## COUNT 2

On or about September 19, 1994, in the County of San Bernardino, State of California, the crime of SECOND DEGREE COMMERCIAL BURGLARY, in violation of PENAL CODE SECTION 459, a Misdemeanor, was committed by LAWRENCE BIRKS, who did willfully and unlawfully enter a commercial building occupied by GEORGE'S SMORGASBOARD with the intent to commit larceny and any felony.

Is is further alleged that prior to the commission of COUNT ONE, the offense charged herein, the said defendant LAWRENCE BIRKS, was, in the Superior Court of the State of California, in and for the County of SAN BERNARDINO, convicted of a serious felony and/or a violent felony, to wit, ROBBERY, in violation of Section 211 of the PENAL Code on or about the 4th day of JUNE, 1980, within the meaning of Sections 667(b) through 667(i), inclusive, of the Penal Code.

Is is further alleged that prior to the commission of COUNT ONE, the offense charged herein, the said defendant LAWRENCE BIRKS, was, in the Superior Court of the State of California, in and for the County of LOS ANGELES,

convicted of a serious felony and/or a violent felony, to wit, ATTEMPTED  **33**
ROBBERY, in violation of Section 664/211 of the PENAL Code on or about the 19th
day of JUNE, 1987 (CASE #A796849), within the meaning of Sections 667(b)
through 667(i), inclusive, of the Penal Code.

It is further alleged as to Count ONE that said defendant(s),
LAWRENCE BIRKS, was on and about the 4th DAY OF JUNE, 1980, in the SUPERIOR
Court of the State of CALIFORNIA for the County of SAN BERNARDINO case number
SCR36683, convicted of the crime of ROBBERY a felony, in violation of Section
211 of the PENAL Code, and that he then served a term as described in Penal
Code section 667.5 for said offense, and that he did not remain free of prison
custody for, and did commit an offense resulting in a felony conviction during,
a period of five years subsequent to the conclusion of said term, within the
meaning of Penal Code section 667.5(b).

It is further alleged as to Count ONE that said defendant(s),
LAWRENCE BIRKS, was on and about the 19th DAY OF JUNE, 1987, in the SUPERIOR
Court of the State of CALIFORNIA for the County of LOS ANGELES case number
A796849, convicted of the crime of ATTEMPTED ROBBERY a felony, in violation of
Section 664/211 of the PENAL Code, and that he then served a term as described
in Penal Code section 667.5 for said offense, and that he did not remain free
of prison custody for, and did commit an offense resulting in a felony
conviction during, a period of five years subsequent to the conclusion of said
term, within the meaning of Penal Code section 667.5(b).

 * * * * *

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally
requesting that defense counsel provide discovery to the People as required by
Penal Code Section 1054.3.

THIS INFORMATION CONSISTS OF 2 COUNT(S).

DENNIS L. STOUT
DISTRICT ATTORNEY
County of San Bernardino,
State of California

BY: _____
GEOFFREY A. GOSS
DEPUTY DISTRICT ATTORNEY

Filed in Superior Court,
County of San Bernardino

DATED: FEB 0 1 1995 _____

Page 4



## SAN BERNARDINO COUNTY PROBATION DEPARTMENT
### PROBATION OFFICER'S REPORT

| EFENDANT'S NAME BIRKS, LAWRENCE | COURT CRTC-S.B. Dept. 5 | JUDGE Duane A. Lloyd | COURT NUMBER FSB 05628 ACIS F-0115246-001 |
|---|---|---|---|
| LIAS(S) Michael Williams, Earl Washington | | | |

| DDRESS (PRESENT/RELEASE)        PH. nknown - in San Bdno. | HEARING DATE 03-15-95 | ATTORNEY Cantrell | PROB NUMBER 0056276 |
|---|---|---|---|

| IRTH DATE 3-04-53 GE 41 | POB Unknown | NATIONALITY American | CONVICTED BY Jury | CONV DATE 02-15-95 | COURT/CONV CRTC-Central Dept. 5 |
|---|---|---|---|---|---|

| T '0" | WT 245 | EYES | HAIR | ETHNIC Black | SEX Male | ARRESTING AGENCY Task Force 62HP | BOOKING AGENCY S.B.S.O. |
|---|---|---|---|---|---|---|---|

| SN 6-88-5006 | BI 4867409 | FBI 544911N8 | CUSTODY STATUS   [ ]BAIL   [ ]OR   [X]CUSTO |
|---|---|---|---|

| RIVER'S LICENSE 8325384 | STATE CA | STATUS Expired | CONVICTED CHARGES  Ct. I, PC 459, Felony, Second Degree Commercial Burglary, Ct. II, PC 459, Misd., Second Degree Commercial Burglary |
|---|---|---|---|

| EARS, TATTOOS, OTHER MARKS  Unknown | PLEA AGREEMENT  None |
|---|---|

| OOKING NO. 09343344 10340070 | ARREST DATE 09-19-94 10-01-94 | RELEASE DATE 09-22-94 In custody | DAYS 3 166 | CO-DEFENDANT(S)/DISPOSITION None |
|---|---|---|---|---|
| OTAL CUSTODY DAYS | | | 169 | |

### PERSONAL HISTORY
### (Not independently verified by Probation Department)

| UCATION | MILITARY | SPECIAL TRAINING | HEALTH | DRUGS/ALCOHOL/ME |
|---|---|---|---|---|
| EATMENT HISTORY | | | EMPLOYER (Name, Address, Ph.) | |
| ME ON JOB | INCOME | TYPE OF WORK | MARITAL STATUS | SPOUSE |
| ILDREN | ASSETS, DEBTS, CHILD SUPPORT | | CONTACT PERSON | |
| THER (Name, Address, Ph.) | | | MOTHER (Name, Address, Ph.) | |

DITIONAL INFORMATION    NO INFORMATION WAS OBTAINED AS THE DEFENDANT REFUSED TO BE INTERVIEWED

CE SHEET TAKEN BY   Deedee Meares-Elliot   EXTENSION   (909)387-4275 DATE  02-27-95

FSB 05628 BIRKS, LAWRENCE                          -1-                    March 15, 1995

PRIOR RECORD:                                      According to records of the San
Bernardino Sheriff's Office, the Bureau of Identification, the Department of
Motor Vehicles, and the Federal Bureau of Investigation, the defendant has the
following prior record:

TRAFFIC:

| DATE | AGENCY | OFFENSE | DISPOSITION |
|------|--------|---------|-------------|
| 04-04-85 | | CVC 23152(a), Under the Influence of Drugs or Alcohol While Driving a Vehicle | 07-14-86, Municipal Court, SB, 3 years' court probation, fine, case #288002 |
| 10-30-85 | | CVC 23152(a), Under the Influence of Drugs or Alcohol While Driving a Vehicle | 02-24-86, Municipal Court, LA, Metro Branch, 3 years' court probation, County Jail, fine, case #V218363 |
| 11-07-85 | | CVC 23152(a), Under the Influence of Drugs or Alcohol While Driving a Vehicle | 11-08-85, Municipal Court, LA, Metro Branch, 3 years' court probation, County Jail, fine, case #V218707 |

ADULT:

| | | | |
|------|--------|---------|-------------|
| 09-24-74 | SO San Bernardino | PC 12031, Carrying Concealed Weapon, PC 148, Interfering With an Officer | 11-15-74, convicted PC 12031, 1 year probation |
| 12-16-74 | SO San Bernardino | CVC 23102, Drunk Driving, CVC 14601, Driving on Suspended License, CVC 2800, Failure to Obey/Warrant | 02-05-75, convicted, CVC 23102(a), 1 year probation, $190 fine |

FSR 05628 BIRKS, LAWRENCE                    -2-                    March 15, 1995

| | | | |
|---|---|---|---|
| 11-02-76 | SO San Bernardino | CVC 23102(a), Drunk Driving Warrant, MT 25819 | Court: convicted CVC 23102, 1 year probation, $190 fine, convicted CVC 23122, $65 fine, 2 days' County Jail |
| 03-16-77 | SO San Bernardino | PC 245(a), Assault With a Deadly Weapon | 12-21-77, convicted PC 12031(a), Possession of a Loaded Firearm, Misd., 1 year summary probation |
| 02-05-80 | SO San Bernardino | PC 211, Robbery | 06-27-80, SCR 36683, convicted Felony, 5 years' state prison, CDC #C18493 |
| 02-17-87 | PD Los Angeles | PC 211, Robbery | 06-19-87, A796849, convicted Felony, PC 664/211, 3 years' state prison, CDC #D60273 |

CIRCUMSTANCES OF THE OFFENSE:          Specifics of the criminal offense and arrest of the defendant are detailed in the San Bernardino Police Department report number 94-45816.    The offense of Second Degree Commercial Burglary occurred on or about September 19, 1994, at approximately 4:40 a.m.    The defendant was arrested on that date and later charged by the district attorney's office with PC 459, a Felony.

According to the reports, the suspect pried open the edge of a plywood covering a large window opening.    He entered the business setting off a silent alarm.    He was arrested inside the business a short time later.    The suspect identified himself as Earl Washington, true identity was later established as Lawrence Birks.

Specifics of the criminal offense and arrest of the defendant are detailed in the San Bernardino Police Department report, case number 94/48041.    The offense of Commercial Burglary was committed on or about September 30, 1994, at 11:58 p.m.    The defendant was arrested on that date and later charged by the district attorney's office with PC 459, a Felony.

According to the police report, the suspect smashed a glass door of the business entering and began gathering property.    He then fled when he saw security officers approach the door.    The security officer observed him run from inside the building, caught him and detained him.    The suspect was later identified as Lawrence Birks.

FSB 05628 BIRKS, LAWRENCE                    -3-                    March 15, 1995

PLEA BARGAIN:                               A complaint was filed alleging
Second Degree Commercial Burglary, in violation of Section 459 of the Penal Code,
a Felony, Count I, and it was also alleged that the defendant was convicted of a
Serious Felony on June 4, 1980, within the meaning of Penal Code Section 667(b)
through (i); it was further alleged that the defendant was convicted of a Serious
Felony on June 19, 1987, within the meaning of Section 667(b) through (i).  It
was also alleged that the defendant served a Prior Prison Term of Five Years,
within the meaning of Penal Code Section 667.5(b).

                                      On February 15, 1995, the jury found
the defendant guilty of Count I, PC 459, a Felony, PC 459, a Misdemeanor,
Count II. Also found true were the two "strikes" and the one year prison prior.

DEFENDANT'S STATEMENT:                      The defendant was contacted at the
West Valley Detention Center on February 27, 1995. He refused to be interviewed
or answer any questions because "didn't think it was necessary as the court
already has the information it needs."

VICTIM'S STATEMENT:

COUNT I:

FSB 05628:                                  Southern Hospitality Restaurant was
contacted.  The assistant manager estimated that their loss was approximately
$1,000.00; $800.00 for replacement of the two glass front doors and $200.00 in
meat and seafood that was defrosted/taken.  They are requesting restitution in
the amount of $1,000.00.

COUNT II:

MSB 11281:                                  The manager of George's Smorgasbord,
Amy Ko, was contacted.  George's Smorgasbord is closed to the public but the
kitchen is still used to make meals for the motel next door and for special
catering activities.  The defendant did not steal any food or do any damage to
the interior of the building other than breaking the window and the plywood in
order to enter the business.  The manager is requesting restitution in an amount
to be determined at a later date as she did not have the information readily
available.

COLLATERAL REPORTS:                         When reviewing the defendant's prior
record, he was arrested on May 18, 1978, by the Los Angeles Police Department for
Rape by Force.  He was arrested by the Beverly Hills Police Department on
December 15, 1978, for PC 211, Robbery.  He was arrested by the Los Angeles

FSB 05628 BIRKS, LAWRENCE                    -4-                    March 15, 1995

Police Department again November 5, 1985, for Possession of a Controlled
Substance and again by the Los Angeles Police Department on August 2, 1986, for
Attempted Robbery.  As the records are old, Los Angeles County was unable to
provide any disposition for any of these arrests.

SENTENCING CONSIDERATIONS:

 Probation Eligibility (Rule 413):

        Statutory provisions limiting or prohibiting a grant of probation
        in this matter do exist, specifically, Section 667(c)(2) of the
        Penal Code.

 Criteria Affecting Probation (Rule 414):

 (a)  Facts relating to the crime include:
        (1)  The nature and circumstances of the crime are serious, as
             compared with other instances of the same crime.
        (5)  The degree of monetary loss to the victim was significant.
        (6)  The defendant was an active participant in the crime.

 (b)  Facts relating to the defendant include:
        (1)  The defendant does have a prior record of criminal conduct.
             That prior record does indicate a pattern of regular or
             increasingly serious criminal conduct.
        (2)  The defendant's prior performance on probation was
             satisfactory. The defendant was not on a grant of probation
             or parole at the time he committed the present offense.
        (5)  Imprisonment will not seriously affect the defendant.
        (6)  A felony conviction will not adversely affect the defendant's
             life.

 Circumstances in Aggravation (Rule 421):

 (a)  Facts relating to the crime include:
        (4)  The defendant occupied a position of leadership in the crime.
        (9)  The crime involved and attempted or actual taking or
             damage or great monetary value.

 (b)  Facts relating to the defendant include:
        (2)  The defendant's prior convictions as an adult are numerous.
        (3)  The defendant has served two prior prison terms; on June 27,
             1980 he was sentenced to state prison for five years and
             again on June 19, 1987, he was sentenced to state prison for
             three years.

 Circumstances in Mitigation (Rule 423):

 (a)  There are no facts relating to the crime.

 (b)  Facts relating to the defendant include:

(4) The defendant is ineligible for probation and but for the ineligibility, would have been granted probation.

Enhancements:

The special enhancements of two prior "strikes" and a Prior Prison Term were found guilty by the jury. For the impact these special allegations have upon the defendant's custody time, the court's attention is respectfully referred to the probation officer's recommendation.

ANALYSIS:                                    The defendant did not feel the need to be interviewed for the current offense as he was aware that probation was not an option. He did express a great displeasure at the court system, all attorneys involved and his treatment at the West Valley Detention Center. He made several conflicting statements as to even if he had a public defender at this point or if he was representing himself.

He is aware that state prison is the recommendation but does not believe he qualifies as a three "strike" case. He believes a more appropriate disposition would be five years as he does not consider either one of the burglaries to be noteworthy considering one of the businesses, he believes, is abandoned (George's Smorgasbord).

As such, the following recommendation is made by the probation department.

CVC 13350 RECOMMENDATION:                    It is respectfully recommended that the court find that a motor vehicle was not used in the commission of this offense.

REIMBURSEMENT OF APPOINTED COUNSEL:          It is respectfully recommended that the court find that the defendant does have the present ability to pay appointed counsel fees at the rate of $15.00 per month.

REIMBURSEMENT OF INVESTIGATION COSTS:        It is respectfully recommended that the court find that the defendant does have the present ability to pay the cost of conducting the presentence investigation and preparing the report pursuant to Section 1203.1(b) of the Penal Code. It is therefore respectfully recommended that the defendant be ordered to pay $504.00 through the county probation officer.

FSB 05628 BIRKS, LAWRENCE                    -6-                    March 15, 1995

REIMBURSEMENT OF ARRESTING AGENCY:          It is respectfully recommended that
the court order the defendant to reimburse the City of San Bernardino, 300 North
"D" Street, San Bernardino, CA, 92418, Attention: Accounting Department, pursuant
to Government Code 29550.1, in the amount of $122.90 and show proof of payment
to parole officer within ninety (90) days from release from custody.

FSB 05628 BIRKS, LAWRENCE                    -7-                    March 15, 1995

RESTITUTION FINE:                              It   is   therefore   respectfully
recommended that the defendant, Lawrence Birks, be ordered to pay a restitution
fine in the amount of $1,500.00 for the offense of Second Degree Commercial
Burglary, a Felony, Count I.

PROBATION OFFICER'S RECOMMENDATION:            It   is   therefore   respectfully
recommended that probation be denied and the defendant, Lawrence Birks, be
sentenced to the California State Prison as follows:

COUNT I:            Second Degree Commercial Burglary -
                    in violation of Section 459 PC, for
                    the aggravated term of                                3 years

COUNT II:           To be concurrent to above;
                    Second Degree Commercial Burglary -
                    in violation of Section 459 PC,
                    Misdemeanor, (in County Jail) for                     1 year

                    To be consecutive to above;
                    Enhancement of "Prior Prison Term,
                    PC 667(b), found true                                 1 year

                                              Pursuant to PC 667(3)(ii), the
commitment to State Prison is for a total of twenty-five (25) years to LIFE, with
credit for time served, a matter of two hundred fifty-four (254) days (one
hundred sixty-nine (169) days actual, eighty-five (85) days conduct), and may be
followed by parole for a period of three (3) to four (4) years.

FSB 05628 BIRKS, LAWRENCE                    -8-                    March 15, 1995

Respectfully submitted,

RAYMOND B. WINGERD
CHIEF PROBATION OFFICER

By: Deedee Meares-Elliott

Deedee Meares-Elliott
Probation Officer II

DME:la

APPROVED:

Don Brotchie
Supervisor

I hereby certify that the probation officer's report and recommendation in this
matter has been read and considered by me on this _____ day of
_____, 1995.

Judge of the Central Regional Trial Court,
in and for the County of San Bernardino,
State of California

FILED-Central District
SUPERIOR COURT
SAN BERNARDINO COUNTY

JUN 14 1999

*Dave O. Anderson*
Deputy

1

2

3

4

5

6

7

8              **SUPERIOR COURT OF CALIFORNIA**

9          **COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT**

10

11  THE PEOPLE OF THE STATE OF               )   Case No.: FSB 05628
    CALIFORNIA,                              )
12                                           )   **VERIFIED ANSWER TO MOTION FOR**
                                             )   **DISQUALIFICATION FOR CAUSE**
13               Plaintiff,                  )
                                             )
14       vs.                                 )
                                             )
15  LAWRENCE BIRKS,                          )
                                             )
16               Defendant.                  )

17  _____

18

19       A "Notice of Motion and Motion for Disqualification of Judge for Cause [CCP §

20  170 et. seq.] was served upon the undersigned on June 7, 1999.  In answer thereto,

21  the following chronology of events is relevant and is supported by the Minute Orders

22

23  of the court.

24       The decision of the California Supreme Court in *People vs. Lawrence Birks*

25  (S057191; Court of Appeal, 4/2 E016230 and San Bernardino County Superior Court

26  case number FSB 05628) was filed on August 31, 1998.  As a consequence of that

27  decision, a further opinion emanated from the Court of Appeal, 4th District, Division 2,

28

1   which affirmed the defendant's conviction and remanded the matter to the Trial Court

2   for consideration by the Trial Court of an exercise of discretion to strike one or more of

3   the defendant's prior felony convictions based upon discretion recognized on

4   principles espoused in *People vs. Superior Court (Romero)* (1996) 13 Cal.4$^{th}$ 497.

5   Honorable Duane M. Lloyd presided over the trial in the case of *People vs. Birks*. He

6   retired from the court prior to remand.  Therefore, upon remand, the matter was

7   routinely assigned to the undersigned by the then supervising judge,  Honorable

8   Brian S. McCarville.  That assignment occurred on January 20, 1999, with the initial

9   hearing before the undersigned set to take place on February 3, 1999.

10
11          At the time of the February 3, 1999, hearing the defendant, inter alia, requested

12  that he be allowed to proceed in pro per (i.e. a Faretta motion).  The matter was set

13  for further hearing relative to that request on February 9, 1999, and other dates were

14  set for sentencing review in order that the court could obtain a transcript of the

15  original sentencing which took place on May 8, 1995.

16
17          On February 9, 1999, the defendant withdrew his Faretta motion and informed

18  the undersigned that his request had to do with a civil matter.  The defendant then

19  requested library privileges while incarcerated in a county jail facility and that request

20  was denied based upon  the authority of *People vs. Clark*.  Counsel representing

21  Mr. Birks, attorney Mark Cantrell ( who had represented the defendant in the trial of

22  this matter) requested additional time to prepare a briefing due to the fact that he was

23  then engaged in trial. The matter was therefore set over to March 12, 1999, at 1:30

24  p.m.

25  ///

-2-

1   On February 23, 1999, attorney Cantrell requested a supplemental probation

2   report and the matter was therefore referred to the Probation Department for

3   preparation of such a report. At the next hearing on March 12, 1999, the matter was

4   continued to April 16, 1999, at 1:30 p.m.   On April 16, 1999, defendant Birks

5   requested that he be allowed to represent himself. A hearing on his Faretta motion

6   

7   was therefore set for April 22, 1999, at 8:30 a.m.  On that date the undersigned

8   provided the defendant with a form to complete relative to his Faretta request. The

9   undersigned then interviewed the defendant relative to his Faretta request and

10  determined that he was entitled to represent himself, thereby granting his Faretta

11  

12  motion. The defendant urged the court to set the hearing on whether or not a new

13  and different sentence should be pronounced as soon as possible.   The court

14  continued the matter to May 6, 1999.

15  

16  On May 6, 1999, the matter proceeded. After reviewing all pertinent materials,

17  including the previous sentencing transcript, the previous probation report, a

18  supplemental probation report (which contained no new information) and oral

19  arguments, the undersigned, in the exercise of judicial discretion, declined to strike

20  any of the defendant's prior felony convictions. The sentence previously pronounced

21  therefore remained.

22  

23  I had no knowledge of or acquaintance with Mr. Birks or his case before the

24  matter was assigned into this department. I had no knowledge of any disputed

25  evidentiary facts concerning the proceedings. I know of no reason or circumstance

26  which would cause me to be impartial with respect to Mr. Birks' matter, nor do I

27  

28  ///

-3-

believe that I acted in a partial fashion in any way.  I have absolutely no bias or

prejudice toward Mr. Birks.

I am not involved in any political controversy with the defendant, or with

anyone else for that matter, and I have not reviewed or discussed the resentencing of

Mr. Birks with anyone at any time other than during the course of proceedings which

have been fully reported by the certified shorthand reporter present at each of the

hearings in this matter. I have not conspired with anyone relative to this or any other

case, and I am neutral and detached with respect to the issues in this case. I know of

absolutely no reason which would cause me to disqualify myself or be disqualified

under any provision within Code of Civil Procedure § 170 – 170.6.

DATED: June ___, 1999

CHRISTOPHER J. WARNER
Judge of the Superior Court


**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I have read the foregoing **VERIFIED ANSWER TO MOTION FOR
DISQUALIFICATION FOR CAUSE PURSUANT TO CCP SECTION 170 et. seq.** and

know its contents.

The matters stated in the foregoing document are true of my own knowledge

except as to those matters which are stated on information and belief, and as to those

matters I believe them to be true.

1  Executed on June 14, 1999, at San Bernardino, California.

2  I declare under penalty of perjury under the laws of the State of California that

3  the foregoing is true and correct.

4

5

6

7  CHRISTOPHER J. WARNER                                    Signature
                Type or Print Name

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28