# EXHIBIT 2

| Arrested or Received | Department And Number | Name | Charge | Disposition |
|---|---|---|---|---|
| -21-76 | SO. SAN BERNARDINO 171160 | LAWRENCE BIRKS | 11369 H&S POSS F/SALE MARIJ. | "NONE" DET ONLY DA/REJ. |
| ~76-77 | | | | |
| -78 | PD LOS ANGELES 1575810/47164909 | LAWRENCE BIRKS | 245A PC ADW | "NONE" 4-7-78, 245A PC. REL, 849B (1) PC, DEEMED NOT ARR DET ONLY, VICT REFUSES TO PROS. |
| -78 | PD LOS ANGELES 1575810/4821647 | MICHAEL WILLIAMS | 261.2PC RAPE BY FORCE | "NONE" 5-19-76, 261.2PC, DA/CA REJ. REFER TO CA. |
| -78 | PD BEVERLY HILLS 8A1055 | LAWRENCE BIRKS | 211PC ROBB. | "NONE" |
| -85 | PD LOS ANGELES 1575810-B/83416370 | LAWRENCE BIRKS | 11350(A) H&S POSS NAR CONTR SUBS. | "NONE" 12-10-85, 11350(A) H&S. DA/CA REJ, REL DET ONLY LACK OF PROB CAUSE. |
| 85 | PD LOS ANGELES 1575810-B/7904725 | CARL WASHINGTON | 415(1) PC FIGHT CHALLNG FIGHT DISTRUB THE PEACE | "NONE" |
| -86 | PD LOS ANGELES | LAWRENCE BIRKS | 211 PC, ROBB | "NONE" |

ENTRIES INDICATED BY ASTERISK (\*) ARE NOT VERIFIED BY FINGER PRINTS IN CII FILES,
BUREAU OF IDENTIFICATION STATE OF CALIFORNIA DEPARTMENT OF JUSTICE

Following CII record, Number
MLM
N I U    DDD 12
L I U    DDD 10
MLM

4 867 409
NEGRO 6-3    ITS ILL, 8-4-1953
BIRKS: LAWRENCE

SN # 5166 88 8006
FBI # 544 911 N 8
DL # N3325384

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

# BUREAU OF CRIMINAL IDENTIFICATION
P.O. BOX 13417, SACRAMENTO

following CII record, NUMBER          4 867 409                    IS FOR OFFICIAL USE ONLY

PAGE 2

| ESTED OR CEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| -21-76 | SO SAN BERNARDINO 171160 | LAWRENCE BIRKS | 11359H&S POSS F/SALE MARIJ. | X |
| 16-77 | SO SAN BERNARDINO 178481 | LAWRENCE BIRKS | 245A PC  ADW. | 12-21-77,1F3226,JD# 38680,459PC,417PC,DISM, FURTH: OF JUST;12031A PC, PNC,12MOS PRCB. |
| 1-78 | PD LOS ANGELES 1575810/4764909 | LAWRENCE BIRKS | 245A PC  ADW. | 4-7-78,245A PC,REL, 849B(1)PC,DEEMED NOT X ARR DET ONLY,VICT REFUSES TO PROS. |
| 18-78 | PD LOS ANGELES 1575810/4821647 | MICHAEL WILLIAMS | 261.2PC  RAPE BY FORCE. | 5-19-78,261.2PC,DA/CA X REJ,REFER TO CA. * |
| -15-78 | PD BEVERLY HILLS 8A1055 | LAWRENCE BIRKS | 211PC  ROBB. | X |
|  |  | CONTINUED APGE 3 |  |  |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF IDENTIFICATION
P.O. BOX 13417, SACRAMENTO

, following CII record, NUMBER          4 867 409                    IS FOR OFFICIAL USE ONLY

PAGE 3

| ESTED OR CEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 30 | SO SAN BERNARDINO 230991 | LAWRENCE BIRKS | 211PC,ROBB | 6-4-80,#ACIS F11578, FSB251642,JD#36100, 211PC,FEL,JURY CONV, CERT SUP CRT; 6-27-80,#SCR-36683,JD# 36100,5YRS TT,ST PRIS, 216DS CTS; USE ALLEG FD TRUE BUT STRICKEN BY CRT |
| 80 | CALIF DEPT OF CORR,RC,CHINO C-18493 | LAWRENCE BIRKS | CS #SCR36683 CT 1,ROBB (211PC) | TERM  5YRS 5-7-83 PAROLED TO SAN BERDO CO 6-7-84, DISCH |
| 2-85 | PD LOS ANGELES T575810-B/7904225 | CARL WASHINGTON | 415(1) PC FIGHT CHALLNGE FIGHT DISTRUB THE PEACE | X |
| -85 | PD LOS ANGELES 1575810-B/8346270 | LAWRENCE BIRKS | 11350(A)H&S POSS NARC CONTR SUBS. | 12-10-85,11350(A)H&S, DA/CA REJ,REL DET ONLY X LACK OF PROB CAUSE. |
| 28-86 | PD LOS ANGELES 1575810-B/8463812 | LAWRENCE BIRKS | 211PC, ROBB | X |
| — | | CONTINUED PAGE 4 | | — — |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION
P.O. BOX 13417, SACRAMENTO

following CII record, NUMBER          4 867 409          IS FOR OFFICIAL USE ONLY

PAGE 4

| ESTED OR CEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 2-86 | PD LOS ANGELES 1575810-B/8693912 | LAWRENCE BIRKS | 664/211 PC ATT ROBB | ✗ |
| 17-87 | PD LOS ANGELES, 2140243W/8973792 | EARL WASHINGTON | 211PC-ROBB. | 6-19-87,#A796849;JD#19100 CONV.BY JURY OF 211/664 PC FEL;3 YRS. ST.PRIS. |
| 30-87 | CALIF.DEPT.CORR., D-60273 | EARL WASHINGTON | CS.#A796849; CT.1-ATT.ROBB. 211/664 PC | FROM: L.A. CO. TERM: 3 YRS. 4-12-89 PAROLED TO L.A. CO. 11-28-90,PV/RTC 91 DISS 92 |

REGISTER BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

Laurence Birks, No. 4916 · · · ·     FBI # 544 911 N3           DL # N3385384
(SVSP) Salinas Valley State Prison     SN # 566 88 5006           DOB — 8.4.1953
P.O. Box — 1030-C8-129
Soledad California, 93960.1030

Cii record Number — 4 867 1                    COMPLAINT OF ALLEGED

DATE: July 9, 2001.                            Your Dept. Staff has printed inaccuracy,
                                               Incorrected information against me, that
:: State of California                         being use Illegally as Arrest and as
Department of Justice of California            Conviction Under Criminal History of
Bureau of Identification — Chief of Criminal Record   Crime Committed by me, Violation of
P.O. Box — 903417                              Privacy Act. 5 U.S.C.A. §552 a(e)(6)(G)(4)(C)
Sacramento. California, 94203-4170             (9)(4).

: Records Review Unit
P.O. Box — 903417
Sacramento, California. 94203-4170

: Department of Corrections
P.O. Box — 942883
Sacramento, California, 942883-001

: To Whom It May Concern;

  There is definitely Errors of incorrect, inaccuracy information in my
riminal records File that should be immediately Corrected as soon as Possible, The California.
artment of Justice Bureau of Identification Dept. Clerk/or Supervisor or Dept. Director,
vernment Agency, has allowed inaccuracies of information use illegally as Criminal history
arrest and conviction of crimes Not Committed by me, Violation of Privacy Acts U.S.C.A. §552a.
(e)(9)(4)(C) (9)(4), "Government Agency" Not taken reasonable steps to maintain accuracy of information
Ifully or intentionally Fails to correct or maintain individuals records in the Proper manner to assure
rness Consequently makes determination adverse to his Criminal history of arrest and conviction. I
ice of First Amendment Rights, Seeking redress, and given the above Party's Legal and Juridical
Financial Notice, Holding the above "Government Agency", Dept. Staff of Sum ONE THOUSAND DOLLARS
the Misconduct, Violation Under the Privacy Acts, of Not maintaining accurate Criminal arrest
i Conviction history in the State of California, The incorrected information has cause a great
nificant adverse affect upon me, in the San Bernardino (Court) System and in (Prison) as mak-
i determination adverse to me of (Criminal History )" Section(e)(9)(4)(C) and(9)(4) of the Privacy
t. 5 U.S.C.A.(a)(e)(6). Hold Your "Agency" liable, Provides that each "Agency" Must Maintaine
rect an accurate record System of individuals to suitate determinate

1  **SUPERIOR COURT**
   **COUNTY OF SAN BERNARDINO**
2  Department No. S-8
   351 North Arrowhead Avenue
3  San Bernardino, California 92415-0240

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 24 2004

BY _____
                        DEPUTY

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

## SAN BERNARDINO DISTRICT

| | |
|---|---|
| In re the Petition of | Case No. SWHSS-5839 |
| LAWRENCE BIRKS, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| For Writ of Habeas Corpus. | |

The Petition for Writ of Habeas Corpus filed with this court on March 15, 2004, by Petitioner LAWRENCE BIRKS is hereby <u>DENIED</u>.

<u>PETITIONER'S CONTENTIONS</u>:

Petitioner contends that;

1) his sentence pursuant to the "three-strikes law" is illegal since it constitutes cruel and unusual punishment;

  a. his prior convictions (SCR36683 and A796849) were nonviolent or non-serious offenses;

  b. his prior convictions were committed prior to the enactment of the "three-strikes law" and, therefore, should not have been used for enhancements;

2) his trial counsel was ineffective;

-1-

1    3) he was not allowed an adequate "review for resentence";

2    4) the trial court improperly denied his "Marsden" motion.

3    <u>FACTS OF THE CASE</u>:

4    Originally, the Petitioner was charged, in San Bernardino County Case No.

5    FSB-05628 with two counts of second-degree commercial burglary (Penal Code § 459,

6    *et seq.*); one as a misdemeanor and one as a felony.  The information alleged two prior

7    serious or violent felony convictions for purposes of the "three-strikes law" (Penal Code

8    § 667) and two prior prison terms (§ 667.5).

9    The jury convicted Petitioner of two counts of second-degree burglary, found

10   true the two prior strikes and upheld one of the prison term allegations.  (The other was

11   withdrawn.)  Petitioner was sentenced to twenty-five years to life pursuant to the "three-

12   strikes law," with a concurrent enhancement of one year for the prior prison term and

13   one year concurrent jail sentence for the misdemeanor.

14   Petitioner's appeal to the conviction cited the following alleged errors;

15   1) the trial court prejudicially erred in refusing to instruct the jury on trespass

16   as a lesser-related offense to the burglary charged in Count 1;

17   2) the trial court erred by instructing the jury on reasonable doubt according

18   to the modified version of CALJIC No. 2.90 as suggested by *People v. Freeman* (1994)

19   114 S.Ct. 1239;

20   3) the trial court erred in denying his motion to dismiss the charge of

21   misdemeanor burglary as unestablished by the evidence (Penal Code § 995);

22   4) the trial court erred in defendant's request to bifurcate the trial on the

23   misdemeanor from trial on the felony;

24   5) the trial court erred by sentencing him pursuant to Penal Code § 667.5(b)

25   through (i) (the "three-strikes law").

26   The Court of Appeals, in Case No. E016230 (decision filed September 30,

27   1996) decided the following;

28   ///

-2-

1    1.  The trial court erred in refusing to instruct the jury on trespass in

2  connection with the felony burglary charge alleged in Count 1.

3    2.  The trial court correctly instructed the jury on reasonable doubt in this case

4  by giving the modified version of CALJIC No. 2.90.

5    3.  The trial court did not err when it denied Petitioner's motion to bifurcate

6  trial on the two offenses.

7    4.  The trial court did not err when it denied Petitioner's motion for a new trial.

8    5.  The claims regarding errors in sentencing were not decided since the

9  Appellate Court reversed the conviction due to the errors in instructions and remanded

10  the case for retrial.

11    However, on appeal to the Supreme Court, the Supreme Court decided that

12  the decision of the Appellate Court was incorrect on the instruction issue and reversed

13  the decision, stating:

14    ". . . because the Court of Appeal reversed
defendant's Count 1 conviction on *Geiger* grounds, it did not
15    fully address defendant's several claims of sentencing error
under the three-strikes law.  On remand, the Court of Appeal
16    should proceed to resolve those issues."

17

18    The Court of Appeals, by decision filed December 10, 1998, ruled that;

19    1.  The trial court incorrectly believed that it lacked discretion to strike one of

20  defendant's (Petitioner, herein) prior serious felony convictions.  The matter was

21  remanded to the trial court for resentencing.

22    2.  The defendant (Petitioner) was not entitled to a preliminary hearing on the

23  misdemeanor charge.

24    3.  The trial court did not err by not bifurcating trial on the two charges and

25  denying a motion for new trial based upon the same grounds.

26    4.  The three-strikes law is constitutional.  (*People v. Spears* (1995) 40

27  Cal.App.4th 1683; *People v. Cartwright* (1995) 39 Cal.App.4th 1123.)

28    On remand for resentencing, the trial court denied Petitioner's motion to strike

the prior conviction and Petitioner was resentenced accordingly.

-3-

<u>CONTENTIONS CONSIDERED</u>:

1. Petitioner's prior convictions were for robbery, which is a serious and violent felony. He is eminently qualified to spend his life in prison pursuant to Penal Code § 667. ⸱ `

   a. Penal Code § 667 does not violate the constitutional prohibition against cruel and unusual punishment. *People v. Lopez* (1983) 147 Cal.App.3d 162; *People v. Villasenor* (1984) 152 Cal.App.3d 30; *People v. Cooper* (1996) 43 Cal.App.4th 815.

   b. Penal Code § 667 is not an *ex post facto* law. *People v. Weaver* (1984) 161 Cal.App.3d 119.

2. Claims of ineffective assistance of counsel are properly raised on appeal, not in petitions for writ of habeas corpus. The Petitioner's claims in this regard have been previously considered and denied. There are no proper grounds for reconsideration of such claims for this Petition. (See, *In re Stanley* (2000) Cal. Lexis 4899.)

3. There is no authority to justify Petitioner's claim that resentencing review was inadequate. Petitioner's dissatisfaction with the trial court's exercise of its discretion is not grounds for habeas corpus relief.

4. The denial of Petitioner's "Marsden" motion was a proper subject for appellate review not for petition for habeas corpus relief. Habeas corpus is not a second appeal. (*In re Harris* 5 Cal.4th 813.)

   Therefore, there are not grounds to grant habeas corpus relief, and the Petition is <u>denied</u>.

Dated this _24th_ day of March, 2004.

JOHN P. WADE
Judge of the Superior Court

-4-

APPELLATE DEFENDERS, INC.
555 WEST BEECH STREET
SUITE 300
SAN DIEGO, CA 92101-2939

(619) 696-0282
Automated Attendant: (619) 696-0284, ext.
Facsimile (619) 696-7789
E-mail:hcc@adi-sandiego.com

March 28, 2005

Mr. Lawrence Birks
#J61976
High Desert State Prison
P.O. Box 3030 – C8-127L
Susanville, CA 96127

      Re: *People v. Birks*, E016230

Dear Mr. Birks:

      Thank you for your letter dated March 1, 2005, which was received by our office on March 8, 2005. Because your case is quite old, the staff attorney assigned to *monitor* your case has since left our office. Your file was assigned to me to review, but I was out of the country at the time and became ill after I returned. I apologize for the delayed reply.

      (I emphasized "monitor" in the preceding paragraph, because neither Appellate Defenders, Inc. nor any staff attorney of same is your attorney of record. Your appellate attorney of record was Mr. Howard Stechel.)

      At any rate, you apparently take exception to your Three Strikes sentence in various grounds. One deals with the type of case your Los Angles County case was. You state that the conviction of attempted second degree robbery was "wrongful," i.e., no victim, money, or violence. The problem you would face is that the California Supreme Court ruled that if one wants to contest a prior conviction, one canNOT contest it during the proceedings of a subsequent prosecution. Instead, one has to go back to the court from which the conviction resulted (and where the witnesses and attorneys are most likely to be). This is not to say that your attorney in San Bernardino need not have done anything. However, once you became your own attorney pursuant to *Faretta*, the burden would have been placed upon you to to undertake the proper procedure. All I can advise you now is that your first step in this endeavor would be to file a petition for a writ in Los Angeles County alleging why the attempted second degree burglary was improper. (I hasten to add that one requirement for such a petition, such as a petition for habeas corpus, is that it be "timely." There is no set time limit on timeliness, such as one year or whatever. However, the longer it has been, the less likely the court will consider it "timely,"

Mr. Lawrence Birks
March 28, 2005
Page 2


because after some passage of time, the People would be at a disadvantage to retry the case if evidence has been lost or destroyed or witnesses no longer available.)

If you file a petition in Los Angeles – and I cannot afford you any assistance in doing so – and are successful, then you can file a new petition in San Bernardino County arguing that the Three Strikes sentence is improper.

Second, you state you were arrested in 1994 before the Three Strikes initiative. You are incorrect. The burglary was committed in September 1994, and the Three Strikes Law became effective March 7, 1994.

I again emphasize that to the extent that you have legitimate argument in regard to the Los Angeles conviction, since our office does not directly deal with Los Angeles convictions, I cannot afford you assistance on that score.


Sincerely yours,

Howard C. Cohen
Staff Attorney
State Bar No. 53313

APPELLATE DEFENDERS, INC.
555 WEST BEECH STREET
SUITE 300
SAN DIEGO, CA 92101-2939

(619) 696-0282
Automated Attendant: (619) 696-0284, ext.
Facsimile (619) 696-7789
E-mail:hcc@adi-sandiego.com

April 4, 2005

Mr. Lawrence Birks
#J61976
High Desert State Prison
P.O. Box 3030 – C8-127L
Susanville, CA 96127

      Re: *People v. Birks*, E016230

Dear Mr. Birks:

      Thank you for your letter dated March 28, 2005, which our office received April 1, 2005. My response to your earlier letter obviously crossed your most recent letter in the mail.

      I addressed most of your concerns in my March 28, 2005, letter to you. In your March 28, 2005, letter to out office, you refer to the improper use of false arrest charges which affected your *Romero* issue. However, since I was not the assigned, monitoring attorney, I do not know to what you are referring. You also refer to a challenge against the trial judge, but again, I am not knowledgeable of the background of your case.

      By copy of this letter to Mr. Howard Stechel, I am requesting that he confer with me about your concerns.

               Sincerely yours,

               Howard C. Cohen
               Staff Attorney
               State Bar No. 53313

cc: Mr. Howard Stechel w/ encl.

APPELLATE DEFENDERS, INC.
555 WEST BEECH STREET
SUITE 300
SAN DIEGO, CA 92101-2939

(619) 696-0282
Automated Attendant: (619) 696-0284, ext.
Facsimile (619) 696-7789
E-mail:hcc@adi-sandiego.com

June 1, 2005

Mr. Howard J. Stechel
Attorney at Law
3325 Wilshire Blvd., Ste. 700
Los Angeles, CA 90010

   Re: *People v. Birks*, E016230

Dear Mr. Stechel:

  Enclosed is a letter from Mr. Birks in which he refers to an April 2005 letter from me (in response to a letter from him). Actually, it was a March letter which was more comprehensive (which I am also enclosing).

  Frankly, I cannot make heads or tails out of his most recent letter. I would request you review it and advise me.

      Sincerely yours,

      Howard C. Cohen
      Staff Attorney
      State Bar No. 53313

Encls.

cc: Mr. Lawrence Birks w.o encl.

APPELLATE DEFENDERS, INC.

555 West Beech Street
Suite 300
San Diego, CA 92101-2939

(619) 696-0282
Automated Attendant: (619) 696-0284, ext.
Facsimile (619) 696-7789
E-mail:hcc@adi-sandiego.com

June 20, 2005

Mr. Lawrence Birks
#J61976
High Desert State Prison
P.O. Box 3030 – C8-127L
Susanville, CA  96127

      Re: *People v. Birks*, E016230

Dear Mr. Birks:

      As a *courtesy*, I am replying to your last letter to me dated June 9, 2005, now that I have spoken and conferred with Mr. Stechel. I will not be able to assist you further.

      You seem to complain that the Los Angeles County serious prior felony/strike that the jury found was not, in fact, a robbery, and, therefore, should not be considered either a serious prior felony or a strike.

      As indicated I have spoken to Mr. Stechel, who answered my questions as best as he was able since (a) he no longer has the record (and which he habitually sends to his clients at the conclusion of the case, so I presume you received it) and (b) it has been some time since your case was active.

      I seriously question whether the documents submitted to the jury and upon which they returned a verdict that you were convicted of robbery referred to something else. If the documents indicated a conviction of some offense other than robbery, it would be very unlikely for that difference to have escaped the notice of your trial counsel, the jury, the Court of Appeal, and Mr. Stechel. If you have the *appellate record* which includes *documentation* showing you were convicted of something other than robbery in Los Angeles County, you may send a copy of it to me for me to peruse. Please do not write alleging what you believe to be the case; I will not respond to any correspondence which only recites your beliefs. If there is an authentic document I can review, I will.

      If your concern is that the documentation refers to a robbery *but* that documentation is inaccurate, then the inaccuracy could not have been corrected on

Mr. Lawrence Birks
June 20, 2005
Page 2

appeal in the Fourth District Court of Appeal. As I have written you in the past – but will not write again – if there is an error in the documentation, you would have to go back to Los Angeles County, where any error would have occurred, to have the correction made.

You also suggest that Mr. Stechel provided ineffective assistance of counsel by not raising the issue. As I have explained, the issue could not be raised on appeal but would have to be raised in Los Angeles County. When I spoke to Mr. Stechel, he informed he has no recollection of your ever complaining about any error in the type of prior conviction you suffered.

Sincerely yours,

Howard C. Cohen
Staff Attorney
State Bar No. 53313

cc: Mr. Howard Stechel



**BILL LOCKYER**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

110 WEST A STREET, SUITE 1100
SAN DIEGO, CA 92101
P.O. BOX 85266
SAN DIEGO, CA 92186-5266

Public: (619) 645-2001
Telephone: (619) 645-2019
Facsimile: (619) 645-2581
E-Mail: Lora.Martin@doj.ca.gov

May 2, 2006

The Honorable Bob N. Krug
San Bernardino County Superior Court
351 North Arrowhead Avenue
Dept. S-16
San Bernardino, CA 92415-0240

RE:    INFORMAL RESPONSE
       In re LAWRENCE BIRKS, Case No. SWHSS-8624

Dear Judge Krug:

This letter is sent in response to this Court's order of March 3, 2006, directing respondent to file an informal response to the petition for writ of habeas corpus filed by petitioner. For the forgoing reasons, the petition must be denied.

## A. **Factual background**.

Petitioner was tried and convicted in the San Bernardino County Superior Court on two counts of burglary. On May 8, 1995, the superior court sentenced petitioner to a term of 25 years to life for count one (a felony), pursuant to the Three Strikes Law, and to one year for count two (a misdemeanor). (Exh. 1.) According to prison records, petitioner's current minimum eligibility for parole date (MEPD) is June 4, 2020. (Exh. 2.)

## B. **The petition should be denied as it fails to state an articulable claim for relief.**

First, it appears that the petition should be denied for failure to state an articulable claim for relief. The petition should be denied on this basis alone.

The burden of proof in a habeas corpus proceeding is on the petitioner. (*In re Visciotti* (1996) 14 Cal.4th 325, 351.) The petitioner is required to set forth the facts supporting the allegations in the petition with particularity. Vague or conclusory allegations do not warrant habeas relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.)

May 2, 2006
Page 2

        Here, petitioner's claims are virtually indecipherable, and the petition should be denied on this basis. However, assuming, without conceding, that some articulable claim can be gleaned from the petition, it appears that petitioner is contending that the calculation of his MEPD is incorrect, and that the application of the Three Strikes Law violates the Ex Post Facto Clause of the constitution. (See, e.g., Pet., at 4; Pet., Exh. C, Declaration of Lawrence Birks, and Petition for Governor's Review.)[1]

### C. If petitioner is challenging the application of the Three Strikes Law, his claim should be denied as contrary to the law.

        Prison records indicate that petitioner's MEPD has been calculated pursuant to Penal Code sections 667, subdivision (e) and 2933.1. (Exh. 3.) Petitioner does not directly challenge this calculation, but appears to contend that his MEPD is too long in comparison to the nature of his most recent crime. (See, Pet. at 3.)

        Petitioner cites no authority nor points to any specific evidence which support his contention that his MEPD is incorrectly calculated. In fact, the United States Supreme Court has specifically rejected claims regarding the proportionality of the Three Strikes Law in general. (See, *Lockyer v. Andrade* (2003) 538 U.S. 63 [upholding a 50 year-to-life sentence for two petty theft convictions], and *Ewing v. California* (2003) 538 U.S. 11 [validating a 25 year-to-life sentence for grand theft].) His claim should therefore be rejected.

        Likewise, petitioner's contention that the application of the provisions of the Three Strikes Law violates the Ex Post Facto Clause of the constitution has been rejected. (See, e.g., *United States v. Ahumada-Avalos,* 875 F.2d 681, 683-84 (9th Cir.1989).

---

        1. In addition to his petition for writ of habeas corpus, petitioner filed a "Supplement Motion for Relief to Have the Board of Prison Terms Scheduling Suitability Hearing for Parole After Serving Ten Years." The nature of petitioner's claims in these documents is virtually indecipherable. However, to the extent that petitioner's claims can be understood based on a reading of the motion and petition, it appears that he is challenging the calculation of his MEPD.

May 2, 2006
Page 3

Accordingly, the petition for writ of habeas corpus should be denied. Petitioner has failed to state an articulable claim for relief. To the extent that any issue can be gleaned from the petition, the claims should be denied on the merits.

Sincerely,

LORA FOX MARTIN
Deputy Attorney General
State Bar No. 168012

For     BILL LOCKYER
Attorney General

LFM:igc
70056851.wpd



*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

P.O. Box 903417
SACRAMENTO, CA 94203-4170

May 13, 2004

Lawrence Birks
#J61976
High Desert State Prison
P.O. Box 3030 / B2 102
Susanville CA 96127

Dear Mr. Birks:

Enclosed is a copy of your state summary criminal history record as maintained by the California Bureau of Criminal Identification and Information. This record has been released under the provisions of California Penal Code Sections 11120 - 11127.

If you wish to challenge the accuracy or completeness of this record, please complete and return the enclosed form (BCII 8706).

If you have any further questions, please address your correspondence to the Record Review Unit at the above address.

Sincerely,

Robert Santos, Assistant Manager
Record Support Section
Bureau of Criminal Identification
and Information

For   BILL LOCKYER
Attorney General

RS/rw

BCII 8711 (Rev. 11/99)

APPELLATE DEFENDERS, INC.

555 WEST BEECH STREET
SUITE 300
SAN DIEGO, CA 92101-2939

(619) 696-0282
Automated Attendant: (619) 696-0284, ext.
Facsimile (619) 696-7789
E-mail:hcc@adi-sandiego.com

May 30, 2007

Mr. Lawrence Birks
#J61976
High Desert State Prison
P.O. Box 3030 – C8-127L
Susanville, CA 96127

Re: *People v. Birks*, E016230

Dear Mr. Birks:

Thank you for your letter dated May 20, 2007, which was received by our office on May 24, 2007.

Basically, you are writing again <u>two</u> years after your last correspondence to our office. I am enclosing a copy of my letters to you of March 28, 2005, and June 20, 2005.

You seem to argue that you should not be subject to the Three Strikes sentence. Again, much of what I wrote you in 2005 applies. It would appear from my past correspondence, you are questioning whether your robbery and attempted robbery convictions should be considered Strikes.

I do not want to repeat entirely what I have written previously. The facts underlying a robbery or an attempted robbery can range across a broad spectrum, from the very slightest use of force to the use of much force and/or weapons. For Three Strikes purposes, the underlying facts do NOT matter. *Any* (attempted) robbery, regardless of the facts, constitutes a Strike. Whether you describe the facts as "non-violent" is irrelevant. Again, any (attempted) robbery, whether "violent" or not, is a Strike.

The only way to undue the Strikes would be to undo the underlying robbery and attempted robbery convictions by means of habeas corpus in the county of origin, e.g., Los Angeles, and NOT in the county where you suffered the burglary conviction. If you have already attempted a habeas petition unsuccessfully, I cannot help you further. If you are no longer in custody in the underlying (attempted) robbery – which appears to be the case – of if you are not timely – which again appears to be the case,

Mr. Lawrence Birks
May 30, 2007
Page 2


there is little that anyone can do.  Again, I cannot help you further.

Sincerely yours,

Howard C. Cohen
Staff Attorney
State Bar No. 53313

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
**BUREAU OF IDENTIFICATION**
P. O. BOX 13417, SACRAMENTO

SN #566 88 8006
FBI# 544 911 N 8
SN# 566 88 5006

OL# N3325384
**IS FOR OFFICIAL USE ONLY**
SN# 566 88 9006

**The following CII record, NUMBER**

4 867 409

NEGRO 6-3 175 ILL. 8-4-1953

BIRKS: LAWRENCE

```
          MLM
19  M  1  U  000  12
 L  1  U  000  10
7Y        MLM
```

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| ALIAS: CARL WASHINGTON; MICHAEL WILLIAMS; EARL WASHINGTON; | | | | |
| 2-15-73 | SO SAN BERNARDINO 47671 | LAWRENCE BIRKS | 40508 VC FAIL.APPEAR 23122 VC TRAFF.VIO. | RELEASED FOR PERSONAL USE ONLY NOT TO BE USED FOR EMPLOYMENT, LICENSING, OR CERTIFICATION PURPOSES |
| 9-24-74 | SO SAN BERNARDINO 129288 | LAWRENCE BIRKS | 1. 12031 PC CARRY.CONCEL. WPN. 2. 148 PC INTERFER | 11-15-74,CT.1,PG, 12MOS.INFORM.PROB.; CT.2,S,DISM.PLEA BARGAIN |
| 10-3-74 | SO SAN BERNARDINO 129699 | LAWRENCE BIRKS | 23102AVC DRK. DRIVING | 2-5-75 #MT 25149 JD#36480 "A" DISM. FUR.JUST." |
| 2-16-74 | SO SAN BERNARDINO 133777,A | LAWRENCE BIRKS | 1) 23102A VC DRK. DRIV. 2) 14601 VC DRIV.W/SUSP. LIC. | 2-5-75 #MT 25819 JD# 36480 23102A VC FN. $190.50., 12 MOS. PROB. 11-2-76,PROB VIO,7DS JL. |
| 3-20-75 | SO SAN BERNARDINO 147264,A | LAWRENCE BIRKS | 1)537/647E PC DEFRAUD INKPR/REF.TO ID 2)FAIL/APPEAR 23102A VC DRK DRIV WARR.MT25819 VALLEY DIV CT | 8-20-75,537 PC & 647E PC,COMPLT. DENIED,NO REASON GIVEN DA REJ.; 23102A VC,REL.TO FONTANA VALLEY MUNI |
| – – | | CONT. PAGE 2 | | – – |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

## BUREAU OF CRIMINAL IDENTIFICATION

P.O. BOX 13417, SACRAMENTO

The following CII record, NUMBER        4 867 409        IS FOR OFFICIAL USE ONLY

PAGE 2

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 10-21-76 | SO SAN BERNARDINO 171160 | LAWRENCE BIRKS | 11359H&S POSS F/SALE MARIJ. | *NONE* |
| 3-16-77 | SO SAN BERNARDINO 178481 | LAWRENCE BIRKS | 245A PC   ADW. | 12-21-77,#F3226,JD# 38680,459PC,417PC,DISM, FURTH: OF JUST;12031A PC, PNC,12MOS PROB. |
| 4-1-78 | PD LOS ANGELES 1575810/4764909 | LAWRENCE BIRKS | 245A PC   ADW. | 4-7-78,245A PC,REL, 849B(1)PC,DEEMED NOT ARR DET ONLY,VICT REFUSES TO PROS. |
| 5-18-78 | PD LOS ANGELES 1575810/4821647 | MICHAEL WILLIAMS | 261.2PC   RAPE BY FORCE. | 5-19-78,261.2PC,DA/CA REJ,REFER TO CA. |
| 12-15-78 | PD BEVERLY HILLS 8A1055 | LAWRENCE BIRKS | 211PC   ROBB. | |
| | | CONTINUED APGE 3 | | |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

## BUREAU OF IDENTIFICATION
P. O. BOX 13417, SACRAMENTO

**The following CII record, NUMBER**    4 867 409    **IS FOR OFFICIAL USE ONLY**

PAGE 3

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 2-5-80 | SO SAN BERNARDINO 230991 | LAWRENCE BIRKS | 211PC, ROBB | 6-4-80, #ACIS F11578, FSB251642, JD#36100, 211PC, FEL, JURY CONV, CERT SUP CRT; 6-27-80, #SCR-36683, JD# 36100, 5YRS TT, ST PRIS, 216DS CTS; USE ALLEG FD TRUE BUT STRICKEN BY CRT |
| 7-3-80 | CALIF DEPT OF CORR, RC, CHINO C-18493 | LAWRENCE BIRKS | CS #SCR36683 CT 1, ROBB (211PC) | TERM 5YRS 5-7-83 PAROLED TO SAN BERDO CO 6-7-84, DISCH |
| 1-12-85 | PD LOS ANGELES 1575810-B/7904225 | CARL WASHINGTON | 415(1) PC FIGHT CHALLNGE FIGHT DISTRUB THE PEACE | X |
| 12-5-85 | PD LOS ANGELES 1575810-B/8346270 | LAWRENCE BIRKS | 11350(A)H&S POSS NARC CONTR SUBS. | 12-10-85, 11350(A)H&S, DA/CA REJ, REL DET ONLY X LACK OF PROB CAUSE. |
| 2-28-86 | PD LOS ANGELES 1575810-B/8463812 | LAWRENCE BIRKS | 211PC, ROBB | X |
| - - | | CONTINUED PAGE 4 | | - - |

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

## BUREAU OF CRIMINAL IDENTIFICATION

P.O. BOX 903417, SACRAMENTO  94203-4170

The following CII record, NUMBER          4 867 409          IS FOR OFFICIAL USE ONLY

827                                PAGE 4

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 8-2-86 | PD LOS ANGELES 1575810-B/8693512 | LAWRENCE BIRKS | 664/211 PC, ATT.ROBB | ✗ |
| 2-17-87 | PD LOS ANGELES 2140243-W/8973792 | EARL WASHINGTON | 211 PC,ROBB | 6-19-87,#A796849,JD# 19100,664/211PC,FEL,CONV. BY JURY,3YRS.TT ST.PRIS. |
| 6-30-87 | CALIF DEPT CORR D-60273 | EARL WASHINGTON | CS#A796849 CT.1,ATT.ROBB. 664/211PC | FROM: L.A. CO. TERM: 3YRS. 4-12-89,PAROLED TO L.A. CO. 6-7-90,PV/RTC 11-27-90,PAROLED TO L.A. CO. 11-28-90,PV/RTC |
| 9-19-94 | SO SAN BERNARDINO 9409343344 | LAWRENCE BIRKS | #MSB11281 459 PC,COMM. BURG. (ARR BY PD SAN BERDO) | |
| 10-1-94 | SO SAN BERNARDINO 9410340070 | LAWRENCE BIRKS | 459 PC,COMMERC. BURG. (ARR BY TASK FORCE) | 5-8-95,#FSB05628,JD# 36100,459PC/667.5(B)PC, 2CNTS,PG,25YRS TT ST PRIS. |
| --- | CONTINUED PAGE 5 | | | --- |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

B6  42107

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
## BUREAU OF CRIMINAL IDENTIFICATION
P.O. BOX 903417, SACRAMENTO  94203-4170

The following CII record, NUMBER          4 867 409          **IS FOR OFFICIAL USE ONLY**

827                                          PAGE 5

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 10-4-94 | SO SAN BERNARDINO 9410340070A | LAWRENCE BIRKS | #FSB05628 459 PC,BURG. (ARR BY TASK FORCE) | |
| 10-6-94 | SO SAN BERNARDINO 9410340070B | LAWRENCE BIRKS | #MSB11281 459 PC,BURG. (ARR BY TASK FORCE) | |
| 5-18-95 | CALIF DEPT OF CORR J-61976 | LAWRENCE BIRKS | CS#FSB05628 CT.1,2ND° BURG,459 PC/ 667.5(B)(I)PC | FROM: SAN BERNARDINO CO. TOTAL TERM: 25YRS-LIFE. |

California Penal Code Section 11125 states:
"No person or agency shall require or request another
person to furnish a copy of a record or notification
that a record exists or does not exist as provided in
Section 11124. A violation of this section is a
misdemeanor."

Dated:          W 3 2 MAY 1 3 2004

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

# EXHIBIT 3

101 E. Redlands Blvd., Suite 105
Redlands, CA 92373
Bus: (909) 793-9041
Fax: (909) 793-5074

# Brite-Star Investigations

### CONFIDENTIAL ATTORNY REPORT
### (952 EVIDENCE CODE)

**DATE: March 15, 1999**

**DEFENDANT:**   LAWRENCE BIRKS
**ATTORNEY:**    MARK CANTRELL
**CASE:**        FSB 05628
**INVESTIGATOR:** ERIC W. MARTIN / PI 18484

## ASSIGNMENT:
To review the case and conduct an investigation into the alleged charges against the defendant.

## POINTS OF INTEREST:
Strike order has been dropped off as of 03/08/99, awaiting copies.

## DEFENDANT CONTACT:
On March 12, 1999, I contacted the defendant in the lock down area, to the rear of Department "F", at the Central Court House, downtown San Bernardino.

After having introduced my self and having supplied the defendant with my card. He informed me that, he is in a "Pro Per" status and that, he does not recognize me as his investigator.

When I explained to him that, Mark Cantrell is still his "Attorney of Record". He stated that, he had filed a motion with the court, firing Mr. Cantrell and that, he has notified the "State Bar", about Mr. Cantrells incompetence.

I then tried to explain to the defendant that, we were going to be preparing a "Romero Report" and a "Romero Motion" so his prior strikes could be challenged, and that it could not hurt him, to assist me. He stated that, I was violating his rights and interfering with his case, since he did not hire me, nor did he authorize my assistance.

No matter what I said, or how soft-spoken I was with the defendant, he would not listen to me. The defendant became angry and proceeded to voice his anger towards the court system and then finally walked away from me.

Our interview was concluded at this point.

## DEFENDANTS BACKGROUND

The following background was obtained from past probation reports and two 1994 medical reports. The defendant was unwilling to assist in the updating of his background for the preparation of this report.

The defendant was born on August 4, 1953, and is currently 45 years old. The defendant was the second born of seven siblings. The defendant father died in 1986 do to complications from a heart attack. The defendant resided with his mother for most of his years.

The defendant was married in 1973, to Clara (unknown maiden name). He has two children with her, both of which are boys. They are Lamont 28 years old and Lawrence 23 years old. The defendant divorced Clara in 1977 and the boys remained with her.

During the time of the 1987 case in Los Angeles (A796849) the defendant was involved in a serious relationship, however his girlfriend could not be reached at the time the Probation report was prepared.

Education:

The defendant graduated from Pacific High School, and had attended San Bernardino Valley College. He has specialized training in Welding and Shipping. The defendant was very active in sports and was considered an average student.

Employment:

From 1978 to 1981 he was gainfully employed with the "Santa Fe Railroad", until he was laid off. He has otherwise received an income from general relief funds.

Drugs and Alcohol:

The defendant has denied using drugs and has consumed "Beer" occasionally in his early years. Prior to his 1980 commitment to state prison the defendant stated that, he was drinking heavily.

Medical:

The defendant has a history of Stress and Seizures, which have caused occasional blackouts.

Military:

None.

## JMMARY OF CASE SCR 36683

This case ha                ﹣ or about February 5, 1980 and is        ﹣ the charge of
211 PC (Rot                 ﹣ of San Bernardino, Ca.

The following               ﹣ crime was provided by the Probati        ﹣ report dated
June 24, 19                 being a 75-year-old man was         ﹣ "Tavern" at
approximatel                ﹣ walking home then he saw a blue Cad      ﹣ p beside him
and one of                  whom he later positively identii         ﹣ the defendant
"Lawrence B                 him and asked him for a "dime". As        ﹣ searched for
some change                 placed what the victim described as       ﹣ bject into his
side (possib                ﹣ver, no weapon was actually seen b        ﹣ m.

The defenda                 ﹣ empty out the victims' pocket           ﹣ an estimated
amount of $                 ﹣s. The defendant then left the are       ﹣ harm to the
victim. The                 ﹣ the defendant did threaten to kil       ﹣ did not give
him all of his

The defenda                 ﹣ithin a few minutes later and the vic     ﹣vely identified
the defenda.                ﹣port notes that the victim was hea        ﹣cated. There
were no oth                 ﹣ crime and no physical evidence.

The defenda                 ﹣ty and the case went to trial. The j      ﹣ the defendant
guilty and h                ﹣ to prison for an upper term of (5        ﹣ the defendant
appealed the                ﹣he appellate court upheld the decis

Defendants                  ﹣cort was prepared the defendant          ﹣ to deny the
At the time                 ﹣ent in the crime. He stated that i        ﹣ co-defendant
allegations                 ﹣hat, he had just been picked up a         ﹣ epot and had
who commit
no knowled.

It should be                ﹣endant only had $58.00 dollars i         ﹣session at the
time of arre

## JMMARY OF CASE A796849

This case                   ﹣or about February 17, 1987 and          ﹣ng the charge
of 211 PC                   ﹣y of Los Angeles, Ca.

This crime                  ﹣cants and was observed in its ar         ﹣ on duty
police offic                ﹣ police unit. The summary of this        ﹣ obtained
from both                   ﹣ring transcripts and the Probation       ﹣ port.

This crime having occurred at approximately 6:20 PM, the officers observations were as followed. He saw an elderly white man approximately 74 years old, who appeared to be heavily intoxicated. As the victim approached a convenience store, where several individuals were seen to be standing around outside. A black male adult later identified as defendant Lawrence, approached the Victim and put his arm around him as if to greet him. Def Lawrence escorted the victim over to where two more individuals were standing. As these three individuals surrounded the victim they proceeded to empty out the victims pockets.

It should be noted that, the officer testified that, he did not actually see anyone touching the defendants clothing or removing any items from the victim, due to a Greyhound bus temporarily blocking his view. The officer stated that, after the bus left he saw one of the co-defendants push the victim down and then they all walked away from him.

Upon the officer contact with the victim, he found his pockets to be turned inside out and misc. items were on the ground.

At the preliminary hearing the victim was not present and the officers testimony was sufficient to hold the defendant for the charge of 211 PC. The judge however felt there was enough "circumstantial evidence" to hold the defendants for 664/211 PC (Attempted Robbery)

This case went to trial twice. The first trial resulted in a "hung jury". In the second trial they convicted the defendant of 664/211 PC.

It should be noted that the victim was also not present during the first or the second trial and there are no explanations in any of the transcripts or court documents, to why.

**Defendants statement:**
At the time the probation report was prepared the defendant denied the allegations and his involvement and stated that, the jury was in error and that an appeal will easily over turn the conviction.

## PSYCHOLOGICAL EVALUATION

On October 24, 1994, Judge D. Gericke, ordered the defendant to go for an evaluation pursuant to 1368.

On November 5, 1994, Dr. Anthony Shin, M.D. evaluated the defendant, for approximately one hour. Dr. Shin found the defendant to be compliant to stand trial.

On November 14, 1994 Dr. Benedict Cooley, Ph. D., also evaluated the defendant for approximately 25 minutes. He described the defendant as being "angry and

scared". He also states that, there is no evidence of a mental illness or disorder, which would cause this behavior and had no further explanation.

## PAST CRIMINAL HISTORY

Taken from Probation report dated 06-17-87 and there was no current "criminal history" rap sheet available to this investigator, at the time this report was prepared.

The defendant has no Juvenile criminal history.

From 1974 to 1980 the defendant had two concealed weapons convictions (Misd.'s), two drunken driving convictions (Misd.'s) and two suspended license violations.

In 1980 he was convicted of his first 211 PC (Robbery) and was sentenced to state prison for a term of (5) years. He was released in 1983.

In 1987 he was convicted of his second 664 / 211 PC (Attempted Robbery) and was sentenced to state prison for a term of (3) years.

## STATE PRISON EVALUATIONS

None.

## DEFENDANTS INTERVIEW

No interview provided by the defendant.

## POINTS OF INTEREST:

1. Regarding Case # SCR 36683 (211 PC). There was no actual weapon seen by the victim at the time of the incident. The victim was not injured in any manner. This was the defendant first serious crime of this nature, yet he was sentenced heavily for it.

2. Regarding Case # A 796849 (664/211 PC). The defendant was initially charged with 211 PC, yet at the preliminary hearing stages it was reduced to 664/211 PC. The jury found the defendant guilty, even though the victim was not at either the first trial (hung jury) or the second trial or the preliminary hearing. There was no weapon involved and the victim was no injured.

3. In both of the above outlined cases SCR 36683 and A 796849, the victims were heavily intoxicated, when they were initially contacted by the police and when they supplied their statements.

4. Both of these cases were co-defendant cases and there does not appear to be any photo or live lineups conducted in either of them.

5. The defendants' criminal history does not show an escalation of seriousness.

6. In the 1980 case, this was the defendants' first felony conviction, yet the probation officer does not consider the defendant for probation.

7. The 1987 probation report notes a comment from the probation officer that the defendant was legally eligible for probation, yet he still denies the defendant a probation recommendation.

8. The defendants' bitterness and anger towards the criminal system appears be some what justified. He was never given the chance to attend anger management courses or alcohol programs, which could have changed his disposition on life and may have deterred him from any further criminal activity. Instead he was sent straight to prison as a first time felon in 1980, with an upper term sentence of five years, at the age of 27 years old.

Respectfully submitted,

Eric W. Martin / Chief investigator

Laurence Burks, Temple
High Desert State Prison
P.O. Box - 3039 - c1-112
Susanville California 96127

LEGAL M

STATE OF CALIFORNIA

UNITED STATE DISTRICT COURT

Office Of The Clerk

450 Golden Gate Avenue

P.O. Box - 36060

San Francisco California
94104-9680

LEGAL MAIL

STATE PRISON

C1

