PROOF OF SERVICE BY MAIL

C.C.P 44.6 2015.5. 28 U.S.C. § 1746.__ 18 U.S.C. § 1621

SECOND MOTION OBJECTION_AND Join Both RELATED CASES:

CIV_S_04_1473 LKK DAD P: 07_05647_SBA PR)



FILED

JUL - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

I declare that:

I am a resident California State Prison in the County of Sacramento California. I am over the age of 18 Years. My resident address is:

California State Prison_Sacramento. EOP. FB7-113+_P.O. Box_2900066 Represa California_95671_0066.

On June 2008: I served the attached documents: ONE PAGE MOTION FOR REQUEST BOTH RELATED CASE 07_05647_SB PR) CASE CIV_S_04_1473 TO BE ASSIGN IN THE NORTHERN DISTRICT COURT JUDGE SANNDRA BROWN ARMSTRONG Rule 83-123. SECOND OBJECTION TO MAGISTRATE JUDGE_72-304 JUDGE DALE A. DROZD FINDINGS AND RECOMMEN-DATION TWENTY PAGE MOTION AND THREE PAGE DECLARATION OF PLAINTIFF AND SUPPORTIVE IN EXHIBIT_A1_A2_A3: On the Court and Parties, in said Case by Placing a true Copy thereof enclosed in a sealed envelope with Postage thereon fully Paid. In the United States Mail at CSP_SAC EOP FB7-113 1st_Clo.hands, addressed as follows: (Declaration service 2015.5. 28 USC 1746)

United States District Court
Eastern District of California
Office of the Clerk
501 I Street. Suite 4-200
Sacramento, California 95814-2322

Office of the Clerk
U.S. District Court
Northern District of California
1301 Clay St. Suite 400s
Oakland California. 94612-5212

Prison Law Office
Attorney At Law
Donald Specter Dir.
General Delivery
San Quentin. California
94964_0001

I declare under penalty of Penalty. Under the Laws of the State of California that the foregoing is true and Correct. and that this declaration was executed on June 30 2008 JULY 2, 2008 at CSP_SAC_EOP_FB7-113 P.O. Box 2900066 Represa California:

Lawrence Birks J6197c

Lawrence Birks_Pro-Se:
Signature:

IN THE UNITED STATES COURTS OF APPEALS

FOR THE NINTH CIRCUIT

LAWRENCE BIRKS,

Plaintiff and Appellant.

vs.

APPELLATE COMMISSIONER SHAW,

Defendant and Appellee.

No: 1800041

OPPOSITION MOTION

PLAINTIFF OPPOSITION MOTION TO APPELLATE COMMISSIONER SHAW ALLOW TO INFRINGE ON PRO-SE PLAINTIFF CONSTITUTIONAL, FIRST, FIFTH, FOURTEENTH, AMENDMENTS IN TRYING TO SET RETAINING UNETHICAL UNREASONBLE FRIVOLOUS VEXATIOUS STATUS AGAINST PRO SE LITIGATION RIGTHS TO APPEAL IN THE NINTH CIRCUIT COURT OF APPEALS — FRAP 3, FRAP 4, FRAP 15.

To the Ninth Circuit Appeals Court senior Circuit Judge JOSEPH J. SNEED; and Senior Circuit Judge JAMES R. BROWING; and Senior Circuit Judge JOHN T. NOONAN JR.; And the Ninth Circuit Court of Appeals Pro-se Unit Director / Supervisor.

An Terrible infringements of Plaintiff pro-se rights, pursuants to First, Fifth, Fourteenth Amendments Violations. is being Maliciously, Vindictively, unnecessarily, unethically, abuse of powers and authority, in preventing, an pro se Fundamental Constitutional rights to grievance, petition, the California, United States Courts System," Plead to the government for an redress of the wrong for acts; which cause an Significant adverse affect upon Plaintiff. And under the Fifth and Fourteenth Amendments.— Plaintiff has the rights to due precess of the Law."

-1-

Plaintiff's Content:

Appellant Commissioner SHAW is cruelly, viciously, using his Spleen, to denied this California State Prisoner_Pro_se who has been falsely incarcerated; And Serving an Twenty Six Years Life Sentence for the intent to Steel Food from an restaurant; And wrongfully charge with restitution fine $1,500.00 _

1) One Count_Second degree Commercial Burglary_Misdemeanor/Felony wobbler as a serious Crime; Enhanced-pursuant to misapplying California Three Strikes Law_ See People V. Birks; 19 Cal.4th 108; 77 Cal. Rptr. 2d 848 P.2d._ Vindictiveness denied Equal Justice; Government Can not impose Enhancement for an Non Serious Convictions_ See People V. Brady 14 Cal. App. 3d .174, 235 Cal. Rptr. 248 Mar 1987)_Equal Justice Still denied_See People v. Rodriguez No: B165974, Sept 9, 2004)_ 18 Cal. Rptr 3d 350._ ___ And Rule 35 Fed R. Crime P. A) Correction of Sentence; which is illegal Sentence b) A Reduction of Sentence U.S.C. §2252, is imprisonment for ten years._ Must be Corrected.

Plaintiff's Content:

Appellant Commissioner SHAW, is a representive of California Government Agency's, And trying to Circumvent the Law in preventing this Plaintiffs from his due Process rights to Petition and Appeal State/Federal Courts. Of government Employees who has wrongfully violated the Laws Against Plaintiff State/Federal Constitutional rights See Case CIV-S-04_1473 LKK DAD P; Eastern Dist. Ct. Denying due Process for relief, And Exempt the False, Cruel, Inappropriate information Allow and was use as Criminal Convictions History wrongfully; _ Thrinngement const. rights;

Appellant Commissioner SHAW, interest is not fair Justice, But to unethically interfer with an Pro-se rights to litigate_Self/representation See Faretta V. California A.22 U.S. 806 45 L.Ed. 562, 95 S.Ct. 2525 1975) See Rand V. Rowland 154 F.3d 354 (5th Cir. 1998) See Devine V. Indian River County School BD. 121 F. 3d 576 (11th Cir. 1997) See U.S. v. Kind 194 F. 3d 900 (8th Cir. 1999) _ See U.S. v. Seeing, 234 F. 3d A56 9th Cir. 2001)

Plaintiff's Content,

Appellant Commissioner SHAW, Decide to use his Spleen as Powers of Authority; Not to assist Pro se rights, But to infringe, And Allow More Suffering; of the Continue False imprisonment and Abuse

Legal Citizen of United. Who was Once an Productive Taxpayer. And never was a Career Criminal or violent person _ see RT_ 507, 508, 509;

Plaintiff's Content,

Appellant Commissioner SHAW, Should Not reviewing Plaintiff as Frivolous, Vexatious litigations"; But as the Overseer For Justice For state Prisoners who has been wrongfully inflicted with government abuse! _ The united States Courts of Appeals have repeatedly held that the rights of self_ representations is protected by the Bill of Rights — see United States v. Plattner, 330 F. 2d 271. __The Federal Courts, has Allows the rights of self_ representation has been Protected by Status Since the Beginnings of our Nation _ see Section 35 of Judiciary Act of 1789, L. State. 73. 92. enacted by the First Congress and Signed by President washington, Before the Sixth Amendment, _provided, in all Courts of the United States, the parties may plead and manage their Own Causes Personally or by Assistance of _ Counsel. _ The rights is Currently Codified in 28 U.S.C. § 1654, Also_ Prisoners has a Federal Civil right to Suit _ see Irvin v. Zamora, S.D.Cal. 2001, 161 F. Supp. 2d 1125 _ see Chriccol v. Phillips, 169 F. 3d 313 (5th Cir. 1999) see Gomi v. Winslow. N.D. Cal. 2007, 147 F. Supp. 2d 977 see Interference, Jone v. Greninger 188 F. 3d 5th Cir. 1999) see O'keefe v. Van Boening 9th Cir. 1996. 82 F. 3d 322 See Cruz v. Beto 1972. 405 U.S. 319. 321 [92 S. Ct. 1079: 31 L.Ed. 2d 263] _see Const of the State of Calif. Article 1 _ Declaration of Rights Section 1. All people, sec. 7. (Law may not restrain-)

Plaintiff's Content.

Appellant Commissioner SHAW misconstrue, All Legal Attempts, Complaints Made to California Ninth Circuit Appeals Courts was/is direct-ly pursuant to /or under Colorable issues of Facts. worthy of an Appeal review; _ see. Kruger Erickson. 77 F.3d 1071_ 1073 _ see Slack, 529 U.S. 473, 484 ,120 S.Ct. 1595. 146 L. Ed. 2d 542 (2002) __;

Plaintiff's Civil Appeals to the Ninth Circuit Appeals Courts, or Criminal Appeals, All was/ is taken in good Faith, And was granted and accepted by the Dist. Ct. _ Permission to Appeal _ see 28 U.S.C. §1292 (B) _ Frap 5 (a)(1)(2)(3)_ Frap 24 (a)(1)(A)(B)(C)(3)(A). _Appeals must be in

Good Faith, — State interest in protecting Pro Se rights. See Dreibelbis v. Marks, 675 F. 2d 579, 581, 3rd (1982) . . Also, — Pro Se rights are not to restricted by Government Agency's or Appellant Commissioner. See Wolff V. McDonnell 1974) 418 U.S. 539. 555 [94 S.Ct. 2963, 41 Ed. 2d 935]. See Bell v. Wolfish 1979) 441 U.S. 520 546 [99 S.Ct. 1861. 60. L. Ed. 2d 447 See quoting . Norther v. Nelson N.D. Ga. 1970) 315 F. Supp. 687 — See TN Ruiz V. Estelle, 679 F. 2d 115 (8th Cir. 1982) . amended. 688 F. 2d 266 (5th Cir. 1982) cert. denied. 460 U.S. 1042. 103 S. Ct. 1438. 76 L. Ed 2d. 786(    ) 148Witt v. Helms 459 U.S. at 466. 103 S.Ct. at 868.

## Conclusion

For all the foregoing reasons, Stated, this court Senior Judges Should Not allow infringement by Appellate Commissioner Shaw, Rule 27_1 b) — Appellate Commissioner review Should be direct- ed on rules of motions formerly made in errors by Judges. in which I seem to direct erroneous abuse upon Pro Se litigation rights. Should be Protected __? There is More Cruel Tyranny. that which is exer- cised under cover of the Laws. And with the Colors of Justice see US- Janothis 613 F. 2d 578. 614 3rd 1982) See Supreme Ct. Justice 1898 _1980 William O. Douglas. see Whalen V. U.S. 445. U.S. 684. 63 LEd. 2d 715; 731; 100 S. Ct. 1432 1980) ___ Firm Judicial Temperant. the rare quality to Know when to temper Justice with Mercy. and the intellectual Capa- city Protect and Illuminate the Constitution — P9. 346. See Law En- forcement V. Carey 737 F.2d 187 192. 2nd Cir. 1984) See Alberan V. US. 450 U.S. 336. 67 L.Ed. 2d 275 284 101 S.Ct. 1134 1981) _ see FRAP NWith Circuit (1)_Judicial Counsel 28 U.S.C. 8332 . ___ Also "Quest For Truth", In trial for a Law Suit is not a Poker game. But a search For truth. Citing Williams V. Florida 399 U.S. 78. 26. L.Ed. 2d 446. U.S. 637. 648_49 L.Ed 2d. 431. 440. 94 S.Ct. 1868. (1974) — Pro Se de- serve Equal protection of the Laws. — see Donnelly V. DeChristoforo. 416 U.S. 637. 648_49 L.Ed. 2d .431.440. 94 S.Ct. 1868 _ 1974) see Rouse V. Benson 193 F. 3d. 936 8th Cir. 1999) _ FRAP 28 (e)(1) _ Inforce Const. Rights; on 7-2-08, FBI Library — force to Leave Library one hr pr se. by Gw. Brown unsupervised, By FBI Acting Warden M. Reyes ; Not supervising his staff Corr Gw. I declare under Penalty of Perjury that the foregoing is true and correct.

Date July 2, 2008    Signature: Lawrence Birkhouse,

_A_

CERTIFICATE OF SERVICE

Case Name: LAWRENCE BIRKS V. APPELLATE COMMISSIONER SHAW.

Case No: 1800041

IMPORTANT: You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a Master copy, fill in the title document you are filling and attach it at the back of each filling with the court. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the (four pg. Plaintiff opposition Motion to Appellate Commissioner Shaw allow to enforce on Plaintiff prose Constitution first, forth, footeenth Amendment in trying to set Retaining unlimited unreasonable frivolous, vexations status against prose litigation Rights to Appeals in the Ninth circuit Court of Appeals FRAP 3, FRAP 4 FRAP 15.

and any attachments was served, either in person or by mail, on the person listed below:

Signature: _Lawrence Birks Pro-se._

NOTARY NOT REQUIRE

| Name | Address | Date Served |
|---|---|---|
| Clerk U.S. Court of Appeals for the Ninth circuit | P.O. Box - 193939 San Francisco California. 94119-3939 | July 30, 2008 |
| State of California office of the Attorney General Department of Justice | 501 I Street Suite 4-200 Sacramento California 95814-2322 | July 30, 2008 |
| prison Law office Donal Specter Dir. Attorney AT LAW General Delivery | San Quentin California 94964-0001 | July 30, 2008 |

Lawrence Birks. T61476
CSP-Sac_EOP
FBT-113-
P.O. Box 7400006
Represa California_95671-0006

Pro_se:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS,
        Plaintiff,

___ Vs ___

ROBERT SANTOS,
Dept of Justice. Management records
        Defendant        /

Case no: CIV_5_04_1473 LKK DAD P

SECOND REQUEST MOTION FOR BOTH
RELATED CIVIL ACTION 07-05647
SBA PR) BE ASSIGN TO THE NORTHERN
DISTRICT COURT JUDGE SAUNDRA
BROWN ARMSTRONG - FRAP RULE 3-120
C)F), G) see L.R. 1-101. _ FRAP RULE
83-123 A)1)2)3)4) b)c)d) _ AND
OBJECTION to MAGISTRATE JUDGE
ORDER _ 72-304

Plaintiff, a state prisoner, filed his Pro se civil right action under 42 U.S.C. §1983
and Privacy Act violation 5 U.S.C.A. §552 a)g)1)_D)G)4)J) ; which the above
Court Magistrate Judge DALE A. DROZD, intentionally, Brasely, denying Justice; And
disregarded many Motions file, and to have both related actions; Same defendant
Same issues; Needs Consolidations, —under one Civil number in the Northern Dist
Court's eliminating the Eastern Dist Court case CIV-5-04-1473 LKK DAD P — Pursuant
to Rule 3-120 C)F)G) see L.R. 101 — and rule 83-123 A)1)2)3)4)b)c)d) which
the court must transfer case to the Northern Dist. Ct, upon Plaintiff Motions and
request of rule 3-120, 8p-123) force to CSP-Sac-EOP water Down version; for
conflicts. Acting warden M. Reyes Allowing Clo-EOA staff not to follow there own rules.
        I declare under Penalty of Perjury that the foregoing is true and correct and
this motion was executed on June 30, 2008 , at CSP-Sac-EOP_ FBT113
                        JULY 2, 2008                Signature Lawrence Birks pro se

-4-

La

Lawrence Birks Jr 1976
CSP_Sac_EOP
FBT_113L
P.O. Box_2900066
Represa California _ 95671_0066

2.

3.

4.

5.

6. Pro_se's

7.

8.    **IN THE UNITED STATES DISTRICT COURT**

9.    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10.

11. LAWRENCE BIRKS,                     CASE NO: CIV_S_04_1473 LKK DAD P
12.          Plaintiff,                  RULE 83_120 (E)(g) _LR 101
13.                                      DECLARATION OF LAWRENCE BIRK
14.    _VS_                              SUPPORT PLAINTIFF SECOND
15.                                      MOTION FILE REQUEST FOR BOTH
16. ROBERT SANTOS, Dept of              RELATED CASES 07_5647 SBA
17. Justice management records.         PR) TO BE ASSIGN IN THE
             Defendant.                 NORTHERN DISTRICT JUDGE
18.                                      SAUNDRA BROWN ARMSTRONG
19. _____/          DISTRICT COURT JUDGE OF THE
20.                                      UNITED STATES RULE 83_123
21.                                      OBJECTIONS TO MAGISTRATE
22.                                      JUDGE _ RULE 72_304
23.

24.

25.   I, prisoner LAWRENCE BIRKS, declare:

26.   1. I been in carcerated in California Department of Correction and
27.   serving an illegal twenty five years life sentence pursuant to
28.   California Three strikes enhancement convicted defendant current
      conviction with an life sentence for priors convictions 667 b) 1)

1  as Serious 1192.7c.  and do to vindictive D.A. prosecution and ineffective
2  trial Counsel and biase Judges; allow an wrongful illegal Life sentence
3  May 9, 1995 by Judge DUANE M. LLOYD , 2nd degree Commericial Burglary
4  are not a Serious offense to impose enhancement for Serious priors
5  Convictions. See PEOPLE V. Brady 190 Cal. APP. 3d 124. 235 Cal. RPtr 248
6  [ Mar 1987 ] see people v. Ralap Rodriquez No B105974_9/9/04, 18Cal. RPtr 3d 350,

7     2. Case FSB05628. Life sentence case was reversed on Sept 30, 1996) by
8  the Court of Appeal, Fourth Dist, Div. Two, No: E016230. where on Aug 31
9  1998 California Supreme Court S059191. reversed the Judgment of
10  the Court of Appeal and remanded to that Court for resolution of de-
11  fend's Claims of Sentencing Error. See PEOPLE V. Birks 19 Cal. 4th 108;
12  77 Cal. RPtr 2d 848 P2d, —remanded to San Bernardino Superior Ct.

13     3. In Jan/1999 Controling Life sentence case FSB05628, Count 1. Three
14  Strikes Law Resentence Romero, On remand to Superior Court
15  San Bernardino; during many Court appearance and granted
16  Faretta Status E024455  Appeal Ct. Fourth Dist. Judge Thomas Hollenhorst
17  On May 6, 1999, that Court Judge CHRISTOPHER J. WARREN,
18  Accept D.A. Dupty GEOFFREY K. GOSS Seven Pg —Opposition Motion
19  to Defendant Motion Correct Sentencing Errors Pursuant to
20  People V. Romero  1996) 13 Cal. 4th 497.— D.A. Opposition
21  Motion Pg 6— quote D.A. Outlined.—to the Court, a decision
22  to strike a Prior Strike Conviction here would be an abuse
23  of decision. The defendant is a Career Criminal. As Stated
24  previously, defendant Committed a Statutory rape, a Couple
25  Narcotic offenses and a few 245; It is therefore appro-
26  forthis Court to deny the motion to strike Prior Con-
27  victions].— See Exhibit A, of Second Motion on Objection,
   }
28  4). On Several occassion, attempts was made to Dept of Criminal
   Justice Bureau record unit. But to No Avail, No respond.

-2-

1 see Exhibit A-3) Three CDC-128 Committee Hearing is
2 using false inaicurate Criminal history Rape. Drugs
3 and other crimes the Dept of Justice Criminal record
4 unit printed — sheet seven false information.

5 5) On July 9, 2001 • an Letter of Complaint was for-
6 ward to Criminal records Bureau of Justice of
7 California and Records Review unit and Dept of
8 Corrections Director — pursuant to Privacy Act 5
9 U.S.C.A. § 522 a)(e) 5)(4)(1)(C) 9)(4) to correct and
10 exempt false information regarding inmate from
12 there record file: No respond or false information
13 remove file, regarding inmate criminal conviction.

14
15 6) 2004, Department of Justice Bureau of Criminal
16 Records unit Manager ROBERT SANTOS. forward
17 Print Card and other documents for filling out
18 and return to him once Completed, which he
19 forward an New records sheets of criminal
20 transaction of the information D.A. was use in
21 his Opposition Motion. pg 4 through 49 Exhibit A-2.

22 7) On July 14, 2007 • Civil action was File in the
23 Eastern Dist Ct — clearly of Privacy Act viola-
24 tion § 522 a)(9)(4) provide in any suit brought under
25 § 522 a)(9)(1)(C) or § 522 a)(1)(D) determine agency's
26 misconduct, Dist Court Magistrate Judge has
27 review clearly erroneous Contary to law. 28
28 U.S.C. § 636-(b)(1)(A) — Fed. R. Civ. P. 72(a)

   I declare under penalty of perjury that the foregoing
  is true and correct to the best of my knowledge.
  Date: July 2 2008 •   Signature Lawrence Bittle

      3.

1  Lawrence Birks. J61976
2  CSP_Sac_EDP
   FB7_113
3  P.O. Box_29000066
4  Represa California_95671_0006

5

6  Pro__se;

7

8           IN THE UNITED STATES DISTRICT COURT
9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  LAWRENCE BIRKS,           CASE No. CIV_S_04_1473 LKKDADP
12         Plaintiff,
                             SECOND MOTION OBJECTION TO
13    .VS.                    MAGISTRATE JUDGE DALE A.
                             DROZD, OBJECTION RULE 72304
14  ROBERT SANTOS,            FINDING AND RECOMMENDA-
15  Dept. of Justice Management records.   TION:
16         Defendant.  /

17  ───────────────────────────────
18        Plaintiff is a State Prisoner proceeding Pro se and informa pau-
19  peris with an action filed Pursuant to 42 U.S.C. § 1983;
20        Plaintiff objection to Magistrate Judge finding and recommenda-
21  tion in Case decision is clearly erroneous or contary to Law.

22  MAGISTRATE JUDGES DUTIES TO BE PERFORMED: RULE 72-302
23     a)  General — Pursuant to 28 U.S.C. §636 3), b) 1)A), b)A) b)1)B; b)3) other law)
24     b)  Duties to Be Performed in Criminal
25         Matters by a <u>Magistrate Judge</u> Pursuant to 28 U.S.C. §636 a)
           b)1)A) b)1)B)__ b)3) or Other Law
26     c)  Duties to Be Perform in Civil Matters by a Magistrate Judge
27         Pursuant to 28 U.S.C. §636 a), b)1) B) 3)) or Other Law
28     D)  Retention by a District Judge

                        —10—

MAGISTRATE JUDGE'S AUTHORITY IN EXCEPTED PRETRIAL
MATTERS   RULE 72_303    RULE 72_304
  a) Determination
  b) Objections
  c) Transcripts
  e) Notice and Argument
  f) Review

MAGISTRATE JUDGES SCOPE OF RULES GENERAL
AUTHORITY   RULE 72_300
  a) General Applicability_ 28 U.S.C §(636 b)4)
  b) Definitions_ all pretrial Matters _Standard review of
    Clearly erroneous Contrary to Law" _ set Forth in 28
    U.S.C. §636 b)1)A) _ see Fed. R.Civ. P. 72a)
    3) de novo review by a Judge _see Fed. R.Civ. P.72 b)

    Plaintiff Objections to the Magistrate DALE A. DROZD, is
Once Again Misconstruing pro se Pleading and Law; Against Defendant
ROBERT SANTOS . who were in Charge of managing Agency's Records;
    Plaintiff has File Several Motion to Consolidate Case C.W.S
04_1473 LKK DAD P_ and Northern Dist Case 07_5647 SBA (PR) in-
which Seeking relief against a governmental entity employee, 28
U.S.C. §1915 A 8) _ Magistrate Judge Can not dismiss civil action. Design-
tion of a district Judge sub sections b) c)_ 28 U.S.C. §636 b)1) B) Fed. Civ. P.53
Screening.
    It Appears that the Court Magistrate has take an Special in-
terest in not entitle Plaintiff relief_ see privacy Act provision 5 USCS.
5 USCS §552a)g)4)_ govern award $1000. when Agency intentionally or will

-2-

1  Fully Violation §552 a)g)1)(c) or D; and §552a)g)4)A), — Claims entitle
2  relief see Hishon v. King & Spalding 467 U.S. 69, 73 1984) Citing Conley
3  see also Palmer v. Roosevelt Lake Log Owners Assn 651 f.2d. 1289,
4  1294 9th Cir. 1981) In reviewing a Complaint under this standard, the
5  the Court must accept as true the allegations of the Complaint in ques-
6  tion. Hospital Bldg. Co. v. Rex Hospital Trustees 425 U.S. 738, 740 1976).
7
8  Construe the pleading in the light must favorable to the Plaintiff, and
9  resolve all doubts in the Plaintiffs favor. see Jenkins v. McKeithen
10 395 U.S. 411, 421 1969). [rap sheet] P.C §13300 b)3)−418)(1) Exception. Govt C §6253.)
11 P.C §832.7 §832.5. 70 Ops Cal Att Gen 247 1988) Govt §6255. 33 § D50 6268. Local Government.
12 Rubin v. City of Los Angeles 1987) 190 CA 3d 560. 235. CR 516). Govt C §6258, 6268)
        Plaintiffs Objection to Court Magistrate finding and recomman-
13 dation — Rule 72_304, b)_within ten (10) Court days after service
14 of the finds and recommendations on the parties — see Fed. R. Civ. P
15 (a)3) Fed. R. Civ. P. 6)(e)1 — which there is no "Deficiency within Action)
16
17     Magistrate Judge DALE A. DROZD, Misconstrue Plaintiff Com-
18 Plaint, three Page and Eight Pages Supportive Motion, And supportive docu-
                                                                  Dismissal
19 ments in Exhibit 1, 2, 3, — And twice Magistrate Judge order Denian, is clearly
20 erroneous and this civil action Must be consolidated and transfer to the
21 Northern District Court District Judge SAUNDRA BROWN ARMSTRONG, for
22 the following reasons; he misconstrue facts and policy §552a)g)4)A) .
     In original Complaint file July 19, 2007
23    1) Defendant ROBERT SANTOS. Manager of the California Dept
24 of Bureau Identification of Criminal Records. Allow seven
25 False, untrue, inaccurate information on __Mark) F/sale. 10/21/
     7ie __245A PC. ADw. 4/1/78_1575810/4764909 __261 2PC
26 Rape By Force  5-18-78_1575810/4821647 __211 PC ROBB.
27 12-15-78_8A1095__415 1) PC Fight Challing e Fight Dis
28 trub the Peace_ 1-12-85_1575810-B/8346270

1  664/211 PC._8-2-86._ 1575810_ B/88693512,   245A PC. ADW.

2  3-16-77_ 178481, see Exhibit A of original Complaint file 7-19-07

3  2.) original Complaint_ section IV. State of Claim.

4  Facts of Case._ Defendant ROBERT SANTOS, California

5  State Department of Justice Bureau of Criminal Identi-

6  fication and information Criminal record unit. has Al-

7  low Seven false arrest information. on Charges, inaccurate

8  incomplete. Not certification Purpose. which shoulder

9  been exempt from being use as Criminal Conviction

10  history. Allowing San Bernardino Deputy District At-

11  torney GEOFFREY K Goss, AndJudge CHRISTOPHER J.

12  WARREN, to be Partial, using the Seven false incom-

13  plete, inaccurate, uncharge offenses, that intention-

14  ally printed listed as Conviction by the Dept of

15  Justice Bureau Criminal information record unit.

16  Causing an unfair Romero_re sentence Review reduce

17  life sentence _see Exhit A, A, of the original Com-

18  Plaint file July 19, 2007_ Also see Seven Page Sup-

19  portive Motion to original Complaint pg 3, will clearly

20  Shows_Suit under 552 A)G)1)D). _ G)4)A)_ See Exhibit

      A._

21  3) Defendant ROBERT SANTOS was Contacted on three pre-

22  vious times. which on July 9, 2001, an Complaint was

23  Under the impression Privacy Acts U.S.C.A. 552a)e)5)g)

24  1)C)9)4)_ Dept of Justice, Records Review unit. Dept

25  of Corrections. (quote) A formal letter of Complaint "Alleged

26  Your Dept Staff has printed inaccuracy, inccorect infor-

27  mation Against me, that being use illegally As Arrest

28  and as Conviction Under Criminal history of Crime

      Committed by Me_Violation of Privacy Act 5 USCA-

      552a)e)5)g)1)C)9)4)._ see original Supportive Motion

      Complaint file July 9, 2001_ And attached to this motion

      -4-

In Exhibit A-1)

4) On May 13, 2004, Defendant ROBERT SANTOS, Stamped CII Record Number 4-867-409 Plaintiff Criminal History Conviction Sheet And Still Shows the Seven Un Disposition Criminal Charges, which Should have been exempt from the Dept of Justice Bureau of Criminal Convictions information only, See Original Complaint, Supportive Motion pg 3, Exhibit A-2) See Exhibit A) documents Support this motion.

5) See Original Supportive Motion pg4, Exhibit 3. Dist. Attorney GEOFFREY K Goss. Opposition Motion pg 6. Claiming Plaintiff a Career Crime, between times the defendant "Committed" a statutory rape, a couple of Narcotic offenses and few 245s. Presented the Opposition to Judge CHRISTOPHER J. WARREN See Original Complaint with Supportive Motion and See Exhibit A-1) document Support this motion

6) See Exhibit A-2) documents Support this Motion, of CDC Prison official using the false inaccurate information 128 Inst Chrono; RAPE, etc. Etc.

Plaintiff Object to Magistrate Judge erroneous facts findings contrary to Laws. See People v. Dial 123 Cal. App 4th. 116 L2 Cal. Rptr 3d 573 See two Cas Prasad v. Bureau of Prison 286 F. 3d 576 D.C.Cir 2002) See US V. Federal Election Com'n 69 F.3d 600 D.C.Cir 1995) See Board of Trustee of Knox Co. Hosp. V. Shalala, 135 F. 3d 493 7th Cir 1998) See US v. Mobile 173 F.3d 1213 (Fed Cir 1999) Government Agency must Comply with statute see Gonzalez v. Reno 212 F. 3d 1338 11th Cir. 2000) See OXY USA, Inc V. Babbit 230 F.3d 1178 (10th Cir 2000) See Ellaa v. US Dept of Justice 265 F.3d 83 2d Cir. 2001)

-5-

1. Plaintiff requested Court intervention Not an New action
2. Against HOSP Unit C/o. Williams C/o. Bice and others officers who
3. allow to Pack Search and remove personal and legal documents from
4. PROPERTY during transfer orders to CSP-Sac-EOP, the above Staffs was
5. not HOSP-Designated Property Staff in conducting transfer inmates
6. of inventory property between transfer of the department 3190.C.
7. and Since pro se Plaintiff in litigation A Court Order to prison
8. Warden ensured pro se meaningful access to Court, fundamental
9. Statutory right that is afforded high Degress of Protection See
10. Devine v. Indian River County School Bd. 121 F.3d 576 11th Cir 1997) see Rand
11. v. Rowland 154 F.3d 354 9th Cir. 1998 See McGrath 38 S. Supp. 408 E.D.N.Y.
12. 1970.)
13. Plaintiff constitutes a Liberty protections interest protected by
14. the Fourteenth Amendments due process Clause been deprived to an illegal life
15. Sentence intent to steal food from Restaurant See People v. Birks 19 cal 4th 108
16. 977 cal. Rptr 2d 848 P.2d ___ See People v. Brady 190 Cal. App. 3d. 124, 235 Cal. Rptr 248
17. [Mar. 1987] See People v. Rafael Rodriguez No. B16594 9/9/04, 18 Cal. Rptr 3d 358.
18. Plaintiff Still Close A/B Maximum Security Custody Level IV. 180 Design Level
19. after Eight yrs at SVSP. Class member Coleman v. Wilson 912 F. Supp 1282) CCCMS EOP
20. transfer to HOSP in retaliation filing Civil Action Deliberate In Different to serious medical
21. Needs after transfer Closer to home Penal Code 5068-SB-1291, Dept of Correction Dir
22. accommodating prisoners. Stats. 1989. Ch. 1061, § 1. p. 3671.) See Procunier v. Martinez
23. 416 U.S. 396 40 L.Ed. 2d 224.94 S. Ct. 1800 (1974) appropriate prison authority id. at 405
24. People v. Superior Ct. (Peterson) 14 Cal. Rptr 2d 685, People v. Laird 1989) 202 Cal. Rptr 262) see
25. People v. Flower (1976) 133 Cal. Rptr 455) Principle and preliminary injunction predicated
26. on a clear mistake of Law merits reversal. Charles v. Carey 627 F. 2d 772.776
27. 9th Cir. 1980. Douglas v. Beneficial Finance Co. of Anchorage 469 F. 2d 453.454 9th Cir. 1972)
28. when the denial of a preliminary injunction is based upon an erroneous legal pre-
29. mise: the order is then reviewable as is any other conclusion of law." FTC v. South-
30. west Sunsites, Inc. 665 F. 2d 711.717 5th Cir. 1982) City of South Pasadena v. Goldschmidt
31. 637 F. 2d 677 679 9th Cir 1981 Judge Cogent II discusses the inconsistent and Confusing
32. formulations of the abuse of discretion Standard applicate to Appellate review see
33. Jordan v. Wolke 593 F. 2d 772.774 7th Cir. 1978) Rubber Co. v. Gould Inc. 657 F.2d 164.166

5½

\_ \_ Privacy Act violation\_ \_actual \_damages requirement

(1)\_ In 5 USCS §552a(g)(1), the Privacy Act recognized a civil action for federal agency misconduct fitting in any of four categories, in-cluding (a) 5 USCS§ 552 a(g)(1)(C), which described an agency's failure to maintain an adequate record on an individual, when the result was a determination "adverse" to that individual and (b) the Catchall 5 USCS § 552 a(g)(1)(D), which spoke of a violation when someone suffered an "adverse effect" from any other failure to hew to the terms of the Privacy Act.

(2)\_ Section 552 a(g)(4) provided that in any suit brought under §552a(g)(1)(C) or 552 a(g)(1)(D), in which suit "the determine[d] that the agency acted in a manner which was intentional or willful, the United States [would] be liable to the individual in a amount equal to the sum of \_ \_(A) actual damages sustained by the indivi-dual as a result of the refusal or failure, but in no case [would] a person entitled to recovery receive less than the sum of $1,000; and (B) the costs of the action together with reasonable attorney fees as determined by Court" (some line breaks omitted).

(3)\_ A §552 a(g)(4)(A) actual\_ \_damages requirement for recovery (a) was supported by a straightforward textual analysis; (b) was not illogical (c) did not deprive some of §552 a(g)(4) D' language, re-cognizing a civil action by an adversely affected person, of any independent effect; (d) was not unprecedented; and (e) para-lleled a common\_law remedial approach, for certain torts, about which the Privacy Acts drafters probably would have known.

(4)\_ A proposed contrary analysis, which instead would

\_6\_

treat § 552 a(g)(4)(B)'s cost and attorney's fee as the recovery entitling a Plaintiff to § 552 a(g)(4)(A) minimum damages, would improperly get the cart before the horse."

5) Another contrary argument, based on allegedly similar language in two other remedial federal statutes, was unpersuasive, where a) one of the two other statutes lacked § 552 a(g)(4)(A)'s critical limit-phrase "entitled to recovery", and (b) both statutes were enacted well after the Privacy Act.

6) An unelaborated contrary conclusion, in a Privacy Act interpretation published by the office Management and Budget in 1975 as a guideline for federal agencies seeking to comply with the Privacy Act, also was not persuasive.

"Recovery" ___ generally embraces "the obtaining of a right to some-thing (esp. damages) by a judgment or decree" and "an amount awarded in or collected from a judgment ___. . . Here a claimant who suffers an "adverse effect" from an agency's intentional or willful violation § 552 a(g)(1)(C) or (D) ___ § 552 a(g)(4)(A) actual ___ damages receive less than $1,000." cf. Barnhart v. Sigmon Coal Co., 534 U.S. 438, 454, 151 L. Ed. 2d. 908, 122 S. Ct. 941 (2002)

§ 552 a(g)(4). Authorizes a minimum $1,000. award that need not be hinder to proof of actual damages.. See Orekoya v. Mooney, 330 F. 3d 1, 5 (1st Cir. 2003) (§ 552 a(g)(4) make avail-able "both actual damages sustained by the individual" and "statutory minimum damages of $1,000"); Wilborn v. Depart-

• of Health and Human ▓▓▓▓ Servs., 49 F. 3d 597, 603 (9th Cir. 1995). ("Statutory minimum of $1,000" under § 552a(g)(4)(A) meant to provide Plaintiffs "with no provable damages the incentive to sue" (quoting Fitzpatrick v. IRS, 665 F. 2d 320 :330 (11th Cir. 1982)) Waters v. Thornburgh, 281 U.S. App. D.C. 173, 888 F. 2d. 870. 872 (D.C. Cir. 1989) "If a Plaintiff establishes that she suffered an "adverse affect" from an intentional or "willful violation of § 552a(e)(2)," The Plaintiff is entitled to the greater of $1,000 or the actual damages sustained." (internal quotation marks omitted); Johnson v. Department of Treasury, IRS. 700 F. 2d 971. 977, and n. 12 (5th Cir. 1983) Even without proof of actual damages, "[T]he statutory minimum of $1,000 [under § 552a(g)(4)(A), of course, is recoverable."); Fitzpatrick, 665 F. 2d. at 331 ("Because [the Plaintiff] proved only that he suffered a general mental injury from the disclosure, he could not recover beyond the statutory $1,000 minimum damages" __ costs and reasonable attorney's fee [under § 552a(g)(4) ]"); cf. Quinn v. Stone 978 F. 2d 126, 131 3rd. Cir. 1992) ("adverse effect" but not "actual damages" is a "necessary" element "to maintain a suit for damages under the catch __ all provision of 5 U.S.C. § 552a(g)(1)(D) [5 USCS § 552a(g)(1)(D)]" internal quotation marks ▓▓▓ ▓▓▓ omitted)); Parks v. IRS. 618 F. 2d 677, 680, 683 10th Cir. 1980) (Plaintiffs seeking "the award of a minimum of $1,000 damages together with attorney's fees" under § 522a (g)(4) state a claim by alleging the agency acted intentionally or willfully when it illegally disclosed protected information.

causing "psychological damage or harm"). But see, Hudson v. Reno, 130 F.3d 1193, 1207 (6th Cir. 1997) ("A final basis for affirming the District Court's decision with respect to [the plaintiff]'s under the Privacy Act is her failure to show 'actual damages, as required by [§ 552a (g)(4)].") overruled in part on other grounds, Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 150 L.Ed. 2d 62, 121 S.Ct. 1946 (2001); Molerio v. FBI, 242 U.S. App. D.C. 137, 749 F.2d 815, 826 (D.C. Cir. 1984) ("This cause of action under [§§ 552a (g)(1)(C) and (g)(4)(A), requires, however, not merely an intentional or ▓▓▓▓▓ willful failure to maintain accurate records, but also actual damages sustained as a result of such failure.")_. . . essentially applying it where the Government's violation of the Act is bad faith. See, e.g., Albright v. United States, 235 U.S. App. D.C. 295, 732 F.2d 181, 189 (CADC 1984) (the term means "without grounds for believing [an action] to be lawful, or by flagrantly disregarding others' rights under the Act"); see also, e.g., Scrimgeour v. IRS, 149 F.3d 318, 326 (CA4 1998) (same); Wisdom v. Department of Housing & Urban Development, 713 F.2d 422, 424-425 (CA8 1983) (same); Pippinger v. Rubin, 129 F.3d 519, 530 (CA4 1997) (same); Hudson v. Reno, 130 F.3d F.3d 1193, 1205 (CA6 1997) (similar), overruled in part on other grounds, Pollard v. E.I du Pont de Nemours & Co., 532 U.S. 843, 848, 150 L.Ed. 2d 62, 121 S.Ct. 1946 2001); Moskiewicz v. Department of Agriculture, 791 F.2d 561, 564 (CA7 1986); (similar); Wilborn v. Department of Health and Human Servs., 49 F.3d 597, 602 (CA9 1995) But (similar). Cf. Covert v. Harrington, 876 F.2d 751, 757 (CA9 1989)

· (apparently applying a broader standard). Civil Rights Acts of 1964)
§ 706 e), F, F)3) as Amended 44 U.S.C.A. § 2000 e)5)e)F)F)3)

Requirements of Article III of Federal Constitution as affecting Standing to Challenge Particular Conduct as Violative of Federal law —
Supreme Court Cases. 70 L Ed. 2d 941.

Supreme Court's views as to the federal legal aspects of the right of Privacy. 43 L. Ed. 2d. 871.

Supreme Court's View as to weight and effect to be given; on Subsequent Judicial Construction, to prior administrative construction of Statute. 39 L Ed. 2d 942.

Seller V. Bureau of Prison. 1992) D.C.Cir. 959 F. 2d 307

Agency must take reasonable Steps to maintain Accuracy of information to assure Fairness to Individual and Agency willfully or intentionall fails to Maintain its records in that way an consequent makes determination adverse to individual. It will be liable to that Person for money damages.

Penal Code 5088 d) 2) Code § 11346.1    Agency's must generally comply with the APA requirement.

Government Code § 11342.9) . . . .    Rules relating only internal management of agencies. Ibid

Government Code § 11350. 11340.5 . . .    Administrative Law

Government Code § 5 U.S.C. § 551 et seq    Federal Procedures Act (APA) establishes the procedures for enacting rules with (APA).

-100-

The Senate Bill, as amended and passed, provided:
"The United States shall be liable for the actions or omission of any officer or employee of the Government who violates the provisions of this Act, or any rule, regulation, or order issued thereunder in the same manner and to the same extent as a private individual under like circumstances to any person aggrieved thereby in an amount equal to the sum of ___ ___

▓▓▓▓ "(1) Any actual and general damages sustained by any person but in no case shall a person entitled to recovery receive less than the sum of $1,000; and

"(2) In the case of any successful action to enforce any liability under this Section, the costs of the action together with reasonable attorney's fees as determine by the Court." S. 3418, 93d Cong., 2d Sess., § 303(c)(1974), reprinted in Source Book 341.___ The "intentional [or] willful" level of culpability a Privacy Act Plaintiff must demonstrate is a formidable barrier." ("Congress and commentators agree [the intentional or willful qualification] is a formidable obstacle to recovery under the Act.")___ And § 552a(g)(4)(A)'s embracive term "a person entitled to recovery," word the Court must read out of the statute to render its interpretation sensible... See ante, at ___ n8. 157 L.Ed 2d. at 1133.

Congress has used language similar to § 552a(g)(4) in other Privacy Statute. See. 18 U.S.C. § 2707(c) [18 USCS 2707(c)]; 26 USCS§ 861 1001(c)2) [26 USCS § 6110(c)(2)]; 26 U.S.C § 7217(c)(1976 ed. Supp. V)[26 USCS § 7217(c)]. These [*640] other statutes have ▓▓▓▓ been understood to permit recovery of the $1,000 statutory minimum despite the absence of proven actual damages. See. H.R. Rep. No.

- 99-647, P 74 (1986) ("Damages [under 18 U.S.C. § 2707(c)] [18 USCS § 2707(c)]] include actual damages, any lost profits but in no case less than $1,000."); S. Rep. No. 99-541, P 43 (1986) ("[D]amages under [18 U.S.C. § 2707(c) [18 USCS § 2707(c)] the sum of actual damages suffered by the Plaintiff and any profits made by the violator as the result of the violation. . . . with minimum statutory damages of $1,000 . . . . and . . . . reasonable attorney's fees and other reasonable litigation costs."); H.R. Conf. Rep. No. 94-1515, P 475 (1976)(Title 26 U.S.C. § 6110(i)(2) [26 USCS § 6110(i)(2)] "Creates a civil remedy for intentional or willful failure of the IRS to make required deletions or to follow the procedures of this ▮▮▮▮▮ section, including minimum damages of $1,000 plus costs."); S. Rep. No. 94-938, P 348 (1976) ("Because of the difficulty in establishing in monetary terms the damages sustained by a taxpayer as the result of the invasion of his privacy caused by an unlawful disclosure of his returns or return information, [26 U.S.C. § 7217(c)] [26 USCS § 7217(c)] provides that these damages would, in no event, be less than liquidated damages of $1,000 for each disclosure."), see also. Johnson v. Sawyer 120 F.3d 1307, 1313 (A5 1997) ("Pursuant to [26 USC § 7217] [26 USCS § 7217]; a Plaintiff is entitled to his actual damages sustained as a result of an unauthorized disclosure (including punitive damages sustained for willful or grossly negligent disclosures) or to liquidated damages of $1,000 per such disclosure, whichever is greater, as well as the cost

12

of action."); Roxex v. Traynor, 771 F. 2d 383, 387-388 (CA8 1985) "The remedy of minimum statutory damages is a fairly common feature of federal legislation.... In subsequent legislative [1627] history will rarely override a reasonable interpretation of a statute that can be gleaned from its language and legislative history prior to its enactment." Solid Waste Agency v. United States Army Corps of Eng'rs. 531 U.S. 159, 170, n. 5, 148 L. Ed. 2d 576, 121 S. Ct. 675 (2001) (quoting Consumer Product Safety Comm'n v. GTE Sylvania Inc., 447 U.S. 102, 118, n. 13, 64 L. Ed. 2d 766, 100 S. Ct. 2051 1480)). . . . A subsequent provision requires proof of intent or ████ willfulness in addition to adverse effect, and if the specific state of mind must be proven additionally, it is equally consistent with logic to require some actual damages as well. Nor does a court view suppose deprive the language recognizing a civil action by an adversely affected person of any independent effect, for it may readily be understood as having a limited but specific function. The reference in §552a(q)(4)(D) to "adverse effect" acts as a term of art identifying a potential plaintiff who ████ satisfies the injury-in-fact and causation requirements of Article III standing, and who may consequently bring a civil action without suffering dismissal for want of standing sue... See. Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co., 514 U.S. 122, 126, 131 L. Ed. 2d 160, 115 S. Ct. 1278 (1995). ("The phrase person adversely affected or aggrieved is a term

of art used in many statutes to designate those who have standing to challenge or appeal an agency decision; within the agency or before the courts.) .. see also 5USC§702 [5 USCS §702] Providing review of agency action under the Administrative Procedure Act to individuals who have been "adversely affected or aggrieved"). That is, an individual subjected to an adverse effect ~~████~~ has injury enough to open the court house door, but must show actual damages under federal civil rights statutes...

... Alyeska Pipeline Service Co. v. Wilderness Society 421 U.S. 240. 247.- 258. 44 L.Ed. 2d. 141. 95. S.Ct. 1612. (1975).

Plaintiff must prove some actual damages in struction to qualify for the minimum statutory award.

The Privacy Act gives agencies detailed instructions for managing their records and provides various sorts of civil relief to persons aggrieved by the Gover'nt's failure to comply with the Act's requirements. ─... Plaintiff ~~does~~ fails within a catchall category for someone who suffers an "adverse affect" from a failure otherwise specified in the Remedial Section of the Act. §552a(g)(1)(D). If a court determines in a Sub section (g)(1)(D) suit that the agency acted in an "intentional or willful" manner, the Government is liable for "actual damages sustained by the individual.... but in no case shall a person entitled to recovery receive less than .... 1,000." § 552a(g)(4)(A).

14

<u>Section 552 a(g)4)</u> provides:

"In any suit brought under the provisions of subsection g(1)(C) or D) of this section in which the court determines that the agency acted in an manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of $1,000. ~~$~~

~~$~~ actual damages sustained by the individual as a result the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000. and

"B) the cost of the action together with reasonable attorney fee as determined by the court."

The open clause of § 552a(g)4)  prescribes two conditions on which liability depends. First, the claimant's suit must lie under <u>§552 a(g)(1)</u> <u>C) or (D)</u>: both provisions require an agency action "adverse" to the claim. <u>Section 552 a(g)(1)(C)</u> authorizes a civil action when a agency "fails to maintain [a] record concerning [an] individual with [the] accuracy, relevance, timeliness, and completeness" needed to determine fairly "the qualifications, character, rights, or opportunities of, or benefits to the individual," if the agency's lapse yields a "determination . . . . adverse to the individual." (Emphasis added.) <u>Section</u> <u>552a(g)(1)(D)</u> ~~$~~ allows a civil action when a agency "fails to comply with [a] provision of [§552a], or [a] rule promulgated thereunder, in such a way as to have an adverse effect on an individual" (Emphasis added.) Second, the agency action triggering the suit under § <u>552a(g)(C) or (D)</u> must have been "intentional or willful." §<u>552a(g)(4)</u>. If these intentional two liability-determining conditions are satisfied (suit under §<u>552a(g)(1)(C) or (D)</u>: intentional or willful

- 15 -

conduct), the next clause specifies the consequences: "The United States shall be liable to the individual in an amount equal to the sum of the recovery allowed under § 552a(g)(4)(A) and the cost and fees determined under § 552a(g)(4)(B).

The provision for monetary relief ultimately enacted, § 552a(g)(4), represented a compromise between the House and Senate visions. The House bill's culpability standard ("willful, arbitrary, or capricious"), not present in the Senate bill accounts for § 552a(g)(4)'s imposition of liability only when the agency acts in an "intentional or willful" manner. The culpability requirement affords the Government some insulation against excessive liability. On the other hand, the enacted provision adds to the House allowance of "actual damages" only, the Senate specification that "in no case shall a person entitled to recovery receive less than the sum of $1,000... § 552a(g)(4). ___ The purpose and legislative history of the Privacy Act, as well as similarly designed statutes, are in harmony with the reading of § 552a(g)(4) most federal judges have found sound. Congress sought to afford recovery for "any damages" resulting from the "willful or intentional" violation of "any individual's rights under the[] Act." § 2(b)(6); 88 Stat. 1896 (emphasis added). Privacy violations commonly cause fear, anxiety, or other emotion distress ___ in the Act's parlance, "adverse effects." Harm of this character must, of course, be proved genuine, ___ The interpretation of § 552a(g)(4) has remained unchange. See id., at 56741; 44 Fed. Reg. 23, 138(1979); 47 Fed. Reg. 21, 656(1982); 48 Fed. Reg. 15, 556(1983); 49 Fed. Reg. 12, 338(1984); 50 Fed. Reg. 52, 738(1985); 52 Fed. Reg. 12, 990(1987); 54 Fed. Reg. 25, 821(1989);

16

. 58 Fed. Reg. 36.075 (1993); 59 Fed. 37.914 (1994); 61 Fed. Reg. 6935 (1996);

§ 552a(g)(4). Cf. Bowen v. Georgetown Univ. Hospital, 488 U.S. 204.212, 102 L. Ed. 2d 493, 109 S.Ct. 468 (1988) applied [deference] to agency litigating positions that are wholly unsupported by regulations; rulings, or administrative practice."); INS v. Cardoza—Fonseca, 480 U.S. 421, 446, n. 30, 94 L. Ed. 2d 434, 107 S.Ct. 1207 (1987)("An agency interpretation of a relevant provision which conflicts with the agency's earlier interpretation is entitled to considerably less deference" than a consistently held agency view." (quoting Watt v Alaska, 451 U.S. 259, 273, 68 L. Ed. 2d 80, 101 S.Ct. 1673 (1981)! The Government acknowledged, an individual would have to prove he "suffered an adverse effect as a result of the [agency]'s failure to comply with [the Act]"); Lyon v. United States, 94 F.R.D. (W.D. Okla. 1982) [A]dverse effects must be proven rather than merely presumed . . . "306 F. 3d. 170. 187 (2002) tort recovery requires . . . . proof of some harm for which damages can reasonably be assessed." Ante at ___, 157 L. Ed. 2d, at 1132 Although that understanding applies to common negligence actions. See W. Keenton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of torts 165 (5th ed. 1984) (cited ante, at 157, L. Ed. 2d at 1132). it is not the Black Letter rule for privacy actions. . See 3 Restatement (Second) of torts § 652H, p. 40 1976),

17

"One who has established a cause of action for invasion of his privacy is entitled to recover damages for... his mental distress proved to have been suffered if it of a kind normally result from such an invasion...."); Id., at 402, Comment b ("The Plaintiff may also recover damages for emotional distress or personal humiliation that he proves to have been actually suffered by him, if it is of kind that normally results from such an invasion [of privacy] and it is normal and reasonable in its extent.")

The Senate Bill advanced the former concern; the House Bill was more conscious. The house bill, as reported the Committee on Government Operations and passed by House, Provided; _____ "In any suit brought under the provisions of Subsection (g)(1)(B) or (C) of this section in which the court determines that the agency acted in a manner which was willful, arbitrary, or capricious, the United States shall be liable to the ████████ individual in an amount equal to the sum of--

"(A) actual damage sustained by the individual as a result of the refusal or failure; and

"(B) the cost action together with reasonable attorney fee as determined by the court." H.R. 16373, 93d Cong. 2d Sess., §552a(g)(3)(1974) reprinted in Legislative History of the Privacy Act of 1974: Source Book on Privacy, P 283 (Joint Comm. Print Compiled for the Senate and House Committees on Government Operations) (hereinafter Source Book)

18

A straightforward textual analysis supports the Government's position that the minimum guarantee goes only to victims who prove some actual damages: By the time the Statute guarantees the $1,000. minimum, it not only has confined eligibility to victims of adverse effects cause by intentional or willful actions, but has provided expressly for liability to such victims for actual ~~damages~~ damages sustained.

c) Section ~~(g)(1)(A)~~ recognition of a civil action was not meant to provide a complete cause of action. A subsequent provision requires proof of intent or willfulness in addition to adverse effect. and if the specific state of mind must be proven additionally. it is consist with logic to require some actual damage as well. as a form of presumed damages not require proof of amount, only to plaintiff's who can demonstrate actual damages. But this approach parallels the common-law remedial scheme for certain defamation claims in which plaintiff can recover presume damages only if he can demonstrate some actual. quantifiable pecuniary loss.

Plaintiff criminal convictions records by California Justice Bureau office workers printed seven false. inaccurate information; disclosureing beyond the limits set by the Privacy Act. see 5 U.S.C §552a(b)  [5 USCS §552 a(g)(A)]; ___ Improper disclosure raised an issues of cognizable harm. and an triable issue of facts about the government agency's violation.

1   Plaintiff objection for the second to District Court Magistrate

2   Judge DALE A. DROZD ___ decision to dismiss civil action against

3

4   Defendant ROBERT SANTOS ; allowing false, inappropriate un supportive

5   facts as criminal history activity conviction information has cause

6   unfairness, for the court correct illegal life sentence, clearly is

7   erroneous contrary to laws set forth in §28 U.S.C. §636 b)1)A).

8   See fed. R. Civ. P. 72(b) ___ which his erroneous decision is

9   arbitrary, capricious or unreasonable. Because the due process

10  clause has been held by court applicable to matters of substantive

11  law as well as to matter of procedure, and erect prejudice into

12  legal principle. in light of reason, see New State ICE Co. v. Lieb

13  mann, 285 U.S. 262 ;311 ___ Legislator and Judges have acted

14  on various unprovable assumption ___ and privacy ___ Poe v. Ullman 367

15  367 U.S. 497, 522 ___ Harlan J.. dissenting); 381 U.S. at 502-503

16

17      California constitution of the United States and
        constitution of the United States :

18

19      Section 2. Jurisdiction of United States Courts

20      Cases that may come before United States Courts

21      1. The Judicial power shall extend to all cases, in law and

22  equity, arising under this constitution, the laws of United States,

23  and treaties, made or which shall be made - under their authority, to all

24  cases, And Duty of courts protect pro se rights Devine 12 f.3d 576 ) _ Rand 154 F.3d 35 ?
                            CONCLUSION

25      For the above stated reasons, and documents in Exhibit A1, A2, A3.

26  ROBERT SANTOS is liable §552 a)(4)(B) _ had nothing to do with conviction. But using

27  information which is false allow, a CDC. inst Staff, use information Summary Issue ?
                                        pro se rights
    on 7-2-08. one hr. library, rush out of library by unsupervised glow brown, prose

28  Dated JUNE 2008                                    Signature: Lawrence Birks pro se
         JULY 2, 2008              -20-          F137 Acting Warden m. Reyes
                                                 is not supervising Cho. or Staff
                                                 in Eop.

1) One Letter Complaint July 4. 2001

2) District Attorney Geoffrey K Goss
   a) Seven pg. Opposition Motion, to People v. Romero Strike, May 6. 1999)

3) Three Pg. Original Complaint to Eastern Dist Ct. July 14 2007

4) Seven Pg. Supporting Complaint motion _Suit under §552 A(G)(1) D)_G(4)A)
   Civil Action _Civ.S 07. 1473 LLK DAD P

5) Verification.

# EXHIBIT   A-1

Laurence Birk EPT# 544 911 N3
(SVSP) Salinas Valley State Prison
P.O. Box 1030-C8-129L
Soledad California, 93960, 1030

Cii record number 4 867 1

DATE: July 9, 2001

: STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE OF CALIFORNIA
BUREAU OF IDENTIFICATION — CHIEF OF CRIMINAL RECORD
P.O. Box 903417
SACRAMENTO, CALIFORNIA, 94203-4170

: RECORDS REVIEW UNIT
P.O. Box 903417
SACRAMENTO, CALIFORNIA, 94203-4170

: DEPARTMENT OF CORRECTIONS
P.O. Box 942883
SACRAMENTO, CALIFORNIA, 942883-001

COMPLAINT OF ALLEGED

YOUR DEPT. STAFF HAS PRINTED INACCURACY, INCORRECTED INFORMATION AGAINST ME, THAT BEING USE ILLEGALLY AS ARREST AND AS CONVICTION UNDER CRIMINAL HISTORY OF CRIME COMMITTED BY ME, VIOLATION OF PRIVACY ACT. 5 U.S.C.A.§552 a(e)(5)(G)(4)(C)(G)(4).

: To Whom It May Concern:
There is definitely Errors of incorrect, inaccuracy information in my
minal records File that should be immediately Corrected as soon as Possible, The California
artment of Justice Bureau of Identification Dept. Clerk/or Supervisor or Dept. Director,
vernment Agency," has allowed inaccuracies of information use illegally as Criminal history
arrest and conviction of crimes Not committed by me, Violation of Privacy Acts u.s.c.A.§552a.
5)(G)(4)(C).(G)(4), "Government Agency." Not taken reasonable Steps to maintain accuracy of information
Fully or intentionally fails to correct or maintain individuals records in the Proper manner to assure
ness consequently makes determination adverse to his Criminal history of arrest and conviction. I
ice of First Amendment Rights, Seeking redress, and given the above Party's Legal and Juridical
l Financial Notice, Holding the above "Government Agency," Dept. staff of Sum ONE THOUSAND DOLLARS
the Mis conduct, Violation under the Privacy Acts, OF Not Maintaining accurate Criminal arrest
l Conviction history in the State of California. The incorrected information has cause a great
nificant adverse affect upon me, in the San Bernardino (COURT) System and in (Prison) as mak-
l determination adverse to me OF (Criminal History)" Section(e)(5)(G)(4)(C) and(G)(4) of the Privacy
ts 5 u.s.c.A(a)(e)(5), Hold Your "Agency" liable, Provides that each "Agency" Must Maintain
rect an accurate record system of individuals to such degree of assuring (1, 20)

1  DENNIS L. STOUT
   District Attorney
2  Geoffrey K. Goss
   Deputy District Attorney
3  316 N. Mtn View Ave.
   San Bernardino, CA  92415
4  Telephone: (909) 387-8309
   Fax:  (909) 387-6444
5
   Attorney for Plaintiff
6
7          SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

8

9  THE PEOPLE OF THE STATE OF CALIFORNIA  )    COURT CASE NO  FSB 05628
                                           )
10                            Plaintiff,    )    PEOPLE'S OPPOSITION TO
                                           )    DEFENDANT'S MOTION TO STRIKE
11              vs.                         )    PRIORS PURSUSANT TO PEOPLE
                                           )    vs ROMERO
12  LAWRENCE BIRKS,                         )
                                           )
13                            Defendant.    )    DATE:  May 6,1999
                                           )    TIME:  8:30 a.m.
14                                          )    DEPT:  S-27
15  _____
                                                DA CASE NO  1994-GG-0000075
16

17                                I.
                          STATEMENT OF FACTS

18  The Defendant was convicted at jury trial of two commercial burglaries. The second of the

19  two burglaries was committed 11 days after he was released after being caught committing

20  the first burglary.

21

22                                II.
              DEFENDANT'S PRIOR CRIMINAL HISTORY REFLECTS
23            HIS LENGTHY PATTERN OF CRIMES.  HE IS THE PERSON
                AT WHOM THE THREE STRIKES LAW WAS AIMED
24
25  The defendant has a long history dating back to 1974.  The defendant has had contact with

    law enforcement practically every year that he hasn't been in custody. This defendant is a
26
    violent career criminal who has used crime as a way to support himself.  A majority of his
27
    contacts with law enforcement have involved weapons or serious/violent crimes.
28

                                      1

## III.

## IN LIGHT OF THE DECISION IN *PEOPLE V. WILLIAMS*, DEFENDANT'S CRIMINAL HISTORY HARDLY SUPPORTS AN EXERCISE OF THIS COURT'S DISCRETION OF STRIKING A PRIOR CONVICTION

The short holding of *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 is that the language of Penal Code § 667 (f)(2) is sufficiently ambiguous that it does not clearly eliminate a court's discretion to strike priors[1] under § 1385. In other words, the language allowing only the prosecutor to strike priors does not explicitly preclude the courts from doing so; therefore, they retain discretion to strike prior convictions at sentencing.

"The term judicial discretion implies the absence of arbitrary determination, capricious disposition, or whimsical thinking." *People v. Giminez* (1975) 14 Cal.3d 68, 72. Judicial discretion requires the exercise of discriminating judgment within the bounds of reason. To exercise judicial discretion, a trial court must know and consider all material facts, and all legal principles essential to an informed, intelligent, and just decision. *In re Cortez* (1971) 6 Cal.3d 78, 85-86.

A trial court's decision to strike a strike is further constrained by the requirement it be "in furtherance of justice." § 1385 (a). Several principles define this concept.

> Paramount among them is the rule that the language of [section 1385] . . . requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People*, in determining whether there should be dismissal. At the very least, the reason for dismissal must be that which would motivate a reasonable judge. Courts have recognized that society, represented by the People, has a legitimate interest in the fair prosecution of crimes properly alleged. A dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion. [(*People v. Orin* (1975) 13 Cal.3d 937, 947.)]

---

[1] The People agree that this holding would also apply to the concomitant provisions of the Three Strikes Initiative.

2

1

2  (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at 530-531, emphasis original, internal

3  citations omitted.)

4       In exercising their discretion, the trial court must keep in mind the overarching intent of

5  the three strikes law, which is "to ensure longer prison sentences and greater punishment for

6  those who commit a felony and have been previously convicted of serious and/or violent

7  felony offenses." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 975; § 667 (b);

8  Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64.)

9       Finally, the *Romero* Court also stated:

10       [A] court abuses its discretion if it dismisses a case, or strikes a
11       sentencing   allegation,   solely   "to   accommodate   judicial
         convenience or because of court congestion." (*People v. Kessell*
12       (1976) 61 Cal.App.3d 322, 326 [].)   A court also abuses its
         discretion by dismissing a case, or a sentencing allegation, simply
13       because a defendant pleads guilty. (*People v. Orin, supra*, 13
         Cal.3d at p. 949.)  Nor would a court act properly if "guided solely
14       by a personal antipathy for the effect that the three strikes law
         would have on [a] defendant," while ignoring **"defendant's**
15       **background,"** **"the nature of his present offenses,"** and other
16       **"individualized considerations."**

17

18  (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at 531, emphasis added; *People v.*

19  *Dent* (1995) 38 Cal.App.4th 1726, 1731.)

20       In *People v. Williams* (1998) 17 Cal.4th 148 the Supreme Court provided guidance for

21  appellate and trial courts in dealing with *Romero* striking issues.  There, Williams was charged

22  with felony driving under the influence.  Vehicle Code §§ 23152, 23175.  Three prior "prison

23  visits" under Penal Code § 667.5(b) were alleged, as well as two prior "strike" offenses under

24  Penal Code §§ 667(b-i) and 1170.12.  *Id.* at 152-153.  A probation report yielded a treasure

25  trove of juvenile offenses as well as some seventeen adult offenses that the Supreme Court

26  found significant, including parole revocations and misdemeanor driving offenses.  *Id.* at 153-

27  154.  The probation report also listed Williams' personal history including (1) drug problems,

28  (2) unemployment, and (3) two children out of wedlock.  The Supreme Court also noted the

3

1   probation officer's recommendation of the upper term for sentencing because there were at
2   least three factors in aggravation and none in mitigation. *Id. at 155.* The trial court rejected a
3   motion to reduce the driving under the influence to a misdemeanor, but granted defendant
4   some leniency when it struck a prior strike conviction.  The trial court justified its decision
5   when it said (1) that its refusal to exercise § 17(b) discretion exhausted certain aggravating
6   factors and (2) that family support at sentencing showed the court that certain family members
7   still "loved" him and that it was time for Williams to do something "productive" with his life. *Id.*
8   at 156-157.  The Court of Appeal reversed the trial court, saying that it abused its discretion in
9   striking the prior conviction, and the California Supreme Court agreed. *Id* at 157-158.

10          In arriving at its decision in the *Williams* case, the Supreme Court attempted "to render
11  Penal Code § 1385(a)'s concept of 'furtherance of justice' somewhat more determinate." *Id.*
12  at 160.  The *Williams* Court pointed out that in the *Romero* decision,

13              "We implied that, in that balance [of factors regarding striking a
14              strike conviction,], no weight whatsoever may be given to factors
                extrinsic [to the sentencing] scheme, such as the mere desire to
15              ease court congestion or, *a fortiori*, bare antipathy to the
                consequences for any given defendant... We also implied that, in
16              the same balance, preponderant weight must be accorded to
17              factors intrinsic to the scheme, such as the nature and
                circumstances of the defendant's present felonies and prior
18              serious and/or violent convictions, and the particulars of his
                background, character, and prospects."
19

20
    *Id.* at 161.  The Court went on to declare:
21

22              We therefore believe that, in ruling whether to strike or vacate a
                prior serious and/or violent felony conviction allegation or finding
23              under the Three Strikes law, on its own motion, "in furtherance of
                justice" pursuant to Penal Code section 1385(a), or in reviewing
24              such a ruling, the court in question must consider whether, in
25              light of the nature and circumstances of his present felonies and
                prior serious and/or violent felony convictions, and the
26              particulars of his background, character, and prospects, the
27              defendant may be deemed outside the scheme's spirit, in whole
                or in part, and hence should be treated as though he had

28
                                          4

                                                                                    25

presently not committed one or more felonies and/or had not previously been convicted of one or more serious and/or violent felonies. If it is striking or vacating an allegation or finding, it must set forth its reasons in an order entered on the minutes, and if it is reviewing the striking or vacating of such allegation or finding, it must pass on the reasons so set forth.

*Id.* at 161. The Supreme Court concluded the *Williams* opinion with a discussion of this law in light of the facts of Mr. Williams' case. They declared:

In light of the **nature and circumstances of his present felony** of driving under the influence, which he committed in 1995, and **his prior conviction** for the serious felony of attempted robbery and his prior conviction for the serious and violent felony of rape, both of which he suffered in 1982, and also in light of the **particulars of his background, character, and prospects,** which were not positive, Williams cannot be deemed outside the spirit of the Three Strikes law in any part, and hence may not be treated as though he had presently not committed that felony or had not previously been convicted of those serious and/or violent felonies.

There is little about Williams's present felony, or his prior serious and/or violent felony convictions, that is favorable to his position. Indeed, there is nothing. **As to his present felony: It is a conviction of driving under the influence that followed three other convictions of driving under the influence; "the existence of such convictions reveals that [he] had been taught, through the application of formal sanction, that [such] criminal conduct was unacceptable — but had failed or refused to learn his lesson"** (*People* v. *Gallego* (1990) 52 Cal.3d 115, 209, fn. 1 (conc. opn. of Mosk, J.)). As to his prior serious and/or violent felony convictions: The record on appeal is devoid of mitigation.

Similarly, there is little favorable about Williams's background, character, or prospects. We do not ignore the fact that he apparently had had a stable living arrangement with a woman, had expressed a desire to help care for their disabled child, and was still loved, and supported, by his family. **But neither can we ignore the fact that he was unemployed and did not follow through in efforts to bring his substance abuse**

problem under control. Certainly, that he happened to pass about 13 years between his prior serious and/or violent felony convictions and his present felony, and proceeded from about 20 years of age to 32, is *not* significant. **He did not refrain from criminal activity during that span of time, and he did not add maturity to age.** Quite the contrary. In those years, he was often in prison or jail; when he was not, he violated parole and, apparently, probation, and committed the offenses that resulted in his convictions for the following: the felony of possession of a firearm by a convicted felon; another felony of possession of a firearm by a convicted felon; the misdemeanor of driving under the influence; another misdemeanor of driving under the influence; the misdemeanor of driving with driver's license suspended; yet another misdemeanor of driving under the influence; the misdemeanor of driving without a driver's license; the misdemeanor of possession of a controlled substance; and, lastly and notably, the misdemeanor of spousal battery. The superior court evidently believed that Williams was not the same man when he committed his present felony in 1995 at 32 years of age as he had been when he suffered his prior serious and/or violent felony convictions in 1982 at 20. In this regard, it asserted that there were no "crimes involving actual violence" in the interim. It was wrong. He had not changed. We put to the side his two convictions for the felony of possession of a firearm by a convicted felon. We also put to the side the apparent revocation of his parole following his arrest for assault with a deadly weapon. But the fact remains, not more than three months before he committed his present felony, he committed the misdemeanor of spousal battery — which is plainly a "crime[] involving actual violence."

*Id*. at 162-164 (emphasis ours).

Under the principles outlined above, a decision to strike a prior strike conviction here would be an abuse of discretion. The Defendant is a career criminal. As stated previously, his record dates back to 1974 with a weapons offense and culminating with a two separate convictions involving robberies. In between these times the defendant committed other weapons offense, " a statutory rape, " a couple of narcotic offenses " and a few 245's. " It is therefore appropriate for this court to deny the motion to strike prior conviction(s).

6

29

## IV.

## CONCLUSION

Defendant does not fit that slender criminal category for whom the *Williams* Court envisioned this court dismissing a prior conviction.

Dated: May 4, 1999

Respectfully Submitted,
**DENNIS L. STOUT,**
District Attorney,

_____
**GEOFFREY K. GOSS,**
Deputy District Attorney,

7

28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

_LAWRENCE BIRKS_
(Name of Plaintiff)

_HDSP- P.O. Box-3030-01-112, Susanville Ca. 96127_
(Address of Plaintiff)

_____
(Case Number)

vs.

COMPLAINT

_ROBERT SANTOS_

_BUREAU OF CRIMINAL IDENTIFICATION_

_AND INFORMATION RECORD UNIT_
(Names of Defendants)

I. Previous Lawsuits:

    A. Have you brought any other lawsuits while a prisoner:   ☒ Yes   ☐ No

    B. If your answer to A is yes, how many?: ___3___ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

      1. Parties to this previous lawsuit:

        Plaintiff _LAWRENCE BIRKS - HDSP- P.O. Box-3030-01-112_
        _Susanville California 96127_
        Defendants _ROBERT SANTOS, MANAGER, BUREAU OF CRIMINAL IDENTI_
        _FICATION AND INFORMATION RECORD UNIT- P.O. Box-903417 Sacramento Calif. 94203-4170_

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983    Rev'd 5/99

9

39

2. Court (if Federal Court, give name of District; if State Court, give name of County)

*UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA* (Sacramento)

3. Docket Number _2:05- CIV-_

4. Name of judge to whom case was assigned _LAWRENCE K. KARLTON_

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
_STILL PENDING_

6. Approximate date of filing lawsuit _JUNE /2005_

7. Approximate date of disposition _STILL PENDING_

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?    ☒ Yes    ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?

☐ Yes    ☐ No

If your answer is no, explain why not _Grievance procedures was filed,_
_on Notice of Action on May/1999, July 9 2001, June/2003 /April/2004_

C. Is the grievance process completed?    ☒ Yes    ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official
position in the second blank, and his/her place of employment in the third blank. Use item B
for the names, positions and places of employment of any additional defendants.)

A. Defendant _ROBERT SANTOS_ is employed as _MANAGER OF DEPT._
_BUREAU OF CRIMINAL IDENTIFICATION INFO_ at _DEPARTMENT OF JUSTICE P.O. Box 903417, Sacramento CA 94203 4170_

B. Additional defendants _____
_NONE_

30

IV.    Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

Defendant- ROBERT SANTOS, California State Department of Justice Bureau of criminal Identification and information criminal record unit, has allow Seven false arrest information, uncharges, inaccurate, incomplete, not certification purpose, which shoulder been exempt from being use as criminal conviction history, Allowing SanBernardino Deputy District Attorney GEOFFREY K. Goss, And Judge CHRISTOPHER J. WANER, to be partial using the Seven false incomplete, inaccurate, uncharge offenses that intentionally printed listed as conviction by the Dept of Justice Bureau of Criminal information record unit, causing an unfair Romero-resentence Review reduce life sentence. see Exhibit"2

V.    Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Order the Defendant- ROBERT SANTOS, to Adequately maintain an accurate criminal conviction history record of Plaintiff and Not print incomplete, wrong- fully false arrest offenses as aggravated criminal conviction history which re- sult is a determination adverse to that individual, where that government Agency acted in a manner which was intentional or willful causing actual damage and a order by the court grant Plaintiff a $1,000.⁰⁰ or whatever the court deems necessary for the failure of the above Defendant to maintain an adequate criminal conviction history of Plaintiff and not to pile conjecture of false incomplete offenses without disposition)

Signed this _19_ day of _July_____, 20 _07_.

_Lawrence Birks_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

_July 19, 2007_
(Date)

_Lawrence Birks_
(Signature of Plaintiff)

34

Pro_se.,

FOR THE UNITED STATES DISTRICT COURT (A)
FOR THE EASTERN DISTRICT OF California

LAWRENCE BIRKS,
     Plaintiff,


——— Vs ———


ROBERT SANTOS.
Bureau OF CRIMINAL IDENTIFICATION
AND INFORMATION:

     Defendant

SUPPORTING COMPLAINT:
SUIT UNDER § 552 A)6)1) OL 6)4)A
CIVIL ACTION NO: CIV S-07-1473 LkkOAC

I. JURISDICTION & VENUE (B)

1.    This is a CIVIL action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of State Law, of rights secured by the Constitution of the United States. The court has Jurisdiction under 28 U.S.C. Section 1331 and 1343 a) 3). Plaintiff, in seeking to recover from United States under Privacy Act Provision (5 USCS § 552 a) g) 4) A) held required to prove some "actual damage" in order to qualify for minimum Statutory award of $1,000.    And if Plaintiff qualify, seeks declaratory relief Pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.  The Eastern District Court of California, is appropriate venue under 28 U.S.C. Section 1391 b)2) because it is where the events giving rise to this claim occurred.

### II. PLAINTIFF(c)

3.  Plaintiff, LAWRENCE BIRKS, is and was at all times mentioned herein a prisoner of the State of California, in the custody of the California Department of Corrections. He is currently confined in High Desert State Prison, Susanville California.

### III. DEFENDANTS(D)

4.  Defendant, ROBERT SANTOS, Assistant Manager of the Department Bureau of Criminal Identification and Information Record Support Section. He is legally responsible for the overall operation of accurate, complete, information of criminals conviction history of the State of California Department of Justice Bureau of Criminal Identification and Information.

5.  Defendant is sued individually and in his official capacity. At all times mentioned in this complaint, defendant acted under color of state law.

### IV. FACTS(E)

6.  Defendant is responsable to allow 7) seven, inaccurate, incomplete arrest information use as felony conviction by San Bernardino District Attorney GEOFFREY K. GOSS, People's opposition Motion pursuant to People vs. Romero, three strikes twenty five years to life sentence, second degree commercial burculary felony/misdemeanor wobbler _ People vs Birks 19 Cal 4th 108. 77 Cal. Rptr. 2d 848: Pad,

Defendant allow to print inaccurate, incomplete, irrelevant arrest information that apply under exempt rules, within Agencies records system. 1) Statutor rape, 2) couple narcotic crimes and others offenses plaintiff never committed. See Exhibit #1 No incomplete, inaccurate, information_ See Exhibit #2  7) seven inaccurate, incomplete false arrest information No conviction, also the Criminal Bureau print out information incomplete, irrelevant, inaccurate arrest information wrongful printed as Criminal conviction history for Law enforcement and Dist. Attorney and Judges. CHRISTOPHER J. WARNER, Biased the 7) seven inaccurate, incomplete false arrest print out Criminal information of aggravating circumstances and affirm the twenty five years life sentence _ see both documents in Exhibit #3.

2.

33

4. Plaintiff supporting documents.

## IN EXHIBIT 1.

"Five Pages" criminal history print out record by Bureau of Criminal identification information — Restricted. Do not use certification purposes.

"Four Pages" information summary prior conviction count 1 and count 2. amend by District Attorney DENNIS L. STOUT, and Deputy District Attorney GEOFFREY K. GOSS, "No other conviction amended." from Dept. Bureau Criminal identification info.

"Nine Pages" San Bernardino County Probation Department officer report FSB056628 BIRKS, LAWRENCE, by DEEDEE MEARES ELLIOTT, P.O. II, and No other conviction mention or use from Dept. Bureau Criminal identification info. For the Judge of the Central Regional trial Court.

## IN EXHIBIT 2.

"One Page" / 7, Seven false arrest information Dept. Bureau Criminal identification Dept of Justice record Manager should have exempt from being printed as criminal conviction history of no disposition held,

"One Page" / complaint sheet file on July 9, 2001. against Dept of Justice Bureau of identification record Staff, of errors, inaccurate, incomplete criminal information and charging the Dept one thousand Dollars $1,000. of not Maintaning accurate criminal conviction history.

"One Page" / Letter from ROBERT SANTOS, Assistant Manager Record Support Section, Bureau of Criminal identification and information dated May 13, 2004,

"Five Pages" / Bureau of Criminal Identification and information print out criminal arrest. Dept number, Name, Charge, Disposition. Sheet. and Still 7) Seven false uncharges inaccurate, incomplete, irrelevant, information, that government agency's failure to maintain an adequate record on an individual, where result is a determination "adverse" to that individual; dated Mar 13. 2004,

## IN EXHIBIT 3.

"One Page" / Court of Appeal Fourth Appellate Dist. of State of California Div. Two. Title LAWRENCE BIRKS, on Habeas Corpus — Case E024755 — FSB056628, Judge HOLLENHORST, Granted Pro per-status Self-representation. dated April 22, 1999.

34

One page / Letter from Judge Robert J. HIGHT of THE LOWER COURT to Appellate Court Judge Thomas HOLLENHORST. Saying he did not denied Plaintiff/Petitioner request to represent himself under a Faretta hearing, dated April 26, 1999,

Five Pages / Brite-Star Investigations ERIC W. MARTIN, who did a Back ground investigation on Plaintiff/Petitioner Past Criminal history dated on March 15, 1999, and no information from the Bureau of Criminal Identification and information print out Criminal arrest history False Charges was restricted as uncertification Purposes.

Seven Pages / District Deputy Attorney GEOFFREY K. GOSS, People Opposition Motion, dated May 6, 1999, inform Judge CHRISTOPHER J. WANER, San Bernardino Superior Court said Plaintiff/Petitioner/defendant is a violent career criminal, Statutory rape, a couple Narcotic offenses and others uncharge Conviction that the Bureau of criminal Identification and information record Dept Manager refuse to exempt inaccurate, incomplete, false arrest information within Agencies record system.

Five Pages / Motion verified Answer to Plaintiff/Petitioner/defendant Motion For Disqualification of Judge CHRISTOPHER J. WARNER, For being "Partial", accepting D.A. Motion and the false arrest charges as Conviction listed by the Dept of Justice Bureau of Criminal Identification and information Print out Crime history Sheet.

V. DEFENDANT WAS NOTIFY: (F)

See Page in Exhibit #2

VI LEGAL CLAIMS. (G)

Plaintiffs reallege and incorporate by reference Paragraphs 1-5, or however many Paragraphs the first four section took ]

8. SUMMARY:

The Privacy Act of 1944, as amended (5 USCS § 552a), generally (1) gives Federal Agencies detailed instruction for managing records, and 2) Provides for Various Sorts of civil relief to aggrieved individuals. In 5 USCS § 552a (g)(1), The Privacy Act recognizes a civil action for agency misconduct fitting in any of four Categories, including (1) 5 USCS § 552 a(g)(1)C, which describes an agency's failure to maintain an adequate record on an individual, when the result is a determination "adverse"

to that individual; and (2) the Catchall 5 USCS § 552 a(g)(1)(D), which speaks of a violation when someone suffer an "adverse effect" from any other failure to hew to the terms of the Privacy Act. Moreover, 5 USCS § 552 a(g)(4) provides that in any suit brought under §§ 552 a(g)(1)(c) or 552 a(g)(1)(D), in which suit the Court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an effect" from any other failure to hew to the terms of the Privacy Act.

Section 552 a(g)(4) provided that in any suit brought under §§ 552 a(g)(1)(c) or 552 a(g)(1)(D), in which suit "the Court determine[d] that the agency acted in a manner which was intentional or willful, the United States [would] be liable to the individual in an amount equal to the sum of——(A) actual damages sustained by the individual as a result of the refusal failure, but in no case [would] a person entitled to recovery receive less than the sum of $1,000; and (B) the cost of the action together with reasonable attorney fees as determined by the Court"

A straightforward textual analysis supported the position, asserted by the Federal Government with respect to its civil liability under the Privacy Act of 1974, as amended (5 USCS § 552 a), that Plaintiff had to prove some "actual damages" in order to qualify under 5 USCS § 552 a(g)(4)(A) for the minimum statutory award of $1,000 to "a person entitled to recovery ≠ ——So that, under this analysis, § 552 a(g)(4) A) Plaintiff showed adversely affected by an intentional or willful violation to the $1,000 statutory minimum as:

In 5 USCS § 552 a(g)(1), The Privacy Act recognized a civil action for [*** 1125] federal agency misconduct falling in any of four categories, including (a) 5 USCS § 552 a(g)(1)(C), which described an agency's failure to maintain an adequate record on an individual, when the result was a determination "adverse" to that individual; and (b) the Catchall 5 USCS § 552 a(g)(1)(D), which spoke of a violation when someone suffered an adverse effect" from any other failure to hew to the terms of the Privacy Act.

Section 552 a(g)(4) provided that in any suit brought under §§ 552 a(g)(1)(c) or 552 a(g)(1)(D) in which suit the Court determine[d] that the agency acted in a manner which was intentional or willful, the United States [would] be liable to the individual in an amount

5.                                                      3 ‡

equal to the sum of— (A) actual damages sustained by the individual as a result of the refusal or failure. Thus, when the statute reached the point of guaranteeing the $1,000 minimum, (a) the statute had already made specific provision for what a victim within a limited class could recover; and (b) the obvious reference back for "a person entitled to recovery" was the plaintiff who sustained "actual damages."

The United States Court of Appeals for the fourth circuit, in reversing in pertinent part and in ordering a remand, expressed the view that the $1,000 minimum under § 552 a(g)(4)(A) was available to only plaintiffs who suffered actual damages because of a federal agency violation (306 F.3d 170.).

Ginsburg. J. joined by Stevens and Breyer. JJ. dissenting, expressed the view that the words "a person entitled to recovery," as used in § 552 a(g)(4) A's remedial prescription, were most sensibly read to include anyone experiencing an "adverse affect" as a consequence of a federal agency's intentional or willful commission of a Privacy Act violation of the kind described in §§ 552 a(g)(1)(C) or 552 a(g)(1)(D).

The Privacy Act— unlike the Freedom of Information Act, do not have disclosure as it primary goal. The main purpose of Privacy Act, requirement Agency to correct any inaccuracies, irrelevant, incomplete information, authorized to promulgate rules to exempt certain information that's not complete within a system. The Privacy Act of 1974 safeguards the unwarranted collection of information the Agency maintenance use and dissimulate and accurately contained in Agency records individuals ensuring accurate information are properly used. Bartel v. FAA. 725 F.2d 1403; 1407 D.C. Cir. 1984); That a Agency records system exists triggers virtually all of the other substantive provisions of the Privacy Act— King v. St. Vincent's Hosp— 502 US. 218. 221. 112 S.Ct. 570, 574, 116 L.Ed.2d 578 1991! Pennsylvania Dept. of Public Welfare v. Davenport, 495 US. 552-557-58 —110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 1990!

6.

38

9. Plaintiff has cited the Privacy Act of 1974, Adequate complete remedy at Law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant unless this court grants § 552 a)g)4)A) entitled Plaintiff to recovery in Agency willful violation to $1.000. Statutory Minimum which Plaintiff Seeks.

VII. PRAYER FOR RELIEF: (H)

WHEREFORE, Plaintiff respectfully prays that this court enter Judgment granting Plaintiffs:

10. A declaration that the acts and Omissions described herein violated Plaintiffs rights under the Constitution and Laws of the United States.

11. A Preliminary and Permanent injunction Order defendant, ROBERT SANTOS, to comply with United States Privacy Act Provision 5 USCS § 552 a)g)4)

12. Compensatory damages in the amount of $1.000.⁰⁰ against defendant.

13. Punitive damages in the amount of $ __?__ against defendant.

14. Plaintiffs Cost in this Suit.

15. A Jury trial on all issues if defendant do not comply with § 552 a)g)4).

16. Any additional relief this Court deems Just, Proper, and equitable.

Dated: _July 19, 2007_         (I)
        Respectfully Submitted,

High Desert State Prison P.O. Box 3030-C1-112, Susanville California 96127.

7.

38

VERIFICATION (J)

I have read the foregoing Complaint and hereby verify that the Matters alleged therein are true, except as to Matters alleged on information and belief, and. as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.


Executed at [Susanville California] on July 19 2007

Signature: *Lawrence Birks*
Lawrence Birks

8.

39

1.) Nine documents Criminal information — Cii record number N4-867-409
by the State of California Department of Justice
Records Bureau of Identification — Manager ROBERT SANTOS.
P.o. Box 13417, Sacramento

2.) Four inst documents — 128 chrono — showing Criminal information of False
inappropriate — No Disposition, is printed Dept of Justice Records Bureau

# EXHIBIT  A-2

```
09/19/94  17:13:16 To RTP1 from RD06:
  17:11:24 FROM CLETS:
IN
DATE:09-19-94*TIME:17:09*
MATCHED ON:*L/N*F/N*B/3
DMV RECORD FOR LAW ENFORCEMENT USE ONLY
DL/NO:N3325384*B/D:08-04-53*NAME:BIRKS LAWRENCE*
RES/ADDR: AS OF 01-22-91:6313 LANDOVER ROAD APT T3 LANDOVER   ,MD
20785*
OTH/ADDR AS OF 07-10-89:631 LANOVER RD LANDOVER    ,MD *
IDENTIFYING INFORMATION:
SEX:MALE*HAIR:BLACK*EYES:BRN*HT:6-03*WT:200*
LIC/ISS:09-18-84*EXPIRED*CLASS:3 *
LATEST APP:
DL TYPE:RENEWAL*ISS/DATE: 09-18-84*OFFICE: ING*BATES:135*
LICENSE STATUS:
EXPIRED*
SURRENDERED BY SUBJECT TO:MD*
DEPARTMENTAL ACTIONS:
NONE
CONVICTIONS:
VIOL/DT   CONV/DT    SEC/VIOL    DKT/NO         DISP    COURT   VEH/LIC
04-04-85  07-14-86   23152A VC   288002         CG      36470
*COURT PROB 03 YR
```

40

```
09/19/94  17:18:20 To RTP1 from RD06:
   17:17:01 FROM CLETS:
IH
RE: QHY.CA0361000.04867409.FEL ARR      DATE:09-19-94 TIME:17:15:56
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:FEL ARR 94-45816
CII/M04867409
DOB/08-04-1953 SEX/M  RAC/BLACK
HGT/603  WGT/175  EYE/BRO  HAI/BLK  POB/IL
NAM/01 BIRKS,LAWRENCE
02 WASHINGTON,CARL
03 WILLIAMS,MICHAEL
04 WASHINGTON,EARL
FPC HENRY
MLM
19 M 1 U 000 12
L 1 U 000 10
MLM
FBI/544911N8
DOB/09-04-53  06-23-55
CDL/N3325384
SOC/566885006  566888006  566889002  566889006
INN/CDC-C018493  CDC-D060273
*    *    *              *    *    *
```

4

MATCHED ON:*L/N*F/N*B/3
DMV RECORD FOR LAW ENFORCEMENT USE ONLY
DL/NO:N3325384*B/D:08-04-53*NAME:BIRKS LAWRENCE*
RES/ADDR: AS OF 01-22-91:6313 LANDOVER ROAD APT T3 LANDOVER    ,MD
20785*
OTH/ADDR AS OF 07-10-89:631 LANOVER RD LANDOVER    ,MD *
IDENTIFYING INFORMATION:
SEX:MALE*HAIR:BLACK*EYES:BRN*HT:6-03*WT:200*
LIC/ISS:09-18-84*EXPIRED*CLASS:3 *
LATEST APP:
DL TYPE:RENEWAL*ISS/DATE: 09-18-84*OFFICE: ING*BATES:135*
LICENSE STATUS:
EXPIRED*
SURRENDERED BY SUBJECT TO:MD*
DEPARTMENTAL ACTIONS:
NONE
CONVICTIONS:

| VIOL/DT | CONV/DT | SEC/VIOL | DKT/NO | DISP | COURT | VEH/LIC |
|---|---|---|---|---|---|---|
| 04-04-85 | 07-14-86 | 23152A VC | 288002 | CG | 36470 | |
| *COURT PROB 03 YR | | | | | | |
| DMV POINT COUNT 2 | | | | | | |
| 10-30-85 | 02-24-86 | 23152A VC | V218363 | GJW | 19463 | 943EP |
| *COURT PROB 36 MO | | | | | | |
| DMV POINT COUNT 2 | | | | | | |
| 11-07-85 | 11-08-85 | 23152A VC | V218707 | GJW | 19463 | 943EPU |
| *COURT PROB 36 MO | | | | | | |
| DMV POINT COUNT 2 | | | | | | |

FAILURES TO APPEAR:
NONE
ACCIDENTS:
NONE
END

43

10/02/94  14:38:43 To RTP1 from RD06:
    14:35:42 FROM CLETS:
IH
RE:QHA.CA0361000.NAM/BIRKS,LAWREN      DATE:10-02-94 TIME:14:34:20
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:SBPD PC459 ARR 9448041
CII              NAM              DOB    S R HGT EYE HAI
104867409 BIRKS,LAWRENCE          08-04-53 M B 603 BRO BLK
195329242 BIRKS,LARRY LANKFELL     10-23-54 M X 509 BRO BLK APP
103161742 BURKS,LAWRENCE          04-21-52 M B 605 XXX XXX
105109002 BARKOW,LAWRENCE         09-27-55 M W 600 BLU BRO
105572829 BIRKA,LAWRENCE          04-20-56 M W 506 BRO BRO
190302287 BURKE,LAWRENCE JAY      01-20-52 M X 511 GRN BRO APP
194660717 BURKES,LAWRENCE EDWARD  11-30-53 M X 508 BRO BLK APP
105884420 BURKE,LAWRENCE DWAINE   01-24-58 M W 506 BLU BLN
107170033 BURKE,LAWRENCE TIMOTHY  02-26-57 M X 604 BLU BLN
104641906 BEARCE,LAWRENCE LEE     05-25-52 M W 508 BRO BRO
106536544 BURKE,LAWRENCE WILLIAM  01-17-53 M W 600 BLU BLN
    *   *   *   *   *   END OF MESSAGE   *   *   *   *   *   *   *

43

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
**BUREAU OF IDENTIFICATION**
P. O. BOX 13417, SACRAMENTO

4 867 409

NEGRO  6-3  175  ILL.  8-4-1953

BIRKS: LAWRENCE

SN #566 88 8006
FBI# 544 911 N 8
SN# 566 88 5006

OL# N3325384
IS FOR OFFICIAL USE ONLY
SN# 566 88 9006



The following CII record, NUMBER

```
        MLM
19  M  1  U  000   12
    L  1  U  000   10
7Y      MLM
```

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| ALIAS: | CARL WASHINGTON;  MICHAEL WILLIAMS;  EARL WASHINGTON; | | | |
| 2-15-73 | SO SAN BERNARDINO 47671 | LAWRENCE BIRKS | 40508 VC FAIL.APPEAR 23122 VC TRAFF.VIO. | RELEASED FOR PERSONAL USE ONLY NOT TO BE USED FOR EMPLOYMENT, LICENSING, ...ION PURPOSES |
| )-24-74 | SO SAN BERNARDINO 129288 | LAWRENCE BIRKS | 1. 12031 PC CARRY.CONCEL. WPN. 2. 148 PC INTERFER | 11-15-74,CT.1,PG, 12MOS.INFORM.PROB.; CT.2,S,DISM.PLEA BARGAIN |
| 10-3-74 | SO SAN BERNARDINO 129699 | LAWRENCE BIRKS | 23102AVC DRK. DRIVING | 2-5-75 #MT 25149 JD#36480 "A" DISM. FUR.JUST. |
| -16-74 | SO SAN BERNARDINO 133777,A | LAWRENCE BIRKS | 1) 23102A VC DRK. DRIV. 2) 14601 VC DRIV.W/SUSP. LIC. | 2-5-75 #MT 25819 JD# 36480 23102A VC FN. $190.50., 12 MOS. PROB. 11-2-76,PROB VIO,7DS JL. |
| -20-75 | SO SAN BERNARDINO 147264,A | LAWRENCE BIRKS | 1)537/647E PC DEFRAUD INKPR/REF.TO ID 2)FAIL/APPEAR 23102A VC DRK DRIV WARR.MT25819 VALLEY DIV CT | 8-20-75,537 PC & 647E PC,COMPLT. DENIED,NO REASON GIVEN DA REJ.; 23102A VC,REL.TO FONTANA VALLEY MUNI |
| - - | | CONT. PAGE 2 | | |

44-

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

## BUREAU OF CRIMINAL IDENTIFICATION

P.O. BOX 13417, SACRAMENTO

The following CII record, NUMBER        4 867 409                    IS FOR OFFICIAL USE ONLY

PAGE 2

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 10-21-76 | SO SAN BERNARDINO 171160 | LAWRENCE BIRKS | 11359H&S POSS F/SALE MARIJ. | NONE |
| 3-16-77 | SO SAN BERNARDINO 178481 | LAWRENCE BIRKS | 245A.PC ADW. | 12-21-77,#F3226,JD# 38680,459PC,417PC,DISM, FURTHI OF JUST;12031A PC, PNC,12MOS PROB. |
| 4-1-78 | PD LOS ANGELES 1575810/4764909 | LAWRENCE BIRKS | 245A PC ADW. | 4-7-78,245A PC,REL, 849B(1)PC,DEEMED NOT X ARR DET ONLY,VICT REFUSES TO PROS. |
| 5-18-78 | PD LOS ANGELES 1575810/4821647 | MICHAEL WILLIAMS | 261.2PC RAPE BY FORCE. | 5-19-78,261.2PC,DA/CA X REJ,REFER TO CA. |
| 12-15-78 | PD BEVERLY HILLS 8A1055 | LAWRENCE BIRKS | 211PC ROBB. | X |
| | | CONTINUED APGE 3 | | |

46

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

## BUREAU OF IDENTIFICATION

P. O. BOX 13417, SACRAMENTO

The following CII record, NUMBER    4 867 409                    **IS FOR OFFICIAL USE ONLY**

PAGE 3

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 2-5-80 | SO SAN BERNARDINO 230991 | LAWRENCE BIRKS | 211PC,ROBB | 6-4-80,#ACIS F11578, FSB251642,JD#36100, 211PC,FEL,JURY CONV, CERT SUP CRT; 6-27-80,#SCR-36683,JD# 36100,5YRS TT,ST PRIS, 216DS CTS; USE ALLEG FD TRUE BUT STRICKEN BY CRT |
| 7-3-80 | CALIF DEPT OF CORR,RC,CHINO C-18493 | LAWRENCE BIRKS | CS #SCR36683 CT 1,ROBB (211PC) | TERM 5YRS 5-7-83 PAROLED TO SAN BERDO CO 6-7-84, DISCH |
| 1-12-85 | PD LOS ANGELES 1575810-B/7904225 | CARL WASHINGTON | 415(1) PC FIGHT CHALLNGE FIGHT DISTRUB THE PEACE | X |
| 12-5-85 | PD LOS ANGELES 1575810-B/8346270 | LAWRENCE BIRKS | 11350(A)H&S POSS NARC CONTR SUBS. | 12-10-85,11350(A)H&S, DA/CA REJ,REL DET ONLY X LACK OF PROB CAUSE. |
| 2-28-86 | PD LOS ANGELES 1575810-B/8463812 | LAWRENCE BIRKS | 211PC, ROBB | X |
| -- | | CONTINUED PAGE 4 | | 4 to  -- |

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

△ OSP

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

# BUREAU OF CRIMINAL IDENTIFICATION

P.O. BOX 903417, SACRAMENTO  94203-4170

The following CII record, NUMBER                    4 867 409                    IS FOR OFFICIAL USE ONLY

827                                          PAGE 4

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 8-2-86 | PD LOS ANGELES 1575810-B/8693512 | LAWRENCE BIRKS | 664/211 PC, ATT.ROBB | ✕ |
| 2-17-87 | PD LOS ANGELES 2140243-W/8973792 | EARL WASHINGTON | 211 PC,ROBB | 6-19-87,#A796849,JD# 19100,664/211PC,FEL,CONV. BY JURY,3YRS.TT ST.PRIS. |
| 5-30-87 | CALIF DEPT CORR D-60273 | EARL WASHINGTON | CS#A796849 CT.1,ATT.ROBB. 664/211PC | FROM: L.A. CO. TERM: 3YRS. 4-12-89,PAROLED TO L.A. CO. 6-7-90,PV/RTC 11-27-90,PAROLED TO L.A. CO. 11-28-90,PV/RTC |
| 9-19-94 | SO SAN BERNARDINO 9409343344 | LAWRENCE BIRKS | #MSB11281 459 PC,COMM. BURG. (ARR BY PD SAN BERDO) | |
| 10-21-94 | SO SAN BERNARDINO 9410340070 | LAWRENCE BIRKS | 459 PC,COMMERC. BURG. (ARR BY TASK FORCE) | 5-8-95,#FSB05628,JD# 36100,459PC/667.5(B)PC, 2CNTS,PG,25YRS TT ST PRIS. |
| | | CONTINUED PAGE 5 | | 49 |

ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE

## BUREAU OF CRIMINAL IDENTIFICATION

P.O. BOX 903417, SACRAMENTO  94203-4170

**The following CII record, NUMBER**          4 867 409          **IS FOR OFFICIAL USE ONLY**

827                                    PAGE 5

| ARRESTED OR RECEIVED | DEPARTMENT AND NUMBER | NAME | CHARGE | DISPOSITION |
|---|---|---|---|---|
| 10-4-94 | SO SAN BERNARDINO 9410340070A | LAWRENCE BIRKS | #FSB05628 459 PC,BURG. (ARR BY TASK FORCE) | |
| 10-6-94 | SO SAN BERNARDINO 9410340070B | LAWRENCE BIRKS | #MSB11281 459 PC,BURG. (ARR BY TASK FORCE) | |
| 5-18-95 | CALIF DEPT OF CORR J-61976 | LAWRENCE BIRKS | CS#FSB05628 CT.1,2ND° BURG,459 PC/ 667.5(B)(I)PC | FROM: SAN BERNARDINO CO. TOTAL TERM: 25YRS-LIFE. |

California Penal Code Section 11125 states:
"No person or agency shall require or request another
person to furnish a copy of a record or notification
that a record exists or does not exist as provided in
Section 11124. A violation of this section is a
misdemeanor."

Dated:          W 3 2 MAY 1 3 2004

48

**ENTRIES INDICATED BY ASTERISK (*) ARE NOT VERIFIED BY FINGERPRINTS IN CII FILES.**

NUMBER:  J61976    NAME:  BIRKS                HOUSING:  C5-216L    CDC-128-G (Rev. 4/98)

CB-109

Custody:        CLO B              Reclass Date:  7/99
Release Date:   MEPD 6/7/20        Ethnic:        BLACK
CS/Level:       95/IV              GPL:           5.2
WG/PG:          A1A    Eff. Date: 6/2/98

Summary:    ANNUAL/POST BOARD: RETAIN CLO B CUSTODY, REDUCE CS TO 95, P/O S/S
            W/L, WG/PG A1A EFFECTIVE 6/2/98, REFER TO CSR RX TX
            CCI 4A IV/SATF IV.

Comments: Inmate BIRKS appeared before FACILITY C UCC today for SPECIAL classification. The Board of Prison Terms conducted a Documentation #1 hearing on 6/9/98. The Board of Prison Terms decisions and recommendations are: needs to obtain certification in a vocational trade, needs to acquire his GED and needs to remain disciplinary free. BIRKS was issued a copy of the hearing results. He stated that he understands the hearing results and agrees. Inmate BIRKS is currently unassigned. After careful review, discussion, and consideration committee elects to retain CLO B custody, reduce classification score to 95, P/O S/S W/L, WG/PG A1A effective 6/2/98 and refer to CSR RX TX CCI 4A IV/SATF IV. The selection of these two facilities were per inmate BIRKS' request in order to facilitate and enhance family relations. BIRKS is a 44 year old 3rd termer received into CDC on 5/18/95 from San Bernardino County for Burglary 2nd. BIRKS received a sentence of 26 years to life. Restitution: $1,500.00; Prior arrest history: Interfering with an Officer, Failure to Obey Warrant, Driving with a Suspended License, Defrauding an Innkeeper, Refusing to Identify, Possession Marijuana for Sale, Possession of a Deadly Weapon, Possession of a Loaded Weapon, Possession of a Narcotics Controlled Substance, Disorderly Intoxication, ADW, Burglary, Burglary 2nd, Carrying a Concealed Weapon, DUI, Property by Force, Attempted Robbery and Robbery; Disciplinary history overview: Mutual Combat and Possession of a Stabbing Type Weapon/Battery on an Inmate; Sex Offenses: 5/18/78 arrested for Rape by Force. This case was previously reviewed by UCC and it was deemed that an "R" suffix was inappropriate; Arson Offenses: NONE; Escapes: NONE; FPTTP: Does not meet criteria, he is a U.S. citizen; Enemies: noted; Gang/Tip Affiliation: NONE; Confidential Info: NONE; Medical: Full duty; Psych: Clear; TB: 22, Date of 128C: 4/27/98; Dental: 2; DPP: Does not qualify; Substance Abuse History: Alcohol; HWDP: NONE. Subject meets 180 design housing criteria due to SHU placement within the last 3 years. BIRKS was informed that his next scheduled classification will be during 7/99. BIRKS states that he understands the committee's action(s). Eligibility for camp, MSF, CCF, CCRC, Restitution Center, and Substance Abuse Program have been reviewed. He does not meet the criteria for the above programs due to his classification score, SHU placement and Life sentence. BIRKS agrees with the committee's action(s). BIRKS participated in the committee's action(s). BIRKS received his 72 hour notice for the purpose of this classification committee. BIRKS was informed of his appeal rights and time constraints. Communication was accomplished verbally and in English. This transfer should be considered non-adverse therefore BIRKS' WG/PG upon transfer will be A1A. BIRKS' next BPT hearing (Doc. #2) will be held during 6/2001. Additional comments: It should be noted that at the time of this review, BIRKS had an enemy housed at CCI 4B and therefore he should only be TX/housed to/at CCI 4A.

COPIED AT STATE EXPENSE

Chair-Person:  J/SISK, CAPT(A)                          Recorder:  D. MOSCHETTI, CCI

Panel:  J. SISK, CAPT(A);  T. DAVIS, CCI;  D. MOSCHETTI, CCI

INMATE COPY

Dist.:  C-File
        Inmate
/mlt
Date: 6/26/98        UCC            Classification: ANNUAL/POST BOARD        Inst: SVSP

49

**NAME: BIRKS**      **CDC #: J61976**      **CELL: D6-132L**

## COMMITTEE ACTION SUMMARY

CONTINUE PRESENT PROGRAM, REDUCE CLASSIFICATION SCORE TO 95 DUE TO ONE PERIOD DISCIPLINARY FREE AND AVERAGE WORK PERFORMANCE, REFER TO ICC FOR MEDA CUSTODY REVIEW, DOUBLE CELL APPROVED.

## COMMITTEE'S COMMENTS

Inmate BIRKS appeared before Salinas Valley State Prison's (SVSP's) Facility "D" Unit Classification Committee (UCC) today for his Annual Review. BIRKS stated that his health was good and was willing to proceed. BIRKS received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, BIRKS was introduced to the committee members.

Based upon a review of BIRKS' Central File, case factors, and through discussion with him, committee elects to: Continue present program, reduce classification score to 95 due to one period disciplinary free and average work performance, refer to ICC for MEDA custody review, double cell approved.

At the conclusion of this review BIRKS was informed of his Appeal Rights with regards to this committee's actions. BIRKS acknowledged his understanding and agreement with committee's actions.

**STAFF ASSISTANT**

Not Assigned: (Issues not complex and non-participant in MHSDS)

## INMATE CASE FACTORS

| CUSTODY | CS/LEVEL | WG/PG & EFF DATE | RELEASE DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|---|
| CLOB | 95/IV | A1A - 2/25/2000 | MEPD 6/4/2020 | 9.3 | 7/2001 | 46 | BLA | 3rd | DOC #1 6/2001 |

| RECEIVED SVSP | RECEIVED FROM & TYPE OPT X | RECEIVED CDC | COUNTY OF COMMITMENT | SENTENCE | RESTITUTION |
|---|---|---|---|---|---|
| 10/21/1997 | COR – Non-Adverse | 5/18/1995 | San Bernardino | 26 yrs to life | $1,500.00 |

### COMMITMENT OFFENSE

Burglary 2nd

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|---|---|
| Interfering with Officer, Failure to Obey Warrant, Driving on a Suspended license, Defrauding an InnKeeper, Refusing to ID, ADW (Firearm), Burglary, Burglary6 2nd, DUI, Transport/Sell Controlled Substance, Rape by Force, Robbery and Att Robbery. | Battery on an Inmate, Possession of Inmate Mfg Weapon, numerous Mutual Combat |

| SEX OFFENSES | ARSON OFFENSES | ESCAPES |
|---|---|---|
| Arrested 5/18/78 - 'R' suffix is not appropriate per ICC | None | None |

| ENEMIES | GANG/TIP | CONFIDENTIAL |
|---|---|---|
| Noted on CDC 812 | None | Clear |

| MEDICAL | TB DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
|---|---|---|---|---|
| Full Duty | 22 - 5/1/2000 | 2 | N/A | Alcohol |

| PSYCH | MDO | DDP |
|---|---|---|
| Clear 12/17/1998 | Doesn't Meet MDO Criteria (Lifer) | Not Tested (NT) |

| HOUSING | CELL STATUS | CAMP, MSF, CCF, CCRC, REST. CENTER, & SAP ELIGIBILITY | | |
|---|---|---|---|---|
| 180 Design (A1) | Double Cell | Camp Eligible: No LIF CLS | CCF Eligible: No LIF CLS | CCRC Eligible: No LIF CLS |
| | | MSF Eligible: No LIF CLS | SAP Eligible: No LIF CLS | Rest. Center Eligible: No LIF CLS |

| FPTIP | HWD | JOB ASSIGNMENT |
|---|---|---|
| US Citizen | None | F/D DIN RM 3 LS |

## COMMITTEE MEMBERS

CHAIRPERSON
T. Alexander, Capt. (A)

MEMBER
(D) MIL CC

INMATE COPY

RECORDER
K. Buckley, CCI

Committee Date: 6/20/2000      **ANNUAL REVIEW**      Committee: 62000KLBUCC

Typed By: KLB   Distribution: C-File & Inmate    SALINAS VALLEY STATE PRISON    Classification Chrono CDC 128G (Rev. 1/00)

NO.: **J61976** NAME: <u>BIRKS</u> MEPD 6/4/2020 26 YRS TO LIFE
Custody: **CLO/B**             WG/PG: **A1/A**

PS: **123**       REV: **7/08**
Assignment:  **B-FAC EOP INIT; REL
TO B-FAC EOP; REL FROM ORIENT;
NWSP, NTPP & ESCORT POLICY
EXPLAINED; FD/FHC; D/C HOUSING
OK; P/O B-FAC EOP SS W/L; TABE:
9.3; NGPC; NO BACK DOCK**

**BIRKS** appeared before B-FAC EOP Initial Classification Committee for the purpose of program determination. The **CDC 128-B-1** dated 3/12/08 was issued 72 hours prior to this classification hearing. See CDC 128-B-1 which is in file.

<u>CASE FACTORS</u>:  S is a Black, 3rd-term 3rd striker, received in CDC on 5/18/1995 from San Bernardino County subsequent to a conviction for **Burglary 2nd, PC 459**. DOB: 8/4/53. S received a sentence of 26 years to Life  S was received at SAC on 3/11/08 from HDSP for Level-IV EOP placement based upon non-adverse transfer. **Sex Offenses:** 1978 arrest for Rape by LAPD. "R" suffix not appropriate per HDSP-IV UCC of 2/13/08. **SVP applicable:** No. S does meet the **MDO Screening** offense criteria. **Arson:** None. **Registration:** None. **PC 296 (DNA):** Has been completed **Notification:** None. **Escapes:** None. **Holds:** None. **Enemies:** Refer to CDC 812/812C. **Gangs/Disruptive Group:** None. **The MCSF Screening Form** is in file. **The MCSF Screening Form** was last updated on 6/26/07. **Disciplinary History Overview:** 10/30/07 at HDSP-IV for Mutual Combat Requiring Use of Force, 3/2/04 for Resisting Staff Requiring Use of Force, 12/18/02 for Mutual Combat, 8/18/02 for Refusing to Report to Job Assignment, 12/20/01 at SVSP for Mutual Combat, 9/20/01 for Obstructing a P/O (Refusing a compatible cellmate), 6/21/01 for Obstructing a P/O, 5/16/01 for Willfully Obstructing a P/O (Refusing a cellmate). S is eligible for **270 design Level-IV housing.** **Medical:** Full duty/food handling clear, per CDC 128-C dated 6/17/04. **DPP issues:** N/A. **DDP issues:** NCF per CDC 128C-2 completed on 9/5 & 9/8/2000. **Psych:** EOP LOC, per CDC 128-C dated 1/31/08. **TB Alert Code:**  22, per CDC 128-C dated 3/12/07. **Work Skills:** Unskilled general laborer. **Violence Exclusion Review:** Does not apply. The Burglary was of a commercial business that was not occupied at the time of entry. S is **not** eligible for Camp, MSF, CCRC, CCF, MCCF, Restitution Center, or Substance Abuse Program placement based upon Life sentence and Psych history. **Confidential Information:** None. Committee notes that **S's I.D. photo** in C-file is not current – needs to be updated. **Restitution fines** have been queried in DDPS. S does have **restitution** assessed. DDPS indicates a balance of $1361.14. **Release Program Study** has **not** been completed and mailed based upon Life sentence. **County of last legal residence is San Bernardino.** S does have two Discharge numbers. The Archive Files (CDC #D60273 & C18493) have been received and reviewed. Refer to CDC 128-B dated 5/17/02. **Next BPH:** IPCH and next anticipated BPH date is scheduled for 6/4/2020.

<u>Program Expectations</u>:  The **"NO WARNING SHOT","NO TOBACCO PRODUCTS"** and Escort policies were explained.

<u>Inmate Comments:</u> S stated he understands and **agrees** with committee's actions.

<u>Additional Comments:</u>  TABE score: Reading 9.3 per CDC 128G dated 4/25/02. Effective communication was established by use of simple verbal English combined with question and answer dialog between S and various members of this committee. C/O T. Miller was assigned, present and served as the Staff Assistant.

<u>Committee Action:</u> Committee acts to release S from Orientation status to B-FAC EOP. Committee acts to **place** S on double cell housing status based upon S not having a documented history of being a sexual predator while incarcerated, or of being assaultive to cell mates. Committee acts to set custody at CLO/B based on the custody guide for male inmate's classification matrix dated 8/28/01, length of sentence, time to serve criteria, S has more than 7 years remaining before reaching his MEPD. S's WG/PG is A1/A effective 5/23/02. Place on the B-FAC SS W/L with **no** gate pass clearance and **no** back dock clearance based upon B-FAC program availability. S's next **Annual Review** is scheduled for 7/1/08.

CONCUR: _____
              D. BAUGHMAN, CAPT

_____
J.C. BAILEY, Jr, CCI /RECORDER/grr
D. BAUGHMAN, CAPT /CHAIRPERSON

**COMMITTEE MEMBERS:** DR. M. VASQUEZ, SUPV PSYCH, R. GARDNER, LCSW, K. OWEKA, LCSW, D. TABILON, MD, L. VANDEROSTYNE, MSW, K. KELLY, ASW, L. JESPERSON, PSYCH, D. MCDOWELL, RN, M. GRUBBS, MD, A. GRAHAM, EDUC, R. ZENZ, REC TECH, J. WENN, REC TECH

cc: Inmate, CCRA

**EVALUATION:**
BIRKS is a 41 year old Black, third termer, committed to CDC from San Bernardino County for the offense of Burglary 2nd degree resulting in a 25 to LIFE term. The essence of the committing offense is that he was found inside a commercial building after having entered through a window and activated a sound alarm. Sentence was rendered as a result of a jury trial.

Available information reflects that subject has no known juvenile criminal history. His adult criminal history consists of arrests for 3 DUI's in 1985, 1 DUI in 1974, Carrying a Concealed Weapon and a DUI in 1976, Assault w/Deadly Weapon, Robbery ending in first CDC term of 5 years, and a Robbery ending in second CDC term of 3 years. He was first committed to CDC on 6/27/80 for Robbery, PC211, discharged 6/89 and parole not indicated. Subsequent commitment 6/19/87 for Robbery, PC211, discharging 12/91.

During the interview subject was semi-cooperative in that he couldn't seem to keep his mouth shut long enough to hear questions or to answer questions in a civil manner. It is the opinion of this counselor that subject can function in a mainline setting consistent with his classification score. Thus far, during processing through CCI-III, he has experienced no disciplinary actions. Management problems are not anticipated at this time.

**REENTRY PLANS:** N/A based on 25 to LIFE term remaining to be served.

53

i) Two Motion order No CIU S-07-1473 LKK DAD P
   Eleven Documents of Magistrate Judge DALE A. DROZD decision
misconstrued, is Clearly erroneous Contary to Law: set forth in 28
USC §636 (b)(1)(A) see Fed. R. Civ. P. 72(a) ___ Denovo review by a
Judge see Fed. R. Civ. P. 72 (b).

# EXHIBIT   A-3

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE BIRKS,

11              Plaintiff,              No. CIV S-07-1473 LKK DAD P

12        vs.

13   ROBERT SANTOS,

14              Defendant.              ORDER
     _____/
15

16              Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   72-302 and 28 U.S.C. § 636(b)(1).

20              Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23              Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is

25   currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

26   U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

1   the preceding month's income credited to plaintiff's prison trust account.  These payments shall

2   be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4   § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

10  U.S.C. § 1915A(b)(1) & (2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

22  355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

23  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

24  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

25  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

26  accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  <u>Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

2  plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421

3  (1969).

4          The Civil Rights Act under which this action was filed provides as follows:

5          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
6          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
7          law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

10 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

11 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

13 omits to perform an act which he is legally required to do that causes the deprivation of which

14 complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

15         Moreover, supervisory personnel are generally not liable under § 1983 for the

16 actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named

17 defendant holds a supervisorial position, the causal link between him and the claimed

18 constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

19 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S.

20 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

21 in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

22 Cir. 1982).

23         In the present case, plaintiff has identified as the defendant Robert Santos,

24 Manager of the Department of Bureau of Criminal Identification Information.  Plaintiff alleges

25 that defendant Santos provided the San Bernardino Deputy District Attorney Geoffrey Goss and

26 California Superior Court Judge Christopher J. Warner with an inaccurate list, detailing his

3

1  criminal history. As a result, plaintiff alleges that he received a Three Strikes sentence of twenty-

2  five years to life in prison after a jury convicted him of two counts of second-degree burglary.

3  Plaintiff seeks $1,000 in monetary damages. In addition, plaintiff requests an order from the

4  court requiring defendant Santos to adequately maintain an accurate list of his criminal

5  convictions.

6          The allegations in plaintiff's complaint are so vague and conclusory that the court

7  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

8  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

9  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

10 the defendants and must allege facts that support the elements of the claim plainly and succinctly.

11 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege

12 with at least some degree of particularity overt acts which defendant engaged in that support his

13 claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

14 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an

15 amended complaint.

16          If plaintiff chooses to file an amended complaint, plaintiff is advised that he must

17 identify what constitutional right he believes defendant Santos violated. In addition, plaintiff

18 must demonstrate how defendant Santos's actions resulted in a deprivation of his federal

19 constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can

20 be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

21 between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362

22 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

23 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights

24 violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25          Plaintiff is also advised that in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994),

26 the United States Supreme Court held that a prisoner may not recover damages under § 1983 for

5b

1    allegedly unconstitutional imprisonment, or for any other harm caused by actions whose

2    unlawfulness would render the imprisonment invalid, unless he can prove that the conviction or

3    other basis for confinement has been reversed on direct appeal, expunged by executive order,

4    declared invalid by a state tribunal authorized to make such a determination, or called into

5    question by a federal court's issuance of a writ of habeas corpus. In this regard, the legality of a

6    person's confinement is implicated where "in substance his damages may only be measured by

7    that confinement." Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997).

8        Plaintiff is informed that the court cannot refer to a prior pleading in order to

9    make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

10   complaint be complete in itself without reference to any prior pleading. This is because, as a

11   general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

12   F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

13   longer serves any function in the case. Therefore, in an amended complaint, as in an original

14   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15       Also before the court is plaintiff's motion to appoint counsel. The United States

16   Supreme Court has ruled that district courts lack authority to require counsel to represent

17   indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298

18   (1989). In certain exceptional circumstances, the district court may request the voluntary

19   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017

20   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

21       The test for exceptional circumstances requires the court to evaluate the plaintiff's

22   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

23   light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

24   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

25   common to most prisoners, such as lack of legal education and limited law library access, do not

26   /////

1    establish exceptional circumstances that would warrant a request for voluntary assistance of

2    counsel. In the present case, the court does not find the required exceptional circumstances.

3            In accordance with the above, IT IS HEREBY ORDERED that:

4            1. Plaintiff's October 29, 2007 application to proceed in forma pauperis is

5    granted.

6            2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

7    The fee shall be collected and paid in accordance with this court's order to the Director of the

8    California Department of Corrections and Rehabilitation filed concurrently herewith.

9            3. Plaintiff's complaint is dismissed.

10           4. Plaintiff is granted thirty days from the date of service of this order to file an

11   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

12   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

13   docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

14   amended complaint in accordance with this order will result in a recommendation that this action

15   be dismissed without prejudice.

16           5. Plaintiff's August 10, 2007 motion to appoint counsel is denied.

17   DATED: February 6, 2008.

18

19                                        _Dale A. Drozd_

20                                        DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

21   DAD:9
     birk1473.14a

22

23

24

25

26

58

1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE BIRKS,

11            Plaintiff,                    No. CIV S-07-1473 LKK DAD P

12        vs.

13   ROBERT SANTOS,

14            Defendant.                    <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed February 7, 2008, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has not filed an amended complaint.

19   He has, however, filed objections to the court's order dismissing his original complaint.[1]

20            In his original complaint, plaintiff identified as the defendant Robert Santos,

21   Manager of the California Department of Bureau of Criminal Identification Information.

22   Plaintiff alleged that defendant Santos provided the San Bernardino Deputy District Attorney

23   _____

24        [1]  It appears that plaintiff is under the mistaken impression that the court has issued
     findings and recommendations in response to his original complaint.  Plaintiff is advised that no
25   findings and recommendations are currently pending.  Nevertheless, the court has considered
     plaintiff's objections and explains herein what plaintiff must do to properly proceed with this
26   action.

                                              1

59

1   Geoffrey Goss and California Superior Court Judge Christopher J. Warner with an inaccurate list,

2   detailing his criminal history.  As a result, plaintiff alleges that he received a Three Strikes

3   sentence of twenty-five years to life in prison after a jury convicted him of two counts of second-

4   degree burglary.  Plaintiff claimed that defendant's actions violated his rights under the federal

5   Privacy Act.

6           The allegations in plaintiff's complaint were so vague and conclusory that the

7   court was unable to determine whether the current action was frivolous or failed to state a claim

8   for relief.  The court granted plaintiff thirty days leave to file an amended complaint.  As noted

9   above, plaintiff has not filed an amended complaint, but instead has filed objections to the court's

10  order, indicating that he wishes to proceed with this action.  In his objections, plaintiff maintains

11  that he is seeking relief against defendant Santos for violation of his rights under 5 U.S.C. §

12  552a, the federal Privacy Act.

13          Plaintiff is misconstruing the Privacy Act which governs only federal agencies and

14  how they maintain federal government records pertaining to individuals.  The Privacy Act does

15  not govern state officials or state agencies such as the California Bureau of Criminal

16  Identification Information.  <u>See</u> 5 U.S.C. 552a (as amended).  Plaintiff has no viable cause of

17  action against defendant Santos under the Privacy Act and therefore, his complaint fails to state a

18  cognizable claim for relief.

19          On the other hand, the Civil Rights Act provides as follows:

20          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
21          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
22          law, suit in equity, or other proper proceeding for redress.

23  42 U.S.C. § 1983.  If plaintiff wishes to proceed against defendant Santos under § 1983, he must

24  file an amended complaint in accordance with this court's February 7, 2008 order.  Specifically,

25  if plaintiff chooses to file an amended complaint, he must identify what constitutional right he

26  believes defendant Santos violated.  In addition, plaintiff must demonstrate how defendant

2

60

1    Santos's actions resulted in a deprivation of his federal constitutional or statutory rights. See

2    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). There can be no liability under 42 U.S.C. § 1983

3    unless there is some affirmative link or connection between a defendant's actions and the

4    claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

5    (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory

6    allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of

7    Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8            Plaintiff is reminded that in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the

9    United States Supreme Court held that a prisoner may not recover damages under § 1983 for

10   allegedly unconstitutional imprisonment, or for any other harm caused by actions whose

11   unlawfulness would render the imprisonment invalid, unless he can prove that the conviction or

12   other basis for confinement has been reversed on direct appeal, expunged by executive order,

13   declared invalid by a state tribunal authorized to make such a determination, or called into

14   question by a federal court's issuance of a writ of habeas corpus. In this regard, the legality of a

15   person's confinement is implicated where "in substance his damages may only be measured by

16   that confinement." Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997).

17           Plaintiff is also reminded that the court cannot refer to a prior pleading in order to

18   make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

19   complaint be complete in itself without reference to any prior pleading. This is because, as a

20   general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

21   F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

22   longer serves any function in the case. Therefore, in an amended complaint, as in an original

23   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24           Also before the court is plaintiff's filing styled "motion to inform the court legal

25   property/personal property taken by unit officers Williams and Rice for transfer to Folsoms SAC-

26   EOP." Therein, plaintiff appears to claim that correctional officers have not released his personal

3

1   and legal property upon his transfer to Folsom Prison.  He also appears to claim that correctional

2   officers have ignored his plea to be transferred to California Medical Facility.  He seeks judicial

3   intervention to address these issues.  The court has construed plaintiff's request as a motion for

4   preliminary injunctive relief.

5           Plaintiff seeks injunctive relief against individuals who are not named as

6   defendants in this action.  This court is unable to issue an order against individuals who are not

7   parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.

8   100, 112 (1969).  Moreover, it is well-established that inmates do not have a constitutional right

9   to be incarcerated at a particular correctional facility or in a particular cell or unit within a

10  facility.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  As the Ninth Circuit has

11  explained:

12          An inmate's liberty interests are sufficiently extinguished by his
            conviction so that the state may change his place of confinement
13          even though the degree of confinement may be different and prison
            life may be more disagreeable in one institution than in another.
14          Unless there is some guarantee that transfer will not be effected
            except for misbehavior or some other specified reason, due process
15          protections cannot apply.

16  Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985).  Accordingly, plaintiff's motion will be

17  denied.

18          In accordance with the above, IT IS HEREBY ORDERED that:

19          1.  Plaintiff is granted thirty days from the date of service of this order to file an

20  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

21  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

22  docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

23  amended complaint in accordance with this order will result in a recommendation that this action

24  be dismissed without prejudice;

25          2.  Plaintiff's March 19, 2008 motion for preliminary injunctive relief regarding

26  his personal property and his place of confinement is denied; and

                                        4

1          3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

2  civil rights action.

3  DATED: June 12, 2008.

4

5                                 _Dale A. Drozd_

6                          DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

7  DAD:9
     birk1473.36amd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5

63