1  Lawrence Birks, J61476
   CSP-SAC
2  FB2-115
   P.O. Box-290066
3  Represa California 95671-0066
4
5
6  Pro-se;
7
8                    UNITED STATES DISTRICT COURT
9               ~~Central~~ DISTRICT OF CALIFORNIA
                  Northern    Case No. C-07-5647-SBA
10  Lawrence Birks              Case No: EDCV-08-913-AG(CT)
        Petitioner,
11                              Case No: EDCV-05-483-NM(CT)
12       -vs-
                                OBJECTION TO DISTRICT JUDGE
13  Daniel E. Williamson        ORDERED DISMISSED HEBEAS
14  Attorney General, et.al.,   CORPUS MOTION-RULE 72-304 B)
                                FED.R.CRIM.P. A)C)-REOPEN
15       Respondents,           CASE;
16  _____

17       On Sept 3, 2008, 3rd watch, Petitioner received Two envelope from
18  The above court, court orders Dismissing Federal Hebeas Corpus motion
19  Rule 35- Rule 60 b)d) illegal life sentence application, where
20  supportive newly discover precedent case laws People v. Brady
21  190 Cal. App. 3d. 124 (1984) and People v. Rodriguez 122 Cal. App. 4th
22  (21 2004) - In both cases- Judges apply Justice and authority and
23  doctrinal foundation on 2ndegree Commercial Burglary structure Can
24  Not Support California Three Strikes Law Enhancement of Twentyfive
25  Years life Sentence. And San Bernardino County Superior Court
26  Judges refuse to Correct illegal Sentence, wrongfully imposed by Judge
27  Duane M. Lloyd and returned in 1999 SanBernardino Superior Court
28  Judge Christopher J. Warren Denied Romero Resentencing, Allow

                              -1-

1  Deputy Dist Attorney GEOFFREY V. GOSS use false information as con-
2  victions in his Opposition motion - Printed By Bureau of Criminal
3  Records Dept ROBERT SANTOS. And on many attempts for the cor-
4  rection of illegal sentence. San Bernardino Superior Courts Judges
5  continue to abuse there discretion in allowing the illegal imposed
6  sentence, does not authorize see United States V. Becker 536 F.2d 471,473 (5th Cir.)
7  
8  This Court Judge ANDREW GUILFORD, has misconstrue motion
9  35 Fed. R. Crim. P. an illegal sentence, The court may correct an illegal
10 sentence at any time. and may reduce sentence "is one which is ambigu-
11 ous with respect to the manner in which it to be served, is internally
12 Contradictory, omits a terms required to be imposed by Statute, is
13 uncertain as to the Substance of the Sentence, or is a sentence which
14 the Judgment of Conviction does not authorize, and is more than
15 question of reasons; But the law, the conviction, which the sentence
16 was wrongfully apply - Where Equal Justice was denied. ON this
17 petitioner motion file. Challenging illegal "draconian" State Urgency Bill
18 971 Life sentence, minor petty theft conviction is Federal, (sentence converted)
19 STANDARD OF REVIEW:
20          Whether the sentence imposed was "illegal" is a question of
21 law reviewed de no- see generally United State V. Sparrow 673 F.2d
22 862, 864 5th Cir. 1982) Rule 35 motion "will be reversed only for illegal-
23 ity or gross abuse of discretion.") see Mack 494 F. 2d at 1207 see
24 Wright & Miller 588 at 415 _ [Illegality of Sentence] is a question of
25 law and freely reviewable by the courts as a motion to correct sentence)
26          Petitioner file motion 35 Fed. R. Civ. P. reopen case EDCV 05-483-
27 NM-ct) due to Newly Discover Case laws. And the Clearly miscarriage of
28 Justice on Current Conviction and Sentence and Prior Conviction Case,

-2-

Rule 35 motion was file July 7, 2008 — and citing Rule 60 b)c) — And is not an Petition as Judge ANDREW has misconstrued motion as Petition — see Book 457 F.2d at 971 n.1. Also see Heflin v. United State [358 U.S. 3 L.Ed. 407. 79 S.Ct. 451 1959) — Is authority for treating a Section 2255 motion as a motion to correct sentence under Rule 35 when the circumstances require. Rule 35 apply where relief sought is the correction of an illegal sentence, and the motion may be file at any time. Its functions, is not to re-examine errors occurring at the trial or other proceedings under prior to the imposition of sentence [Hill v. United States. 368 U.S. 424, 7 L.Ed. 2d 417, 82 S.Ct. 468 (1962) Illegal Sentence Not authorized by the Judgment of conviction: July:

Petitioner Objections to Judge ANDREW GUILFORD is preventing Equal Justice over due, to be administered upon an Petty Theft Conviction of Admixing two charges elements of circumstances reasons, "suspicion or speculation" theory of intent to steal food from a restaurant as serious crime count 1st Felony/misdemeanor Wobbler, which activate extra curricular punishments to Enhance an 1989 2nd degree Robbery Conviction as an Strike 1192.7. C. (19) Serious — case A796849)

"Petitioner Objections, Not only did the court wrongly apply an Draconian Life sentence, But also allow CDC to use Draconian custody status and maximum Higher Security institution Level IV, and Sub facility 180 Design restriction and limitation to food

-3-

1. medical care, exercise yards, day room activity, and prison law
2. library; in which Magistrate Judge Carolyn Turchio was in-
3. form, any lack of access to prison law library to file timely
4. state and federal petition to the courts as pro se to redress
5. Constitution Claims; and an Declaration was file for her
6. Judicial intervent to protect pro se litigants rights, ini-
7. tially in forma pauperis status; Bond v. Bowland 154 F.3d 354
8. 5th Cir 1998.) US. v. Kind 194 F.3d 900 8th Cir. 1999.) (1st, fifth, fourteen
9. Amendment Rights;
10. "Petitioner Object" Extra ordinary circumstances Allow relief
11. Case # A796899 — March 4, 1987 in municipal court Los Angeles
12. Judicial District Div. No. 43 Preleminary Hearing No Victim
13. P.C. 211 — People witness Frizzell Stephen Claims petitioner greeted
14. victim as old friends; Bus Block view, assume robbery took
15. place; Judge Jon M. Mayeda. Transfer case to Superior court
16. Judge Kathleen Parker, D.A. W. Sato — Counsel for de-
17. fendant F. Peters 987.2 And Before voir dire defendant re-
18. quested an Marsden substitution of counsel conflict of interest
19. and request was denied! Also defendant was place in court
20. Holding cell during trial without victim appear in any kind
21. of trial proceeding or written or sign police report that I
22. attempt to robb him. and on March 29, 1987 Jury trial, con-
23. victed me of 2nd degree attempt robbery without an victim, (city)
24. which conviction was classify as an strike 1192.7. In which
25. defendant was under mental health care before and after conviction,
26. see — Attached mental health documents in Exhibit B.

1. During sentencing Trial Judge DUANE M. LHOLD, took an
2. more vindictive attitube, because of defendant file verbally 170.6
3. against him before voir dire; and requested Mardens motion and
4. with written motion for substitute counsel; (etc.) Denied request made,
5. and 170.6 motions against the above Judge who was very aware that
6. defendant was classify under California Dept of Social Security-SSI,
7. Service, mental Disable Life Pension - RT- 507-508-509.)
8.
9. Trial Counsel and court and Appellant Appeal Counsel had
10. denied defendant the Transcript of the Superior Court Trial Pro-
11. ceeding in Los Angeles County Superior Court on case A796849
12. in which many attempts been made for obtain necessary rights
13. to possession, but also denied in Writ of Hebeas Corpus and
14. lost counselors (Denied) in 1999 Trial Judge CHRISTOPHER J. WAR-
15. REN would not honor Pro se Faretta rights — case EO24755, in
16. which an 170.6 motion was file to prevent any proceeding to be
17. conducted by the above Judge but to no avail; motion 170.6
18. was Denied; and DA. opposition motion was accepted by
19. the above Judge; and Transcript on case# A796849 (continue to be Denied)
20.
21. "Petitioner Objections" motion on Fed R. Civ. 35 is not a
22. Petition; and can not be treated as Successive Petition, where mis-
23. carriage of Justice allow federal intervention Review to correct
24. Sentence; where Exceptional Circumstances Justice relief see United
25. States v. Harris 592 F. 2d 1058, 1060, 9th Cir, 1979)
26. Hebeas Corpus Petition — is functions to grant relief from unlaw-
27. ful custody or imprisonment see Campillo v. Sullivan 853 F. 2d 593 8th
28.

-5-

1  Cir. 1988) see Gwin v. Snow 870 F. 2d 616 11th Cir. 1989)
2      "Petitioner Objection" – Sentence that was not apart of the
3  indictment and not presented to the Judge – Violates defendants
4  rights to trial by Jury safeguard by the Sixth and Fourteenth Amend-
5  ments. Enhancement increasing Conviction sentence must be charge
6  in the indictment see People v. Black 35 4th 1238. 29. Cal Rptr 3d
7  740. 113 P. 3d. 534. see Blackely – US – at – 124 S. Ct. at. 2536 40.
8  see Apprendi – 500 U.S. at. 490. 120. S. Ct. 2348, see Harris – 536 U.S.
9  at. 567. 122 S. Ct. 2406
10     "Petitioner Objection – Federal Habeas Corpus Petition ED CV-05-
11  483-Nm CT." Magistrate Judge Carolyn Turchin misconstrue Petitioner
12  Case where no Physical Evidence by Attorney General or Dist Attorney that
13  Catabolize. theorize. with the assistance of Trial Counsel, combine two
14  charges definition title under Circumstantial reasons, and Scheme in
15  admixing there Elements, Swaying the Jury to believe there reason-
16  able doubt of intent to Commit theft of property without the maine
17  Element of any burglary "Asportation" – see Admixing Element People v.
18  Spann 1986) 187 Cal. App. 3d. 400 [232 Cal. Rptr. 31] – Trier of Facts
19  Over come irrelevant "Suspicion/Speculation Theory" of a crime see
20  Payner v. Borg 982 F. 2d 335 341 9th Cir. 1992
21     "Two security Guards Claim" they witness seeing petitioner Exis
22  Restaurant Count 1. – RT- 277-280, and that was enough for the Jury
23  to be "Swayed with Conjecture, Assumption" – The independent Element
24  of Entry, intent to Steal meaning is something more than the naked
25  facts of an Assume Entry; there must be some rational and actiona
26  connection between those Circumstances require intent to Steal see
27  People v. Terry 202 Cal. App. 2d 604. 20 Cal. Rptr. 915, 918, Cal. Dist.

-6-

1  "Petition Objection" – Due miscarriage Justice, the state
2  did not prove all the Elements of the Crime of Burglary Beyond a
3  reasonable Doubt – No physical Evidence, only an well devised
4  Scheme, Vindictively using to two cases charge and tried toge-
5  ther, insufficient facts as Evidence! When Trial Judge and Coun-
6  sel allow testimony of witness in Count 2 to fabricate his re-
7  port six mos. later – and Counsel did not Object! But Peti-
8  tioner did, and that was the "Outburst" and No force was made
9  by the Sheriff RT- 330-338 – People v. Stratton 1988) 205 Cal.App.3d 87
10      Counsel was incompetent, grossly misrepresentation
11  Conspire with Dist. Attorney, did not investigate either case or
12  witnesses or case law on Burglary intent, asportation theft. see
13  People v. Ledema (1989) 43 Cal. 3d 171 – Counsel was recklessly in-
14  effective – See Strickland v. Washington 466 U.S. 668 1984)
15   1) Counsel fail to perform legal service with Competence Rule 3-110
16   2) Counsel order defendant to plea guilty to a crime with
17      defendant claims innocent RT-48) RT-48-49) P.C. 119.2.
18      S. – Can not force guilt plea upon innocent demes guilty
19   3) Counsel fail to protect defendant right when file 170.6
20      Disqualify Judge, who in return use vindictive Discretion
21      Before Voir dire – People v. Lloyd 1992) 4 Cal. App. 4th
22      724 – And illegal apply history life sentence in Calif minor Pettler.
23   4) Counsel provided no investigation during Penalty Phase,
24      Failure to present evidence, failure to object to use
25      of prior / or investigate. In re Marquez 1992 1 Cal. 4th
26      584. – Rules of Pro. Cond – 3-700 D)

-7-

5.) Counsel has an Ethical Duty to Protect Defendant rights Before and after Trial, Rule-3-500- Pro Cond.

6.) Counsel conspire and allow Cruel unsound vindictive Trial Procedures of Denial of fairness and integrity of reputation of Judicial proceeding see Johnson 117 S.ct. at 1544. — Allowing the Jury to assume guilt without adequate defense see United States v. Newman 694 F2d at 1158.

7.) Counsel Allow Prejudice Testimony United States v. Gallin 50 F. 3d 689. 694 (9th Cir. 1993 _ Objection was made by defendant. Substantial rights violated _ United States v. Perez 116 F3d 840, 846 8th Cir 1997) [Fed R. Crim. P. 52b] "Petitioner Objection the Records will clearly shows Unfair proceeding, and the Element of Burglary of the intent And the Element of Robbery in the 2nd degree is insufficient, and miscarriage of Justice is reviewable de novo _ illegal Life Sentence _ see Jackson v. Virginia 443 U.S. 307-323-24, 61. L Ed 2d 560. 99 S.ct. 2781 1979) see Wright V. West 505 U.S. 277 290 N. 7 § 294. 120 L.Ed.2d 225, 112 S.ct. 2482 1992)
"Burglary Elements" Witkin & Epstein Cal. Criminal Law 3d. 2000) Crimes Against Property §90-A.119) _ Consist of two Necessa[ry] Element gaining Possession of the Victims Property and Asportation "Carrying away the loot" see People v. Cooper 1991) 53 Cal. 3d 1158 [1 Cal Rptr 480, 811 P.2d 742] [Robbery Element Asportation see People v. [?] 2003) 31 Cal.4th 1051 1059 see People v. Nguyen 2000) 24 Cal.4th 7 [102 Cal. Rptr 2d 548, 14 P.3d 221] Elements of Priors _ Williams 3.72 C]

Date Sept 8 2008      Signature: Lawrence Baker