# EXHIBIT 1

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ✗

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED  JUN - 8 2005

*[FILED CLERK, U.S. DISTRICT COURT JUN 7 2005 CENTRAL DISTRICT OF CALIFORNIA]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE BIRKS,<br><br>    Petitioner,<br><br>    v.<br><br>DANIEL E. WILLIAMSON, et al.,<br><br>    Respondents. | Case No. EDCV 05-483-AHM(CT)<br><br>ORDER REQUIRING RESPONSE TO PETITION |

**PLEASE READ THIS ORDER CAREFULLY.**

On June 6, 2005, Lawrence Birks ("petitioner"), a prisoner in state custody proceeding pro se, filed his third federal petition for writ of habeas corpus.[1] In this third federal habeas petition, petitioner continues to challenge his February 9, 1995 conviction. (Pet. at 2). Petitioner contends he is entitled to equitable tolling of the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period in part due to a mental illness. (Pet. at 6(a)).

---

[1] On September 23, 1999, petitioner filed a federal petition for writ of habeas corpus in case number CV 99-09694-DT(CT). In that petition, petitioner challenged his 1995 conviction on two counts of commercial burglary. On October 7, 1999, that petition was dismissed without prejudice for failure to exhaust state court remedies. On September 11, 2002, petitioner filed a federal habeas petition in case number EDCV 02-951-NM(CT). On September 12, 2002, that petition was dismissed without prejudice for failure to exhaust state court remedies.

In order to facilitate the just, speedy, and inexpensive determination of this action, **IT IS ORDERED** that:

1. The clerk shall promptly (a) serve a copy of the petition; the exhibits to the petition; and, a copy of this order on respondent by delivering them to the Attorney General for the State of California or his authorized agent; and, (b) serve a copy of this order on petitioner.

2. Within 14 days, respondent shall file and serve a notice of appearance, notifying the court of the name of the attorney who will have principal charge of the case, together with the address where the attorney may be served, and the attorney's telephone and fax number. This information is important to assure accurate service of court documents.

3. Respondent shall file and serve an answer on or before **June 30, 2005.** The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. If respondent contends that the petition is barred by the applicable one-year period of limitation, respondent shall set forth the basis for the calculation, including any statutory or equitable tolling periods. See 28 U.S.C. § 2244(d)(1), (2). **While respondent is not precluded from raising other procedural or substantive arguments, respondent is ordered to alternatively address the merits of all of the grounds for relief that are raised in the petition.** See Allen v. Calderon, __ F.3d __, 2005 WL 1022071 (9th Cir. May 3, 2005).

At the time the answer is filed, respondent shall lodge with the

2

2

court all relevant records. These records include, but are not limited to, (a) any brief that petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding; (b) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and, (c) the opinions and dispositive orders of the appellate court relating to the conviction or sentence. See Rules Governing § 2254 Cases, Rule 5(d) (amended December 1, 2004). The answer also shall specifically address the necessity for an evidentiary hearing to resolve any issue.

4. Petitioner may file a single reply responding to matters raised in the answer on or before **July 14, 2005**. Any reply filed by petitioner (a) shall state whether petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and, (c) shall not raise new grounds for relief that were not asserted in the petition. **Grounds for relief withheld until the reply or objections will not be considered.** Petitioner is encouraged to limit the reply, if any, to ten (10) pages and may not exceed twenty-five (25) pages. L.R. 11-6.

5. A request by a party for an extension of time will be granted only upon a showing of good cause and should be made in advance of the due date of the pleading. Any such request shall be accompanied by a declaration explaining why an extension of time is necessary and by a proposed form of order granting the requested extension.

6. Unless otherwise ordered by the court, this case shall be

1  deemed submitted on the day following the date petitioner's reply is
2  due.
3       7.  Every document delivered to the court must include a
4  certificate of service attesting that a copy of such document was
5  served on opposing counsel (or on the opposing party, if such party is
6  not represented by counsel). Any document delivered to the court
7  without a certificate of service may be returned to the submitting
8  party without consideration by the court.
9       8.  Petitioner shall immediately notify the court and counsel
10 for respondent of any change of petitioner's address. If petitioner
11 fails to keep the court informed of where petitioner may be
12 contacted, this action will be subject to dismissal for failure to
13 prosecute. See Local Rule 41-6.
14      9.  If respondent files a response other than an answer (such as
15 a motion to dismiss), this order requiring an answer will be
16 automatically stayed until this court rules on the response.
17 Petitioner's opposition to the response shall be due on or before the
18 date specified in this order for submission of the reply.
19 IT IS SO ORDERED.
20 DATED: June 7, 2005
21
22
23                                    _____
                                      CAROLYN TURCHIN
                                      UNITED STATES MAGISTRATE JUDGE
24
25 cc: Lawrence Birks
     CDC # J-61976
     P.O. Box 3030
26   Susanville, CA 96127
27   Counsel for Respondent
     Attorney General for the State of California
28





**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**
312 North Spring Street, Room G-8 Los
Angeles, CA 90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Monday, July 21, 2008

**LAWRENCE BIRKS J-61976
CSP-SAC EDP FB7-113L
P.O. BOX 2900066
REPRESA, CA 95671-0066**

Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number
EDCV08- 973 AG (CT)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case
number _____ and also assigned the civil case number _____

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
[ ] District Court Judge _____

[X] Magistrate Judge    **Carolyn Turchin**_____

at the following address:

[X] U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA 90012

[ ] Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

[ ] U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,

Clerk, U.S. District Court

By: _____AGIGLIOT_____
Deputy Clerk

CV-17 (01/01)          **LETTER re FILING H/C PETITION or 28/2255 MOTION**






**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los Angeles, CA  90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

Monday, July 21, 2008

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

LAWRENCE BIRKS J-61976
CSP-SAC EDP FB7-113L
P.O. BOX 2900066
REPRESA, CA 95671-0066


Dear Sir/Madam:

Your petition has been filed and assigned civil case number     EDCV08- 973 AG (CT)

Upon the submission of your petition, it was noted that the following discrepencies exist:

[X] 1. You did not pay the appropriate filing fee of $5.00.  Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'.  If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety.  The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees.  Credit card payments may be made at all payment windows where receipts are issued.

[X] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

[ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.

[X] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.

[ ] (d) You did not use the correct form.  You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.

[ ] (e) Other: _____

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

AGIGLIOT

By: _____
Deputy Clerk

CV-111 (07/06)          NOTICE re: DISCREPENCIES FOR FILING OF HABEAS CORPUS PETITION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

FILED 2008 JUL 21 AM 11:16 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

| | CASE NUMBER |
|---|---|
| **LAWRENCE BIRKS** <br> PLAINTIFF(S) <br> V. <br> **DANIEL E. WILLIAMSON, ATTORHEY GENERAL, ET. AL.** <br> DEFENDANT(S) | **EDCV08- 973 AG (CT)** <br><br> **NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE** <br> (Petition for Writ of Habeas Corpus) |

Pursuant to General Order 07-02, the within action has been assigned to the calendar of the Honorable Andrew Guilford, U.S. District Judge. Pursuant to General Order 05-07, the within action is referred to U.S. Magistrate Judge Carolyn Turchin, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

Clerk, U.S. District Court

July 21, 2008                By    AGIGLIOT
Date                               Deputy Clerk

1  Lawrence Birks, T61410
2  CSP-Sac-EOP-???
3  FB7-113-
   P.O. Box 290000106
4  Repressa California 95671-0066
5
6  Pro-Se;    EDCV08-973 AG(CT)
7        UNITED STATES DISTRICT COURT
8        CENTRAL DISTRICT OF CALIFORNIA
9
10  LAWRENCE BIRKS,        (530)        ) No. EDCV 05-483-NM(CT)
                                        )
11      Petitioner,                     ) NEWLY DISCOVER LAW
                                        )
12                                      ) RULE 35 MOTION
13      vs.                             ) RULE 60 B).D)
                                        )
14  DANIEL E. WILLIAMSON, Attorney General ) ILLEGAL SENTENCE:
    CSP-SaC-FB7-Acting Warden M. Reyes,  )
15                                       )
        Respondent.                      )
16                                       )

17  _____
18      To the above Court Clerk, and district Court, United States Dist.
19  Judge NORA M. MANELLA, petitioner was denied, deprive, Equal Pro-
20  tection of the Law,  by the Substantial Showing of a denial of a Con-
21  stitutional right. See 28 U.S.C. §2253; Fed. R. App. P. 22 b) ___See
22  McNally v. Hill, 293 US. 131 55 S.Ct. 24. 18 See Kinnell v. WARNER
    D.C. Hawaii 1973, 356 F. Supp. 479. See Steward v. Overholser
23  (1950) 186 F. 2d 339, 87 US App. DC 402 SEE Peyton V. Rowe 391 U.S.
24  105, 20 L Ed. 2d 426, 88 S.Ct. 1549(1968) See United States v. Ceval-
25  los, 538 F.2d 1122, 1127 8th Cir 1976) See United States V. Phillips
26  403 F. 2d 963, 964(6th Cir 1968) "Illegal Sentence" may be made at
27  any time. See United States v. Mack, 494 F. 2d 1204, 1207 (9th Cir. 1974)
28                        -10-                                    8



# SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SACRAMENTO
### CRIMINAL DIVISION

JONATHAN CAPORGNO  
CRIMINAL INTAKE DEPUTY CLERK III

JULY 18, 2008

720 NINTH STREET  
SACRAMENTO, CALIFORNIA 95814

Lawrence Birks  
J-61916  
CSP-SAC---FB7-113L  
P.O. Box 290066  
Represa, CA 95671-0066

Re: Petition for Writ of Habeas Corpus

Dear Mr. Birks,

We did receive your petition for writ of habeas corpus with supporting documents, and the case number we assigned to it is 08F05622.

Sincerely,

Jonathan Caporgno  
Criminal Intake Unit Deputy Clerk III

S160792

# IN THE SUPREME COURT OF CALIFORNIA

En Banc

In re LAWRENCE BIRKS on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
FILED

AUG 1 3 2008

Frederick K. Ohlrich Clerk

_____ Deputy

GEORGE
_____
Chief Justice



| | | |
|---|---|---|
| MARY JAMESON<br>AUTOMATIC APPEALS SUPERVISOR<br><br>JORGE NAVARRETE<br>SUPERVISING DEPUTY CLERK<br><br>SAN FRANCISCO<br><br>NATALIE ROBINSON<br>SUPERVISING DEPUTY CLERK<br><br>LOS ANGELES | **Supreme Court of California**<br><br>FREDERICK K. OHLRICH<br>COURT ADMINISTRATOR AND<br>CLERK OF THE SUPREME COURT | ☒ SAN FRANCISCO 94102<br>EARL WARREN BUILDING<br>350 McALLISTER STREET<br>(415) 865-7000<br><br>☐ LOS ANGELES 90013<br>RONALD REAGAN BUILDING<br>300 SOUTH SPRING STREET<br>(213) 830-7570 |

August 26, 2008

Lawrence Birks   J-61976
CSP – Sacramento
P. O. Box 2900066
Represa, CA 95671-0066

    Re: **S160792 – Birks (Lawrence) on Habeas**

Dear Sir:

    Returned herein is your document entitled "Objection to Court Chief Justice Denying Habeas Corpus Petition." Please be advised that your petition received and filed February 11, 2008, was denied on August 13, 2008. You are further advised that the order filed on August 13, 2008 is final forthwith and may not be reconsidered or reinstated.

    The court does not state the reason for the denial of petitions brought before it. Please rest assured, however, that the entire court considered the petition, and the contentions made therein, and the denial expresses the court's decision in this matter.

    Enclosed is a copy of the denial order filed September 19, 2007.

                        Very truly yours,

                        FREDERICK K. OHLRICH
                        Court Administrator and
                        Clerk of the Supreme Court

                        By: H. Miner, Deputy Clerk

HM/hm
Enclosures

# SUPREME COURT OF CALIFORNIA

In re LAWRENCE BIRKS
  Petitioner,

Case No: S160792

On Habeas Corpus

# Proof of Service

---

### VERIFICATION
### C.C.P. §446, 2015.5   28 U.S.C. §1746).

I hereby certify on August 24, 2008; I serve a copy of the attached Legal document: THREE PAGE MOTION OBJECTION TO COURT CHIEF JUSTICE JUDGE DENYING HEBEAS CORPUS PETITION FOR CORRECTION OF ILLEGAL SENTENCE 28 USC §2255 UNDER FED. R. CRIM 35: By placing a copy in a postage paid envelope address to the Supreme Court and to person(s) herein after listed: By depositing said envelope to unit FB7 96. at 11:00 pm. who will route legal mail to F.B. watch Commander office for inspection and process to CSP Sac mail room United State mail Box:

Supreme Court of California
Clerk of the Court
350 Mc Allister Street
San Francisco California 94102-4797

State of California
Office of the Attorney General
Department of Justice
P.O. Box_94244-2550
Sacramento California
94244-2550

Prison Law Office
Donald Spector Dir.
Attorney At Law
General Delivery
San Quentin. California
94964-0001

I declare under penalty of perjury, that the foregoing is true and correct.

Signature: _Lawrence Birks_ pro se

RECEIVED
AUG 2 6 2008
CLERK SUPREME COURT

12

```
1   Lawrence Birks, J61976
2   CSP-SAC.
    FB7-113L
3   P.O. Box-2900066
4   Represa California-95671-0066
5
6   Pro-se:
7
8              IN THE SUPREME COURT OF CALIFORNIA
9
10  IN RE LAWRENCE BIRKS,                    Case no: S164792
11  ON habeas Corpus
                         Petitioner.         OBJECTION TO COURT CHIEF
12                                           JUSTICE JUDGE DENYING
13  Daniel E. Williamson,                    HEBEAS CORPUS PETITION
14  People of the State of                   FOR CORRECTION OF ILLEGAL
15  California.                              SENTENCE 28 U.S.C. §2255
16             Respondent.                   UNDER FED. R. CRIM P. 35
17  _____              REVIEW DE NOVO:
18         To the above Court Clerk, Deputy FREDERICK K. OHIRICH, and the
19  Calif. Supreme Court Chief Justice Judge GEORGE: Please consider
20  this Pro Se: motion under drastic Measures? And allow Copies and recon-
21  sideration, against the illegal Sentence and harsh Security Confinement, in
22  the Dept of Corrections, over Excruciating 13 yrs, for an minor non-violent crime
23  of the intent to "Steal food", And Sentence was not authorize by Judgment of the Con-
24  victions- see Fed R. Crim. P. 35".
25         On August 15, 2008: 3rd watch, in an unsealed Envelope as routine and
26  Constand Announcement of the Courts designated title. On the unit tier by C/o Purdy
27  Petitioner was issued an Single document from the above Court, denying the
28  Hebeas Corpus writ, as time Bar, pursuant to In re Robbin/In re Clark, Th-
```

-1-

13

1. which, Petitioner have to object! to the Court finding and ruling in Error.
2. where People v. Dull, (1995) 9 Cal. 4th 464. 477 [34 Cal. Rptr 259] And Penal
3. Code § 1472. § 1480, on restraint and Liberty of illegal sentence, is entitled
4. to discharge: see Penal Code § 1484), authorized to grant the writ of Hebeas
5. Corpus on Prima Facie" Showing see In re Lawler, 23 Cal. 2d 190. 194 see
6. People v. Getty, 50 Cal. App. 3d. 101. 110. 111.) In which, In re Robbin/In re
7. Clark, can not prevent review on illegal unjust sentence, Application on
8. Point of Law, is critical petition writ.
9.     On February 7, 2008, Petitioner forward this Court Clerk (90 ninty
10. Legal Documents — six page on Hebeas Corpus writ of illegal life sentence
11. of unlawful confinement. see Campillo v. Sullivan 853 F. 2d 593 (9th cir 1988)
12.     A Hebeas Corpus petition writ, is a Critical Application, govern the
13. the doctrine of Procedures of the Hebeas Corpus Proceeding come into
14. play, which serves two principle, Its is an Application for the writ
15. Penal Code § 1474)." The function of the petition is to secure the issuance
16. of the writ, and when the writ is issued, the petition has accomplish-
17. ed its purpose", the grounds of illegality. (Italics added) The return
18. must be responsive to the grounds actually presented in the petition." See
19. People v. Green (1980) 27 Cal. 3d. 1. 43. Fn. 28 [164 Cal. Rptr. 1. 609 P. 2d
20. 468] replying on In re Connor (1940) 16 Cal. 2d 70. 711 [108. P. 2d 10].,
21. The petition has accomplished its purpose see In re Collins (1907) 151
22. Cal. 340. 342 [90 P. 827. 91. 397] . . . . . The questions of Law in favor
23. of the petitioner under the doctrine of Law of the Case, [citation]"
24. See In re Hochberg (1970) 2 Cal. 3d. 870. 876 Fn. 4. [87 Cal. Rptr. 681.
25. 471 P. 2d 1.] see In re Orosco (1978) 82 Cal. App. 3d. 924. 927, [147 Cal.
26. Rptr 463]
27.     This matter has becomes a Cause, pursuant to the California
28.

Constitution art. VI. §14, and requires a written opinion See In re Mazoros 1977) 76 Cal. App. 3d 50, 52-53 [142 Cal. Rptr 609]. Illegal sentence not by Judgment of Conviction See People v. Birks 19 Cal 4th 108

In this instant case, the procedure requirement concerning the writ of Hebeas Corpus is not met. See Penal Code §1254; Cal. Rules of Courts rules 22:30; [rights to present substantial Legal grounds of arguments] Cal. Const. art.VI.§14, [Decision of the Supreme Court and Courts of Appeal that determines the Causes Shall be in writing with reasons stated" 1.] It expressed concern that the application of the Law of the case doctrine to the procedures by which issues are formely Joined in a hebeas Corpus; Its a cause triggering the State Constitutional requirement that it be resolved "in writing with reasons stated," and not permit the appellate court to evade the State Constitutional requirement of written opinions" of the Petitioner in Seeking Constitutional relief by writ of fear losing the [important] incidents of the rights for an illegal incarceration to Appeal See Medina 6 Cal. 3d. at pp. 489 490. See Price v. Civil Service Com. 26 Cal. 3d. at P. 267 Fn. 5).

This concerns Led Courts to refuse to consider the denials on the merits of important Const. rights to be presented; was not afford the Laws by Petitioner See People v. Brigham (1979) 25 Cal 3d 283, 287 [157 Cal. Rptr 905. 599 P.2d 100] See rule 35 — see Brooks 457 F. 2d 971 n.1

Supreme Court of California. Justice Judge GEORGE' Should re consider its Fending and Ruling, in the interest of Justice and the merits of the case, to this pro_se, Suffering litigant, where Cruel Politic of circumvented Procedures Cause wrongful Conviction and Sentence, And Still being inflicted with cruel politic in the Dept of Corrections, in Maximum Security Higher Level Close B Status after 13 yrs, for one Count of 2d degree Commercial Burglary, intent Converted to Serious Felony/misdemeanor wobbler_1192.7.C. — Extra Ordinary Circumstances Allow Counsel_ Chaney v. Lewis 801 F. 2d 1191, 1196, 9th Cir_ Weygand v. Look 718 F. 2d 952

Date: August 24, 2008          Signature: *Laurlene Birko* pro se

-3-

15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.: EDCV 08-973-AG(CT)　　　　　Date: August 4, 2008

Title:　　LAWRENCE BIRKS v. DANIEL WILLIAMSON, Warden
==================================================================
DOCKET ENTRY:
==================================================================
PRESENT:
　　　　　　Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

　　　　Deborah Malone　　　　　　　　　　　　　　　　　
　　　　Deputy Clerk　　　　　　　　　　Court Reporter

　ATTORNEYS PRESENT FOR PLAINTIFFS:　　ATTORNEYS PRESENT FOR DEFENDANTS:
　　　　　None present　　　　　　　　　　　　　None present

PROCEEDINGS:　(DENYING WITHOUT PREJUDICE: (1) REQUEST FOR
　　　　　　　　APPOINTMENT OF COUNSEL; AND, (2) REQUEST TO PROCEED IN
　　　　　　　　FORMA PAUPERIS)

　　　Petitioner requests appointment of counsel and requests to proceed in forma pauperis. For the reasons set forth below, petitioner's request for appointment of counsel and his request to proceed in forma pauperis are **DENIED WITHOUT PREJUDICE**.

　　　There is no constitutional or statutory right to appointment of counsel in state or federal prisoners habeas corpus or section 2255 proceedings in federal court. See McCleskey v. Zant 499 U.S. 467, 495 (1991); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); 18 U.S.C. § 3006A(a)(2)(B). Section 3006A(a)(2)(B) allows the district court to appoint counsel in a habeas cases when "the court determines that the interests of justice so require . . . ." In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (observing whether counsel should be appointed turns on petitioner's ability to articulate claims in light of the complexity of the issues and the likelihood of success on the merits).

　　　The court finds at this time that appointment of counsel is not necessary to avoid due process violations in this case, and the interests of justice do not require appointment of counsel. Petitioner was able to clearly articulate his grounds in his motion/petition and the issues are not overly complex and are, in fact, the same issues petitioner raised in his previous petition, which was denied with prejudice. Accordingly, the court finds that petitioner's request for appointment of counsel should be denied without prejudice at this time.

　　　Petitioner has failed to submit a certificate from the warden or other appropriate officer of petitioner's place of confinement showing the amount of money or securities that petitioner has in any account in the institution. See 28 U.S.C. § 1915(a); Rules Governing

Section 2254 Cases, Rule 3(a)(2). Accordingly, his request to proceed in forma pauperis is DENIED WITHOUT PREJUDICE and he must pay the $5.00 filing fee or resubmit his request to proceed in forma pauperis along with a supporting affidavit and certificate from the warden or other appropriate officer of petitioner's place of confinement showing the amount of money or securities that petitioner has in any account in the institution.

**IT IS SO ORDERED.**

cc: Lawrence Birks (CDC # J-61976)
California State Prison
P.O. Box 2900066
Represa, CA 95671-0066

**MINUTES FORM 11**                                   Initials of Deputy
**Clerk_____ CIVIL-GEN**

# Memorandum

Date: *August 13, 2008*

To: *Bailey*
**Correctional Counselor**

From: Litigation Office, California State Prison-Sacramento, Represa, CA 95671-0027

Subject: **SERVICE OF LEGAL DOCUMENTS –
CERTIFIED TRUST ACCOUNT STATEMENTS (IN FORMA PAUPERIS)**

Inmate Name & Number: *Birks, Lawrence (J-61976)*

Housing: *FB7-113L*

**Per DOM section 140101.19.1**, regarding inmates filing for **In Forma Pauperis** status, "Inmates **shall not** handle completed CDC Forms 193. It shall be provided to a designated staff member, who shall place it in the package in accordance with current legal mail procedures, prior to sealing and initialing of the envelope."

Therefore, the following procedure is necessary:

- Please call for the inmate and have him bring his legal paperwork with him. It needs to be ready for mailing.
- After checking the inmate's I.D. and assuring it matches the paperwork being mailed, search the contents of the envelope for contraband, and then place the Certified Trust Account Statement in his envelope.
- Have inmate seal envelope in your presence, then sign and date per Legal Mail procedure.
- Both the Counselor and Inmate need to sign and date the attached 128b stating that this procedure was followed. Please forward the 128b to Records for filing or return it with this paperwork to the Litigation Office. Please ensure this memo returns to our office in order for us to log it as completed.
- Place envelope in the Housing Unit Legal Mailbox or take to the mailroom.
- **Please note this document is time sensitive as the court has given the inmate a deadline.**

*Thank you for your help in this process.*

If you have any questions or concerns please contact Kimberly Riggins at extension 3123.

_____     _____
Signature of staff member serving the document(s)                   Date Served

**LINDA YOUNG**
**Litigation Coordinator**



State of California

Department of Corrections and Rehabilitation
CDC-128-B

NAME: **BIRKS, L.**          NUMBER: **J-61976**          HOUSING: **FB-7-113-L**

On 8/14/2008, at approximately 12:55 hours, I summoned inmate **BIRKS, L. (J-61976), FB-7-113-L** to my assigned housing unit office. The purpose of this meeting was pursuant to **BIRKS'** written request to the Inmate Trust Accounting Office in which he requested a Certified Trust Account Statement so that he could file with a court for In Forma Pauperis status. On 13 August 2008, the CSP-SAC Litigation Coordinator Mrs. L. Young, CC-II, forwarded to me a CDCR Memorandum Instruction page with accompanying papers and the procedure outlined for processing inmate **BIRKS'** aforementioned request. Before **BIRKS** was requested to come to my office to complete the processing procedure, I requested the Housing Unit Control Officer to instruct **BIRKS** to bring his legal paperwork for the court with him.

**BIRKS** arrived at my housing unit office wearing a white "T" shirt and a pair of state issued blue denim pants. When **BIRKS** entered my office, I noticed that he did not have anything in his hands. I asked him the whereabouts of the court papers that I requested him to bring. **BIRKS** immediately attempted to question me as to "What's this about?" I showed **BIRKS** the paperwork that I had in my possession from the Litigation Coordinator's Office. **BIRKS** raised his voice and said "I sent this off to the trust office because I needed it for the Court." I informed him that's why I called him down so we could process his request. He told me that he didn't need to have me process it, he could do it himself. I began to explain to him that his way is not the way we process his type of request here at CSP-SAC. **BIRKS** began to argue with me and to tell me that he didn't have to do it the way that I was attempting to explain to him. I informed him that if he did not want to comply with the paperwork processing procedure that I would consider his lack of cooperation as a refusal to cooperate and return his request package to the Litigation Coordinator (See attached green Memorandum dated 13 August 2008). **BIRKS** asked me if I was refusing him "his right to contact the court?" I informed him that I was not interfering with his right to contact the court I informed him that his refusal to cooperate was being documented and that I was no longer willing to discuss the matter with him any further. **BIRKS** continued to act in an aggressive manner by the volume and tone of his voice, combined with his leaning towards me pointing at me with the index finger of his right hand. I instructed **BIRKS** to leave my office and to remove himself from my presence and he would not comply. I became more firm in my tone and told **BIRKS** "Get out of my office!" **BIRKS** turned to leave and stated "Fine I'll just write your ass up then." CC-I C. Rasmussen whom I share the office with, was present during this exchange and witnessed the incident. **BIRKS** departed my office before I could inform him of this report.

*John C. Bailey, Jr. CC-I*
John C. Bailey, Jr., CC-I
CSP-SAC "B"-FAC 7-block EOP

DATE: 14 August 2008          Informative          CSP-SAC-EOP

cc: CC-1
    Inmate
    Attachment

19