EXHIBIT 4

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    **SEP 0 8 2004**

In re:    Birks, J-61976
High Desert State Prison
P.O. Box 750
Susanville, CA 96127-0750

IAB Case No.: 0313136          Local Log No.: HDSP 04-770

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner S. Ortiz, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on February 27, 2004, the Senior Librarian refused his request for legal envelopes, and refused to permit him more that one session per week while on the Priority Legal User status. In addition, the Senior Librarian has refused to have up to date books, and refused to provide him with information regarding the CDC Operations Manual Section (DOM) Supplement 54030 and Administrative Bulletin (AB) 91/15. The appellant requests on appeal that he be granted more than one session per week, that the Law Library books be kept up to date and that the Law Library provide adequate assistance. The appellant further requests that he be provided with legal information regarding the DOM, AB's and CDC rules and policy.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the institution conducted a review of this appeal. The appellant was also afforded an interview. The reviewer learned that the High Desert State Prison (HDSP) revealed that legal size envelopes are available for purchase by inmates in the facility Law Libraries. The appellant only needs to request the issuance of the legal envelopes, complete a Inmate Trust Withdrawal and address the envelope prior to exiting the Law Library. This practice is to ensure that the legal size envelope is being used appropriately and that inmates who are financially capable of paying for the envelopes do so. It was also discovered that the HDSP Law Libraries do contain the required material listed in the DOM. In view of the appellant's allegation that based on his Priority Legal User status, more access to the Law Library should be permitted, is not supported. The HDSP DOM Supplement 53060.11 reveals that inmates who qualify for the Priority Legal User status shall receive a minimum of two consecutive hours of library time per week. Therefore, the appellant may request additional law library access during the week for which he has already received access. However, based upon space availability and other inmate priority access and requests, the appellant may not be able to receive additional access. It is noted that the only requirement pursuant to the cited DOM section is to provide the appellant with a minimum of two consecutive hours a week. In review of the appellant's request for AB's to be maintained in the Law Libraries, it has been determined that there is not a requirement to maintain current copies and status reports because the AB's are not law. The AB's are only proposed laws that have not been approved, and therefore are not in effect. The appellant may obtain his own information regarding this material by subscribing at his own expense. The appellant was also informed that the facility Law Libraries do contain copies of all non-confidential local operating procedures, DOM supplements, and Departmental Regulations for the inmate to review upon request. Lastly, there are no requirements for Librarians to be trained in the law. The appellant is permitted access to the Law Library to conduct his own research on legal matters. Therefore, in view of the appellant receiving information on the appropriate manner in which to access legal size envelopes, and the HDSP's assurance in maintaining up to date books in the Law Libraries, the appeal was granted in part at the Second Level of Review.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

  **A.    FINDINGS:** Pursuant to California Code of Regulations, Title 15, Section (CCR) 3120, each warden shall ensure a law library and related services are maintained for the benefit of inmates in their facility. In this instance the institution is in full compliance with the regulations governing this issue. The

65

BIRKS, J-61976
CASE NO. 0313136
PAGE 2

examiner learned that the HDSP will continue in their efforts to ensure that all inmates have access to the law libraries on a routine basis. Relief at the Directors Level of Review is not warranted.

**B.  BASIS FOR THE DECISION:**
CCR: 3120, 3121, 3122, 3160
DOM: 14010.19, 53060.10

**C.  ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, HDSP
        Appeals Coordinator, HDSP

*[handwritten top margin]* Enclosing Additional Sheet: Ease hand-Access to Court And Law Library!

STATE OF CALIFORNIA                                                                                   DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region  1. HDSP-B   Log No. 1. 04-770   Category 18

2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| Name | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Lawrence Birks | J61976 | LEN ASSIGN | B2/102 |

A. Describe Problem: *Inadequate Library* On 2/27/04, approximately 8:25, am. This Plu-inmate was Awcate to B-yard Legal Library, and upon request "Legal Envelopes" of Any kind was Denied to me by B-yard Legal Law Librarian (FLARETY) Who, Who, also denying this inmate access to B-yard Law Library more than one-session per week while on Plu-status, This Prison Legal Law Librarian refuse to have up-to date "Books of Law" and refuse to provide me with information of the "Dom" Subsections 54030A, and AB 9/15, Which been Intentionally remove with other legal information regarding Assembly Bills. In this Prison Law Library Dom-Subsections. Title 15, 3122, facility shall provide legal materials through its Law Library And to provide inmates with meaningful access to Courts. And given higher priority to access Law Library resources, Toussaint

If you need more space, attach one additional sheet. v. McCarthy, 801 F.2d 1080 9th cir 1986, Bounds vs Smith, 430 u.s. 819 (1977) Lewis v. Casey, 518 313, 1996

B. Action Requested: More than one session per week, where this Plu-inmate can be enables fairly person his complaint to district Court. Law Library books must be kept up to date. Adequate assistance from persons trained in the law, This Prison Legal Law Librarian obligation to provide Plu-inmates with meaningful Legal Envelopes "Legal information of the Prison Dom subsections regarding Assembly Bills or CDC rules and Policy should not be intentionally withheld from Anna

Inmate/Parolee Signature: Lawrence Birks                          Date Submitted: 2/29/04

C. INFORMAL LEVEL (Date Received): 3/18/04

Staff Response: (see attached)

*[stamp]* RECEIVED APR 14 2004 BRANCH APPEALS

Staff Signature: Flarety                          Date Returned to Inmate: 3/25/04

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

"No small white (Business) Envelope Available in Library"

Dissatisfied with Informal Level Staff respond, Which does Not make any sense To the above Describe Legal Issues, This inmate more time In B-yard Law Library One session per week as Plu-inmate IS Not Enough time to do legal research, Legal Book Should be up to date, missing Books Listed on Additional sheet, Should Be In B-Law Library

Signature: Lawrence Birks                          Date Submitted: 3/28/04

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: 67

Received By HDSP Appeals
MAR. 29 2004

Received By HDSP Appeals
APR. 26 2004

*[faint stamp]* Received By HDSP Appeals MAR.

First Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: ___MAR 2 9 2004___   Due Date: _5-11-04_

Interviewed by: _____

_____

_See attached._

_____

_____

_____

_____

Staff Signature: _____   Title: _SAI_   Date Completed: _____

Division Head Approved: _J.W. Kirk_   Title: _SAI(A)_ RmBu Aw(A) 4-15-04   Returned Date to Inmate: APR 2 2 2004

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

dissatisfied with first level respond, Two hours twice a week is require at most CDC-prison for PLU-inmates to due legal research and study, And legal case citing is allowed at the PLU-inmates Duty to pay for them, Legal Books is No up to date, And missing legal Books Are Not being replace or Re-stock, Professional Legal Law Librarian should be present at B-yard law library to Assist inmates, No white Business Envelopes available for inmate, Case citing Attached

Signature: _Lawrence Burke_   Date Submitted: _4/29/04_   Appeal support this in

Second Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _4-28-04_   Due Date: _5-24-04_

☒ See Attached Letter

Signature: _____   Date Completed: _6/1/04_

Warden/Superintendent Signature: _____ (CDC)   Date Returned to Inmate JUN 0 4 20

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

dissatisfied with Second level Staff respond Attached Memorandum, B-Yard Librarian refuse to allow this inmate to receive copy of case citing from legal Books, since there is a cruel restriction place on PLU-inmate to receive more time in B-yard law library to do legal research for an adequate Defense, See leos Appeal,

Signature: _Lawrence Burke_   Date Submitted: _6/8/04_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

--------------------------------------------------

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

"Additional Sheet" "Books that is missing from B-Yard Legal Law Library.
Continued: "No." 9th Cir. Name Citation for 2003 - 04, No. F.3d5 After Aug 2003
"No." U.S. Supreme Court Books After 2001, "No" recent fed. Habeas Manual
All mandatory Books per consent decree as stated in Gilmore v. Cal 220 F.3d 987 9th Cir 2.

## CASE Citing on Access to the Courts And Law Library And Books!

Johnson v. Avery 393 U.S 483, 21 LEd2d 718, 95 SCT. 747 (1969).

Bell v. Wolfish 441 US 520, 60 L Ed 2d 106, 99 Sct 864 (1999).

Smith v. Bounds, 813 F.2d 1299 (4th Cir. 1987).   Bell v. Milwaukee 745 F.2d 1205 (9th Cir. 1984).

Bounds v. Smith   430 U.S. 817 (1977).   Black Ledge v. Perk   94 SCT 2098 (1974).

Lewis v. Casey, 518 343 (1996).

Toussaint v. McCarthy 801 F.2d 1080 (9th Cir. 1986).

Valentine v. Beyer 850 F.2d 951 (3rd Cir. 1988).

De Mallory v. Cullen   855 F.2d 442 (9th Cir. 1988).

Sands v. Lewis.   886 F.2d 1166 (9th Cir. 1989).

Glover v. Johnson   510 F. Supp 1119 (E.D. Mich. 1981).

Nordgren v. Milliken   762 F.2d 851 (10th Cir. 1985).

Rizzo v. Dawson 778 F.2d 527 (9th Cir. 1985).

Hall v. Sutton   795 F.2d 886 (9th cir 1985).

Mann v. Smith   796 F.2d 79 (5th Cir. 1986).

Welmore v. Fields   458 F. Supp 1311 (C-Penn. 1978).

Ruiz v. Estelle, 503 F. Supp 1265 (S.D. Texas 1980).

Cruz v. Hauck   627 F.2d 710 (5th Cir 1999).

Wolff v. McDonnell   412. U.S. 539, 41 L E D 2d 224, 94 Sct. 2098 (1974).

"The above case Law" indicates _State_ is under Constitutional Obligation to
assist inmate and PLU-status inmate with adequate legal material and case law.
up to date Legal Books and providing adequate Libraries assistance from persons
trained in law. And this inmate should be allow to pay for copies of legal cases from Books!

"Conclusion"   Due to the Denial of Legal Envelopes, this inmate could not have
meaningful access to court to send "legal documents or material's out to present my
complaints to the district court or "Government Agency", in which. This prison B-Yard
Legal Law Librarian obligation is to make sure all legal materials is available to
inmates and PLU-Status, inmate who has pending "civil cases or criminal cases"
in California District Courts and afforded adequate Hours access to this prison
Legal Library in order to do legal research.

68

Sincerely Ibn Lishirle

# PROOF OF SERVICE

I, Lawrence Birks,

1. I am a prison at High Desert State prison P.O. Box - 3030 - B2-102 Susanville California 96127.

2. I am the party to this entitled action.

3. I personally served a true and correct copy or orginal of the foregoing documents, Two inmate 602 Grievence form with attaching clocument Appeal No: HDSP-B-04-770, HDSP-B-04-1012 Legal Library Issue    Denial Disciplinary I.E. witness and Fair Hearing.

To The following parties:

    Attn Chief Inmate Appeal
    Director of Corrections
    P.O. Box - 942883
    Sacremento California 94283-0001

I declar under penalty of perjury that the foregoing is True and correct.

Executed on _June 8, 2004_____ HDSP-Susanville California

_Lawrence Birks_

Lawrence Birks. J61976    mail. c/o. carpenter B2 unit 3rd watch    69

State of California

Department of Corrections
High Desert State Prison

# Memorandum

Date    :    April 19, 2004

To      :    Inmate Birks, CDC # J-61976
             Housing B2 - 102

Subject:    **HDSP APPEAL LOG # HDSP-B-04-00770**
            **FIRST LEVEL APPEAL RESPONSE**

APPEAL DECISION: Appeal Partially Granted

APPEAL ISSUE: You state that at approximately 0825 hours on February 27, 2004, you were ducated to the Law Library. You stated that Mr. Flaherty denied you legal envelopes of any kind and that he denied you access to the Law Library more than one session per week while on PLU status. You state that he refused to have books of law and to provide you with information from DOM subsection 540301A and AB 91/15, which you say was removed with other legal information regarding Assembly Bills. You state that we are under obligation to assist inmates with adequate legal material and case law. You claim that you should be allowed to pay for copies of legal cases from books. You state that denial of legal envelopes denies you meaningful access to the courts.

You request that you be provided more than one session per week as a PLU inmate. You also request up-to-date Law Library books and adequate assistance from persons trained in the law. You request "meaningful legal envelopes and legal information from the prison DOM subsections regarding Assembly Bills or CDC rules and policy."

APPEAL RESPONSE: Inmate Birks, in reaching a decision on your appeal your CDC-602 and its attachments, applicable sections of the California Code of Regulations (CCR) Title 15, Department Operations Manual (DOM), and your personal interview with W. Kirklin, Academic Instructor, were reviewed and considered.

A review of the High Desert State Prison (HDSP) "Effective Communication List for Inmates with TABE Reading Scores 4.0 or Less" indicates you do not need assistance to achieve effective communication.

Inmate Birks, your request for more that one session per week is partially granted. DOM Supplement 53060, Library and Law Library, states: "*Upon request, PLU's shall receive a minimum of two consecutive hours of library time per week.*" You have been informed that the B Law Library runs open line during the week, and that you may access the Law Library during open lines in addition to your scheduled two-hour session each week.

Mr. Flaherty informed you that you may access the DOM and CCR as well as Operational Procedures and DOM Supplements in the Law Library. California State Assembly Bills are only bills; they are not yet law. We are not required to provide Assembly Bill information to the inmate population, and we do not receive any information on Assembly Bills.

Legal envelopes are made available in the Law Libraries for purchase by inmates to send to the courts. When more envelopes are purchased than is expected in a given month, the libraries may temporarily run out. When this occurs, we will order more envelopes from the warehouse.

Regarding your request for up-to-date law books, all books purchased for Law Libraries in Corrections are now ordered by headquarters through the Principal Librarian. We are no longer permitted to purchase legal materials individually. When these materials arrive, we place them in the Law Libraries. We do not have any storage for materials that need to be in the Law Libraries, so we do not

70

withhold them. The books that are required for each Library is detailed in DOM, Section 53060.11, which you can review in the facility Law Library.

CCR. Section 3405, Legal Assistance to Inmates and Parolees, states:

> *"Employees must not assist an inmate or parolee in the preparation of any legal document, or give any form of legal advice or service, except as specifically authorized by the Warden, Superintendent or Regional Administrator."*

Based on the above section of the CCR, Librarians and Library Technical Assistants are not required to have any training in the law.

Based on the information above your appeal has been partially granted. You will be ducated to B Law Library when the Law Library receives your Inmate Law Library Access Request(s). Your request for transfer is denied.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on the back of your appeal form.

J. M. BRIDDLE
Associate Warden (A)
Central Operations

c:    Central File
      Appeals File

**March 24, 2004**

**C. INFORMAL LEVEL response    March 25, 2004**

**I/M BIRKS,** during your March 23, 2004, interview with J. Flaherty, Sr. Librarian, your concerns were reviewed.

Flaherty explained that it is HDSP policy that PLU's are give one session of two hours per week.   When circumstances allow, you can access the law library during open line, which is offered at various times during the week.

In regard to legal books, Flaherty explained that HDSP has an ongoing subscription with West Group, the source of the law library legal books.  When new legal books arrive in the HDSP's Central Library, they are distributed to the satellite law libraries.

 As for a person trained in law, the DOM states those qualified to serve as  Library Techinical Assistant are not required to have legal training.  As well, the DOM notes that inmates are not to receive legal assistance from anyone working in an HDSP law library.

As for legal envelopes, HDSP does make them available for inmates to purchase. When the envelopes are made available to the law libraries through the HDSP warehouse, they are in the law libraries for inmates to purchase.  In the case that the law libraries don't have any envelopes to sell, an inmate may purchase an envelope(s) from the canteen.

As far as providing information about particular California State Assembly Bills, none of the materials that HDSP is required to purchase for the law libraries includes Assembly Bills.  As for CDC rules and policies, the DOM, and updates, Title 15, as well as the OP's, and updates, are available in each law library.

*Flaherty*
*Sr. Librarian*

72

State of California                                                    Department of Corrections

# Memorandum

Date:    June 1, 2004

To:      Birks, J-61976
         High Desert State Prison
         ~~35, 102 L~~

Subject:  SECOND LEVEL APPEAL RESPONSE
                LOG NO.:    HDSP 04-00770

ISSUE:

It is the inmate's position that on February 27, 2004, Mr. Flaherty, Senior Librarian, refused his request for legal envelopes, refused to permit him more than one session per week while on Priority Legal User (PLU) status, refused to have up to date books, and refused to provide him with information regarding CDC Operations Manual Section (DOM) Supplement 54030 and Administrative Bulletin 91/15.

The inmate requests on appeal that he be granted more than one session per week while he is PLU, that the Law Library books be kept up to date, that he receive adequate assistance from persons trained in the law, that he be provided with legal envelopes. The inmate further requests that he be provided with legal information regarding DOM subsections, Assembly bills, and CDC rules and policy.

INTERVIEWED BY:  W. Kirklin, Academic Instructor.

REGULATIONS:  The rule governing this issue is:

**DOM 53060.10.  Inmate Access to Law Libraries**
          All interested inmates shall have access to the inmate library law books in accordance with this procedure.
          Each facility head shall formulate an operational schedule for the inmate law library.  This schedule shall include:
          * Daily hours of library operation.
          * Consideration to needs of inmates assigned to day work, training, or academic education.
          * Consideration to needs of inmates assigned to security, segregated, and other restricted housing units.
          * The maximum inmate access consistent with space limitations and facility security needs.
          Restricted Housing Unit Access
          Inmates confined in restricted housing units including security, segregation, and other restricted housing status shall have adequate access to legal resource material.
          Return-to-Custody (RTC) and Camps Inmate Access
          RTC inmates who request access to law library materials shall be transferred to the nearest facility for the period of time needed to complete their legal work.

*73*

BIRKS, J-61976
CASE NO. 04-00770
PAGE 2

> Cam inmates requesting access to the law library shall be returned to their "hub" facility for the period of time needed to complete their legwork.
>
> Abuse of Law Library
>
> Inmates may have physical access privileges restricted for any period up to 90 days upon documented abuse or misuse of law library resources, facilities, and/or staff. Access may be restricted upon the written determination of the Warden or chief Deputy Warden. Copies of the written determination of suspension of physical access shall be delivered to the inmate within five working days of such determination. All law library services, including paging, may be stopped during such period of suspension.

A review of the High Desert State Prison (HDSP) "Effective Communication List for Inmates With TABE Reading Scores of 4.0 or Less" reveals that the inmate does not require assistance in order to achieve effective communication. A review of the HDSP "Assistive Device Listing" reveals that the inmate does not require a reasonable accommodation in order to achieve effective communication.

During the interview with Mr. Kirkland, the inmate restated his appeal issues and indicated that he did not have any new information or evidence to add.

A review of this issue reveals that legal size envelopes are available for purchase by inmates in the facility Law Libraries. The inmate only needs to request the issuance of the legal envelopes, complete an Inmate Trust Withdrawal, and address the envelope prior to exiting the law library. This is to ensure that the legal size envelope is being used for the proper purpose, and that inmates who are financially capable of paying for the envelopes, do so.

It is further noted that the HDSP Law Libraries do contain the required materials as listed in DOM section 53060.11. The inmate has not presented any evidence that the facility law library is missing or lacking any of the required materials.

The inmate's allegation that he is to be permitted access to the facility law library more than once a week while qualifying for PLU status is not supported. A review the HDSP DOM Supplement 53060.16 reveals that inmates who qualify for PLU status shall receive a minimum of two consecutive hours of library time per week. Therefore, the inmate may request additional law library access during the week for which he has already received access. However, based upon space availability and other inmate priority access and requests, the inmate may not be able to receive additional access. The only requirement per the above-cited section is to provide the inmate with a minimum of two consecutive hours per week.

It is noted that Assembly bills are not laws, and that there is no requirement to maintain current copies and status reports on these items in the facility law library. To do so would demand an unreasonable cost and demand many staff hours to maintain for material that is not required, and does not immediately affect the inmate's welfare or court cases. These bills are only proposed laws that have not been approved, and therefore are not in effect. The inmate may obtain his own information regarding this material by subscribing at his own expense to any one or a combination of news publications.

The facility Law Libraries do contain copies of all non confidential local operating procedures, DOM supplements, and Departmental Regulations for the inmate to review upon his request.

14

BIRKS, J-61976
CASE NO. 04-00770
PAGE 3

Lastly, it is noted that staff are not permitted to provide inmates with advice or guidance in matters related to the law. Therefore, there is no requirement for a librarian to be trained in the law. Inmates are permitted access to the law library to conduct their own research on legal matters and procedures in order to provide them with meaningful access to the courts. If the inmate desires or feels that he requires legal advice, then he is encouraged to contact a lawyer who is qualified to provide him with this assistance.

The inmate's request for access to the facility law library more than once a week is granted in part. The inmate may submit a request for access during the week for which he has already obtained access. However, there are numerous inmates who also request access to the law library, and only a limited space to accommodate each request.

The inmate's request for legal size envelopes is granted in part. As stated above, the inmate may request legal size envelopes from the law librarian by following the above-cited process.

The inmate's request for the facility law library to maintain up to date books, Departmental Regulations and local procedures, and information regarding Assembly Bills is granted in part.

The inmate's request for legal assistance from the law librarian is denied.

DECISION:  The appeal is granted in part.

The inmate is advised that this issue may be submitted for a Director's Level of Review if desired.

T. FELKER,
Chief Deputy Warden

c: Central File
    Appeals File

15

LAWRENCE BIRKS, J61976
HIGH DESERT STATE PRISON
P.O. BOX 3030-C8-127
Susanville California, 96127

### DECLARATION / AFFIDAVIT

I, LAWRENCE BIRKS. A HIGH DESERT STATE PRISON ON C-YARD LEVEL IV MAXIMUM SECURITY 180 DESIGN YARD, HAS MADE NUMBEROUS ATTEMPTS TO HAVE C/O. BARRON AND C/O. BARKER AND C-YARD LIBRARIAN MRS COBBS TO DUCATE THIS ABOVE PRISONER'S ACCESS TO LAW LIBRARY TO DO LEGAL AND PREPARE REPLY, OPPOSITION TO MEET COURT DEADLINE BY SEPTEMBER 8, 2005, ON AUGUST 11, 12, 13, 16, 17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 29, 30, 31, SEPTEMBER 1, 2005 A LAW LIBRARY DUCATE WAS ISSUE FOR SEPTEMBER 2, 2005, 0800 PIU BUT C-UNIT CONTROL BOOTH C/O did NOT RELEASE ME BECAUSE LAW LIBRARIAN MRS. COBBS DID NOT CALL UNIT FOR ME. ON THIS DAY SEPTEMBER 3, 2005, I will ASK FOR C-8 UNIT C/O TAMPIEM AND C-YARD LAW LIBRARY MRS COBBS TO GIVE REASON WHY SHE BEEN DENYING ACCESS TO C-YARD LAW LIBRARY. MANY INMATE REQUEST FORMS WAS SENT TO C-YARD LIBRARY MRS COBBS WITH CASE NUMBER AND DEADLINE DATE FOR ACCESS TO C-YARD LAW LIBRARY TO PREPARE REPLY MOTION.
DATE: SEPTEMBER 3, 2005

RESPECTFULLY
*Lawrence Birks*
LAWRENCE BIRKS, J61976, PRO-SE.,

" Library Ducate Issue 9/1/05 For 9/2/05 0800

80

↑                    ↑
Ducate            Ducate    3

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: JUL 1 6 2007

In re:   Birks, J-61976
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0613618        Local Log No.: HDSP 07-711

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner Michael H. Jensen, Facility Captain.    All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that Mrs. Cobb of the High Desert State Prison (HDSP) Law Library has denied him adequate time in the law library.  The appellant stated the regulations require he be provided access to the library based upon his court deadline.  The appellant stated he filed requests for access to the law library in December 2006, and January 2007, and was not allowed to attend the law library.  The appellant requests access to the law library to meet his court deadline.

**II    SECOND LEVEL'S DECISION:** The reviewer found the appellant was ducated to the library based upon his requests.  The staff response informed the appellant that custody staff are unable to verify a court deadline and the law library must receive an access request before scheduling an inmate to attend.  The Second Level of Review (SLR) informed the appellant that the law library schedule may be altered pursuant to safety and security needs, as in the case of the institutional lockdown.  The appeal was denied by the SLR.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:**  The Director's Level of Review (DLR) is aware of the desire of many inmates to utilize the law library, especially when an institution is on a lockdown or Modified Program.  The appellant failed to provide any evidence that his lack of access has resulted in his being denied access to the court, had an adverse affect on any pending litigation, or was different from any other inmate at HDSP.

In the documentation submitted with the appeal, the appellant failed to include verification that he had a court deadline.  The documentation reflects the law librarian had the appellant listed as a General Library User, not a Priority Legal User (PLU).

The documentation also reflects that on January 18, 2007, custody staff chose not to escort the appellant to the law library after giving him a 20 minute warning and he failed to get ready to be escorted.  Based upon the appellant failing to demonstrate he should have been a PLU, and based upon there being no evidence he had requested attendance in the law library as he claims, the DLR shall not modify the SLR.

**B.    BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3001, 3120, 3122
CDC Operations Manual Section: 14010.19, 53060.10

**C.    ORDER:**  No changes or modifications are required by the institution.

8/

BIRKS, J-61976
CASE NO. 0613618
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, HDSP
       Appeals Coordinator, HDSP

5) In which, Prior to the request, C-Facility has been on an series of bogus lockdown status; which should not, suppose to interfer with Plu Status— Priority inmate with Court deadline— Title 15, 3122 A).

6) In or about March/2007 Through February/2008, MR. BIRKS #JL1976, has not been Allow Adequate Access to C-Facility Law Library On his Series of active Cases Pending in California Courts System;

7) On March 8, 2008, 3rd watch, during pill call, I seen Mr. Birks #JL1976, and listen to him Complaining about the series of Staff reprisal Acts taken against him, Food Contaminated with Bugs; Quarter IV package Food been denied, Drinking Cut Sliced with Six deep cuts, by Hosp State Employees, Because of him Exercise his First Amendment Rights;

8) Also Since I been on C-Facility, I only See Mr. Birks #JL1976 at Pill Call, Library, and Medical Clinic— do to his medical Problems; he has not Participated in Yard or other Prison activity, which I also heard From others inmates.

9) I have Personal Knowledge; that LTA Mrs Cobbs AkAD. Simpson has taken an Personal dislike of Mr. Birks, when Last Seeing him In C-Facility Law Library, She became Belligrently at Mr. Birks #JL1976 on his inquiring about Indigent Inmates Only allow two Legal envelope and two sets of legal documents Copied;— Now She is not allow him full Legal Access to Law Library as Plu Status!

I Declare, under Penalty of Perjury, under the Laws of the State of of California, And United States, that the Foregoing is true and Correct;  83

Date 3-9-08 _____ , Signature: By: Curtis Jackson

DECLARATION OF Curtis R Jackson

I, Curtis R Jackson, hereby declare:

1) That I am an incarcerated inmate, who is currently incarcerated in the California Department of Corrections, while housed in West Valley detention Center County Jail, Cucamonga California, Whereby, I have personal Knowledge of MR BIRK J61976, Medical Problems, Hepatitis C virus, and Serious of back problems, which he has inform me when we were Cell-mates. during his painful Attacks!

2) I have personal Knowledge of the crime he was Charge, with two Counts of second degree Commercial Burglary burglary, count-two a Misdemeanor; Count-one, Felon/misdemeanor wobbler, Later, Convicted Under California Three Strikes Law, Twenty-Five-Years Life Sentence; In which, MR BIRKS J61976, had made many attempts to have Access to County Jail Law Library; Denied, do to Appointed Counsel MARK CANTRELL, State appointed Attorney,

3) I was MR BIRKS Cell mate in 1994 / 1995 Feb. at Cucamonga County Jail; West Valley Detention Center,

4) I am Now; incarcerated at High Desert State Prison, C-Facility 180 Design Double maximum Security Yard, And I do hold personal Knowledge of MR BIRKS J61976, Civil action Case. against Hose Warden D.L. RUNNELS and Medical Officials and Mental Health Officials; And I am Competent to testify upon as a witness at time of trial.

5) In or about January/2007 through 2008, MR. BIRKS J61976, and I have made many request to C-Facility LTA Mrs Cobbs AkA Dr Simpson, As Plu-Status, to assist each other pursuant Johnson v. Avery 393 U.S. 483, 490 (1969) — Gibbs v. Hopkins 10 F.3d 373 378 (6th Cir. 1993) — "Which to No Avail. Mrs Cobbs AkA D. Simpson — "Decline our request"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    NOV 0 5 2007

In re:    Lawrence Birks, J61976
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0704285          Local Log No.: HDSP-07-01938

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that the High Desert State Prison (HDSP) staff have inappropriately restricted his access to the law library so that he could review a deposition. The appellant contends that once he arrived at the library he was not provided sufficient time to review the deposition. The appellant is requesting that the staff member who is responsible be reprimanded.

**II    SECOND LEVEL'S DECISION:** The reviewer found that a comprehensive and thorough review of the appellant's appeal was conducted. The informal reviewer noted that the appellant was ducated to the law library and upon his arrival he was provided the deposition to review, and that he reviewed the document for almost three hours. The informal reviewer noted that the appellant was advised that he would be issued another ducat for another date so that he could finish the review. The informal reviewer noted that the appellant was issued a ducat to attend the library, but he failed to report to the library; therefore, the deposition was returned to the litigation coordinator. The First Level of Review and the Second Level of Review (SLR) concurred that the appellant was provided ample opportunity to review the deposition, but failed to respond to the second ducat which was issued to him. The SLR granted the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The institution has presented the appellant a thorough and comprehensive review of the appellant's issue and the Director's Level of Review (DLR) finds no basis to alter said decision. The DLR notes the appellant's argument that he was not provided enough time to review the deposition; however, the appellant has failed to present any evidence to verify his claim. The DLR finds that pursuant to California Code of Regulations, Title 15, Section (CCR) 3084.1 "(a) Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." The appellant has failed to demonstrate any adverse effect. The appellant was provided the opportunity to read the deposition and was scheduled for a later date to finish this review; however, he failed to report to the library. The appellant is advised that the CDCR has procedures in place to ensure access to the library and the appellant is required to adhere to these procedures. Therefore no relief is provided at the DLR.

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3084.1, 3084.2, 3084.3, 3120, 3121, 3122, 3270, 3380

**C. ORDER:** No changes or modifications are required by the Institution.

85

LAWRENCE BIRKS, J61976
CASE NO. 0704285
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, HDSP
        Appeals Coordinator, HDSP

86

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region       Log No.          Category
1. HDSP-C                    1. 07-01938              (19) Legal
2. _____                   2. _____                    Copies

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Lawrence Birks | J61976 | UNASSIGN | C1-112 |

A. Describe Problem: This inmate was inflicted with cruel unusual procedure and Denied to make necessary copie of legal document at HDSP official abuse of authority, on 4/25/07, 2nd watch 7:45, am, C-facility Law Librarian D. Simpson, Mrs. Cobbs, had inform this inmate to review an deposition trans-cript of hearing held on 2/21/07, HDSP. By Attorney General GRANT LIEN, in which, Mrs. Cobbs, D. Simpson inform me that, I must leave all legal material on the library counter, and take a seat at the table and read the two documents with instruction from Attorney General GRANT LIEN. LETTER, Address to this inmate on 4/9/07, to review and correct deposition transcript while in the present of Mrs. Cobbs, D. Simpson, Also, An memorandum dated on 4/12/07, By H. WAGNER, Once Appeal coordinator, Now HDSP, litigation
If you need more space, attach one additional sheet. Coordinator, who has instruction to allow inmate Jones benefit to

B. Action Requested: 3391 Employee Conduct a) b) c) d) The above describe Problems is Clearly an abuse of State employees Powers, which has infringe upon this inmate State/federal rights to receive the proper Procedures while Pursuing legal action Should not be interfer with cruel and unusual procedure denying this inmate the right to be free from unsupervised abuse and other Unethical procedures at HDSP)

Inmate/Parolee Signature: Lawrence Birks   Did not have access to C-facility law library   Date Submitted: 4/26/07
until 4/25/07  2hrs.

C. INFORMAL LEVEL (Date Received:  5/9/07  )

Staff Response: _____

See Attached

Staff Signature: D. Sim          BG          Date Returned to Inmate: 5/22/07

[stamp: GRANTED ... AUG - 8 2007 ... F1]

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied with staff Respond, Due to reprisal acts, Mrs. Cobbs D. Simpson Has fabricated and still denied this inmate Adequate Access to C-facility Law Library, She Know that this inmate Has serious medical issues and can not work, Someone made an error in work Assignment, She still Not Honoring, my PLU Status.

Signature: L. Birks        She still Not Honoring, my PLU Status   Date Submitted: 5/28/07
CDC Appeal Number:

Note: Property/Funds appeals must be accompanied by a completed Board of Control Form BC-1E, Inmate Claim

| Received | Received | Received | |
|----------|----------|----------|---|
| APR 30 2007 | MAY 31 2007 | JUN 02 2007 | S.O. 4:30:07 7-2-07 AN Ops 2nd |
| HDSP Appeals | HDSP Appeals | HDSP Appeal | 87 |

First Level ☐ Granted ☐ P. Granted ☑ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 5-31-07    Due Date: 7-13-07

Interviewed by: TR Fichvis VP

See attached letter

_____
_____
_____
_____
_____

Staff Signature: TR Fichvis    Title: Vice Principal    Date Completed: 6-21-07

Division Head Approved:
Signature: _____    Title: _____    Returned Date to Inmate: 6-26-07 RB

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied with staff responds because again staff is allow to use conjecture and prevaricate and lie into the truth, Because of abuse of authority and being unsupervised, No complete issue on 4/28/07! now during DBON Review WHA

Signature: L Birks    Date Submitted: 6/28/07

Second Level ☑ Granted ☐ P. Granted ☐ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 7-2-07    Due Date: 7-31-07
☑ See Attached Letter

Signature: N. David K    Date Completed: 7/11/07

Warden/Superintendent Signature: _____    Date Returned to Inmate: 7-30-

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied still denied Adequate Access to C-Facility law library, and Receiving Reprisal Acts By W. Simpson, And other staff at HDSL

_____
_____

Signature: Lawrence Birks    Date Submitted: 7/31/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☑ Denied ☐ Other _____
☐ See Attached Letter    NOV 0 5 2007
CDC 602 (12/87)    Date: _____

Two ... the ... transcript, And D. Simpson.

Mrs Cobbs, is allow inmate Burks 4 hours to review and correct the disposition transcript, And if inmate Burks need to require more time to review and correct disposition transcript. She must contact litigation coordinator Hi WAGNER. And reschedule Burks to complete the deposition transcript review. In which Librarian D. Simpson, Inform me that she is not going to allow me to have 4 hours to study and correct errors in the deposition transcript as she was instructed to allow me that required time in HDSP-litigation coordinator H. WAGNER memorandum issued to mrs cobbs D. Simpson on 4/12/07 in which, this inmate was order to leave c-facility library at 10:35am, But librarian Mrs cobbs - D. Simpson had other arrangements that more important to meet. and she said, she will reschedule me at other time to complete the deposition transcript review. In which I ask to make necessary copies of documen ated 4/9/07 and 9/12/07 And mrs cobbs D. Simpson Denied me that right Access to library begin 4/ Abuse of trust powers of authority! 1) Attorney General GRANT LIEN, Written an letter to this inmate, on 4/9/07, But someone with authority intercept the letter address to this inmate, 2) On 4/12/07, HDSP - litigation coordinator Hi WAGNER, Written an memorandum to c-facility librarian Mrs cobbs, AKA - D. Simpson, with instruction to allow inmate Burks 4 hours is complete the deposition review. And ducat inmate Jones to c-facility law library to review Burk deposition transcript, 3) Librarian Mrs cobbs. D. Simpson, Denied me to make necessary copies of both documents from Attorney General GRANT LIEN, dated 4/9/07 And memorandum letter from HDSP- Litigation coordinator Hi. WAGNER, Who was once HDSP Appeal coordinator, 5) Mrs cobbs, AKA. D. Simpson denied me the full 4 hours to review the deposition transcript Which instructed by Hi WAGNER litigation coordinator, 6) mrs cobbs AKA D. Simpso: has been instructed not to issue this inmate ducats Access to c-facility, For date & FACILITY schedule time while this inmate is PLU-status, 7) Mrs cobbs AKA. D. Simpson has denied this inmate to receive white legal paper because of indigent status, so she issue me yellow paper. 3142. 3120, 3122, 3130. 313A, Gilmore v. Lynch- 319 F. sup. 105 1020, ...

State of California                                                                                    Department of Corrections and Rehabilitation
                                                                                                      High Desert State Prison

# Memorandum

Date:     July 12, 2007

To:       Inmate Birks, J-61976
          FCB1-112

Subject:  **APPEAL LOG HDSP-C-07-01938**
          **SECOND LEVEL APPEAL RESPONSE**

APPEAL DECISION:  Appeal Granted.

APPEAL ISSUE:  In your CDCR 602 you state that you were treated in a cruel an unusual manner by the Library Technical Assistant (LTA) Simpson, and Ms. Simpson fabricated acts of reprisal to deny you adequate access to the Law Library.  You also state that LTA Simpson refused to honor your Priority Legal User (PLU) status.  You request to be free from unsupervised abuse and other unethical procedures.

In Section F of your appeal you write that you are still dissatisfied.  You write staff is allowed to lie and abuse their power.

APPEAL RESPONSE:  Inmate Birks, in reaching a decision on your appeal, your CDCR-602 and its attachments, applicable sections of the California Code of Regulations Title 15, Department Operations Manual (DOM) and relative High Desert State Prison (HDSP) Supplements to the DOM, were all reviewed and considered.  Also taken into consideration was a personal interview that T. R. Frohrib, Vice-Principal, conducted with you on June 14, 2007.  During this interview you were allowed the opportunity to discuss and clarify your appeal issues.

A review of the HDSP "Lists of Inmates with the Test of Basic Education Reading (TABE) Scores of 4.0 or Less" indicates that your TABE Reading Score is 4.0 or above.  Effective communication was confirmed by your personal interaction with the interviewer and the level of detail with which you were able to restate the discussion of the appeal issues in your own words.  A review of the HDSP "Assistive Device Listing" reveals that you do not require special accommodations to achieve effective communication.  Effective communication was achieved during your oral interview using normal conversational tones.

The First Level Response was signed by D. L. Runnels, Associate Warden, Central Operations.  The response explained to you, in detail, that there is no indicatation that Ms. Simpson lied or abused her power in any way.

*89*

Inmate Birks, J-61976
Appeal Log #C07-01938 SL
Page 2

The Second Level review was conducted by N. D. Kraft, Principal.  Your statement on the Second Level that staff lie and abuse their power bears no merit.  You did not provide any compelling evidence that would change the outcome of the appeal response at the Second Level.

Based on the above information your appeal is granted.  You will continue to be free from unsupervised abuse and other unethical procedures.

If you are dissatisfied with this decision, you may request a Director's Level Review by following the instructions on the back of your appeal form.

M. D. McDONALD
Chief Deputy Warden

c:   Central File
     Appeals Files

*90*

# ..orandum

Date:      June 19, 2007

To:        Inmate Birks, J61976
           FCB1-112

Subject:   **APPEAL LOG # HDSP-C -07-01938**
           **FIRST LEVEL APPEAL RESPONSE**

APPEAL DECISION:  Appeal Denied.

APPEAL ISSUE:  In Section D of this appeal you contend that Facility C Library Technical Assistant (LTA) D. Simpson fabricated acts of reprisal to deny you adequate access to the Facility C law library and honor your Priority Legal User status.

APPEAL RESPONSE:  Inmate Birks, in reaching a decision on your appeal, your CDCR 602 and its attachments, the California Code of Regulations (CCR) Title 15, the Department Operations Manual (DOM), and your June 14, 2007 personal interview with Vice Principal T.R. Frohrib were reviewed and considered.

A review of the HDSP list of "Inmates With Test of Adult Basic Education (TABE) Reading Scores of 4.0 or Less" indicates that you have a Reading Grade Point Level (RGPL) above 4.0.  A review of the HDSP "Assistive Device Listing" reveals that you have no disabilities requiring special accommodation to achieve effective communication.  Effective communication was achieved during your oral interview using normal conversational tones, your personal interaction with the interviewer, and the detail with which you were able to restate the discussion in your own words.

The Informal Level response to this appeal clearly and concisely mitigated each perceived issue you raise in this appeal.  You were appropriately allotted 4 hours to read a deposition and take notes indicating disagreement with the content of the deposition.  No stipulation exits that requires HDSP to provide 4 consecutive hours for an inmate to read a deposition.  On April 25, 2007, you were provided 2.75 hours to review the deposition.  You were notified upon exiting the Facility C law library at 1030 hours on April 25, 2007, that you will be ducated again on April 27, 2007, at 1045 hours to finish reviewing your deposition.  You were ducated to attend the Facility C law library at 1045 hours on April 27, 2007, were aware of the time and place of the ducat prior to 1045 hours, and encouraged by Facility C CCI, J. Owen to report to the place (Facility C law library) at the time (1045) indicated on the ducat.  You informed CCI J. Owen of your decision to not report to the Facility C law library at 1020 hours on April 27, 2007.  LTA Simpson did not deny you law library access.

91

Inmate Birks, J61976
Appeal Log # C07-01938
Page 2

Your claim that Ms. Simpson is not honoring your Priority Legal User (PLU) status is mitigated by the fact that you are not, at this time, PLU. Law library records show that you have a court deadline date of August 3, 2007. July 3, 2007, is the date you obtain PLU status. Ms. Simpson will ducat you to access the Facility C law library to conduct legal research on a weekly basis on one of your Regular Days Off (RDO) from the work/training position you currently hold, (CHUP PTR-C.104), starting July 3, 2007. LTA D. Simpson operates the Facility C law library in a manner which complies completely with CDCR/HDSP policies, procedures, rules and regulations. Your allegation that Ms. Simpson fabricates acts of reprisal against you is wholly unfounded.

You did not provide any information in Section D, nor did you provide any additional information to interviewer T.R. Frohrib on June 14, 2007, to effect any changes to the Informal Level Response to this appeal.

Based on the above information, this appeal is denied.

If you are dissatisfied with this decision you may request a Second Level Review by following the directions on the back of this appeal form.


D. L. RUNNELS
Associate Warden
Central Operations

c:  Central File
     Appeals File

*92*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:     **MAR 2 1 2008**

In re:     Lawrence Birks, J61976
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

IAB Case No.: 0718463          Local Log No.: HDSP-07-03473

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**  It is the appellant's position that facility law library staff at High Desert State Prison (HDSP) are interfering with his ability to communicate with the courts, lawyers, legal workers, and the media about the legality of his conviction and resulting incarceration. The appellant contends the institution has made-up its own rules regarding charging indigent inmates for legal copies. The appellant states that he has been provided with insufficient legal supplies and mailings. The appellant requests that he be provided with indigent legal material in quantities specified by the court and the department's own regulations.

**II   SECOND LEVEL'S DECISION:**  The reviewer found that the actions of staff are consistent with departmental rules and regulations. Pursuant to the California Code of Regulations, Title 15, Section (CCR) 3134, an indigent inmate shall have free and unlimited postage for the mailing of claims to the Board of Control (BOC) and for the filing of legal documents to a court. The appellant's mailing did not meet this criteria, and therefore, it was not mailed-out by staff. The appellant was informed that he may utilize the indigent envelopes provided to him to mail any legal and/or confidential mail he desires. However, the Department is not required to pay the postage for the appellant's desire to contact a private attorney. The reviewer notes that the appellant has been receiving indigent envelopes and writing paper according to institutional procedures. Lastly, the reviewer notes that price-per-page for a photocopy charged by HDSP ($.10) is consistent with the charge at any institution. The appeal was denied at the Second Level of Review.

**III   DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

**A.   FINDINGS:**  After a complete review of this appeal, it has been determined that institution staff have provided evidence that the appellant's indigent legal postage and legal copies have been provided to him in accordance with Department regulations. The appellant may use indigent envelopes to mail legal mail; however, unlimited postage for indigent inmates is restricted to the mailing of claims to the BOC or for the filing of legal documents to any court as described in the CCR 3165.

The appellant has failed to provide any new or compelling evidence that would warrant a modification to the decision reached by the institution. Relief from the Director's Level of Review is unwarranted.

**B.   BASIS FOR THE DECISION:**
CCR: 3001, 3122, 3130, 3134, 3141, 3160, 3165

**C.   ORDER:**  No changes or modifications are required by the Institution.

*93*

LAWRENCE BIRKS, J61976
CASE NO. 0718463
PAGE 2


This decision exhausts the administrative remedy available to the appellant within CDCR.


N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, HDSP
        Appeals Coordinator, HDSP

94

*"Additional Sheet Attached"*

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region      Log No.                    Category

1. _HDSP-C_        1. _07-05473_              _10_
                                                          LEGAL
2. _____       2. _____              SUPPLIES

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Lawrence Birks | J16976 | Unassign | C1-112 |

A. Describe Problem: _Reprisal Acts/ This inmate has civil Action in the EASTERN Dist Court, Civ-S-05-1105, LKK EFB, Where C-facility Law Librarian Mrs Cobbs - ATA- D. Simpson, have deny me to obtain Copies of civil documents to Attorney office Thomas A. Cute (SB# 1677 269, Law office of T.A. Cute, 2611 Esplanade Chico. CA. 95973, inWhich Mrs Cobbs Claims. HDSP-memo, Allow indigent inmates to have only two set of Copies of Legal documents, And Two Legal Envelopes while being indigent status, And allow Yellow drawing paper only Twenty Five sheets, When I ask her what CDC-Policy govern her Action, denying me the rights to receive adequate legal materials and copies_

If you need more space, attach one additional sheet. _for Court, Attorneys and Dist. Attorney General, and me,_

B. Action Requested: _Reprisal Acts/ Pursuant to Bounds VSmith 430 U.S. 817, 821, 97 Sct. 1491, 1499 52L.Ed. 2d 72 (1977) 3131_ ~~_____~~ _(act, 3122 A) HDSP facility Law Library Shall provide Legal material to inmates meaningful Access to the courts, 3120(c)3) material requested by_ _inmate must sign Trust withdraw slip)_

Inmate/Parolee Signature: _Lawrence Birks_        Date Submitted: _9/6/07_

C. INFORMAL LEVEL (Date Received: _9/10/07_ )

Staff Response: _____

Partially Granted. The policies and procedures for obtaining writing paper and envelopes have been previously answered in a CDC 602 dated May 22, 2007 and have not changed since that time. As an indigent inmate you are granted in that once a week you can obtain 25 sheets and once you have money on your books you can purchase more than the 25 sheets per week along with more envelopes as long as they are addressed to the courts before you leave the law library.

Staff Signature: _D. Sipe_        Date Returned to Inmate: _10/3/07_

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_Dissatisfied with the above staff Reponal, who is making up her own Rules and Regulation on Restriction me of my Rights to Obtain Legal material copies and Envelope for documents to Court and the above Attorney office_

Signature: _Lawrence Birks_        Date Submitted: _10/10/07_
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

| Received | CDC Appeal Number: |
|---|---|
| | 9/17/07 J10 #4 |

SEP 17 2007

HDSP Appeals

OCT 19 2007

NOV 30 2007

HDSP Appeals

95

First Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _10/12/07_    Due Date: _11/28/07_

Interviewed by: _TR Fiohrib_

_See attached_

Staff Signature: _TR Fiohrib_    Title: _SVI_    Date Completed: _11-19-07_

Division Head Approved:

Signature:    Title: _AW A1_    Returned Date to Inmate: _11-27-07 RB_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_dissatisfied with First level Staff TR Fiohrib, respond, completely miscon-_
_strue Appeal, and interview, violation of my Faretta Rights Case E024753, life_
_sentence 25 yrs 3 strikes PSR05628, 3162. restriction only place on inmate hosp & copt._
_3.134, indigent inmates is allow legal material 30 days of insufficient funds, TR Fiohrib misconstrue_

Signature: _Lawrence Birks_    (Actual case - Are still pending!)    (Appeal issues on Go.)    Date Submitted: _11/28/07_

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _11-30-07_    Due Date: _12-31-07_

☑ See Attached Letter

Signature: _n. David Kraft_    Date Completed: _12/07/07_

Warden/Superintendent Signature:    Date Returned to Inmate: _12-26-07_

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_Dissatisfied; Why first level Second level respond refuse_
_to reveil dom policy 53060. Attached to staff respond and_
_Why c-facility Law Library Mrs Cobbs aka D.Simpson Name_
_is Not on first, Second level respond of LTA, Which cause_
_Suspension; Also Mrs Miller is Not the Calt Dir. of_
_Correction, and can not impose restriction on Indigent inmates_

Signature: _Lawrence Birks_    Date Submitted: _12/27/07_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

........................................................................................

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other

☑ See Attached Letter        MAR 21 2008

Date: _____

CDC 602 (12/87)

(on 9-6-07, 2nd Watch L-facility Law Library)
continue- inwhich she has Not allow me Adequate Law Library

~~Access~~, L-facility Librarian Mrs Lobbs, D. Simpson, could Not Show me
what CDC-policy allow her to denied me of an First Amend-
ment Rights, The right to file papers And communicate
with courts, Lawyers, Legal workers and medica, Also
me free from re[gist]ration based on Legal activity,
and Legal Access to Prison Law Library, Access to materia
Law books, <u>Procunie v. Martinez</u> 416 U.S. 396 1974)
~~Lib~~ the Right to counsel is a Right that Belong to
the person in need of Legal services <u>Bibbs v. Hopkins</u>
10 f. 3d 37 3 6th cir 1993) <u>Tighe v. Wall</u>, 100 f.3d 41, 43
(5th cir. 1996). Rights Of Prisoners <u>Wolff v. McDonnell</u>
(1974) 418 U.S. 539, 555 [94 Sct 2963. 41 LEd. 2d 935] Policy
that infringes upon a prisoner Constitutional rights is
Valid if it is related to legitimate penological interest
<u>Bell v. Wolfish</u> (1979) 441 U.S. 520 546 [94 Sct. 1861 60 L. Ed
2d 447.] <u>Lindquist v. Idaho State Bd of Corrections</u> 976 f.2d 851, 856 (9th cir 198
Mrs Lobbs, D. Simpson has charge me 10 ¢ Ea copy each documents, from H (
Librarian Mrs Lobbs_ Aka D. Simpson Restrict inmate to Obtain Adequate
Legal material and copies, which is Not A (APA) Administrative
Procedure Act, (Yellow paper is issue, Due to indigent)
[is State Statutory Laws.) in which She is
allow to make up her own rules and regulation on how
much Legal material is allow to indigent inmates who
has active Legal cases pending in the courts And the
right to Sent attorney at Law documents of the Prisoner
Litegation):- <u>Gilmore v. Lynch</u> 319 f. Supp. 105 1970)- <u>Toussaint</u>
<u>v. McCarthy</u>. 801. f.2d. 1080. 9th cir. 1986)
This inmate has several civil action pending. And rely on this
HISP Officials and warden to provide me Adequate Access to Prison
Law Library and materials. Bcit Mrs Lobbs, D. Simpson Reluctantly

9/6

# Memorandum

Date:        November 19, 2007

To:          Inmate Birks, J61976
             FCB1-112L

Subject:     **APPEAL LOG #HDSP-C07-03473
             FIRST LEVEL APPEAL RESPONSE**

APPEAL DECISION:  Appeal denied.

APPEAL ISSUE:  You contend that the Facility C Library Technical Assistant (LTA) makes up her own rules to perpetuate retaliation against you, as an indigent inmate, for the purpose of restricting your ability to stimulate the interest of courts, lawyers, legal workers and the media in the legality of your conviction. You allege the self-made rules violating your First Amendment rights are: providing you insufficient amounts of photocopies and legal envelopes for purposes other than accessing the courts; charging $.10 per page for photocopies, up from $.04 and constitute a violation of the Administrative Procedure Act (APA).

You request that the Facility C LTA comply with the California Code of Regulations (CCR) Title 15, Sections 3134, 3122(a) and 3120(c), in providing you, an indigent inmate, with legal material in quantities specified by various rules of court.

APPEAL RESPONSE:  Inmate Birks, in reaching a decision on this appeal, your CDCR-602 and its attachments, the CCR Title 15, the Department Operations Manual (DOM) and your November 13, 2007, personal interview with Vice Principal T.R. Frohrib were reviewed and considered.

A review of the HDSP list of "Inmates With Test of Adult Basic Education (TABE) Reading Scores of 4.0 or Less" indicates that you have a Reading Grade Point Level (RGPL) above 4.0. A review of the HDSP "Assistive Device Listing" reveals that you have no disabilities requiring special accommodation to achieve effective communication. Effective communication was achieved during your oral interview using normal conversational tones, your personal interaction with the interviewer, and the detail with which you were able to restate the discussion in your own words.

As explained to you in the Informal Level Response to this appeal, and in the body of previous appeals submitted by you, all HDSP LTA's provide indigent inmates legal services and materials according to the policies contained in the HDSP Supplement to DOM Section 53060. As previously explained to you, on September 17, 2004, Deputy Director, Institutions Division directed CDCR institutions to restrict indigent inmates to two (2) photocopies of legal material and legal envelopes and postage sufficient to post the provided photocopies to the intended recipients. This direction supersedes CCR Title 15, Section 3134, regarding the amount of photocopies, legal envelopes and postage provided to indigent inmates. The HDSP Supplement to DOM Section 53060 reflects Ms. Pliler's official direction and is in the Facility C Law Library for your review. The HDSP Supplement to DOM Section 53060 mitigates your allegation that the Facility C LTA is "making up her own rules". Ms. Pliler's direction to all CDCR institutions regarding the number of

*97*

Birks, J-61976
C07-03473
Page 2

photocopies, legal envelopes and postage provided to indigent inmates mitigates you allegation that HDSP is in violation of the Administrative Procedure Act. Your request to be provided free and unlimited postage for mailing and filing of legal material to the courts as defined in CCR Title 15, Section 3134 is denied.

CCR Title 15, Section 3122(a) directs CDCR institutions to *provide legal materials through its law library to provide inmates with meaningful access to the courts.* The official CDCR/HDSP policy regarding meaningful access to the courts for indigent inmates is contained in the HDSP Supplement to DOM Section 53060 and will remain in place until official direction amending or rescinding the policy is received. Your request to redefine meaningful access to the courts in terms other than those contained in the HDSP Supplement to DOM Section 53060 is denied.

You mentioned to Mr. Frohrib on November 13, 2007, that you were trying to contact a private attorney for pro-bono advice/representation regarding attacking the legality of your conviction. You contend the HDSP Supplement to DOM Section 53060 eliminates your ability, as an indigent inmate, to communicate with this private attorney. A private attorney is not the court, nor is a private attorney a representative of the court. Your request, as an indigent inmate, to circumvent the HDSP Supplement to DOM Section 53060 for the purposes of providing photocopies of legal material to a private attorney, private legal worker or media representative is denied.

The price-per-page for photocopies from HDSP Law Libraries has always been $.10. The price-per-page for photocopies from HDSP Law Libraries has never been $.04. All inmates, indigent or otherwise, must submit a signed trust withdrawal slip to obtain photocopies of legal material, writing paper and legal envelopes. The courts accept legal material from inmates on the buff colored writing paper provided indigent inmates.

Based on the above information, this appeal is denied.

If you are dissatisfied with this decision you may request a Second Level Review by following the directions on the back of this appeal form.


R. A. CASTRO
Associate Warden
Central Operations


c: Central File
   Appeals File


*98*

State of California                                                                 Department of Corrections and Rehabilitation
                                                                                    High Desert State Prison

# Memorandum

Date:       December 10, 2007

To:         Inmate Birks, J-61976
            FCB1-112L

Subject:    **APPEAL LOG #HDSP-C-07-03473**
            **SECOND LEVEL APPEAL RESPONSE**

APPEAL DECISION:  Appeal Denied.

APPEAL ISSUE:  In your CDCR 602 you state that the Facility C Library Technical Assistant (LTA) makes up her own rules so she can retaliate against you and interfere with your ability to communicate with courts, lawyers, legal workers, and the media about the legality of your conviction and resulting incarceration.  You allege that the rules the LTA has made up include providing you with insufficient amounts of photocopies and legal envelopes for purposes other than accessing the courts and charging $0.10 per page for photocopies.  You request that the Facility C LTA provide you, as an indigent inmate, with legal material in quantities specified by various rules of court.

In Section F of your appeal you write that you are still dissatisfied.  You write that the First Level Response to this CDCR 602 misconstrued your appeal issues and the information that you provided during the interview.

APPEAL RESPONSE:  Inmate Birks, in reaching a decision on your appeal, your CDCR 602 and its attachments, applicable sections of the California Code of Regulations Title 15, Department Operations Manual (DOM) and relative High Desert State Prison (HDSP) Supplements to the DOM, were all reviewed and considered.  Also taken into consideration was a personal interview that T. R. Frohrib, Vice-Principal, conducted with you on November 13, 2007.  During this interview you were allowed the opportunity to discuss and clarify your appeal issues.

A review of the HDSP "Lists of Inmates with the Test of Basic Education Reading (TABE) Scores of 4.0 or Less" indicates that your TABE Reading Score is 4.0 or above.  Effective communication was confirmed by your personal interaction with the interviewer and the level of detail with which you were able to restate the discussion of the appeal issues in your own words.  A review of the HDSP "Assistive Device Listing" reveals that you do not require special accommodations to achieve effective communication.  Effective communication was achieved during your oral interview using normal conversational tones.

The First Level Response was signed by D. Davey, Associate Warden (A).  The First Level Response points out to you that all the LTA's at HDSP provide indigent inmates legal services and material in accordance with HDSP policies.  You were informed of the implications of the September 17, 2005, memo from the Deputy Director, Institutions Division, regarding number of photocopies the institution is required to provide to indigent inmates.  The price will remain at $0.10 per copy until further notice. The First Level Response also states that a private attorney is not the court and that HDSP is not obligated to provide an indigent inmates with the resources to contact a private attorney.

*99*

Birks, J-61976
C-07-03473
Secon ᵈ Level
Page 2

In Section F of your appeal you write that the First Level Response to this CDCR 602 misconstrued your appeal issues and the information that you provided during the interview. There is no indication that the First Level Appeal misconstrued your appeal issues or the information that you proved during your appeal interview.

Your request for more legal material than you are authorized to receive is denied.

Based on the above information, your appeal is Denied.

If you are dissatisfied with this decision, you may request a Director's Level Review by following the instructions on the back of your appeal form.

M. D. McDONALD
Chief Deputy Warden

c:    Central File
      Appeals Files

100

PROOF OF SERVICE BY MAIL

CCP. §§ 1013A) __ 2015.5 __ 28 U.S.C. § 1746)

LAWRENCE BIRKS;   CASE __ EDCV_08_473_AG CT)

I Declare that:

I am a incarcerated Prisoner of, California State Prison. Sacramento, in the County of Sacramento California;

I am over the age of 18 years, my address is: California State Prison _ F.B.Y_1135 _ P.O. Box 290006 _ Represa California 95671_0066:

On Sept 8 2008; I served the attached. Eight Page motion Objection to District Judge dismissed hebeas Corpus motion _ Rule 27_304 b) Fed. R. Crimp. and ~~(100) hundred~~ Documents in Exhibit "1" 4, 2, 3,4, served to the Courts and the Party listed, in said, By Placing a true Copy thereof enclosed in a Sealed envelope with Postage thereon fully paid; in unit C10 hands FBY, 1st watch 11:00pm, who route legal mail to FB Watch Commander office for inspection and routed to CSP_Sac_mail Room, Process in inst mail Box. address as follows:

U.S. District Court
312 N. Spring Street
U.S. Court house room G8
Los Angeles California 90012
~~State of California~~

U.S. District Court
Northern Dist. of Calif.
1301 Clay Street Suite 400S
Oakland California 94612_5212

Prison Law Office
Donald Spector Dir
Attorney At Law
General Delivery
San Quentin California
94964_0001

American Civil
Liberties Union
National Office
125 Broad Street 18th fl
New York, NY 16004_2400 Under the laws of the State of

I Declare under Penalty of Perjury, California And United States, that the foregoing is true and Correct, And this Declaration was Executed on Sept 8 2008, at CSP_Sac Calif FBY1135.

Signature _Lawrence Birks_ Pro se.
Lawrence Birks

Lawrence Porter J61916
CSP SOL
FA7-113
NO. BOX-290000 60
Represa California 95671-0066

U.S. District Court
Office of the Clerk
Northern District of California
1301 Clay Street Suite 400S
Oakland California 94612-5212

" Legal Confidential Mail "



